A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson at 8:20 am, Nov 06, 2007

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

8:19 am, Nov 06, 2007

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: RAIL FREIGHT FUEL SURCHARGE
ANTITRUST LITIGATION

MDL No. 1869

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in four actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation as follows: (1) one plaintiff in the District of New Jersey action has moved for centralization in the District of New Jersey; (2) plaintiffs in two District of District of Columbia actions have moved for centralization in the District of District of Columbia; and (3) plaintiff in one Eastern District of Pennsylvania action has moved for centralization in the Eastern District of Pennsylvania. All responding parties agree that centralization is appropriate and variously support one or more of the previous three suggested districts or the Northern District of Alabama, the Middle District of Florida or the Northern District of Illinois as transferee forum.

This litigation currently consists of thirteen actions listed on Schedule A and pending in six districts as follows: six actions in the District of District of Columbia; two actions each in the Northern District of Illinois and the Eastern District of Pennsylvania; and one action each in the Northern District of Alabama, the Middle District of Florida, and the District of New Jersey.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that defendants conspired to fix prices of rail fuel surcharges in violation of the Sherman Antitrust Act for rail freight transportation pursuant to private contracts and other means exempt from federal rate regulation. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources

---

[*] Judge Motz did not participate in the decision of this matter.

[1] Two of the motions before the Panel included four actions in the District of New Jersey. Those actions have been consolidated. In addition, the Panel has been notified that one other related action has been filed in the District of District of Columbia. This action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

of the parties, their counsel and the judiciary.

We are persuaded that the District of District of Columbia is an appropriate transferee forum for this litigation. Several actions are already pending there. In addition, defendant Association of American Railroads is located in this district and may be a source of discovery.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Paul L. Friedman for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz* |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

IN RE: RAIL FREIGHT FUEL SURCHARGE
ANTITRUST LITIGATION　　　　　　　　　　　　　　　　　MDL No. 1869

## SCHEDULE A

### Northern District of Alabama

West Alabama Sand & Gravel, Inc. v. CSX Transportation, Inc., et al., C.A. No. 7:07-1191

### District of District of Columbia

Dakota Granite Co. v. Association of American Railroads, et al., C.A. No. 1:07-1078
McIntyre Group, Ltd. v. Association of American Railroads, et al., C.A. No. 1:07-1101
GVL Pipe & Demolition, Inc. v. Association of American Railroads, et al., C.A. No. 1:07-1119
Ferraro Foods of North Carolina, LLC v. Association of American Railroads, et al.,
　　C.A. No. 1:07-1121
Sublette Cooperative, Inc. v. Association of American Railroads, et al., C.A. No. 1:07-1126
Strates Shows, Inc. v. Association of American Railroads, et al., C.A. No. 1:07-1127

### Middle District of Florida

Cedar Farms Co., Inc. v. CSX Transportation, Inc., et al., C.A. No. 3:07-557

### Northern District of Illinois

Dad's Products Co., Inc. v. BNSF Railway Co., et al., C.A. No. 1:07-2954
Zinifex Taylor Chemicals, Inc. v. CSX Transportation, Inc., et al., C.A. No. 1:07-3274

### District of New Jersey

Dust Pro, Inc. v. CSX Transportation, Inc., et al., C.A. No. 2:07-2251

### Eastern District of Pennsylvania

Quality Refractories Installation, Inc. v. Association of American Railroads, et al.,
　　C.A. No. 2:07-2657
Nizhnekamskneftekhim USA, Inc. v. CSX Transportation, Inc., et al., C.A. No. 2:07-2809