UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION )<br>)<br>)<br>)<br>This document relates to: )<br>)<br>ALL CASES )<br>) | MDL Docket No. 1869<br>Misc. No. 07-489 (PLF) |

INITIAL PRACTICE AND PROCEDURE ORDER UPON
TRANSFER PURSUANT TO 28 U.S.C. § 1407

This Order shall, unless superseded or modified by subsequent Orders, govern the practice and procedure in all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of November 6, 2007, as well as all related actions originally filed in this Court or transferred or removed to this Court.  A list of these actions as of January 28, 2008 is attached hereto as Schedule A.  This Order shall also govern the practice and procedure in any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of that Panel and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

I.  GENERAL MATTERS

In light of the parties' Joint Motion for Entry of Proposed Pretrial Order No. 1 [5], and in order to ensure the efficient management of these cases, it is hereby ORDERED that

1.  All actions described in the first paragraph of this Order -- including actions

filed, transferred, or removed after the issuance of this Order -- are consolidated for pretrial purposes. Any objections to consolidation must be made by motion on or before February 15, 2008.

2. All papers in these actions shall be filed by electronic means, through the Case Management/Electronic Case Filing system ("CM/ECF"), as required by (and subject to the exceptions contained in) Local Civil Rule 5.4.

3. All counsel who have not yet done so shall promptly obtain a CM/ECF password from the Clerk of the Court, pursuant to the requirements of Local Civil Rule 5.4(b).[1]

4. As provided by Local Civil Rule 5.4(d), electronic filing of any document operates to effect service of the document on all parties whose counsel have obtained CM/ECF passwords. Counsel who have not yet obtained CM/ECF passwords must serve and be served as otherwise provided in Rule 5(b) of the Federal Rules of Civil Procedure. See also FED. R. CIV. P. 5.2 ("Privacy Protection for Filings Made with the Court") (effective Dec. 1, 2007). The Clerk of the Court is not required to provide hard copies of any papers filed electronically in these consolidated cases to attorneys who have not entered their appearances on the CM/ECF system and registered for a password granting them access to the electronic dockets.

5. The Clerk of the Court shall maintain a Master Docket and electronic case file under the caption "In re Rail Freight Fuel Surcharge Antitrust Litigation" and the case number Misc. No. 07-489 (PLF). Every document filed in this action shall bear the following caption:

---

[1] Counsel may speak with either of the following with respect to this paragraph: Joe Burgess, CM/ECF Coordinator, 202-354-3172 or Greg Hughes, Chief Deputy Clerk for Operations, 202-354-3191.

|  |  |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| This document relates to: | |

MDL Docket No. 1869
Misc. No. 07-489 (PLF)

When a document is applicable to all actions, the caption of the document shall include the notation "ALL CASES" below the phrase "This document relates to." Such documents shall be filed only in the Master Docket.

When a document is applicable only to a specific action or actions, the caption of the document shall include the individual docket number(s) of the action(s) to which the document applies below the phrase "This document relates to." In such cases, counsel shall file the document in the Master Docket *and* in the docket of each individual action to which it is applicable. When counsel files a document applicable only to a specific action or actions, counsel shall not "spread" such filings to the other consolidated cases when presented with that option during the electronic case filing process.

6. Defendants shall file a Notice of Related Case in the Master Docket whenever a new case is filed in this Court that defendants believe should be consolidated into this action, unless the action already has been assigned to the undersigned judge.

7. To faciliate the efficient consolidation of cases in this matter, all parties to this action shall notify the Judicial Panel on Multidistrict Litigation of other potential related or "tag-along" actions of which they are aware or become aware.

8.  No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Local Civil Rule 83.2 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

9.  Any paper filed in any of these actions which is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical.  Where counsel for more than one party plan to file substantially identical papers they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

10.  All motions heretofore filed and docketed in any of the individual actions shall be administratively terminated, without prejudice to refiling, if appropriate, in the Master Docket.

11.  Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by this Court upon application.

12.  Hearings shall not be held on any motions, except by order of the Court upon such notice as the Court may direct.  Parties may request a hearing by motion when necessary. See LOCAL CIV. R. 7(f), (m).

13.  Counsel shall familiarize themselves with the Local Civil Rules of this Court. Except as provided herein to the contrary, the parties shall comply with all such Rules.  The parties are directed especially to the requirements of Local Civil Rule 5.1(b), regarding written correspondence with the Court (which shall be by motion, opposition, and reply, rather than by letter); Local Civil Rule 7(m), regarding the duty of counsel to confer in advance of filing nondispositive motions (including those for enlargements of time); and Local Civil Rule 7(c),

regarding the submission of proposed orders with all motions and oppositions.

      14. The requirements of Local Civil Rule 23.1(b) are waived. Any motion(s) for class certification or appointment of class counsel shall be filed pursuant to this Order or a further Order of this Court.

      15. The Court will be guided by the <u>Manual for Complex Litigation Fourth</u> (2004), approved by the Judicial Conference of the United States. Counsel are directed to familiarize themselves with that publication.

