## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In re RAIL FREIGHT FUEL SURCHARGE
ANTITRUST LITIGATION

This document relates to:

ALL CASES

MDL Docket No. 1869
Misc. No. 07-489 (PLF)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR THE APPOINTMENT OF COHEN MILSTEIN AND QUINN EMANUEL AS CO-LEAD INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)

Pursuant to Federal Rule of Civil Procedure 23(g) and this Court's Initial Practice and Procedure Order Upon Transfer Pursuant to 28 U.S.C § 1407, dated January 31, 2008, the undersigned direct purchaser plaintiffs all respectfully and jointly move this Court to designate Cohen Milstein Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") and Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel") as co-lead interim class counsel for the proposed direct purchaser class. The undersigned counsel, including highly experienced and prominent firms that regularly serve in leadership roles in major antitrust litigation, believe the appointment of Quinn Emanuel and Cohen Milstein would serve the best interests of the proposed direct purchaser class in this very important and complex antitrust litigation.

I.    **THE FACTORS FOR SELECTING INTERIM CLASS COUNSEL COMPELLINGLY SUPPORT THE DESIGNATION OF QUINN EMANUEL AND COHEN MILSTEIN**

A.    **The Standard Under Rule 23(g) For Selection of Interim Class Counsel.**

Pursuant to Federal Rule of Civil Procedure 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a

class action."  Similarly, the Manual for Complex Litigation (the "Manual") recommends that early in complex litigation the court select and authorize one or more attorneys to act on behalf of other counsel and their clients.  Counsel so designated "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel."  Manual, Fourth (2007), § 10.22.

While neither Rule 23(g) nor the Advisory Committee Notes explicitly state the standards to be applied in choosing *interim* class counsel, courts have held that the same factors that apply in choosing class counsel at the time of certification of the class (that is, the standards set forth in Rule 23(g)(1)) apply in choosing interim class counsel.  *See In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in [FED. R. CIV. P. 23(g)(a)(1)(A) and (B)], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *Parkinson v. Hyundai Motor Am.*, No. CV06-345AHS (MLGX) *et al.*, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel.  Presumably, the same factors apply, however."); *Hill v. The Tribune Co.*, No. 05 C 2602 *et al.*, 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005) ("Rule 23(g) provides criteria to consider when appointing class counsel.  No distinction is made regarding appointing interim counsel.").

Firms designated class counsel have the duty to represent the interests of the class "fairly and adequately."  Fed. R. Civ. P. 23(g)(4).  When competing applications for class counsel are filed, the Court is directed to consider the following factors:

> (i) the work counsel has done in identifying or investigating potential claims in the action;

2

(ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).[1]

Courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "No single factor should necessarily be determinative in a given case." Fed. R. Civ. P. 23 advisory committee note (2003).

The foregoing considerations compellingly support the designation of Cohen Milstein and Quinn Emanuel as co-lead interim class counsel.

## B.    Private Ordering of Plaintiffs' Counsel

The most common means of selecting class counsel is the "private ordering" approach. Manual, § 21.272. "The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *Id.* Efforts of plaintiffs' counsel to coordinate their activities among themselves are to be encouraged. Manual, § 10.22.

Vigorous negotiations among plaintiffs' counsel have led to all, or nearly all, of the numerous, experienced firms in this case supporting the appointment of Cohen Milstein and Quinn Emanuel.[2] These firms have decided to support the appointment of Cohen Milstein and

---

[1]    *See also* Manual, § 21.271.

[2]    Notwithstanding the best efforts of Cohen Milstein, Quinn Emanuel, and other undersigned firms, one competing motion has been filed seeking appointment of Whatley Drake & Kallas as Interim Lead Class Counsel and Roger M. Adelman as Liaison Class Counsel. (*See* Docket No. 42.) The undersigned will respond to the Whatley Drake motion at the appropriate time. However, it should be noted that numerous, prominent plaintiffs' firms listed below have been willing to put their self-interest aside in favor of achieving a consensus proposal to present (footnote continued)

Quinn Emanuel rather than seek their own appointment as interim class counsel, although many firms supporting this appointment have themselves served in leadership positions in major antitrust litigation.  This support reflects the judgment of these firms that Cohen Milstein and Quinn Emanuel are equipped to lead the prosecution of this case in the class's best interests, as well as a desire to begin prosecuting this case on behalf of the proposed class without delay.

Thus, the private-ordering of the overwhelming majority of plaintiffs' counsel in this matter also compellingly supports the designation of Cohen Milstein and Quinn Emanuel as co-lead interim class counsel.

### C.    Quinn Emanuel Merits Designation as Interim Class Counsel.

#### 1.    Quinn Emanuel initiated and has led the investigation of this case.

On  May 14, 2007, plaintiff Dust Pro, Inc. ("Dust Pro"), on behalf of itself and other putative class members, filed the first of the direct purchaser rail fuel surcharge class actions that have now been consolidated for pretrial purposes and transferred to  this Court.  That initial complaint embodied and reflected almost five months of extensive legal and factual investigation by the Quinn Emanuel firm, following a January 2007 decision on fuel surcharges by the Surface Transportation Board.

Subsequently filed cases were able to draw heavily upon the research and investigation embodied in the Dust Pro complaint.  A total of 9 additional plaintiffs each subsequently filed

---

to the Court.  It would be regrettable if these efforts were penalized in favor of adding a firm to the leadership structure that has been unwilling to compromise with other plaintiffs' counsel. Moreover, Cohen Milstein and Quinn Emanuel, as discussed herein, have demonstrated their ability to work together efficiently and in coordination with other plaintiffs' counsel, for the best interests of the class.

direct purchaser cases in the District of New Jersey.[3]  As discussed below, the various cases filed

by plaintiffs represented by Cohen Milstein and other firms in the District of Columbia added an

additional defendant, the Association of American Railroads ("AAR") and certain additional

factual allegations.

In investigating this case, Quinn Emanuel worked closely with co-counsel Paul Donovan,

the principal of Laroe, Winn, Moerman & Donovan.  Mr. Donovan, who supports appointment

of Quinn Emanuel and Cohen Milstein as co-lead Interim Class Counsel, has broad experience

representing shippers and ports in their dealings with the defendant railroads and in other

transportation matters.  In the investigation of the rail fuel surcharges, Mr. Donovan and his firm

brought to bear decades of rail industry-specific legal knowledge and relationships with key

players.  Quinn Emanuel also retained as an expert an established consulting firm with extensive

knowledge of, and experience with, the rail industry in general and fuel surcharges that are the

subject of these actions in particular.

Quinn Emanuel's investigatory efforts did not conclude in May 2007 with the filing of

the *Dust Pro* complaint.  Subsequent continued investigation and expert input, and work with co-

counsel, led to a determination that certain allegations in the original complaint should be

clarified, supplemented or corrected (including the date of key collective action by the

defendants to remove fuel from the cost adjustment index previously used in private freight

transport contracts, in order to facilitate the imposition of the separate fuel surcharges at issue in

these cases).  The multiple separate plaintiffs in New Jersey, under the leadership of Quinn

Emanuel, thus filed a consolidated amended complaint in July 2007.

---

[3]        Pursuant to a case management order of the District of New Jersey dated July 17, 2007, the Dust Pro complaint and the nine subsequently filed actions were consolidated under the single caption *Dust Pro, Inc. v. CSX Transp. Corp., et al.*

In coordination with other plaintiffs' counsel, and at the direction of the Court in the District of New Jersey, Quinn Emanuel also negotiated and consummated with the defendants in July 16, 2007 a document preservation order. This order, if complied with, will ensure the protection of documents relevant to this multidistrict litigation, to the benefit of the proposed class as a whole. In addition, with the permission of the Court in the District of New Jersey, Quinn Emanuel and co-counsel drafted and served document preservation subpoenas on four non-parties.

Since that time, Quinn Emanuel, in coordination with Paul Donovan of the LaRoe Winn firm, has continued its investigation of the underlying facts. Quinn Emanuel has continued to employ the services of experts in the industry. The investigation has included, among other things, identifying witnesses with relevant information.

> ## 2. Quinn Emanuel offers the class a unique combination of experience and resources.

Quinn Emanuel has the experience, expertise and resources to advance the interests of the class. Quinn Emanuel is a firm of over 375 lawyers with offices in New York City, Los Angeles, San Francisco and Silicon Valley. It is the largest firm in the United States with a practice devoted exclusively to business litigation.

As reflected in the firm resume attached hereto as Exhibit A, Quinn Emanuel lawyers have tried over 1175 cases, and won approximately 92 percent of them. When representing plaintiffs, the firm's lawyers have garnered over $6.2 billion in judgments and settlements. The firm has won three nine-figure verdicts in the last five years, and secured three other nine-figure settlements during the same period. Quinn Emanuel has substantial experience litigating antitrust actions and other complex litigation, including class actions. Quinn Emanuel's

representation of the class will be led by Stephen Neuwirth, an attorney with significant antitrust and class action experience.

The firm regularly represents blue-chip clients, from a range of business sectors, as both plaintiffs and defendants in major litigations in both federal and state courts. This means that the firm brings unique experience on "both sides of the v." – thereby offering the class a type of strategic insight and practical experience beyond what could be garnered from only representing plaintiffs. This also means that the firm has substantial financial resources and cash flow that are not dependent on outcomes in contingency cases.

At the same time, the firm also represents a variety of clients in class actions and other matters, including on a contingency fee basis. By way of example, the firm recently represented a class of nearly 3000 restaurants and restaurateurs who charged Reward Network with usury and unfair business practices. After two and one-half years of hard fought litigation, the firm obtained a settlement of $64 million for the class. Quinn Emanuel's broad and significant experience, including in particular in important antitrust and class action matters, is set forth on the firm's resume at Exhibit A hereto.

The Quinn Emanuel team working on this litigation is headed by Stephen Neuwirth, who was recognized by Chambers USA (2007) as one of New York's leading general commercial litigators. Mr. Neuwirth brings to bear over two decades of experience in private practice and government, including serving as Associate White House Counsel to President Clinton from 1993-1996. From 1997-2005, Mr. Neuwirth was one of the original partners at Boies, Schiller & Flexner, and in 1998, the U.S. Department of Justice retained him to assist in the Antitrust Division's litigation against Microsoft Corporation. On the defense side, Mr. Neuwirth has recently served as lead counsel for IBM in its successful defense of antitrust class action

allegations, for Wal-Mart in its defense of a consumer class action, and for Barnes & Noble in defense of shareholder derivative actions. Mr. Neuwirth's representation of plaintiffs in class actions has included serving as co-lead counsel in major consumer class actions against the nation's leading managed care companies; serving on the plaintiffs' executive committee in class action litigation related to alleged defects in Ford Explorers and Firestone tires; and playing an active role, particularly in critical expert discovery and related motion practice, in the *In re High Fructose Corn Syrup Litigation* (a case that resulted in settlements totaling over $530 million). Mr. Neuwirth currently serves as co-lead plaintiffs' counsel in the alleged antitrust class action captioned *Universal Delaware v. Comdata Corporation*, Civil Action No. 07-1078 – JKG (E.D. Pa.). Mr. Neuwirth's background is described in more detail at Exhibit B hereto.

The Quinn Emanuel team also includes Daniel L. Brockett, a known and accomplished trial lawyer who has tried more than 15 major business cases, winning 90 percent of them. His practice cuts across all areas of corporate litigation, including antitrust, trade secret, securities, real estate and general commercial cases. Mr. Brockett has a track record of winning verdicts for clients in important cases. Mr. Brocket served as lead counsel for the class of restaurants and restaurateurs that recently secured, as discussed above, a $64 million settlement of usury and unfair business practice claims. Mr. Brockett's background is described in more detail at Exhibit B hereto.

Quinn Emanuel will also be able to draw upon the expertise of (i) Frederick Lorig, co-chair of the firm's National Trial Practice, who has represented clients in both antitrust and intellectual property matters and obtained plaintiffs verdicts in excess of $2 billion before trebling; and (ii) Harold Barza and Dominic Suprenant, attorneys with decades of experience

handling significant antitrust matters, including matters tried to verdict before a jury. *See* Exhibit B hereto.

      **D.**    **Cohen Milstein Merits Appointment As Interim Class Counsel.**

The undersigned equally support the appointment of Cohen Milstein as co-lead interim class counsel. Cohen Milstein, a highly respected member of the plaintiffs' bar based in this District, has played a leadership role in the investigation and filing of the cases in the District of Columbia and other venues.

      **1.**    **Cohen Milstein led an invaluable, independent investigation into the proposed class's claims.**

Cohen Milstein filed some of the earliest complaints in this matter, filed the first cases in this District, and was the first to name as a defendant the Association of American Railroads ("AAR"). While the transfer motion was pending before the Panel, Cohen Milstein and its co-counsel filed Amended Class Action Complaints on behalf of their clients in this District which reflect the fruits of their ongoing, independent investigation of the class's claims.[4] These amended complaints identify significant and critical facts that supplement and go beyond the allegations in the *Dust Pro* and other complaints, and reflect a high level of sophistication with legal and factual issues relating to the rail freight industry.

---

[4]    *See* Dakota Granite Co. Amended Class Action Complaint, 1:07-cv-1078-PLF (Docket No. 6); McIntyre Group, Ltd. Amended Class Action Complaint, 1:07-cv-1101-PLF (Docket No. 8); GVL Pipe & Demolition, Inc. Amended Class Action Complaint, 1:07-cv-1119-PLF (Docket No. 7); Ferraro Foods of N.C. Amended Class Action Complaint, 1:07-cv-1121-PLF (Docket No. 7); Sublette Coop., Inc. Amended Class Action Complaint, 1:07-cv-1126-PLF (Docket No. 9); Strates Shows, Inc. Amended Class Action Complaint, 1:07-cv-1127-PLF (Docket No. 8).

These facts, combined with facts set forth in the *Dust Pro* and other complaints, will be important for satisfying any applicable criteria articulated in the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

>    **2.    Cohen Milstein offers the class experienced
>         leadership in the plaintiffs' antitrust bar
>         and unparalleled experience in this District.**

Cohen Milstein is a leader of the plaintiffs' antitrust bar.[5]  The firm is based in this District, with a unique knowledge of the practice in this District and unparalleled experience in prosecuting class cases here.  This knowledge and experience will directly benefit the class.  The firm's presence in this District removes any need for appointing a separate liaison counsel, thus eliminating inefficiencies and duplicative efforts.  For instance, Cohen Milstein attorneys will be able to appear in Court to represent the proposed class on a moment's notice.  Cohen Milstein attorneys will also be able to conduct meetings with defense counsel – nearly all of whom are based in this District – economically and swiftly.  It is likely that many meetings of counsel and depositions will occur in this District.

