UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL CASES | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    MDL Docket No. 1869<br>Misc. No. 07-489 (PLF) |

MEMORANDUM OPINION AND ORDER

This matter came before the Court for an initial status conference on March 7, 2008 to discuss the parties' Joint Statement submitted pursuant to paragraph 17 of the Court's Initial Practice and Procedure Order and to hear argument on various motions of the parties concerning the appointment of Interim Co-Lead Class Counsel.

The Court has considered the unopposed motion for the appointment of Cohen Milstein and Quinn Emanuel as Interim Co-Lead Class Counsel for the Direct Purchaser Plaintiffs and the opposed joint motion for appointment of Whatley Drake & Kallas, LLC as Interim Co-Lead Class Counsel and Roger M. Adelman as Liaison Class Counsel, the motions papers, and the arguments of counsel in open court.  The Court concludes that Cohen Milstein and Quinn Emanuel meet all of the criteria set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure.  They are the consensus choice of all other counsel in the case except for Whatley Drake & Kallas, they will adequately represent those interests with respect to each of the criteria set forth in the Rule, and they are best able to represent the interests of the class.  In view of these circumstances, the Court sees no need to appoint a third firm as additional Interim Co-Lead Class

Counsel in order to accomplish the purposes of the Rule and concludes that a decision to add Whatley Drake might well disturb the equilibrium achieved by the virtual consensus reached among plaintiffs' counsel.

Accordingly, the Court will GRANT the motion of Cohen Milstein and Quinn Emanuel to appoint those firms as Interim Co-Lead Class Counsel [49] and DENY the motion of Whatley Drake & Kallas [41]. In view of the fact that Cohen Milstein has its primary offices in the District of Columbia, there is no need for the appointment of anyone else to serve as Liaison Class Counsel, and so the motion to appoint Roger M. Adelman as Liaison Class Counsel also is DENIED.

The issue of which firms should serve on an Executive Committee of Counsel under the direction of Interim Co-Lead Class Counsel and to assist Interim Co-Lead Class Counsel in the fulfillment of their responsibilities is a different matter. Although the Cohen Milstein and Quinn Emanuel motion suggests five firms other than his to serve in this capacity, Mr. Whatley represented in open court that if his motion for the appointment of Whatley Drake & Kallas as Interim Co-Lead Class Counsel were denied, Whatley Drake would be interested in serving on the Executive Committee. Similarly, plaintiffs Complete Transportation Systems, Inc. and its counsel, in a written submission and in open court, requested that William M. Audet of Audet & Partners, LLP be appointed to the Executive Committee. Michael Hausfeld of Cohen Milstein represented to the Court that he and Stephen Neuwirth of Quinn Emanuel would like the opportunity to consider these requests, consult with others, and report their views to the Court once the Court resolved the pending motions to appoint Interim Co-Lead Class Counsel.

Separate and apart from these matters, the Court has considered the motion of Lovell Stewart Halebian LLP, The Mason Law Firm, LLP, and Stamell & Schager, LLP that they be appointed as Interim Co-Lead Class Counsel for the Indirect Purchaser Plaintiffs. They argue that the Indirect Purchaser Plaintiffs should be separately represented in order to avoid potential conflicts of interest and to adequately protect the separate interests of the Indirect Purchaser Plaintiffs. Counsel for the Direct Purchaser Plaintiffs agree that the Indirect Purchaser Plaintiffs should be separately represented, and no one has objected to the appointment of these three firms as Interim Co-Lead Class Counsel for the Indirect Purchaser Plaintiffs. The Court has concluded that these firms meet the criteria of Rule 23(g)(1) of the Federal Rules of Civil Procedure. The Court therefore will GRANT the motion of Lovell Stewart Halebian LLP, The Mason Law Firm, LLP, and Stamell & Schager, LLP for appointment as Interim Co-Lead Class Counsel for the Indirect Purchaser Plaintiffs [44].

All of that having been said, the Court will sign the form of order submitted by Cohen Milstein and Quinn Emanuel appointing them as Interim Co-Lead Class Counsel for the Direct Purchasers after excising the portion of that order relating to the appointment of an Executive Committee, and it will also sign the order submitted by counsel for the Indirect Purchaser Plaintiffs to appoint them as Interim Co-Lead Class Counsel.

Finally, pursuant to the discussion at the status conference, Interim Co-Lead Class Counsel for the Direct Purchaser Plaintiffs shall advise the Court in writing on or before March 18, 2008 of their views as to which firms should serve on the Executive Committee and

provide a form of order to implement their proposal. If anyone objects to the proposal submitted, they must file a response on or before March 25, 2008.

        SO ORDERED.

        /s/_____
        PAUL L. FRIEDMAN
        United States District Judge

DATE:   March 11, 2008