UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                      )
In re RAIL FREIGHT FUEL SURCHARGE      )
ANTITRUST LITIGATION                              )
_____)    MDL Docket No. 1869
                                                                      )    Misc. No. 07-489 (PLF)
This document relates to:                                  )
                                                                      )
ALL CASES                                                      )
_____)

ORDER APPOINTING INTERIM CO-LEAD CLASS COUNSEL
FOR INDIRECT PURCHASER PLAINTIFFS

Having carefully considered the Motion to Appoint Interim Co-Lead Class Counsel for Indirect Purchaser Plaintiffs by Lovell Stewart Halebian LLP, The Mason Law Firm, LLP, and Stamell & Schager, LLP filed on February 15, 2008, and for the reasons explained in a separate Memorandum Opinion and Order issued this same day, the Court has granted the motion. Accordingly, it is hereby ORDERED that:

1. Pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure, the following firms are appointed as Interim Co-Lead Class Counsel for the proposed indirect purchaser class:

    a. Lovell Stewart Halebian LLP;

    b. The Mason Law Firm, LLP; and

    c. Stamell & Schager, LLP.

2. Interim Co-Lead Class Counsel shall be responsible for the overall conduct of the litigation on behalf of the proposed indirect purchaser class as follows:

    a.    To promote the orderly and efficient conduct of this litigation and

    to avoid unnecessary duplication and unproductive efforts of all parties;

b.  To conduct all pretrial, trial and post-trial proceedings on behalf of indirect purchaser plaintiffs;

c.  To sign any pleadings, motions, briefs, discovery requests or objections, subpoenas, or notices on behalf of indirect purchaser plaintiffs;

d.  To determine and present in motions, briefs, oral argument or such other fashion as may be appropriate, the position of all of the indirect purchaser plaintiffs as to all matters arising during pretrial and trial proceedings;

e.  To designate attorneys to act as spokespersons at pretrial conferences and other proceedings in court;

f.  To designate liaison counsel for the proposed indirect purchaser class, and upon doing so, to promptly notify the Court of their selection;

g.  To conduct or coordinate discovery on behalf of the indirect purchaser plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure, including the preparation of joint interrogatories, requests for production of documents, requests for admissions, and the examination of witnesses in depositions;

h.  To designate attorneys to enter into stipulations necessary for the

conduct of the litigation with opposing counsel;

i. To make all work assignments;

j. To monitor the activities of indirect purchaser plaintiffs' counsel and to implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

k. To collect time, lodestar and expense reports from each firm representing the indirect purchaser plaintiffs in the consolidated action, including paralegals and any other staff members whose time is expected to be included in any fee petition;

l. To employ and consult with experts;

m. To call meetings of indirect purchaser plaintiffs' counsel when deemed appropriate;

n. To conduct settlement negotiations with defense counsel on behalf of indirect purchaser plaintiffs and the proposed indirect purchaser class;

o. To ensure that all indirect purchaser plaintiffs' counsel are kept informed of the progress of this litigation as necessary; and

p. To otherwise coordinate the work of all indirect purchaser plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Class Counsel for the proposed indirect purchaser class deems necessary or as authorized by further order of the Court.

3. The Court directs Interim Co-Lead Class Counsel for the proposed indirect purchaser class to select from among themselves one liaison counsel who shall be responsible for ensuring effective communication between the proposed direct purchaser class and the proposed indirect purchaser class, and for coordinating action between the two groups when appropriate.

4. The Interim Co-Lead Class Counsel for indirect purchaser plaintiffs are hereby designated as the counsel for indirect purchaser plaintiffs in the consolidated actions upon whom all notices, orders, pleadings, motions, discovery, and memoranda relating to the consolidated actions shall be served. Defendants shall effect service of papers on the indirect purchaser plaintiffs in the consolidated actions by serving each of the Interim Co-Lead Class Counsel above. An agreement reached between defendant(s) and Interim Co-Lead Class Counsel for indirect purchaser plaintiffs or their designee(s), shall be binding on all other plaintiffs' counsel in the indirect purchaser consolidated actions.

5. All counsel shall keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours worked and the particular activities in which they engaged. Further, all counsel shall endeavor to keep attorneys' fees reasonable and to choose the most appropriate level of staffing for the tasks required in this litigation.

SO ORDERED.

DATE: March 11, 2008

/s/_____
PAUL L. FRIEDMAN
United States District Judge