UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE RAIL FUEL SURCHARGE ANTITRUST LITIGATION )<br>)<br>)<br>)<br>)<br>This document relates to: ALL CASES )<br>)<br>) | MDL Docket No. 1869<br>Misc. No. 07-mc-489-PLF |

**PLAINTIFF *RB RUBBER PRODUCTS, INC.'S* RESPONSE TO REPORT CONCERNING PLAINTIFFS' PROPOSED EXECUTIVE COMMITTEE and MOTION TO APPOINT WHATLEY DRAKE & KALLAS AND AUDET & PARTNERS TO THE PLAINTIFFS' EXECUTIVE COMMITTEE**

Plaintiff RB Rubber Products, Inc., and its counsel look forward to meaningfully participating in the prosecution of this case with lead counsel and the leadership appointed by the Court, but RB Rubber Products objects to the make-up of executive committee proposed in lead counsels' Report Concerning Plaintiffs Proposed Executive Committee (Doc. 74). RB Rubber Products is concerned that lead counsel's decision to ignore the Court's obvious cue to expand the executive committee to include the Whatley Drake & Kallas and Audet & Partners law firms raises the specter that lead counsel is only willing to work with and give work to its favored group of "in" law firms. Furthermore, lead counsel's refusal to expand the executive committee seems to underscore the issue of whether there is a pattern of *quid pro quo* promises among those firms participating in the November 2007 meeting—a meeting in which RB Rubber Products did not participate because it did not file its case until December 2007—to support the Cohen Milstein/Quinn Emanuel leadership structure in exchange for a lock on the work. Such a tightly entrenched and indebted leadership structure is at a much higher

1

risk of falling victim to group decision-making pathologies such as group-think, polarization, and confirmation bias, which is not in the best interests of all the participating named plaintiffs or the Class members.[1] Group-made decisions are better decisions when the group enjoys alternative viewpoints and is held accountable for their decision making process by independents.[2] In this case, RB Rubber Products supports the injection of two independent voices into the proposed leadership structure.

This Court has the inherent and express powers to supervise and control this litigation. *Manual of Complex Litigation* (4th) (2004) at §§ 10.1 (*citing* Fed. R. Civ. P. 16, 26, 37, 42 and 83), 10.13 and 10.21. Federal Rule of Civil Procedure 16(c)(2) specifically authorizes the court to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." These powers extend to appointing the members of the executive or steering committees and defining their duties. *Manual of Complex Litigation* (4th) (2004) at § 10.221; *see also In re Guidant Corp. Implantable Defribrillators Products Liability Litig.,* No. MDL 05-1708, 2006 WL 196942 at *4-5 (D. Minn. Jan 6, 2006) (the court appointed nineteen law firms to the steering committee after "careful review" of all the applicants); *In re San Juan Dupont Plaza Hotel Fire*

---

[1] *See* Mark Seidenfeld, *Cognitive Loafing, Social Conformity, and Judicial Review of Agency Rulemaking,* 87 Cornell L. Rev. 486, 529-543 (2002) (discussing positive and negative dynamics of group decision making and defining "group-think" as the process whereby a cohesive in-group often fails to realistically appraise alternative courses of action; "group polarization" as the process whereby heterogeneous group discussion tends to intensify group opinion; and "group confirmation bias" as the process whereby a like-minded group tends to seek predominantly information that supports its view).
[2] *See* Samuel N. Fraidin, *Duty of Care Jurisprudence: Comparing Judicial Intuition and Social Psychology Research,* 28 U.C. Davis L. Rev. 1, 59-64 (2004).

*Litig.,* No. MDL 721, 1989 WL 168401 at *5-15 (D. Puerto Rico Dec. 2, 1988) (the court detailed the organization and duties of the plaintiffs' steering committee).

For the foregoing reasons and for all of the reasons set forth in their papers, RB Rubber Products supports the application of Whatley Drake & Kallas and Audet & Partners to the executive committee. Accordingly, Plaintiff RB Rubber Products moves the Court to expand the executive committee proposed by lead counsel by two members and to enter an order appointing the Whatley Drake & Kallas and Audet & Partners law firms to the executive committee in addition to those firms nominated by lead counsel.

Respectfully submitted,

**SCHLICHTER BOGARD & DENTON LLP**

/s/ Matthew H. Armstrong
Matthew H. Armstrong, D.C. Bar No. 974272
Jerome J. Schlichter
Roger C. Denton
100 S. Fourth Street, Suite 900
Saint Louis MO 63102
Tel:  314-621-6115
Fax: 314-621-5171
marmstrong@uselaws.com

and

Michelle A. Parfitt, D.C. Bar No. 358592
Susan Minkin, D.C. Bar No. 413477
**ASHCRAFT & GEREL LLP**
2000 L Street, N.W., Suite 400
Washington DC 20036
Tel:  202-783-6400
Fax: 202-416-6392
mparf@aol.com
sminkin@ashcraftlaw.com

*Attorneys for Plaintiff RB Rubber Products, Inc.*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2008, I electronically filed Plaintiff RB Rubber Products, Inc.'s Response to the Report Concerning Plaintiffs' Proposed Executive Committee and Motion to Appoint Whatley Drake & Kallas and Audet & Partners to Plaintiffs' Executive Committee with the Clerk of Court using CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Matthew H. Armstrong
Matthew H. Armstrong