      16. The terms of this Order shall not have the effect of making any person, corporation, or entity a party to any action in which he, she, or it has not been named, served, or added as such, in accordance with the Federal Rules of Civil Procedure.

## II.  INITIAL SCHEDULE

### *A.  Joint Statement*

      17. In lieu of complying with the specific requirements of Local Civil Rule 16.3, the parties shall meet, confer, and file a joint statement with the Court on or before February 15, 2008. That joint statement shall inform the Court:

      a.    Whether the parties have reached an agreement regarding a discovery schedule, and if not, the nature of any discovery-related disputes.

      b.    Whether the parties desire an initial status conference to address discovery-related issues or other issues, or whether the parties would prefer to schedule an initial status conference after the Court has resolved any forthcoming motions to dismiss.

      c.    Whether some or all of the factual or legal issues can be agreed upon or narrowed.

    d.      Whether there is a realistic possibility of settling this matter without judicial action.

    e.      Whether the case could benefit from the Court's Mediation Program or some other form of alternative dispute resolution ("ADR"), such as referral to a magistrate judge, a Court-appointed mediator, or a special master for purposes of facilitating settlement discussions.  In assessing the above, counsel shall consider:

           (i)      whether settlement talks have already occurred and, if so, why they did not produce an agreement;

           (ii)     the point during the litigation when ADR would be most appropriate, with special consideration given to:

                  (a)     whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

                  (b)     whether ADR should take place before or after the judicial resolution of key legal issues;

           (iii)    whether the parties would benefit from a neutral evaluation of the case by a magistrate judge, Court-appointed mediator, or special master, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

           (iv)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pretrial proceedings while an ADR process is pending.

    f.      Whether the parties believe it would be useful to appoint a special master to address any or all of the following matters (or any others): discovery and discovery disputes; the preparation of reports and recommendations to the Court concerning dispositive motions, non-dispositive motions, or both; the determination of privilege questions, if any; and issues relating to experts and expert reports and information.

### B. Interim Class Counsel

18. Unless the parties can otherwise agree, on or before February 15, 2008, plaintiffs' counsel seeking appointment as Interim Class Counsel (including "Lead Counsel" and/or "Liaison Counsel" designations) on behalf of the proposed class of direct purchasers in this action shall file affidavits and memoranda of law in support of their appointment.

19. Any responses to such affidavits and memoranda of law shall be filed on or before February 29, 2008.

### C. Briefing Schedule

20. Within 21 days after the appointment of Interim Class Counsel by this Court, plaintiffs (through Court-appointed Interim Class Counsel) shall file a consolidated amended complaint.

21. Within 45 days after the filing of plaintiffs' consolidated amended complaint, defendants shall file any motion(s) to dismiss. Plaintiffs' oppositions shall be due within 45 days of the filing of any such motion(s) to dismiss. Any replies shall be due within 30 days of the filing of any oppositions to such motion(s) to dismiss.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 31, 2008

SCHEDULE A

CONSOLIDATED ACTIONS AS OF JANUARY 28, 2008

Civil Action No. 07-1078,    Dakota Granite Co. v. Ass'n of Am. R.R., et al.

Civil Action No. 07-1101,    McIntyre Group, Ltd. v. Ass'n of Am. R.R., et al.

Civil Action No. 07-1119,    GVL Pipe & Demolition, Inc. v. Ass'n of Am. R.R., et al.

Civil Action No. 07-1121,    Ferraro Foods of N.C., LLC v. Ass'n of Am. R.R., et al.

Civil Action No. 07-1126,    Sublette Coop., Inc. v. Ass'n of Am. R.R., et al.

Civil Action No. 07-1127,    Strates Shows, Inc. v. Ass'n of Am. R.R., et al.

Civil Action No. 07-1515,    Donnelly Commodities, Inc. v. Ass'n of Am. R.R., et al.

Civil Action No. 07-2059,    Nizhnekamskneftekhim U.S.A., Inc. v. CSX Transp. Corp., et al.
(transferred from E.D. Pa.)

Civil Action No. 07-2060,    Quality Refractories Installation, Inc. v. Ass'n of Am. R.R., et al.
(transferred from E.D. Pa.)

Civil Action No. 07-2061,    Dust Pro, Inc. v. CSX Transp. Corp., et al.
(transferred from D. N.J.)

Civil Action No. 07-2062,    Zinifex Taylor Chem., Inc. v. CSX Transp. Corp., et al.
(transferred from N.D. Ill.)

Civil Action No. 07-2063,    Dad's Products Co., Inc. v. BNSF Ry. Co., et al.
(transferred from N.D. Ill.)

Civil Action No. 07-2064,    Cedar Farms Co., Inc. v. CSX Transp. Corp., et al.
(transferred from M.D. Fla.)

Civil Action No. 07-2065,    W. Ala. Sand & Gravel, Inc. v. CSX Transp. Corp., et al.
(transferred from N.D. Ala.)

Civil Action No. 07-2116,    U.S. Magnesium LLC v. CSX Transp. Corp., et al.

Civil Action No. 07-2263,    R.B. Rubber Prods. v. Norfolk S. Rwy Co., et al.