Cohen Milstein has one of the largest plaintiffs' antitrust class action practices in the bar (possibly the largest), with approximately 30 attorneys dedicated to the practice.  This size allows Cohen Milstein to avail itself of resources and expertise not available to smaller firms.  For example, Cohen Milstein attorneys are widely regarded as having expertise in cutting-edge issues relating to electronic discovery, an issue of ever-growing importance to the prosecution of complex litigation.  Cohen Milstein partner William P. Butterfield is widely recognized as a leader of the plaintiffs' bar in electronic discovery matters.  After many years at the forefront of this field, Mr. Butterfield testified before the U.S. Judicial Conference Rules Committee in 2005

---

[5]     Cohen Milstein's firm resume is attached as Exhibit C hereto.

regarding the proposed electronic discovery amendments to the Federal Rules of Civil Procedure.  (*See* Cohen Milstein Firm Resume at Exhibit C hereto.)  Mr. Butterfield is a member of The Sedona Conference, a nonprofit research and educational institute dedicated to the advanced study of law and policy, and has been retained as an expert witness on electronic discovery and spoliation issues.

Reflecting its status as a leader of the plaintiffs' bar, Cohen Milstein is involved in class actions that are "historic in nature"[6] and spearheads innovations in the field.  For example, in 2007, Cohen Milstein became the first plaintiffs' firm to open an office outside of the United States, when it opened in London, in recognition of the need to combat international cartels through a multi-jurisdictional approach.  Cohen Milstein attorneys – partners and associates – bring to their practice experiences rare in the plaintiffs' bar, including clerkships on the Supreme Court and leading Circuit and District Courts.  Among other benefits, such experiences are one reason why Cohen Milstein attorneys are regarded for prosecuting cases in a manner reflecting the highest standards of professional decorum and civility.

The firm has successfully led some of the most successful antitrust class cases in the history of the practice, including in this District.  In *In re Vitamins Antitrust Litigation*, MDL No. 1285 (D.D.C.), for example, Cohen Milstein attorneys, led by Michael Hausfeld, served as co-lead counsel for two certified classes of direct purchasers.  Chief Judge Hogan approved four major settlements between class plaintiffs and certain defendants, including a landmark partial settlement of $1.1 billion.  In a later trial in 2003 before Chief Judge Hogan on the unsettled

---

[6]     *Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137, 142 (N.D. Cal. 2004) (discussing certification of class covering 1.5 million women in sex discrimination case).

claims, a jury unanimously found the defendants liable for participating in the conspiracy and ordered them to pay over $49 million, *before* trebling.[7]

This success at trial in this District demonstrates that Cohen Milstein has the resources, expertise, and ability to lead the prosecution of a large, complex antitrust class action in this District. Additionally, the proven ability to prevail in such a case at trial – a rarity in the practice – will benefit the class immensely.[8]

### 3.    The strong background of the Cohen Milstein team.

The Cohen Milstein team working on this litigation is headed by Michael Hausfeld, one of the most respected members of the plaintiffs' bar. Mr. Hausfeld's career has included some of the largest and most successful class actions in the fields of antitrust, human rights, and discrimination law. He long has had an abiding interest in social reform cases, and was among the first lawyers in the U.S. to assert that sexual harassment was a form of discrimination prohibited by Title VII; he successfully tried the first case establishing that principle. He represented Native Alaskans whose lives were affected by the 1989 Exxon Valdez oil spill; later, he negotiated a then-historic $176 million settlement from Texaco, Inc. in a racial-bias discrimination case.

In *Friedman v. Union Bank of Switzerland*, Mr. Hausfeld represented a class of victims of the Holocaust whose assets were wrongfully retained by private Swiss banks during and after World War II. The case raised novel issues of international banking law and international human

---

[7]    Other Cohen Milstein cases in this District and elsewhere are discussed in the firm's resume.

[8]    The *Vitamins* litigation is not Cohen Milstein's only recent success at trial on complex antitrust claims. In 2003, for example, Cohen Milstein attorneys serving as co-lead counsel prevailed at trial on behalf of a class of wild blueberry growers in the State of Maine. After trebling, judgment was entered for approximately $56 million. Nate Pease, et al. v. Jasper Wyman & Son, Inc., et al., Civil Action No. 00-015 (Knox County Superior Court, Me.).

rights law.  He successfully represented the Republic of Poland, the Czech Republic, the Republic of Belarus, the Republic of Ukraine and the Russian Federation on issues of slave and forced labor for both Jewish and non-Jewish victims of Nazi persecution during World War II. He currently represents Jubilee 2000, Khulumani, and other NGOs in litigation involving abuses under apartheid law in South Africa, and is pursuing a RICO litigation against the tobacco industry with regard to the sale of and representations on "light" cigarettes.

Mr. Hausfeld has a long record of successful litigation in the antitrust field, on behalf of both individuals and classes, in cases involving monopolization, tie-ins, exclusive dealings and price fixing.  He is or has been co-lead counsel in antitrust cases against manufacturers of genetically engineered foods, managed healthcare companies, bulk vitamin manufacturers, technology companies and international industrial cartels.  He is actively involved in ongoing investigations into antitrust cases abroad, and was the only private lawyer permitted to attend and represent the interests of consumers worldwide in the 2003 closed hearings by the EU Commission in the Microsoft case.

Chief Judge Edward Korman (E.D.N.Y.), has noted that Mr. Hausfeld is one of the two "leading class action lawyers in the United States."  He has been profiled in, and recognized by, many articles and surveys.  Recently, a *Forbes* magazine article reported on Mr. Hausfeld's work to establish an international alliance for the protection of consumers and investors worldwide. He was named one of thirty master negotiators in *Done Deal: Insights from Interviews with the World's Best Negotiators*, by Michael Benoliel, Ed.D.  *The Wall Street Journal* profiled him and his practice, and he has been recognized by *The National Law Journal* as one of the "Top 100 Influential Lawyers in America."  He has been described by one of the country's leading civil rights columnists as an "extremely penetrating lawyer", and by a colleague (in a *Washington*

13

*Post* article) as a lawyer who "has a very inventive mind when it comes to litigation.  He thinks of things most lawyers don't because they have originality pounded out of them in law school." *The New York Times* referred to Mr. Hausfeld as one of the nation's "most prominent antitrust lawyers," and *Washingtonian Magazine* has listed Mr. Hausfeld in several surveys as one of Washington's 75 best lawyers, saying he "consistently brings in the biggest judgments in the history of law" and that he is "a Washington lawyer determined to change the world -- and succeeding."

Benjamin D. Brown is a Cohen Milstein partner who will be actively involved in the case on a day-to-day basis.  Mr. Brown came to Cohen Milstein in 2005 after four years as a trial attorney with the Antitrust Division of the United States Department of Justice.  While there, Mr. Brown led and assisted in numerous investigations, litigations and trials involving anticompetitive conduct and mergers.  Mr. Brown also prosecuted criminal cases as a Special Assistant United States Attorney in the Eastern District of Virginia.  Prior to joining the Department of Justice, he spent three years as a litigator in private practice:  first with Heller Ehrman White & McAuliffe in San Francisco, California, working on complex commercial litigation, including class actions, and then with Covington & Burling in Washington, D.C., handling insurance coverage and antitrust litigation.  Prior to practicing, Mr. Brown served as a judicial law clerk for Chief Judge Juan R. Torruella of the U.S. Court of Appeals for the First Circuit.

In addition, Cohen Milstein has more associates devoted to antitrust class action practice than any other firm in the country – indeed, the world.

E.    **Cohen Milstein and Quinn Emanuel have demonstrated their
       <u>ability to work together for the best interests of the class.</u>**

Since the transfer of cases to this District, Cohen Milstein and Quinn Emanuel have

worked together to coordinate the efforts of all plaintiffs' counsel and advance the interests of

the alleged class.  For example, Cohen Milstein and Quinn Emanuel worked together to prepare

and negotiate with defendants the joint motion for a pre-trial scheduling order that was joined by

all plaintiffs and defendants and filed with this Court on December 7, 2007 (*see* Docket Entry

No. 5).  In addition, the two firms have more recently coordinated the preparation and

negotiation with defendants of the joint report that this Court ordered the parties to submit by

February 15, 2008.  In both of these efforts, Cohen Milstein and Quinn Emanuel were able to

work efficiently and effectively, both together and in coordination with the various other counsel

representing plaintiffs in these cases.

It  bears note that the proposed leadership of Quinn Emanuel and Cohen Milstein is

supported by plaintiffs with significant claims and whose support of this litigation is beneficial to

the alleged class, in terms of the evidence, resources and other support that such plaintiffs can

provide by electing to remain in the litigation as members of the class.   For example, this motion

has the support of US Magnesium LLC, which specializes in the manufacture and supply of

magnesium ingot products and chemical by-products, has shipped about $2 million per year in

rail cargo, subject to the fuel charges at issue here, during the relevant period.  Plaintiff Zinifex-

Taylor Chemical, Inc., which also supports this motion, is  part of Nyrstar, the world's largest

producer of zinc metal and a major lead producer, and a significant rail shipper of chemical and

metal products.

It also bears note that the undersigned firms include many leaders in the antitrust bar with

demonstrated skills and experience, who often serve in leadership roles in major antitrust class

actions.  The undersigned firms have determined that in this case, the best interests of the class would be served by the appointment of Cohen Milstein and Quinn Emanuel as co-lead interim class counsel.

If designated as co-lead interim class counsel by this Court, Quinn Emanuel and Cohen Milstein anticipate appointing an inclusive, yet efficient, supporting litigation structure that would include counsel for other plaintiffs who have filed cases in the District of Columbia, New Jersey, and other jurisdictions.  This structure would include an executive committee including (subject to the Court's approval) the firms of Freed Kanner London & Millen LLC; Heins Mills & Olson, P.L.C.; Kaplan Fox & Kilsheimer, LLP; Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart  & Olstein; and Gold Bennett Cera & Sidener LLP.  This structure would also include co-chairs of major substantive committees including discovery, briefing, experts and class certification, to take advantage of the talents and resources of the various plaintiffs' firms in this case, while avoiding duplication of effort and waste.

## II.     CONCLUSION

For the reasons set forth above, the undersigned respectfully submit that the Court should designate as co-lead interim class counsel Cohen Milstein Hausfeld & Toll, P.L.L.C. and Quinn Emanuel Urquhart Oliver & Hedges, LLP.

Dated: February 19, 2008                              Respectfully submitted:

| | |
|---|---|
| By: /s/ Stephen Neuwirth<br>Stephen Neuwirth<br>Daniel Brockett<br>Sami H. Rashid<br>QUINN EMANUEL URQUHART OLIVER<br>& HEDGES, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000 | By: /s/ Michael D. Hausfeld<br>Michael D. Hausfeld (D.C. Bar #153742)<br>Benjamin D. Brown (D.C. Bar #495836)<br>COHEN, MILSTEIN, HAUSFELD & TOLL,<br>P.L.L.C.<br>1100 New York Avenue NW<br>Suite 500, West Tower<br>Washington, DC 20005<br>(202) 408-4600 |
| Paul M. Donovan (D.C. Bar # 105189)<br>LAROE, WINN, MOERMAN & DONOVAN<br>1250 Connecticut Avenue, NW, Suite 200<br>Washington, DC 20036<br>(202) 298-8100 | Vincent J. Esades<br>Scott W. Carlson<br>HEINS MILLS & OLSON, P.L.C.<br>3550 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>(612) 338-4605 |
| James E. Cecchi<br>Lindsey H. Taylor<br>CARELLA, BYRNE, BAIN, GILFILLAN,<br>CECCHI, STEWART & OLSTEIN<br>5 Beeker Farm Road<br>Roseland, New Jersey 07068<br>(973) 994-1700 | Christian M. Sande<br>CHRISTIAN SANDE LLC<br>2751 Hennepin Avenue South, No. 232<br>Minneapolis, MN 55408<br>(612) 387-1430 |
| *Attorneys for Plaintiff Dust Pro, Inc.*<br>*Attorneys for Plaintiff US Magnesium LLC* | Timothy J. Peters<br>PETERS LAW FIRM<br>2116 Second Avenue South<br>Minneapolis, MN 55404<br>(612) 746-1475 |
| Robert N. Kaplan<br>Gregory Arenson<br>Linda Nussbaum<br>KAPLAN FOX & KILSHEIMER<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>(212) 687-1980 | *Attorneys for Plaintiff  Dakota Granite*<br>*Company* |
| Lisa J. Rodriquez<br>TRUJILLO RODRIGUEZ & RICHARDS<br>8 Kings Highway West<br>Haddonfield, NJ 08033<br>(856) 795-9002 | Steven A. Kanner<br>Douglas A. Millen<br>Robert J. Wozniak, Jr.<br>FREED KANNER LONDON & MILLEN<br>LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL 60015<br>(224) 632-4500 |
| *Attorneys for Plaintiff Isaac Industries, Inc.* | |

H. Laddie Montague, Jr.
Eric Cramer
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Anthony J. Bolognese
BOLOGNESE & ASSOCIATES
1617 JFK Boulevard, Suite 650
Philadelphia, PA 19103
(215) 814-6751

*Attorneys for Plaintiff United Co-operative
Farmers, Inc.*

Theodore J. Leopold
Diana Martin
RICCI~LEOPOLD, P.A.
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
(561) 684-6500

*Attorneys for Plaintiff Carter Distributing
Company*

Stanley D. Bernstein
Mel E. Lifshitz
Ronald J. Aranoff
BERNSTEIN LIEBHARD & LIFSHITZ
10 E. 40th Street, 22nd Floor
New York, New York
(212) 779-1414

*Attorneys for Plaintiff Somerset Industries, Inc.*

Mary Jane Fait
WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLC
55 West Monroe Street
Suite 1111
Chicago, IL 60603

*Attorneys for Plaintiff Zinifex Taylor
Chemicals, Inc.*

Mark S. Goldman
GOLDMAN, SCARLATO & KARON, P.C.
101 West Elm Street, Suite 360
Conshohocken, PA 19428
(484) 342-0700

Andrew B. Sacks
SACKS & WESTON
114 Old York Road
Jenkintown, PA 19046
(215) 925-8200

James Shedden
Lawrence W. Schad
SCHAD, DIAMOND & SHEDDEN, P.C.
332 S. Michigan Avenue, Suite 1000
Chicago, IL 60604-4398
(312) 939-6280

*Attorneys for Plaintiff McIntyre Group, Ltd.*

Donald Perelman
FINE, KAPLAN & BLACK R.P.C.
1835 Market Street, 28th Floor
Philadelphia, PA 19103
(215) 567-6565

Tim J. Moore
LAW OFFICES OF MORRIS LAING
Old Town Square
300 N. Mead, Suite 200
Wichita, KS 67202
(316) 262-2671

Steven A. Asher
Robert S. Kitchenoff
WEINSTEIN, KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
(215) 545-7200

Robert N. Kaplan
Gregory Arenson
Linda Nussbaum
KAPLAN FOX & KILSHEIMER
850 Third Avenue, 14th Floor
New York, NY 10022
(212) 687-1980

Anthony J. Bolognese
BOLOGNESE & ASSOCIATES
1500 JFK Boulevard, Suite 320
Philadelphia, PA 19102
(215) 814-6750

Joseph C. Kohn
KOHN SWIFT & GRAF
One South Broad Street
Suite 2100
Philadelphia, PA
(215) 238-1700

*Attorneys for Plaintiff Lancaster Foundry Supply Co.*

James E. Cecchi, Esq.
Lindsey H. Taylor, Esq.
CARELLA, BYRNE, BAIN, GILFILLAN,
    CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Christopher A. Seeger
Stephen A. Weiss
Jonathan Shub
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, PA 19102
(215) 564-2300

*Attorneys for Plaintiff Blue Grass Tobacco Company*

Joseph Goldberg
FREEDMAN BOYD DANIELS
HOLLANDER GOLDBERG & IVES, P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
(505) 842-9960

Christopher Hayes, Esq.
225 South Church Street
West Chester, PA 19382
(610) 431-9505

*Attorneys for Plaintiff GVL Pipe & Demolition, Inc.*

Mark A. Griffin
Raymond Farrow
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900

Joseph T. Piscitello
LAW OFFICES OF JOSEPH T. PISCITELLO
234 Delancey Street
Philadelphia, PA 19106
(215) 636-9988

*Attorneys for Plaintiff Ferraro Foods of North Carolina, LLC*

Michael J. Boni
Joanne Zack
Joshua D. Snyder
BONI & ZACK LLC
15 St. Asaphs Rd.
Bala Cynwyd, PA 19004
(610) 822-0200

Arthur N. Bailey
ARTHUR N. BAILEY & ASSOCIATES
111 West Second Street
Suite 4500
Jamestown, NY   14701
(716) 483-3732

*Attorneys for Plaintiff Strates Shows, Inc.*

James C. Dodge
SHARP McQUEEN, P.A.
207 S. Inman
P.O. Box 935
Sublette, KS 67877
(620) 675-2272

Isaac L. Diel
SHARP McQUEEN, P.A.
Financial Plaza
6900 College Blvd. – Suite 285
Overland Park, KS 66211
(913) 661-9931, Ext. 102

*Attorneys for Plaintiff Sublette Cooperative,
Inc.*

Barry Nace (D.C. Bar #130724)
PAULSON & NACE
1615 New Hampshire Avenue, N.W.
Washington, DC 20009-2520
(202) 463-1999

Bruce L. Simon
Esther L. Klisura
PEARSON, SIMON, SOTER, WARSHAW &
PENNY, LLP
44 Montgomery Street, Suite 1200
San Francisco, CA 94104
(415) 433-9000

Clifford H. Pearson
Gary S. Soter
Daniel L. Warshaw
PEARSON, SIMON, SOTER, WARSHAW &
PENNY, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
(818) 788-8300

Thomas V. Girardi
GIRARDI KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904
(213) 977-0211

*Attorneys for Plaintiff Donnelly Commodities
Inc.*

Steig D. Olson
COHEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C.
150 East 52nd Street, 30th Floor
New York, NY 10022
(212) 838-7797

*Attorney for Dad's Products Company, Inc.*

Paul F. Bennett
Steven O. Sidener
Joseph M. Barton
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105
(415) 777-2230

*Attorneys for Plaintiff Bar-Ale, Inc.*

Eugene A. Spector
Jay S. Cohen
William G. Caldes
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Philip A. Steinberg
124 Rockland Avenue
Bala Cynwyd, PA 19004
(610) 664-0972

John Phillip McCarthy, Esquire
217 Bay Avenue
Somers Point NJ 08244
(609) 653-1094

Jeffrey A. Brodkin, Esquire
1601 Market Street
Suite 2300
Philadelphia, PA 19103
(215) 567-1234

John C. Murdock
Theresa Groh
MURDOCK GOLDENBERG SCHNEIDER &
GROH, LPA
35 East Seventh Street, Suite 600
Cincinnati, OH 45202
(513) 345-8291

*Attorneys for Plaintiff Quality Refractories
Installation, Inc.*

Gerard J. Rodos
Mark R. Rosen
Jeffrey B. Gittleman
Beth R. Targan
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 963-0600

Williams J. Schifino, Jr.
Daniel P. Dietrich
WILLIAMS, SCHIFINO, MANGIONE &
STEADY, PA.
One Tampa City Center, Suite 3200
201 North Franklin St.
Tampa Fl. 33602
(813) 221-2626

*Attorneys for Plaintiff Cedar Farms Co., Inc.*

Terry Gross
Adam C. Belsky
Monique Alonso
GROSS & BELSKY LLP
180 Montgomery Street, Suite 2200
San Francisco, California 94104
(415) 544-0200

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine St., Suite 1700
San Francisco, California 94111-5618
(415) 544-0200

Robert G. Pahlke
PAHLKE, SMITH, SNYDER, PETITT &
EUBANKS
1904 First Avenue
Post Office Box 1204
Scottsbluff, Nebraska 69363-1204

*Attorneys for Plaintiff Stateline Bean
Producers*

James R. Malone
Michael D. Gottsch
Joseph G. Sauder
Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
(610) 642-8500

23

Bernard Persky
Christopher J. McDonald
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue
New York, New York, 10017
(212) 907-0700

Robert Schachter
Joseph Lipofsky
Paul Kleidman
ZWERLING, SCHACHTER & ZWERLING
LLP
41 Madison Avenue
New York, N.Y. 10010
(212) 223-3900

Marvin A. Miller
Lori A. Fanning
Matthew E. Van Tine
MILLER LAW LLC
115 South LaSalle Street
Suite 2910
Chicago, IL 60603
(312) 332-3400

L. Kendall Satterfield
FINKELSTEIN THOMPSON LLP
The Duvall Foundry
1050 30th Street, N.W.
Washington, D.C. 20007
(202) 337-8000

Bryan L. Cobes
Ellen Meriwether
Jennifer Winter Sprengel
CAFFERTY FAUCHER LLP
1717 Arch Street
Philadelphia, PA 19103
(215) 864-2800

*Attorneys for Plaintiff Nizhnekamskneftekhim
USA, Inc.*

Exhibit A

# quinn emanuel trial lawyers

### quinn emanuel urquhart oliver & hedges, llp

Quinn Emanuel Urquhart Oliver & Hedges, LLP, is a business litigation firm of over 375 lawyers with offices in New York City, Los Angeles, San Francisco, Silicon Valley and Tokyo. Quinn Emanuel is the largest firm in the United States with a practice devoted exclusively to business litigation. The firm regularly represents blue-chip clients, from a range of business sectors, as both plaintiffs and defendants in major litigations in both federal and state courts. At the same time, the firm also represent a variety of clients in class action and other matters, including on a contingency fee basis. Quinn Emanuel's significant experience in class action and antitrust matters is detailed below.

Quinn Emanuel lawyers have tried over 1175 cases, and have won 1078, or 92 percent. When representing plaintiffs, our lawyers have garnered over $6.2 billion in judgments and settlements. The firm has won three nine-figure verdicts in the last five years, and in the same period has also secured three nine-figure settlements.

The American Lawyer's June 2006 feature article on the firm, "The Mighty Quinn," described the firm as a "litigation tour de force." Over the years, the firm and its partners have repeatedly been identified as among the best of the best. Over half of the firm's partners were law review editors; more than 20 were federal district or circuit court clerks; nine have taught law; 15 were assistant U.S. attorneys; and one was the U.S. Attorney for Los Angeles. One of the firm's partners is the only lawyer to appear twice in the last five years on The National Law Journal's annual list of the 10 Top Trial Lawyers in the U.S. Another of the partners has won in excess of $2 billion in verdicts in his career. Another was the former Dean of the Stanford Law School, and has a reputation as one of the top appellate advocates in the country. Another partner is recognized in arbitration circles internationally as both an advocate and arbitrator and is on the Executive Committee of the AAA, a Regional Director of the ICC and the co-editor of the leading treatise on international arbitration. Another was selected recently as one of the top lawyers in the U.S. under the age of 45 by The American Lawyer.

The firm has regularly been recognized in such legal publications as The American Lawyer, The National Law Journal, The Los Angeles Daily Journal, Chambers USA: American's Leading Business Lawyers, and California Law Business.

Major clients retain Quinn Emanuel for major cases. Morgan Stanley, for example, had retained the firm to retry the $1.6 billion Perelman case in Florida, if it were to have been retried. Motorola retained the firm to handle the retrial of a major trade secrets case. The firm is lead counsel for Nokia against Qualcomm in multi-jurisdictional litigation that is perhaps the biggest pending intellectual property case in the world. The firm was selected to do the stock options back-dating investigation for Apple. The firm represented Seiko Epson in one of the largest patent infringement cases ever filed with the International Trade Commission, and after a trial obtained a complete plaintiff's victory and a broad exclusion order. The firm obtained a jury verdict on behalf of Occidental Petroleum and secured a nine-figure settlement before the damages phase of the trial. The firm also obtained a $75 million arbitration award on behalf of limited partners of a hedge fund. The firm continues to represent Parmalat in three multi-billion dollar cases and recently obtained a $150 million settlement from Deloitte & Touche.

Quinn Emanuel values diversity. The National Law Journal ranked us as the 6th most diverse law firm in California and the 17th most diverse in the nation. California Lawyer ranked us as the 5th most diverse firm in California.

Representative antitrust matters handled by Quinn Emanuel have included:

- Representing **Tele Atlas N.V. and Tele Atlas N.A.** in a pending antitrust lawsuit against NAVTEQ Corporation in the Northern District of California, alleging violations of Sections 1 and 3 of the Sherman Act in the markets for digital map data navigation devices.

- Defending **Micron Technology** against Cartwright Act claims by Rambus in San Francisco Superior Court in a case based on an alleged group boycott and price fixing conspiracy. The firm filed a cross-claim on behalf of Micron alleging that Rambus engaged in a conspiracy to monopolize certain DRAM-related markets. Rambus alleges damages in excess of one billion dollars.

- Providing antitrust counseling to **Texas Instruments** with respect to the markets for wireless telephone chipsets. Texas Instruments is one of several companies that have convinced the European Commission to investigate allegations that QUALCOMM Incorporated has breached its commitments to wireless telephone standards-setting bodies and engaged in anticompetitive practices intended to preclude a level playing field for competition in the sale of mobile telephone chipsets.

- Successfully defending **IBM** in defense of alleged federal class action antitrust claims related to the market for Static Random Access Memory.

- Obtaining summary judgment on behalf of **Scotts Lawn and Garden** in a billion dollar antitrust suit brought against it by the largest distributor of herbicides and garden products after Scotts terminated the distributor and entered a joint venture with Monsanto for the distribution of both companies' products. The distributor alleged that the Scotts/Monsanto Joint Venture was a conspiracy to eliminate the only competition to Scotts in this field. Quinn Emanuel also prevailed in a jury trial on counterclaims, recovering $15 million for Scotts.

- Successfully resolving Sherman Act section 1 and Texas Free Enterprises Act claims against two **Micron** entities brought by Tessera, Inc. in the Eastern District of Texas. Tessera alleged that Micron and other DRAM companies engaged in a group boycott and price fixing conspiracy. Tessera sought almost $300 million in damages. Although the settlement is confidential, it was a fraction of the claimed damages.

- Representing **DIRECTV** in two separate consumer class actions in which the plaintiffs sued DIRECTV and the NBA, and DIRECTV and the NHL, alleging various antitrust violations, including vertical and horizontal price fixing, monopolization, and illegal restraint of trade, arising out of the sale and distribution of DIRECTV"s NBA League Pass and DIRECTV's NHL Center Ice Programming

Packages. The Southern District of California granted DIRECTV's motion to dismiss and stayed discovery pending leave to amend. The District Court then granted DIRECTVs motion to dismiss the amended complaint with prejudice as to all claims.

- Obtaining a favorable settlement after a ruling that plaintiffs could not recover any damages for **Shell Oil Products** in a case brought by station owners alleging that Shell engaged in price discrimination when setting the wholesale prices of its gasoline.

- Obtaining an early and favorable settlement for **Shell's subsidiary Coral** in a case alleging that Coral violated the Cartwright Act by conspiring to manipulate the market for natural gas.

- Representing the **Philippines Long Distance Telephone Company, Tier Technologies, Inc.**, the president of **DSI**, and the president of a leading electronics company in connection with a Department of Justice investigation into alleged price fixing.

Representative class action matters handled by Quinn Emanuel for both plaintiffs and

defendants have included, in addition to those described above:

- Representing **a class of nearly 3000 restaurants and restaurateurs** who charged Reward Network with usury and unfair business practices. After two and a half years of hard-fought litigation, the firm obtained a settlement of $64 million for the class members.

- Representing lead defendant and former director of **Peregrine Systems, Inc.** against claims by putative classes of federal plaintiffs, two state-court lawsuits by groups of investors, and claims by the Peregrine Litigation Trust, which is seeking in excess of $2 billion from Peregrine's directors, officers, and others, arising from the company's $500 million financial restatement.

- Representing a major investment bank in the **In re AIG Securities Litigation**, and compelling the plaintiffs to withdraw a multi-billion dollar securities class action prior to the filing of a threatened motion to dismiss.

- Representing **PricewaterhouseCoopers** in two federal shareholder class actions in the ICN Pharmaceuticals Securities Litigation, and obtaining dismissals with prejudice. PwC was alleged to have prepared and certified false financial statements for its audit client ICN, and was the only defendant dismissed with prejudice. The dismissal was affirmed by the Ninth Circuit.

- Representing **DIRECTV** before the Ninth Circuit Court of Appeals, which affirmed the dismissal of all claims asserted against DIRECTV in a RICO class action lawsuit. The unanimous opinion affirmed the district court's complete dismissal of the claims

against DIRECTV, and established that the *Noerr-Pennington* doctrine protects pre-litigation demand letters, even when those demand letters allegedly constitute extortion, mail fraud or other RICO predicate acts.

- Representing various officers and directors of **Terayon Communications Systems** and assuming, on the eve of trial, the defense of shareholder class and derivative actions. The firm successfully resolved matters after summary judgment argument and expert discovery. Aspects of this litigation are still ongoing as lead plaintiffs and their counsel are alleged to have engaged in a short selling conspiracy in target issuer stock.

- Representing the co-founder of **Ariba Inc**. in an SEC informal inquiry, several shareholder class and derivative matters, a trade secret suit against a competitor and other personal legal matters.

- Representing **Marsh & McLennan** in a series of California class actions arising out then New York Attorney General Elliot Spitzer's high-profile investigation of the company.

- Represented **Continental Casualty** in a class action over the pricing of its long-term care insurance.

- Representing **Washington Mutual Insurance Services** in a purported 23-state consumer class action where the firm defeated certification.

- Representing **Kmart Corporation** (before bankruptcy) in multiple 10b-5 class actions asserting damages of over $1 billion. The firm obtained a nominal settlement in the amount of defense costs, on the eve of trial.

- Representing software publisher **Intuit** and successfully defending the company in an asserted California class action where the plaintiff asserted claims that the company was charging customers for unordered technical support; an asserted national class action where the plaintiff alleged that the company's decision to sunset or discontinue tech support and the online features of its award winning QuickBooks product were unlawful; and three consolidated national class actions in California in which the plaintiffs claimed that the on-line banking functions of various versions of Intuit's award-winning QUICKEN program are not Year 2000 compliant.

# Exhibit B

## quinn emanuel trial lawyers

### Stephen Neuwirth
**Partner**

New York Office
Tel: 212-849-7000
Fax: 212-849-7100
stephenneuwirth@quinnemanuel.com



## Practice Areas
Antitrust and Trade Regulation
Class Action Litigation
Securities Litigation

## Biography

Recognized by Chambers USA (2007) as one of New York's leading general commercial litigators, Stephen Neuwirth has a broad practice with particular emphasis on corporate governance, antitrust and class actions. Mr. Neuwirth brings to bear over two decades of experience in private practice and government, including serving as Associate White House Counsel to President Clinton from 1993-1996. He has been successful on both sides of the "v," representing corporate plaintiffs and defendants in individual and class actions.

From 1997-2005, Mr. Neuwirth was one of the original partners at Boies, Schiller & Flexner, and in 1998, the U.S. Department of Justice retained him to assist in the Antitrust Division's litigation against Microsoft Corporation. He was associated with Wachtell, Lipton, Rosen & Katz from 1988-1993.

## Representative Clients

Barnes & Noble, Inc.
FEMSA/ Cerveceria Cuauhtemoc Moctezuma
Grupo Televisa
Harley Davidson, Inc.
IBM Corporation
Texas Instruments
Wal-Mart Stores, Inc.

## Notable Representations

Co-lead counsel for Barnes & Noble, Inc., in defense of state and federal derivative actions concerning the company's stock option practices, and related matters.

Lead counsel for Mexico's Grupo Televisa in its successful Eleventh Circuit appeal of a district court ruling that had dismissed Televisa's tortious interference with contract claims against rival Telemundo Communications, Inc.; a unanimous panel of the Eleventh Circuit ruled that Televisa could pursue both damages and punitive damages under Florida law.

Lead counsel for IBM in its successful defense of class action antitrust claims.

Lead trial and appellate counsel for FEMSA, which obtained a preliminary injunction, upheld by the U.S. Court of Appeals for the Second Circuit, blocking a proposed $300 million transaction by the U.S. joint venture partner of FEMSA's U.S. subsidiary.

Representing plaintiffs in an alleged federal antitrust class action against the major U.S.-based railroads, claiming that the defendants conspired to fix the prices of fuel surcharges applied to rate-unregulated freight transport.

## Education

**Yale Law School** (J.D., 1987)

**Yale College** (B.S., *summa cum laude, Phi Beta Kappa*, 1984)

## Prior Associations

Boies, Schiller & Flexner,
    Partner, 1997-2005

Associate White House Counsel to the President of the United States, 1993-1996

Law clerk to the Honorable Peter K. Leisure,
    United States District Judge, Southern District of New York, 1987-1988

## Admissions

Member, The State Bar of New York; United States Court of Appeals: Second Circuit, Third Circuit, Fourth Circuit,
Eleventh Circuit; United States District Courts: Southern District of New York, Eastern District of New York

# quinn emanuel trial lawyers

## Daniel L. Brockett
**Partner**

New York Office
Tel: 212-849-7000
Fax: 212-849-7100
danbrockett@quinnemanuel.com



## Practice Areas

Antitrust and Trade Regulation
Banking and Financial Institution Litigation
Class Action Litigation
Intellectual Property Litigation
Real Estate Litigation
Securities Litigation

## Biography

Daniel L. Brockett is a known and accomplished trial lawyer who has tried more than 15 major business cases, winning 90 percent of them. His practice cuts across all areas of corporate litigation from trade secret litigation to securities litigation to antitrust litigation to real estate litigation to general commercial cases. He is a cut-to-the-chase litigator with a track record of winning verdicts for clients in important cases.

## Representative Clients

British Petroleum
Chohung Bank
Cleveland Clinic Foundation
K. Hovnanian Homes
Mammoth Lakes Land Acquisition LLC
Per Se Technologies
Dupont
Sovran Self Storage, Inc.
UAL Corp.
USX Corporation

## Notable Representations

Secured $64 million settlement for class of 3,000 California restaurants in usury and unfair business practice case.

Won a preliminary injunction for British Petroleum in trade secret litigation against a California equipment vendor and Chinese state-owned Yankuang Group that allegedly stole proprietary technology and contracted with American vendors to produce equipment for a $100 million chemical plant to be built in China.

Won complete victory for K. Hovnanian Homes in a complex arbitration involving the termination of a $60 million real estate transaction.

Won trade secret injunction for BP Chemicals Ltd. after a four-month trial in a case involving international corporate espionage and theft of a world-leading technology by Formosa Plastic Group of Taiwan.

Secured more than $1 billion settlement for BP in a trade secret dispute with Taiwanese-based Chan Chun Petrochemical Ltd.

Represented BP in trade secret case against Jiangsu Sopo Corporation involving theft of BP's world-leading methanol carbonylation technology.

Won a multimillion dollar verdict on behalf of a NYSE company in a six week jury trial of a breach of contract action.

Victory in a three-week trial in Austin, Texas against a former licensing executive accused of stealing trade secrets -- the verdict included compensatory and punitive damages and an "industry ban" perpetual injunction.

Won order of disbarment against a prominent Manhattan lawyer as a special prosecutor appointed to represent New York Appellate Division, First Department Disciplinary Committee.

Lead trial counsel for USX Corporation in a trade secret and breach of fiduciary duty case against a leading Japanese steelmaker (NKK Corp) arising out of talent raid on USX's Gary, Indiana plant.

Defense of a leading New York law firm in securities fraud litigation growing out of Wall Street insider trading investigations.

## Education

**University of Pittsburgh School of Law**
(J.D., *cum laude*, 1982)
   *University of Pittsburgh Law Review*:
      Editor

**Kent State University**
(B.A., Philosophy, 1979)

## Prior Associations

Squire Sanders & Dempsey LLP,
   Partner, 1992-2004

Robinson Brockett & Parnass,
   Partner, 1991-1992

Davis, Polk & Wardwell,
   Associate, 1983-1991

## Professional Activities

Master Bencher, Anthony J. Celebrezze, Inn of Court Commentator for CNBC, NPR (National Public Radio), Cleveland Plain Dealer, and other media sources

Lecturer on Securities Law and Trade Secret Law

Member, Cleveland Bar Association:
   Litigation Section
   Securities Law Section

Member, The Association of the Bar of the City of New York:
   Antitrust and Trade Regulation Committee, Secretary, 1986

## Publications and Lectures

"The Sarbanes-Oxley Act of 2002:  What It Means for Business Litigators,"
Securities Regulation Law Journal, Winter 2002

"Line Between Primary and Secondary Liability Still Blurred in Securities Cases,"
Federal Lawyer, August 2003, Vol. 50

"A Primer on the Foreign Sovereign Immunities Act,"
Cleveland Bar Journal, October 2003

"Companies Need to Keep Sharp Eye on Trade Secrets,"
Crain's Cleveland Business, July 15-21, 2002

"Trade Secret Injunctions: The Lead Time Doctrine,"
Ohio Lawyer's Weekly, May 20, 2002

"Non-U.S. Firms: How To Enforce Your Foreign Trade Secrets In The U.S.,"
International Commercial Litigation Magazine, January 1999

"Recent Developments in Securities Litigation,"
Speech to Cleveland Bar Association, 1995

"Overview of the Securities Litigation Reform Act of 1995,"
Report prepared for client use on new securities reform bill

"Pleading and Discovery Limitations Under the Private Securities Litigation Reform Act of 1995: The Initial Lessons,"
Speech to Annual Securities Institute of Cleveland Bar Association, 1997

"Federalism and Section 1983: Curtailing the Federal Civil Rights Docket,"
43 U. Pitts. L. Rev. 1035 (1982)

## Admissions
Member, The State Bar of Ohio; Member, The State Bar of New York; Member, The State Bar of Pennsylvania; The United States Supreme Court; The United States Court of Appeals, Second Circuit, Third Circuit, Sixth Circuit, Ninth Circuit; United States District Court, Southern District of New York, Northern District of Ohio, Eastern District of Missouri

# quinn emanuel trial lawyers

## Frederick A. Lorig
**Partner**

Los Angeles Office
Tel: 213-443-3000
Fax: 213-443-3100
fredericklorig@quinnemanuel.com



## Practice Areas
Intellectual Property Litigation

## Biography

Fred Lorig has been listed in Best Lawyers in America, named a Southern California Super Lawyer and was featured in numerous publications including the NATIONAL LAW JOURNAL, AMERICAN LAWYER, the WALL STREET JOURNAL and the LOS ANGELES TIMES. Fred has specialized in litigation involving complex technology since 1976 when he handled his first trade secret case involving computer networks. Fred joined Quinn Emanuel in January 2006 as Co-Chair of our National Trial Practice and was recently named Co Chair of Intellectual Property Litigation.

Fred has represented clients in both intellectual property and antitrust matters and obtained plaintiffs verdicts in excess of $2 billion before trebling, including $1.2 billion for patent infringement in Litton v Honeywell, which was later settled for $440 million. Fred has been lead trial counsel in efforts to license a number of patent portfolios and has obtained licensing revenues of approximately $1 billion. One patent portfolio where Fred acted as lead trial counsel included actions against 11 defendants involving patents on the smart battery management used in all notebook computers and obtained license fees for his client of approximately $250 million. Eight of these disputes were resolved by judgment in his client's favor, three by cross license with payments by each cross licensee in confidential amounts of 8 figures each. At the same time, Fred has been lead counsel in a similar effort to license Stanford's pioneering patent on optical fiber amplifiers which is exclusively licensed to Northrop Grumman. In addition to judgments against Corning, Nortel and Alcatel, Fred obtained licenses for his client on advantageous terms in a total amount in 9 figures. Fred has also acted as lead defense lawyer in numerous cases for Fortune 100 companies resulting in either dismissals or settlements on favorable terms including the payment of attorneys fees to his client.

## Representative Clients

Fred's clients include Northrop Grumman, IBM, Thomson, General Electric and Teledyne.

## Notable Representations

Represented Unova as lead trial counsel n a large patent litigation against Hewlett Packard ("HP"). After HP obtained summary judgment, we appealed to the Federal Circuit who unanimously reversed and instead ordered summary judgment in favor of Unova. Thereafter, the case was settled for $23 million only days prior to trial, when HP asked for a mediator and paid for a license under the patents. HP thereby joined the following companies who licensed the patents after suit was filed: Toshiba (License); Compaq (Judgment); Dell (Judgment); IBM (Judgment); NEC (Judgment); Matsushita/Panasonic (Judgment); Fujitsu (Judgment); Acer (Judgment); Gateway (Judgment) and Apple (Judgment). Pursuant to those licenses, Unova has obtained almost a quarter billion dollars to date.

Represented Celeritas Technolgies as lead trial counsel against Rockwell International Corp., obtaining a judgment of $64 million for willful infringement and breach of non-disclosure agreement involving later patented technology on the wireless transmission of data over cellular systems.

Represented Litton as lead trial counsel against Honeywell and received a verdict of $1.2 billion for willful patent infringement and interference with contract and prospective business advantage. At the time, the largest patent infringement verdict in U.S. history. Ultimately settled for $440 million after two retrials ordered by the Federal Circuit following erroneous JMOL and summary judgment.

Represented Litton as lead trial counsel against Honeywell in a successful monopolization case. This is believed to be

the largest non-class action antitrust verdict in California, over $700 million after trebling.

Represented Litton Systems against Ssangyong Corp. in a case involving the theft of the fire control radar for a military aircraft. Established that Section 44 of the Lanham Act creates a Federal Cause of Action for Trade Secret Misappropriation against a foreign corporation. A confidential financial settlement in 8 figures was reached, along with the abandonment of efforts to illegally export military technology to the Far East.

Represented an individual inventor as lead trial counsel in a patent case involving computer firmware, obtaining a $44 million award following a verdict of willful infringement.

Represented Teledyne Industries, Inc., establishing that the disclosure of an opinion on patent validity or infringement submitted in defense of a charge of willful infringement waived the entire subject matter of the privilege including trial counsel.

Represented Allred Pools as lead trial counsel against Pool Water Products in a monopolization case. Obtained trebled judgment and an injunction in the clients favor, later settling on appeal for confidential terms

Represented Litton as lead trial counsel against Sundstrand in a complex patent, trade secret and RICO case that, following remand, resulted in Sundstrand ultimately withdrawing its products from the market while paying Litton a very substantial but confidential sum in 8 figures.

Represented Litton as lead trial counsel against Honeywell, successfully defending their failed attempt to use their patent portfolio to drive its only competitor from the market place. Obtained license under all Honeywell patents on product line for a token payment of a few hundred thousand dollars.


## Education

**University of California, Berkeley** (B.A., *Phi Beta Kappa*, 1969)

**Harvard Law School** (J.D., 1973)
   Harvard Voluntary Defenders


## Prior Associations

Bright & Lorig, Los Angeles: Partner, 1988-2006


## Publications and Lectures

PLI Patent Litigation: Maximizing Patent Damages (with David Mayer)
Amicus Briefs in a number of Supreme Court Cases including Festo v. Shoketsu Kinzoku Kogyo Kabushiki (2000)

Warner-Jenkinson Company, Inc. v. Hilton Davis Chemical Co. (1996)

Markman v Westview Instruments (1995)


## Admissions
Member, The State Bar of California

# quinn emanuel trial lawyers

## Harold A. Barza
**Partner**

Los Angeles Office
Tel: 213-443-3000
Fax: 213-443-3100
halbarza@quinnemanuel.com



## Practice Areas
Antitrust and Trade Regulation
Entertainment, Media and Internet Litigation
Intellectual Property Litigation
Securities Litigation

## Biography

Hal Barza is a trial lawyer with 30 years of experience in trying complex commercial cases to judges and to juries. He is the head of our firm's antitrust practice. He is very active in patent litigation, and in cases involving the interplay of intellectual property and antitrust law. Because of his background training in physics and mathematics, he is particularly well suited to handle highly complex cases focused on technical and financial issues. He is a frequent lecturer on antitrust and patent law to audiences throughout the United States and abroad.

He also has extensive experience representing financial institutions and hedge funds, including in cases involving the enforcement of rights under debt instruments, securities class actions, lender liability claims and corporate control contests.

In addition, he has been active in representing companies in the entertainment field since his earliest days in practice. He has experience in matters which include film production, film distribution, music publishing, copyright, and rights of publicity.

## Representative Clients

Mr. Barza has represented numerous domestic and multinational technology companies, including Micron, Seiko Epson Corporation, Thomson, S.A., Seiko Instruments, and Ricoh.

He has represented major producers of consumer goods, including The Scotts Company and The Coca-Cola Company.

When representing financial institutions and hedge funds, his clients include Wells Fargo Bank and Elliott Associates.

In the entertainment field, he has represented Twentieth Century Fox, Technicolor, Pacific Title, and Mirage Animation.

## Notable Representations

*Rambus, Inc. v. Micron Technology, Inc., and Micron Semiconductor Products, Inc.* – current case – defense of patent claims, and prosecution of monopolization counter-claims based on allegations of misconduct in the context of standard setting for DRAM's

*Rambus, Inc. v. Micron Technology, Inc., et al.* – current defense of claims of alleged conspiracy to boycott certain DRAM products

*In the Matter of Certain Ink Cartridges and Components Thereof* - successful prosecution at the ITC of patent infringement claims against 24 respondents.

*Agrevo Environmental Science USA LP, f/k/a Agrevo Environmental Health, Inc. v. Scotts Company, et al.* – successful defense of a jury verdict of Section 1 of the Sherman Act claims for alleged monopolization of the herbicide market.

*Central Garden and Pet Company v. The Scotts Company* – successful defense of Sherman Act claims seeking 1B in damages.

*Discus Dental Impressions, Inc. v. Align Technology* – represented national distributor of dental products for wrongful termination of long term distribution arrangement.

*Glenn Hightower v. Daniel O'Dowd* – represented 50% shareholder of major software company in dispute over exercise of shotgun buy-sell rights.

*Elliot & Associates v. The Republic of Argentina* – represent holder of over $1B of foreign sovereign debt in suit against Argentina, the defaulting issuer.

*Tim McGraw, Reba McEntire, et al. v. Jim Salmon* – represented over 30 leading country music performers to enjoin unauthorized use of their names in web domain names.

Represented major motion picture studio in connection with termination of long term duplication agreement.

*Iran v. Shavoos Pahlavi* – defended claims by Islamic Republic of Iran against sister of former Shah of Iran seeking all assets held by her.

Represented board members of $30B financial institution in defense of 75 related lender liability cases.

## Education
**Columbia Law School** (J.D., 1976)
    Columbia Law Review:
      Board of Editors: Member, 1975-1976
    Chancellor James Kent Scholar, 1974-1976
    Harlan Fiske Stone Scholar, 1973-1974

**Boston University** (A.B., 1973)

## Languages
French



## Dominic Surprenant

Partner
Download vCard

Los Angeles Office
Tel: 213-443-3000
Fax: 213-443-3100
dominicsurprenant@quinnemanuel.com

### Practice Areas
Antitrust and Trade
Regulation
Class Action
Litigation
Construction
Litigation
Entertainment, Media
and Internet Litigation

### Education

**Harvard University**
(J.D., *cum laude*,
1985)

*Harvard Law
Review:*

Articles Editor,
1984-1985

Editor, 1983-
1984

**University of
Wisconsin, Madison**
(M.A., 1980)

Send to a friend

## Biography

Dominic Surprenant specializes in complex commercial litigation and trial practice, with emph
actions. Mr. Surprenant has represented clients in antitrust cases in industries as diverse as
random access memory, silicon wafers and personal computers. He has been involved a nu
"enterprise" consisted in the organized theft of trade secrets from a competitor. He has repre
over 15 class actions throughout the country, with more than a half-dozen current representa
Trade Secret Misapplication and Class Actions has allowed him to develop a special expertis
ensuring their testimony is admissible at trial, and seeking to prevent our clients' adversaries'
whom Mr. Surprenant has worked has been precluded from testifying, while he has prevented
testimony of over $1 billion.

## Representative Clients

Nextel, Sprint and now Sprint Nextel in a large variety of matters, in California, Florida, Illinois

During the time it was managed by the Weinstein brothers, he has represented Miramax Film

He has represented the Academy of Motion Picture Arts and Sciences in an antitrust case, w
denied the plaintiff's motion to enjoin the Academy's nomination process.

He has represented Continental Airlines and Northwest Airlines as antitrust plaintiffs and The

## Notable Representations

Represented The Scotts Company against Aventis in a three-week trial in which the plaintiff s
returned a defense verdict in less than three hours of deliberation.

Represented General Motors in a case against Volkswagen and GM's former head of sourcir
closely with inside lawyers from GM, we amassed devastating evidence and defeated all Voll
eve of the Volkswagen chairman's deposition, we obtained a $1.1 billion settlement for Gene

Represented Avery Dennison against Four Pillars and obtained an $81 million RICO jury awa

**Illinois State University** (B.A., *with highest honors,* 1977)

**Publications and Lectures**

**Prior Associations**

**Professional Activities**

**Admissions**

Represented the defendants, settling a class action where the plaintiffs' class was seeking $7 the class. The class had been certified and summary judgment denied. The trial judge tenta eve of trial, including motions to exclude all three of the plaintiffs' testifying experts.

# EXHIBIT C





# Firm Resume

February 14, 2008



COHEN MILSTEIN
HAUSFELD & TOLL™

For decades, Cohen, Milstein, Hausfeld & Toll, P.L.L.C. has represented individuals, small businesses, institutional investors, and employees in many of the major class action cases litigated in the United States for violations of the antitrust, securities, environmental, consumer protection, civil rights/discrimination, ERISA and human rights laws. Cohen Milstein is also at the forefront of numerous innovative legal actions that are expanding the quality and availability of legal recourse for aggrieved individuals and businesses both domestic and international. Over its history, Cohen Milstein has obtained many landmark judgments and settlements for individuals and businesses in the United States and abroad. The firm's most significant past cases include:

- In re Vitamins Antitrust Litigation, MDL No. 1285 (D.D.C.). Cohen Milstein served as co-lead counsel for two certified classes of businesses that directly purchased bulk vitamins and were overcharged as a result of a ten year global price-fixing and market allocation conspiracy. Chief Judge Hogan approved four major settlements between certain vitamin defendants and Class Plaintiffs, including a landmark partial settlement of $1.1 billion. In a later trial before Chief Judge Hogan concerning Class Plaintiffs' remaining unsettled Vitamin B4 (choline chloride) claims, a federal jury in Washington unanimously found Japan's second largest trading company, Mitsui & Co., Ltd., its wholly-owned U.S. subsidiary Mitsui & Co. (U.S.A.), Inc., DuCoa, LP, a choline chloride manufacturer based in Highland, Illinois, and DuCoa's general partner, DCV, Inc. liable for participating in the conspiracy and ordered them to pay $49,539,234, which is trebled to $148,617,702 under the federal antitrust laws. The case was subsequently settled against those defendants.

- Dukes v. Wal-Mart Stores, Inc., No. C-01-2252 (N.D. Cal.). Cohen Milstein is one of the co-lead counsel in this discrimination case. In June 2004, U.S. District Court Judge Martin Jenkins ruled that six current and former Wal-Mart employees from California may represent all female employees of Wal-Mart who worked at its U.S. stores anytime after December 26, 1998 in a nationwide sex discrimination class action lawsuit (appeal pending). As the largest civil rights class action ever certified against a private employer, the Judge described the case as "historic in nature, dwarfing other employment discrimination cases that came before it." The action charges that Wal-Mart discriminates against its female retail employees in pay and promotions. The class in this case includes more than 1.5 million current and former female employees of Wal-Mart retail stores in America, including Wal-Mart discount stores, super centers, neighborhood stores, and Sam's Clubs.

- In re Lucent Technologies Securities Litigation, Civ. Action No. 00-621 (JAP) (D.N.J.). A settlement in this massive securities fraud class action was reached in late March 2003. The class portion of the settlement amounts to over $500 million in cash, stock and warrants and ranks as the second largest securities class action settlement ever completed. Cohen Milstein represented one of the co-lead plaintiffs in this action, a private mutual fund.

- Nate Pease, et al. v. Jasper Wyman & Son, Inc., et al., Civil Action No. 00-015 (Knox County Superior Court, Me.). In 2004, a state court jury from Maine found three blueberry processing companies liable for participating in a four-year price-fixing

1



COHEN MILSTEIN
HAUSFELD & TOLL

and non-solicitation conspiracy that artificially lowered the prices defendants paid to approximately 800 growers for wild blueberries. The jury ordered defendants Cherryfield Foods, Inc., Jasper Wyman & Son, Inc., and Allen's Blueberry Freezer, Inc. to pay $18.68 million in damages, the amount which the growers would have been paid absent the defendants' conspiracy. After a mandatory trebling of this damage figure under Maine antitrust law, the total amount of the verdict for the plaintiffs is just over $56 million. The Firm served as co-lead counsel.

- <u>In re StarLink Corn Products, Liability Litigation</u>, MDL No. 1403. (N.D. Ill.). Cohen Milstein successfully represented U.S. corn farmers in a national class action against Aventis CropScience USA Holding and Garst Seed Company, the manufacturer and primary distributor of StarLink corn seeds. StarLink is a genetically modified corn variety that the United States government permitted for sale as animal feed and for industrial purposes, but never approved for human consumption. However, StarLink was found in corn products sold in grocery stores across the country and was traced to widespread contamination of the U.S. commodity corn supply. The Firm, as co-lead counsel, achieved a final settlement providing more than $110 million for U.S. corn farmers, which was approved by a federal district court in April 2003. This settlement was the first successful resolution of tort claims brought by farmers against the manufacturers of genetically modified seeds.

- <u>In re Diet Drug Litigation (Fen-Phen)</u>, MDL No. 1203 (E.D. Pa.). As a member of the Plaintiffs' Management Committee and Sub-Class Counsel, Cohen Milstein played a major part in the success of the Fen-Phen diet drug litigation and settlement *(In re: Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation*, MDL 1203). CMHT and other plaintiffs' counsel achieved the largest settlement ever obtained in a mass tort case - $3.75 billion – on behalf of millions of U.S. consumers who used Pondimin (fenfluramine) or Redux (dexfenfluramine), either alone or in combination with phentermine, diet drugs that are associated with heart valve damage.

- <u>Snyder v. Nationwide Mutual Insurance Company</u>, No. 97/0633 (Sup. Ct. N.Y. Onondaga Cty.). Cohen Milstein served as one of plaintiffs' principal counsel in this case on behalf of persons who held life insurance policies issued by Nationwide through its captive agency force. The action alleged consumer fraud and misrepresentations. Plaintiffs obtained a settlement valued at more than $85 million. The judge praised the efforts of Cohen Milstein and its co-counsel for having done "a very, very good job for all the people." He complimented "not only the manner" in which the result was arrived at, but also the "time … in which it was done."

- <u>Oncology & Radiation Associates, P.A. v. Bristol Myers Squibb Co., et al.</u>, No. 1:01CV02313 (D.D.C.). Cohen Milstein has been co-lead counsel in this case since its inception in 2001. Plaintiffs alleged that Bristol-Myers Squibb unlawfully monopolized the United States market for paclitaxel, a cancer drug discovered and developed by the United States government, which Bristol sells under the brand name Taxol. Bristol's scheme included a conspiracy with American BioScience, Inc., a generic manufacturer, to block generic competition. Cohen, Milstein's investigation and

2

COHEN MILSTEIN
HAUSFELD & TOLL^PLLC

prosecution of this litigation on behalf of direct purchasers of Taxol led to a settlement of $65,815,000 that was finally approved by U.S. District Judge Emmet G. Sullivan on August 14, 2003 and preceded numerous Taxol-related litigations brought by the Federal Trade Commission and State Attorneys General offices.

• Kruman v. Christie's International PLC, et al., Docket No. 01-7309. A $40 million settlement on behalf of all persons who bought or sold items through Christie's or Sotheby's auction houses in non-internet actions was approved in this action. Cohen Milstein served as one of three leading counsel on behalf of foreign plaintiffs. The Court noted that approval of the settlement was particularly appropriate, given the significant obstacles that faced plaintiffs and plaintiffs' counsel in the litigation. The settlement marked the first time that claims on behalf of foreign plaintiffs under U.S. antitrust laws have been resolved in a U.S. court, a milestone in U.S. antitrust jurisprudence.

• In re Infant Formula Consumer Antitrust Litigation (multiple state courts). Cohen Milstein instituted price-fixing cases on behalf of indirect-purchasers in 17 states under state antitrust laws against three companies who conspired to drive up the price of infant formula. The cases resulted in settlements of $64 million for purchasers of infant formula.

• Domestic Air Transportation Antitrust Litigation (N.D. Ga.) Plaintiffs alleged a conspiracy among major airlines to set prices. In one of the largest consumer class actions ever brought to a successful conclusion, Cohen Milstein was one of the lead counsel and obtained a settlement of travel discounts and cash totaling $458 million for the class of individuals and businesses.

• In re The Exxon Valdez Litigation, No. A89-095 Civ. (D. Ak.). The firm was selected from dozens of law firms around the country by federal and state judges in Alaska to serve as co-lead counsel for plaintiffs in the largest environmental case in United States history that resulted in a jury verdict of more than $5 billion (reversed and remanded for revised punitive damages award; further proceedings pending).

• Holocaust Litigation. In the historic Swiss Banks litigation, CMHT served, *pro bono,* as co-lead counsel for Holocaust survivors against the Swiss banks that collaborated with the Nazi regime during World War II by laundering stolen funds, jewelry and art treasures. Cohen Milstein obtained a $1.25 billion settlement, leading the presiding judge to call the firm's work "indispensable." *See In re Holocaust Victim Assets Litig.,* Case No. CV 96-4849 (ERK) (MDG) (Memorandum of Chief Judge Korman dated July 26, 2002). The Firm was also a lead counsel in litigation by survivors of World War II-era forced and slave labor in litigation against the German companies that profited from using the labor of concentration camp inmates. This litigation, which resulted in an unprecedented settlement of $5.2 billion, was resolved by multinational negotiations involving the defendants, plaintiffs' counsel, and the governments of several countries for approximately two million claimants.

Cohen Milstein has contributed over 37,000 hours of time to human rights and *pro bono* cases since 1996. As an example, the Firm represented eight survivors and/or

3



COHEN MILSTEIN
HAUSFELD & TOLL ᴾᴸᴸᶜ

families of the victims of the September 11, 2001 attack on the Pentagon before the Federal compensation fund. Cohen Milstein has obtained a substantial recovery for each, including the highest recovery to date, $6.8 million, for an injured individual.

- <u>Roberts v. Texaco, Inc.</u>, 94-Civ. 2015 (S.D.N.Y.). Cohen Milstein represented a class of African-American employees in this landmark litigation that resulted in the then-largest race discrimination settlement in history ($176 million in cash, salary increases and equitable relief). The Court hailed the work of class counsel for, *inter alia,* "framing an imaginative settlement, that may well have important ameliorative impact not only at Texaco but in the corporate context as a whole …".

- <u>Conanan v. Tanoue</u>, No. 00-CV-3091 (ESH). Cohen Milstein represented African-American employees at the Federal Deposit Insurance Corporation (FDIC) in this race discrimination suit, which settled for $14 million. The settlement provides the largest payment made in an employment discrimination class action based on race against a federal agency.

- <u>Trotter v. Perdue Farms, Inc.</u>, Case No. 99-893 (RRM) (JJF) (MPT), D. Del. This suit on behalf of hourly workers at Perdue's chicken processing facilities – which employ approximately 15,000 people – forced Perdue to pay employees for time spent "donning and doffing," that is, obtaining, putting on, sanitizing and removing protective equipment that they must use both for their own safety and to comply with USDA regulations for the safety of the food supply. The suit alleged that Perdue's practice of not counting donning and doffing time as hours worked violated the Fair Labor Standards Act and state law. In a separate settlement with the Department of Labor, Perdue agreed to change its pay practices. In addition, Perdue is required to issue retroactive credit under one of its retirement plans for "donning and doffing" work if the credit would improve employees' or former employees' eligibility for pension benefits. CMHT was co-lead counsel.

In addition, Cohen Milstein is an innovator in new areas of the law. Cohen Milstein was in the forefront of filing antitrust claims on behalf of indirect purchasers in 1993 and 1994, when it filed state-court actions in 18 states on behalf of indirect purchasers of infant formula. This was the first effort to systematically and simultaneously pursue treble damages claims on behalf of indirect-purchasing consumers in all states where antitrust laws permitted such claims. This approach, and variations of it, have since become the accepted model for pursuing antitrust damages on behalf of indirect-purchasing consumers. The Firm also has been in the forefront of the development of international antitrust theory and litigation of claims. As the global economy has produced worldwide conglomerates, so, too, has the nature of antitrust violations changed. For example, in *Kruman v. Christie's International PLC, et al.* Docket No. 01-7309 and *In re Bulk Vitamins Antitrust Litigation*, MDL 1285 (D.D.C.), both the parties and the anticompetitive actions were played out on a world, rather than domestic, stage. The firm also represents and won Lead Plaintiff status for domestic and foreign investors in a foreign company's bonds, in a PSLRA litigation being pursued in the United States, *In re Parmalat Securities Litigation,* Master Docket 04 Civ 0030 (LAK) (S.D.N.Y.). In 2007, the Firm became the first U.S. Plaintiffs' law firm to open an office in Europe, when it opened its London office. The Firm has

4



affiliated offices around the world, in the United Kingdom, Italy, South Africa, Panama and Australia.

Cohen Milstein has also served as lead or co-lead counsel, or on Plaintiffs' Executive Committee(s), in many dozens of antitrust, securities, consumer protection or product liability, civil rights, and human rights class action cases.

5



COHEN MILSTEIN
HAUSFELD & TOLL™

### History

Cohen, Milstein, Hausfeld & Toll, P.L.L.C. was established in March 1986 and is based in Washington, D.C. with offices in New York, Philadelphia, Chicago, San Francisco and London. From 1969 until 1986, the Firm was the Washington, D.C. office of the Philadelphia law firm currently known as Kohn, Swift & Graf, P.C..

Cohen Milstein has had one of the most varied and extensive plaintiffs' practices in the United States, and it has played a prominent role in major litigations since 1969. These cases include:

In re North Atlantic Air Travel Antitrust Litigation, Civ. Action No. 84-1103 (D.D.C.); the Firm, as co-lead counsel, obtained a class settlement of $30 million in coupons for air travelers between the United States and England.

In re Screws Antitrust Litigation, MDL No. 443 (D. Mass.); the Firm, as co-lead counsel, obtained a class settlement of approximately $50 million.

Ocean Shipping Antitrust Litigation, MDL No. 395 (S.D.N.Y); the Firm, as co-lead counsel, obtained a class settlement of approximately $50 million.

In re Corrugated Container Antitrust Litigation, MDL No. 310 (S.D. Tex.); the Firm was one of a handful of firms involved in the successful trial of this massive antitrust case which was eventually settled for approximately $366 million.

Murphy, Derivatively On Behalf of Nominal Defendant National Health Laboratories Incorporated v. Perelman, Case No. 659511 (Cal. Sup. San Diego Cty.); as one of co-lead counsel in the derivative action, the firm and others obtained a global settlement of class and derivative litigation for $65 million.

In re Flat Glass Antitrust Litigation, MDL No.1200, (W.D. Pa.); the Firm as co-lead counsel obtained a total of $ 61.7 million in settlement funds on behalf of glass shops, window manufacturers, and others who directly purchased the affected products from the defendants.

Buspirone Antitrust Litigation, MDL No. 1413 (S.D.N.Y.); as one of four co-lead counsel, the Firm and others obtained a $90 million settlement for the class.

Masonite Hardboard Siding Litigation, Civ. Action No. 996787 (Cal. Super. Ct.); the Firm, as one of the lead counsel, obtained a settlement valued at hundreds of millions of dollars.

Polybutylene Pipe Litigation, Civ. Action No. W 2004-017770COA-R3-CV (W.D. Tenn.); the Firm helped obtain a settlement valued at $900 million.

Biben v. Card, No. 84-0844-CV-W-6 (W.D. Mo.); the Firm, as one of two co-lead counsel, negotiated settlements for $11.9 million, which was 93% of class members' damages.



COHEN MILSTEIN
HAUSFELD & TOLL™

In re Newbridge Networks Securities Litigation, Civ. Action No. 90-1061 (D.D.C.); the Firm, as co-counsel, obtained a cash and stock class settlement valued at approximately $20 million.

Jiffy Lube Securities Litigation, Civ. Action No. Y-89-1939 (D. Md.); the Firm, as co-lead counsel, obtained class settlements for a total of $12 million.

In re Saxon Securities Litigation, Civ. Action No. 82 Civ. 3103 (S.D.N.Y.); the Firm, as co-lead counsel, obtained a class settlement of approximately $20 million.

Grossman v. Waste Management, Civ. Action No. 83 Civ. 2167 (N.D. Ill.); the Firm, as co-lead counsel, obtained a class settlement of approximately $13 million.

In re Warner Communications Securities Litigation, 618 F. Supp. 735 (S.D.N.Y. 1986); the Firm was one of plaintiffs' counsel in this case where a class settlement of $18.4 million was obtained.

In re Tandon Securities Litigation, No. CV86-4566 (C.D. Cal.); the Firm played a major role in this class action where settlement was valued at approximately $16 million.

Immunex Securities Litigation, No. C92-548WD (W.D. Wash.); the firm was one of lead counsel where the largest securities class action settlement in Seattle -- $14 million -- was recovered.

In re Caremark Securities Litigation, Case No. 94 C 4751 (N.D. Ill.); the Firm, as co-lead counsel, obtained a class settlement of $25 million.

In re Commercial Explosives Antitrust Litigation, Consolidated Case No. 2:96md 1093S (D. Utah); the Firm, as co-lead counsel, obtained a settlement of $77 million.

COHEN MILSTEIN
HAUSFELD & TOLL<sup>PLLC</sup>

## Awards & Recognition

**50 Most Powerful People in DC**
GQ Magazine
September, 2007
Michael Hausfeld named #40.

**Beacon of Justice Award**
From the National Legal Aid and Defender Association
Summer 2007
For Cohen Milstein's work on the Guatanamo cases.

**Fierce Sister Award**
Summer 2007
For Cohen Milstein's work on the comfort woman case.

**500 Leading Plaintiffs' Lawyers in America**
Lawdragon
January-February, 2007

**Top Antitrust Plaintiffs' Firm**
Competition Law 360
February 14, 2007
Cohen Milstein named #1

**International World-shakers**
The Lawyer (UK)
February 8, 2007
Michael Hausfeld named as one of top 40 international lawyers "making waves" in the UK.

Joseph Sellers was been selected by his peers to be included in the 2007 edition of **The Best Lawyers in America®** in the specialty of Civil Rights Law.

**500 Leading Litigators in America**
LawDragon
Spring 2006
Michael Hausfeld, Steven Toll and Joseph Sellers are named to the list.

**The Plaintiffs' Hotlist**
The National Law Journal
October 9, 2006

**100 Most Influential Lawyers**
The National Law Journal
June 19, 2006
Michael Hausfeld is named as one of "the most influential lawyers in America."

**Runner up for Matter of the Year**
Global Competition Review
February, 2005
On Empagran matter, praised for ingenuity in how the case was prosecuted

8

COHEN MILSTEIN
HAUSFELD & TOLL™

**Selected Attorney Profiles - Partners**

## Michael D. Hausfeld

Michael Hausfeld, one of the country's top civil litigators, joined the Firm in 1971. He is the head of the Antitrust and International practice groups.

Mr. Hausfeld's career has included some of the largest and most successful class actions in the fields of human rights, discrimination and antitrust law. He long has had an abiding interest in social reform cases, and was among the first lawyers in the U.S. to assert that sexual harassment was a form of discrimination prohibited by Title VII; he successfully tried the first case establishing that principle. He represented Native Alaskans whose lives were affected by the 1989 Exxon Valdez oil spill; later, he negotiated a then-historic $176 million settlement from Texaco, Inc. in a racial-bias discrimination case.

In *Friedman v. Union Bank of Switzerland*, Mr. Hausfeld represented a class of victims of the Holocaust whose assets were wrongfully retained by private Swiss banks during and after World War II. The case raised novel issues of international banking law and international human rights law. He successfully represented the Republic of Poland, the Czech Republic, the Republic of Belarus, the Republic of Ukraine and the Russian Federation on issues of slave and forced labor for both Jewish and non-Jewish victims of Nazi persecution during World War II. He currently represents Jubilee 2000, Khulumani, and other NGOs in litigation involving abuses under apartheid law in South Africa, and is pursuing a RICO litigation against the tobacco industry with regard to the sale of and representations on "light" cigarettes.

Mr. Hausfeld has a long record of successful litigation in the antitrust field, on behalf of both individuals and classes, in cases involving monopolization, tie-ins, exclusive dealings and price fixing. He is or has been co-lead counsel in antitrust cases against manufacturers of genetically engineered foods, managed healthcare companies, bulk vitamin manufacturers, technology companies and international industrial cartels. He is actively involved in ongoing investigations into antitrust cases abroad, and was the only private lawyer permitted to attend and represent the interests of consumers worldwide in the 2003 closed hearings by the EU Commission in the Microsoft case.

Chief Judge Edward Korman (E.D.N.Y.), has noted that Mr. Hausfeld is one of the two "leading class action lawyers in the United States." He has been profiled in, and recognized by, many articles and surveys. Most recently, a *Forbes* magazine article reported on Mr. Hausfeld's work to establish an international alliance for the protection of consumers and investors worldwide. He was named one of thirty master negotiators in *Done Deal: Insights from Interviews with the World's Best Negotiators*, by Michael Benoliel, Ed.D. *The Wall Street Journal* profiled him and his practice, and he has been recognized by *The National Law Journal* as one of the "Top 100 Influential Lawyers in America." He has been described as one of the country's leading civil rights columnists as an "extremely penetrating lawyer", and by a colleague (in a *Washington Post* article) as a lawyer who "has a very inventive mind when it comes to litigation. He thinks of things most lawyers don't because they have originality pounded out of them in law school." *The New York Times* referred to Mr. Hausfeld as one of the nation's "most prominent antitrust

1

COHEN MILSTEIN
HAUSFELD & TOLL<sup>p.L.L.C.</sup>

lawyers," and *Washingtonian Magazine* has listed Mr. Hausfeld in several surveys as one of Washington's 75 best lawyers, saying he "consistently brings in the biggest judgments in the history of law" and that he is "a Washington lawyer determined to change the world -- and succeeding."

His most recent awards include the 2002 B'Nai Brith Humanitarian of the Year award; the Simon Wiesenthal Center Award for Distinguished Service; and the U.S. Department of Energy's Human Spirit Award, presented "in tribute to a person who understands the obligation to seek truth and act on it is not the burden of some, but of all; it is universal."

He is a frequent speaker on antitrust, human rights and international law, most recently participating in a panel discussion at the Spring Meeting of the ABA Section of Antitrust Law entitled "International Antitrust: Developments After Empagran and Intel" and at the School of Oriental and African Studies (SOAS) Annual Meeting in London entitled "Human Rights in An Integrated World: The Apartheid Reparations Litigation in the USA." He taught Masters Degree courses at Georgetown University Law Center from 1980 to 1987, and was an Adjunct Professor at the George Washington University Law School from 1996 to 1998 and now sits on its Board of Directors.

Mr. Hausfeld is a graduate of Brooklyn College, receiving a B.A. in Political Science with a minor in Russian History (*cum laud*e, 1966) and the National Law Center, George Washington University (J.D., *with honors*, 1969). He was a member of the Order of the Coif and the Board of Editors for the George Washington Law Review (1968-69).

Mr. Hausfeld is admitted to practice in the District of Columbia.


### Daniel A. Small

Dan Small, a Partner at Cohen Milstein, joined the Firm in 1988 and is a member of the Antitrust practice group.

Among the antitrust cases on which Mr. Small is currently working are: *In re Microsoft Antitrust Litigation* (D. Md.), in which he serves as chair of the experts committee and *Rasmussen v. General Motors* (Cir. Ct., Milwaukee Cty., Wisc.) (and related cases in eight other states), a state-wide class action alleging conspiracy among auto manufacturers and distributors to maintain dual price systems between the United States and Canada. He was co-lead counsel for the end-user plaintiffs in *In re Buspirone Antitrust Litigation* (S.D.N.Y.), a case alleging monopolization and market allocation claims against a brand name drug manufacturer for delaying generic entry to the market that settled for $90 million. Mr. Small was also lead counsel for the plaintiffs in *Pease, et al. v. Jasper Wyman & Son, et al.* (Super. Ct., Knox Cty., Me), a price-fixing class action brought on behalf of Maine wild blueberry growers. The case was tried in November 2003, and the jury returned an $18.68 million verdict for the Class, which after trebling and other additions, resulted in a $56 million judgment.
Mr. Small's substantial appellate experience includes briefing and arguing *Free v. Abbott Laboratories* in the United States Supreme Court. The case presented the issue of whether a supplemental jurisdiction statute overruled *Zahn v. International Paper Co.* The Court split 4-4,

1



COHEN MILSTEIN
HAUSFELD & TOLL™

with Justice O'Connor recusing herself. Mr. Small successfully briefed and argued appeals before the Seventh Circuit Court of Appeals in *In re Brand Name Prescription Drug Antitrust Litigation* (7th Cir. 1997) on the issue of whether the district court had subject matter jurisdiction, and in *Paper Systems, Inc. v. Nippon Paper Industries Co., Ltd.* (7th Cir. 2002) holding that the federal direct purchaser rule does not immunize a defendant from liability for the direct sales of its co-conspirators. Mr. Small also briefed and argued the appeal in *Mack v. Bristol-Myers Squibb* (Fla. 1st DCA 1996), the first opinion construing the Florida Deceptive and Unfair Trade Practices Act to permit indirect purchasers to sue for damages for antitrust violations.

He has been a speaker at events organized by the American Antitrust Institute, the Conference Board, the American Bar Association and the District of Columbia Bar, among others.

Mr. Small is a 1981 graduate of Colgate University, receiving a B.A. (*cum laude*) in History. He graduated from the American University's Washington College of Law in 1986 and joined Cohen Milstein after serving as Law Clerk to the Honorable Roger Vinson, U.S. District Judge for the Northern District of Florida (1986 to 1988).

Mr. Small is admitted to practice in Maryland and the District of Columbia.

## Joseph M. Sellers

Joseph Sellers, a Partner at the Firm and head of the Civil Rights & Employment practice group, joined Cohen Milstein in 1997.

Mr. Sellers has represented victims of discrimination and other illegal employment practices individually and through class actions. He has tried several civil rights class actions to judgment before juries and has argued more than 25 appeals in the federal and state appellate courts, including the United States Supreme Court. He has served as class counsel, and typically lead counsel, in more than 30 civil rights and employment class actions.

Those cases have included: *Beck. v. Boeing Company* (W.D. Wash.), which included a class of more than 28,000 women employees at Boeing facilities in Washington state alleging sex discrimination in pay and overtime decisions; *Conway, et al. v. Deutsch* (E.D. Va.), for a class of all female undercover case officers at the CIA alleging sex discrimination in promotions and job assignments; *Dukes v. Wal-Mart Stores, Inc.* (N.D. Cal.), where the Court has certified the largest class in such a case: more than 1.5 million women employees at Wal-Mart stores, alleging sex discrimination in promotions and pay decisions; *Johnson, et al. v. Freeh* (D.D.C.), for a class of African-American FBI special agents alleging racial discrimination in promotion and job assignments; *Keepseagle v. Venamen* (D.D.C.), for a class of Native American farmers and ranchers denied equal credit opportunities by USDA; *Neal v. Director, D.C Dept. of Corrections* (D.D.C.), the first sexual harassment class action tried to a jury, for a class of women correctional employees and women and men subject to retaliation at the D.C. Department of Corrections; and *Trotter, et al. v. Perdue Farms* (D.Del.), for a company-wide collective action brought under the Fair Labor Standards Act for violations of federal wage and hour law.



Throughout his career, Mr. Sellers has also been active in legislative matters. He has testified more than 20 times before Committees of the United States Senate and House of Representatives on various civil rights and employment matters. He worked on the passage of the Civil Rights Act of 1991 and the Americans with Disabilities Act of 1990.

Mr. Sellers has trained lawyers at the U.S. Equal Employment Opportunity Commission and the U.S. Department of Justice on the trial of civil rights cases and has lectured extensively throughout the country on various civil rights and employment topics. He was an Adjunct Professor at the Washington College of Law at American University, where he taught Employment Discrimination law, and at the Georgetown University Law Center, where he taught a course on Professional Responsibility.

He served on the Clinton/Gore Transition Team in 1992 and 1993. He headed the teams reviewing the operations of the EEOC, the Office of the Assistant Attorney General for Civil Rights, and various sections of the Civil Rights Division of the Department of Justice. He also served as a Co-Chair of the Task Force of the D.C. Circuit on Gender, Race and Ethnic Bias and was appointed by panels of the D.C. Circuit Court of Appeals and the U.S. District Court for the District of Columbia.

At the request of the Ford Foundation and the American Bar Association, Mr. Sellers delivered a series of lectures and designed and delivered a mock trial on civil rights law to Chinese judges, lawyers and government officials.

Mr. Sellers has been recognized as one of the top lawyers in Washington and as one 10 the top plaintiffs' employment lawyers in the country He is a professionally-trained mediator and has served as the President of the Washington Council of Lawyers.

Prior to joining Cohen Milstein, Mr. Sellers served as head of the Employment Discrimination Project of the Washington Lawyers' Committee for Civil Rights and Urban Affairs for over 15 years.

Mr. Sellers received a J.D. from Case Western Reserve School of Law (1979), where he served as Research Editor of the *Case Western Reserve Law Review*, and a B.A. in American History and Literature from Brown University (1975).

Mr. Sellers is admitted to practice in the District of Columbia.

### Richard A. Koffman

Richard Koffman, a Partner at the Firm, joined Cohen Milstein in 2003 and is a member of the Antitrust practice group. He is also a member of the firm's *Pro Bono* Committee.

He is currently serving as counsel for plaintiffs in, among other cases, *In re Rubber Chemicals Antitrust Litigation* (N.D. Ca.); *In re Polyester Staple Antitrust Litigation* (W.D.N.C.); and *In re Urethane Antitrust Litigation* (D. Kan.).



Mr. Koffman came to Cohen Milstein after four years as a senior trial attorney with the Antitrust and Civil Rights Divisions of the United States Department of Justice. Prior to joining the Department of Justice, he spent seven years in private practice, with Fine, Kaplan and Black in Philadelphia (working primarily on antitrust class actions and other complex commercial litigation) and then with Bernabei & Katz in Washington, D.C. (handling employment discrimination cases). While at Fine Kaplan, Mr. Koffman was actively involved in litigating several successful antitrust class actions on behalf of plaintiffs and classes, including *In re Nasdaq Market-Makers Antitrust Litigation* (S.D.N.Y.) (settled for more than $1 billion); *In re Polypropylene Carpet Antitrust Litigation* (N.D. Ga.); *In re Commercial Explosives Antitrust Litigation* (D. Utah); and *In re Drill Bits Antitrust Litigation* (S.D. Tex.).

Immediately after law school, he served as a judicial clerk for Judge James B. McMillan of the Western District of North Carolina, and for Judge Anthony J. Scirica of the U.S. Court of Appeals for the Third Circuit.

Mr. Koffman is the author of *It's Not The First Time: Fudging the Truth in Discovery Proceedings Didn't Start with Clinton, Legal Times*, August 24, 1998.

He is a graduate of Yale Law School (J.D., 1990), where he was a Senior Editor of the Law Journal, and Wesleyan University, from which he received a B.A., *with honors*, in English (1986).

Mr. Koffman is admitted to practice in the District of Columbia.

### Agnieszka M. Fryszman

Agnieszka Fryszman, a Partner at the Firm, joined Cohen Milstein in 1998 and is a member of the International Human Rights and Antitrust practice groups.

She currently represents Indonesian villagers in a lawsuit against Exxon Mobil over torture and extrajudicial killings allegedly committed by the defendant's security forces (a unit of the Indonesian military). For the past several years, she has represented the former "comfort women," women and girls who were forced into sexual slavery by the government of Japan during World War II. Her past successes include cases brought by survivors of Nazi-era forced and slave labor against the German and Austrian companies that allegedly used and profited from slave labor, which were resolved by international negotiations that resulted in multi-billion dollar settlements.

In the Antitrust practice group, she represents small businesses that have been victims of alleged price-fixing in the polyester staple and rubber chemicals markets.

She has represented, *pro bono*, a number of victims of the September 11 attack on the Pentagon and obtained significant recoveries, including one of the highest awards for an injured survivor, from the Victim's Compensation Fund. She also represents, *pro bono*, individuals indefinitely detained without charge by the United States at Guantanamo Bay.

4



Before joining the Firm, Ms. Fryszman was Democratic counsel to the United States House of Representatives Committee on the Judiciary, Subcommittee on Commercial and Administrative Law. She also served as counsel to Representative Henry Waxman, Ranking Member on the House Government Reform and Oversight Committee.

Ms. Fryszman graduated from Brown University with a B.A. in International Relations and Georgetown University Law Center (J.D., *magna cum laude,* 1996, Order of the Coif), where she was a Public Interest Law Scholar.

Ms. Fryszman is admitted to practice in the District of Columbia and New Jersey.

**Charles E. Tompkins**

Charles Tompkins, a Partner at Cohen Milstein, joined the Firm in 1999 and is a member of the Antitrust and Civil Rights & Employment practice groups, with an emphasis on obtaining redress on behalf of employees who have not been paid all of the wages they are owed.

In the antitrust field, Mr. Tompkins currently represents Registered Nurses employed by hospitals in Albany, Chicago, Detroit, Memphis, and San Antonio in lawsuits alleging that their employers unlawfully fixed their wages in violation of federal antitrust laws. Mr. Tompkins also is serving as a member of the co-lead counsel team in *In Re Air Cargo Antitrust Litigation* (E.D.N.Y.), a multi-billion dollar antitrust action alleging that the world's major cargo airlines colluded in setting the amounts of various surcharges they imposed on their customers, and *In Re Air Transportation Antitrust Litigation* (N.D. Cal.), a federal antitrust action challenging a conspiracy among airlines to fix the amount of the fuel surcharge imposed on flights to and from Heathrow airport in London. Mr. Tompkins was a member of the trial team that, following a two-week jury trial, obtained a $56.4 million judgment on behalf of Maine wild blueberry growers who alleged their suppliers fixed the prices of wild blueberries. Mr. Tompkins also was a member of the team that litigated the federal antitrust action *Paper Systems, Inc. v. Mitsubishi Corp. et al.* (E.D.Wisc.), which settled for $20 million on the eve of trial.

In the employment field, Mr. Tompkins has represented a wide variety of employees, and twice obtained summary judgment on behalf of nationwide classes of Auto Damage Adjusters whose employer, GEICO, refused to pay them overtime. See *Robinson-Smith v. GEICO* (D.D.C.); *Lindsay v. GEICO* (D.D.C.). GEICO began paying overtime shortly after the adjusters' victory, and the United States Department of Labor has since cited *Robinson-Smith* in an official opinion letter. Mr. Tompkins also was part of the legal team that obtained a $10 million settlement on behalf of chicken-processing workers who were not paid for the time they spent putting on and taking off their required safety equipment, *Trotter v. Perdue Farms, Inc., et al.* (D. Del.). Perdue Farms changed its practices as part of a global settlement and now pays its employees for this time. Mr. Tompkins also is a member of the team litigating *Dukes v. Wal-Mart Stores, Inc.* (N.D.Cal.), the largest certified Title VII class action in history, in which female employees of Wal-Mart seek redress for unfair gender discrimination, and *Hnot v. Willis, et al.* (S.D.N.Y.), in which a certified class of over one hundred female insurance brokerage executives allege sexual discrimination in compensation and promotions. Mr. Tompkins also serves, on a *pro bono* basis, as a consultant for the Immigrant and Refugee Rights Project at the Washington Lawyers

5

COHEN MILSTEIN
HAUSFELD & TOLL™

Committee for Civil Rights And Urban Affairs, providing guidance and oversight in litigations brought on behalf of immigrant workers subject to wage and hour violations.

Mr. Tompkins has significant appellate appearance. He second-chaired the argument of *Free v. Abbott Laboratories* before the United States Supreme Court; briefed and successfully argued *Lindsay v. GEICO* before the United States Court of Appeals for the District Of Columbia Circuit; and briefed and argued *Manchester v. Primerica Financial Services, et al.*, which was successfully settled prior to the issuance of a decision, before the United States Court of Appeals for the Eleventh Circuit.

Mr. Tompkins is the author of "Damages Issues in Fair Labor Standards Act Collective Action Litigation," which is scheduled to appear in Volume 10, Issue Number 2, of the Employee Rights and Employment Policy Journal of the Chicago-Kent School of Law; and the co-author, with Michael Hausfeld and Kalpana Kotagal, of "Innovation, Economics and the Law: The Health Care Industry's Exposure to Antitrust Liability," to be published by the ABA Antitrust Law Section in 2007. He has been asked on several occasions to lecture on employment law matters by both the American Bar Association and the National Employment Law Association.

Prior to joining Cohen Milstein, Mr. Tompkins was an associate with the Washington, D.C. office of Akin, Gump, Strauss, Hauer & Feld, L.L.P. He graduated *magna cum laude* from Colgate University and received his J.D. from the University of Virginia School of Law. He is licensed to practice in New York and the District of Columbia.

**Benjamin D. Brown**

Benjamin Brown, a Partner at the Firm, joined the firm in 2005 and is a member of the Antitrust practice group. He has extensive experience in complex litigation and class actions.

He is currently serving as counsel for plaintiffs in, among other cases, *In re Aspartame Antitrust Litigation* (E.D. Pa.); *Brookshire Bros., Ltd., et al. v. Chiquita Brands Int'l., Inc., et al.* (S.D. Fla.); *In re Rubber Chemicals Antitrust Litigation* (N.D. Ca.); *In re Pressure Sensitive Labelstock Antitrust Litigation* (M.D. Pa.); and *John Boyd, et al. v. AWB Limited, et al.* (S.D.N.Y.).

Mr. Brown came to Cohen Milstein after four years as a trial attorney with the Antitrust Division of the United States Department of Justice. While there, Mr. Brown led and assisted in numerous investigations, litigations and trials involving anticompetitive conduct and mergers. Mr. Brown also prosecuted criminal cases as a Special Assistant United States Attorney in the Eastern District of Virginia. Prior to joining the Department of Justice, he spent three years as a litigator in private practice: first with Heller Ehrman White & McAuliffe in San Francisco, California, working on complex commercial litigation, including class actions, and then with Covington & Burling in Washington, D.C., handling insurance coverage and antitrust litigation. Prior to practicing, Mr. Brown served as a judicial law clerk for Chief Judge Juan R. Torruella of the U.S. Court of Appeals for the First Circuit.



Since 2005, Mr. Brown has served as a state editor for the ABA's annual survey of state class action law. He also co-authored a chapter on private antitrust recovery actions for the forthcoming 2008 Global Competition Review's Antitrust Review of the Americas. He has been interviewed regarding antitrust class actions by CNBC and various NBC affiliates, and by radio networks including ABC and the AgriBusiness Network.

Mr. Brown is a graduate of Harvard Law School (J.D., *cum laude*, 1997), where he was an editor and executive board member of the Harvard Civil Rights - Civil Liberties Law Review, and the University of Wisconsin - Madison (B.A.in Philosophy, with distinction, Phi Beta Kappa, 1992).

Mr. Brown is admitted to practice in California and the District of Columbia.

**William P. Butterfield**

William Butterfield, a Partner of the firm, is a member of the Antitrust practice group.

For several years, Mr. Butterfield has been leading plaintiffs' discovery efforts in *In Re New Motor Vehicles Canadian Export Antitrust Litigation*, MDL 1532. He is also working on *In Re Hydrogen Peroxide Antitrust Litigation*, (E.D. Pa.), *In Re OSB Antitrust Litigation*, (E.D. Pa.), and *In Re Methyl Methacrylate (MMA) Antitrust Litigation*, (E.D. Pa.).

Previously, Mr. Butterfield was one of the principal attorneys involved in nationwide litigation challenging lending practices conducted by one of the nation's largest sub-prime lenders. In that case, Mr. Butterfield worked extensively with the FTC, and was responsible for generating nationwide media and Congressional attention to lending practices conducted by Associates Finance. Plaintiffs and the FTC eventually settled with Citigroup (which had acquired Associates Finance) for $240 million (*In Re Citigroup Loan Cases*, J.C.C.P. 4197). Mr. Butterfield was also a principal attorney for the plaintiff classes in *In re Prudential Securities Limited Partnerships Litigation*, MDL No. 1005 (S.D.N.Y.), which settled for $137 million, and *In re PaineWebber Securities Litigation*, 94 Civ. 8547 (S.D.N.Y.), which settled for $200 million.

Mr. Butterfield is recognized as a leader in the field of electronic discovery. He has developed electronic document management solutions since the early 1990s, when he helped design and led the implementation of an electronic document repository to manage more than 15 million pages of documents produced in *In re Prudential Securities Limited Partnerships Litigation*, MDL No. 1005 (S.D.N.Y.). That system was recognized by Senior U.S. District Judge Milton Pollack as one of the most innovative and sophisticated high-tech document management/litigation support systems available @ 163 F.R.D. 200, 208 (S.D.N.Y. 1995). In 2005, Mr. Butterfield testified before the U.S. Judicial Conference Rules Committee regarding proposed electronic discovery amendments to the Federal Rules of Civil Procedure. He speaks at conferences internationally on electronic discovery issues. Mr. Butterfield is also a member of The Sedona Conference, a nonprofit research and educational institute dedicated to the advanced study of law and policy. His comments appeared recently in an article entitled, "E-Discovery: Business is Booming and Lawyers are getting in on the Trend." *Lawyers Weekly*, March 14, 2006.



Mr. Butterfield has also served as an adjunct professor at American University, Washington College of Law, where he taught a course in commodities law and regulation.

Before joining CMHT, Mr. Butterfield was a partner at Finkelstein, Thompson & Loughran, where he focused on antitrust, securities, consumer and banking litigation. While at FT&L, he also served extensively as outside counsel for federal banking agencies, where he investigated and litigated claims in connection with failed financial institutions. Mr. Butterfield has also defended individuals and companies in federal courts and administrative tribunals in matters involving securities and commodities fraud, insider trading, takeover litigation, broker-dealer violations and registration issues. He began his legal career as an assistant prosecuting attorney for Montgomery County, Ohio.

Mr. Butterfield graduated from the University of Toledo, College of Law in 1978, and earned his undergraduate degree from Bowling Green State University in 1975.

Mr. Butterfield is admitted to practice in the District of Columbia and is an inactive member of the Ohio bar.

### Robert G. Eisler

Robert Eisler, a Partner at Cohen Milstein, joined the Firm in 2007 and is a member of the Antitrust practice group. He is the resident partner in the New York office. Prior to joining Cohen Milstein, Mr. Eisler was a partner at Lieff Cabraser Heimann and Bernstein.

Mr. Eisler has extensive experience in complex litigation at the trial and appellate levels, particularly in the prosecution of antitrust class actions. He has served as lead or co lead counsel in many cases in the state and federal courts, including In re Buspirone Antitrust Litigation, ($90 million settlement), In re Oxycontin Antitrust Litigation, and In re Ciprofloxacin Hydrochloride Antitrust Litigation. Mr. Eisler is currently involved in the prosecution of numerous major antitrust actions throughout the United States.

Mr. Eisler is a 1986 graduate of LaSalle University, and a 1989 graduate of Villanova Law School.

He is admitted to practice in New York and Pennsylvania.

### Michael P. Lehmann

Michael P. Lehmann has joined Cohen Milstein as a partner and will head our new San Francisco office. Mr. Lehmann brings to the firm 29 years of experience as a business litigator, with a practice that ranged from class action litigation to business litigation on behalf of individual clients to extensive regulatory work before federal, state and international bodies to domestic and international arbitration.

Prior to joining Cohen Milstein, Mr. Lehmann had worked since graduating from law school at what became Furth Lehmann LLP, where he eventually served as Managing Partner and in

8



COHEN MILSTEIN
HAUSFELD & TOLL™

recent years has served as lead counsel for direct or indirect purchaser classes in numerous antitrust cases.

**Brian A. Ratner**

Brian Ratner, a Partner at Cohen Milstein, joined the firm in 2001 and is Deputy Head of the International Practice Group and a member of the Antitrust Practice Group.

Mr. Ratner has extensive experience representing domestic and foreign businesses and individuals in complex litigation at the trial and appellate levels, particularly in the prosecution of antitrust class actions in state and federal courts throughout the United States. Mr. Ratner has litigated and is currently involved in numerous major antitrust class actions on behalf of direct and indirect purchasers alleging price-fixing and monopolization.

Specifically, Mr. Ratner has litigated the matter of *In Re Vitamins Antitrust Litigation* (D.D.C.) on behalf of two certified classes of vitamin direct purchasers who were overcharged as a result of a ten-year global price-fixing and market allocation conspiracy, which settled for over $1 billion. Mr. Ratner was a key member of a 2003 trial team in the case, in which a jury awarded a class of choline chloride purchasers more than $148 million in trebled damages. The National Law Journal ranked this verdict as the 12th largest in 2003. Mr. Ratner has also litigated, among other matters: *Empagran, S.A. et al. v. F. Hoffmann-LaRoche, Ltd., et al.* (D.D.C.), a case alleging a global vitamins price-fixing and market allocation conspiracy on behalf of foreign purchasers (remanded by U.S. Supreme Court); *Oncology & Radiation Associates v. Bristol-Myers Squibb Co.* (D.D.C.), alleging monopolization against a drug manufacturer, which settled for $65 million; *Molecular Diagnostics Laboratories v. Hoffmann-La Roche, Inc., et al.* (D.D.C.), alleging unlawful monopolization on behalf of a class of purchasers of an enzyme used in DNA amplification, human-genome research, and medical diagnostics; and *In Re Vitamin C Antitrust Litigation* (E.D.N.Y.), alleging a conspiracy by Chinese manufacturers to fix prices and control the supply of vitamin C for export.

Mr. Ratner's substantial international work has included lecturing, organizing conferences, and writing articles and papers on issues such as the private civil enforcement of competition laws around the world and the mechanisms for collective redress in Europe.

Prior to joining Cohen Milstein, Mr. Ratner worked for Jones, Day, Reavis & Pogue where he focused on complex civil and commercial litigation, antitrust counseling, and merger clearance work related to the CBS/Viacom and AOL/Time Warner mergers.

Mr. Ratner graduated from Indiana University-Bloomington with a B.A. in Journalism (1996) and a second major in Political Science. In college, he was a member of the Mortar Board National Honor Society, did undergraduate work at Hebrew University in Jerusalem, Israel, and worked on several political campaigns including the re-election campaign of former U.S. Senator Harris Wofford. Mr. Ratner obtained his law degree from the University of Pittsburgh School of Law (1999), where he was the Managing Editor of the Journal of Law and Commerce. During law school, Mr. Ratner externed for the Hon. Donetta W. Ambrose (W.D. Pa.).



Mr. Ratner is admitted to practice in New Jersey, Pennsylvania, and the District of Columbia.

**Selected Attorney Profiles – Of Counsel & Associates**

## Andrea L. Hertzfeld

Andrea Hertzfeld, an Associate at Cohen Milstein, joined the Firm in 2004. She is a member of the International and Antitrust practice groups.

Ms. Hertzfeld currently is working on *Schwab v. Philip Morris, USA Inc., et. al.* (E.D.N.Y.), the largest class action lawsuit certified in history, alleging RICO violations by the major tobacco companies in the sale and advertisement of "light" cigarettes on behalf of approximately 50 million smokers. In addition, Ms. Hertzfeld is working on *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.), alleging price-fixing of rates for airfreight shipping services by dozens of major international flagship airlines. She is also involved in, among other matters, the *In re Air Passenger Antitrust Litigation* (N.D.Ca), alleging price-fixing by British Airways and Virgin Atlantic airlines of surcharges added to the price of passenger tickets for long-haul flights and a related matter in the same court alleging similar price-fixing by Korean Air Lines and Asiana Airlines. Ms. Hertzfeld also works on the *In re LCD-TFT Flat Panel Antitrust Litigation* currently pending in the Northern District of California.

Ms. Hertzfeld worked as a summer associate at Cohen Milstein in 2003. She received a B.A. with University Honors in Economics from Bowling Green State University (2000, *summa cum laude*), where she was a Frazier Reams Scholar and a member of Phi Beta Kappa. She received her law degree from Harvard Law School in 2004, where she served as an Article Editor on the Women's Law Journal.

Ms. Hertzfeld is admitted to practice in Ohio and the District of Columbia.

## Kalpana Kotagal

Kalpana Kotagal joined the firm as an associate in November, 2006 and is a member of the Antitrust practice group. Ms. Kotagal represents Registered Nurses employed by hospitals in Albany, Chicago, Detroit, Memphis, and San Antonio in lawsuits alleging that their employers unlawfully fixed their wages in violation of federal antitrust laws.

Before attending law school, Ms. Kotagal worked in the environmental community as Assistant National Field Director of the United States Public Interest Research Group, running national legislative campaigns on energy and environmental issues, and as an organizer with Green Corps. She recently served as an advisor to a Congressional candidate.

While in law school, Ms. Kotagal was a summer associate at Cohen Milstein and served as law clerk in the Chambers of the Honorable J. Curtis Joyner, Eastern District of Pennsylvania. She was also involved in litigation under the Alien Tort Claims Act and RICO on behalf of Haider Mushin Saleh against contractors CACI and Titan for human rights abuses in Abu Ghraib prison.

COHEN MILSTEIN
HAUSFELD & TOLL™

She served on the Editorial Board of the University of Pennsylvania Law Review as an Articles Editor.

Following law school, Ms. Kotagal clerked for the Honorable Betty Binns Fletcher, United States Court of Appeals for the Ninth Circuit.

Ms. Kotagal received her undergraduate degree from Stanford University (A.B., economics, B.S., earth systems, *with honors*, 1999) and was a Morris K. Udall Scholar. She received her law degree from the University of Pennsylvania (2005, *cum laude*), where she was a James Wilson Fellow.

Ms. Kotagal is the co-author, with Michael Hausfeld and Charles Tompkins, of "Innovation, Economics and the Law: The Health Care Industry's Exposure to Antitrust Liability," to be published by the ABA Antitrust Law Section in 2007.

Ms. Kotagal is admitted to practice in New York and the District of Columbia.

**Brent W. Landau**

Brent W. Landau, an Associate, joined Cohen Milstein in 2002 and is a member of the Antitrust practice group.

Mr. Landau currently is working on *Schwab v. Philip Morris USA, Inc., et al.* (E.D.N.Y.), alleging a RICO conspiracy and fraud in connection with the marketing and sale of "light" cigarettes; *In re Intel Corporation Microprocessor Antitrust Litigation* (D. Del.), alleging monopolization of the market for x86 microprocessors; and *Allied Orthopedic Appliances, Inc. v. Tyco Health Care Group, L.P.* (C.D. Cal.), alleging monopolization of the market for pulse oximetry products. Other cases in which he has been involved include *In re Vitamins Antitrust Litigation* (D.D.C.), where a 2003 trial resulted in a trial verdict in favor of the plaintiffs and the class of $49.5 million before trebling, the fifth largest that year; *Ferko v. National Association for Stock Car Auto Racing, Inc.* (E.D. Tex.), alleging anticompetitive conduct in the market for top-level stock car racing (a settlement in the case succeeded in bringing the inaugural second Nextel Cup Series race to Texas Motor Speedway); and *Meijer, Inc. v. 3M Co.* (E.D. Pa.), alleging monopolization of the market for invisible and transparent tape (an approximately $28 million settlement was approved in 2006).

Prior to joining the Firm, Mr. Landau served as a judicial law clerk to the Honorable Bruce W. Kauffman, United States District Court for the Eastern District of Pennsylvania.

He is the author of *State Employees and Sovereign Immunity: Alternatives and Strategies for Enforcing Federal Employment Laws*, 39 Harv. J. on Legis. 169 (2002); *State Bans on City Gun Lawsuits*, 37 Harv. J. on Legis. 623 (2000); and *Sovereign Immunity and You: How New York State Employees Can Enforce Their Federal Employment Rights*, United University Professions Working Paper Series (Dec. 2005) (presented at November 2005 UUP conference on "Preserving the Rights of Public Employees").

11

COHEN MILSTEIN
HAUSFELD & TOLL ᴾ·ᴸ·ᴸ·ᶜ·

Mr. Landau graduated from the State University of New York at Binghamton, where he received a B.A. in History and Philosophy (*summa cum laude*, 1998) and was a member of Phi Beta Kappa. He obtained his law degree from Harvard Law School (*cum laude*, 2001), where he was co-chairperson of the Tenant Advocacy Project and a supervising editor of the *Harvard Journal on Legislation*.

Mr. Landau is admitted to practice in Pennsylvania, New York, and the District of Columbia.

**Steig D. Olson**

Steig D. Olson joined the Firm as an Associate in 2003 as a member of the Antitrust practice group.

He is currently involved in, among other cases, *In re Plastics Additives Antitrust Litigation*, (E.D.Pa) in which plaintiffs allege a price-fixing conspiracy by manufacturers of additives for plastics in the United States; *Molecular Diagnostics Laboratories v. Hoffman-La Roche, Inc.* (D.D.C.), for the unlawful monopolization of an enzyme used in DNA amplification, human-genome research, and medical diagnostics; and *Griffin v. Concord EFS, Inc.* (N.D.Cal.), which alleges that member banks of a network conspired to fix fees associated with ATM transactions.

Mr. Olson is the author of *Efforts to Delay Competition from Generic Drugs: Litigation Along a Seismic Fault Between Antitrust and Intellectual Property Law*, co-authored with Joshua P. Davis, 39 U.S.F.L. Rev. 1 (2004). He has also provided research assistance for several articles, including those of V. Schultz, *The Sanitized Workplace*, 11 Yale L.J. 2061 (2003); M. Mutua, *Savages, Victims, and Saviors: The Metaphor of Human Rights*, 42 Harv. Int'l L.J. 201 (2001); and L. Guinier, *Confirmative Action*, 25 L. & Soc. Inquiry 565 (2000).

Before joining Cohen Milstein, Mr. Olson clerked for the Honorable Barrington D. Parker, Jr. of the United States Court of Appeals for the Second Circuit, and the Honorable Vaughn R. Walker of the United States District Court for the Northern District of California.

Mr. Olson graduated from Harvard Law School, *magna cum laude* (J.D., 2001) and Vassar College with a B.A. in Philosophy (1997).

Mr. Olson is admitted to practice in New York.

**Daniel Tenny**

Daniel Tenny, an Associate at Cohen Milstein, joined the Firm in September 2007. He is a member of the Civil Rights & Employment practice group.

Mr. Tenny is currently involved in *Keepseagle v. Johanns*, in which Native American farmers and ranchers allege discrimination in the United States Department of Agriculture's provision of agricultural loans, and *Amos v. GEICO*, in which African-American consumers allege that GEICO discriminates against them by considering level of education and occupation when it sets automobile insurance rates.



COHEN MILSTEIN
HAUSFELD & TOLL™

Prior to joining the Firm, Mr. Tenny served as a law clerk for the Honorable David H. Souter of the Supreme Court of the United States. Before his clerkship with Justice Souter, he was a law clerk for the Honorable David S. Tatel of the United States Court of Appeals for the District of Columbia Circuit.

Mr. Tenny graduated from Harvard University (A.B. in Mathematics, *cum laude*, 1999) and the University of Michigan Law School (J.D., *summa cum laude*, 2005). While at Michigan, he served as Executive Note Editor of the Michigan Law Review and published his own Note, *There Is Always a Need: The "Necessity Doctrine" and Class Certification Against Government Agencies*, 103 Mich. L. Rev. 1018 (2005). Mr. Tenny spent his summers during law school in the Housing Unit at South Brooklyn Legal Services and in the Office of General Counsel at the Equal Employment Opportunity Commission.

Mr. Tenny is admitted to practice in New York. His application to the District of Columbia Bar is pending and he is currently practicing under the supervision of Joseph M. Sellers, an enrolled active member of the District of Columbia Bar, pursuant to Rule 49(c)(8) of the Rules of the District of Columbia Court of Appeals.

IMANAGE 221910.3
9/07/07

13