**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE RAIL FUEL SURCHARGE ANTITRUST LITIGATION )
)
)
)
)
)
)
)

This document relates to: ALL CASES

MDL Docket No. 1869
Misc. No. 07–489 (PLF)

## DECLARATION OF WILLIAM M. AUDET IN OPPOSITION TO THE COHEN GROUP'S PROPOSED EXECUTIVE COMMITTEE AND IN SUPPORT OF COMPLETE TRANSPORTATION SYSTEMS, INC.'S REQUEST FOR APPOINTMENT TO THE EXECUTIVE COMMITTEE

I, William M. Audet, declare the following is true and correct under penalty of perjury:

1.    Attached hereto as Exhibit A is a true and correct copy of a letter sent to Co-Lead counsel enclosing a copy of my firm resume, my personal CV and also providing additional detail regarding my client.

2.    Attached hereto as Exhibit B is a true and correct copy of a letter dated November 9, 2007.

2.    Attached hereto as Exhibit C is a true and correct copy of orders issued in the Bextra MDL (No. 1699).

3.    Attached hereto as Exhibit D is a true and correct copy of orders issued in the Guidant MDL (No. 1708).

4.    Attached hereto as Exhibit E is a true and correct copy of orders issued in the Medtronic MDL (No. 1726).

The above is true and correct and executed on March 25, 2008 in San Francisco, California.

William M. Audet

# EXHIBIT A

## Audet & Partners, LLP

### Attorneys-at-Law

221 MAIN STREET, SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE: 415.568.2555
FACSIMILE: 415.568.2556
www.audetlaw.com

March 12, 2008

Michael D. Hausfeld
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
E-mail: mhausfeld@cmht.com

Stephen R. Neuwirth
**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
E-mail: stephenneuwirth@quinnemanuel.com

Re:    In re Rail Freight Fuel Surcharge Antitrust Litigation, MDL 1869

Dear Interim Class Counsel:

In view of the Court's order of March 11, 2008 regarding the appointment of an Executive Committee, I am resending to you a copy of my firm's resume and my CV.

In addition to my qualifications, my client, CTS, Inc. is a significant stakeholder in the case, with potentially hundreds of thousands of dollars of fuel overcharges incurred during the Class Period.

I would like to hear back from you before March 18th regarding my request for inclusion on the Executive Committee.

Very truly yours,

William M. Audet

# EXHIBIT 1

# WILLIAM M. AUDET, J.D., L.L.M.

Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, California 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556
E-Mail: waudet@audetlaw.com
Website: www.audetlaw.com

William M. Audet is the founding partner of Audet & Partners, LLP, a law firm recognized for its aggressive prosecution of mass torts, class action, and individual cases involving defective pharmaceutical drugs and devices, product defect, construction defect, toxic tort, business fraud, and antitrust claims.

Mr. Audet graduated (with highest honors) and earned a J.D. from Golden Gate University School of Law in 1983. In 1987, Mr. Audet earned an L.L.M. from the University of Wisconsin School of Law, where he was a Clinical Instructor and Staff Attorney at the University of Wisconsin (Legal Assistance to Institutionalized Persons Program). In 1987, Mr. Audet served as a staff attorney at the Ninth Circuit Court of Appeals. Subsequently, Mr. Audet had the honor to serve as a Law Clerk to the Honorable Fern M. Smith (Judge of the United States District Court for the Northern District of California), and as a Law Clerk to the Honorable Alfonso J. Zirpoli (Judge of the United States District Court for the Northern District of California). After his two clerkships, Mr. Audet was employed at Lieff, Cabraser, Heimann & Bernstein, where he became a partner in 1996. In 1996, Mr. Audet joined with Richard Alexander and Amanda Hawes and formed Alexander, Hawes & Audet, LLP. In 2007 Mr. Audet founded Audet & Partners, LLP.

Mr. Audet is currently a member of the California and Wisconsin bars, and has been admitted to practice before dozens of federal and state courts throughout the United States.

Mr. Audet is a coauthor of a book on federal discovery: *Handling Federal Discovery*, Jakab, Audet & Fanady (James Publishing) (now in its 9th edition).

The partners and associates at Mr. Audet's firm have collectively filed and prosecuted hundreds of personal injury and commercial business cases. Mr. Audet has been appointed to leadership roles in dozens of class actions and mass tort cases in state and federal court, including, but not limited to: *In re Baycol Products Liability Litigation*, D. Minn., MDL No. 1431 (Executive Committee); *In re: Metabolife Products Liability Litigation*, JCCP 4360 (Executive Committee); *In re PRK/Lasik Consumer Litigation*, Santa Clara Superior Court, Master File No. CV772894 (Lead Counsel); *In re Ancure/Guidant Litigation*, N.D. Cal. (San Jose), Master File No. 09-02797-JF (Lead Counsel).

Mr. Audet has spoken at a number of conferences on issues relating to mass torts and class actions, and he has sponsored and/or served on the panel of a number of Plaintiff "attorney-only" tutorial conferences relating to Vioxx, Bextra and other defective pharmaceutical drugs and devices. Mr. Audet was recently named as the 2005 Champion of Justice by the San Francisco Bar Association (legal foundation) for his contribution to the legal community and his *pro bono* activities.

---

*Curriculum Vitae of William M. Audet, J.D., L.L.M.*

# AUDET & PARTNERS, LLP

Attorneys – at – Law

221 MAIN STREET, SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE 415.568.2555
FACSIMILE 415.568.2556
www.audetlaw.com

---

*Audet & Partners, LLP, is a nationally recognized trial firm with offices in San Francisco and New York, and affiliated offices throughout the United States. The attorneys at Audet & Partners, LLP, have concentrated their practice on the prosecution of complex individual, mass tort and class action cases. The firm represents individuals, governmental entities, small businesses and institutional shareholders in product liability, tort, negligence, consumer, construction defect, investment fraud, securities, insider trading, antitrust, environmental, whistle blower, aviation and employment cases. In recognition of their commitment to the legal profession and outstanding abilities to get results for their clients, the firm and its members have served as Court-appointed Plaintiffs Counsel in dozens of federal and state cases throughout the United States. Below is a sampling of our cases:*

## Product Defect and Mass Tort Litigation

*In Zyprexa Litigation,* MDL 1596, United States District Court, Eastern District of New York. The firm represents over 300 clients who developed diabetes after ingesting Zyprexa. William M. Audet, the firm's principal partner, has been appointed a member of the Plaintiffs Executive Committee.

*In Baycol Litigation,* MDL 1431, United States District Court, Minnesota. William M. Audet serves as Court appointed member of the Plaintiffs Executive Committee relating to the defective drug Baycol.

*In re Metabolife Litigation,* JCCP 4360 (California). William M. Audet serves as a court-appointed member of the State Steering Committee.

*In Vioxx Litigation,* MDL 1657, New Jersey State Court. The firm and its affiliated counsel have filed in excess of 300 cases against Defendants Merck & Company arising out of injuries associated with the defective drug Vioxx.

*In re Bextra Litigation,* MDL No. 1699, United States District Court, Northern District of California. William M. Audet serves as a Court appointed member of the Plaintiffs Steering Committee.

*In re Intergel Litigation,* Florida State Court. William M. Audet and Susanne Scovern filed dozen of cases on behalf of women injured using a Johnson & Johnson product called Intergel. The firm and its co-counsel have recovered tens of millions of dollars for their clients in a confidential settlement with the company.

*In re Defective Ancure Products Liability Litigation,* United States District Court, Northern District of California and Santa Clara County Superior Court. The firm

AUDET & PARTNERS, LLP                                                    Page 2

represents dozens of individuals who were implanted with a defective device.

*Galanti v. Goodyear Tire & Rubber Company*, No. 03-209, United States District Court, District of New Jersey. William M. Audet and Michael McShane served as Court-appointed Class Counsel with pending $300 million settlement involving a defective radiant heating system.

*Williams v. Weyerhaeuser*, San Francisco County Superior Court, California, No. 995787, and *Chambers, et al., v. Weyerhaeuser*, King County Superior Court, Washington, No. 98-2-21084-2 KNT. The firm members served as one of three counsel in a class action involving allegations of defective siding manufactured by Weyerhaeuser.

*Roy v. Cemwood Corporation*, Contra Costa County Superior Court, California, No.: MSC99-00499. The firm serves as one of four co-lead counsel in a national class action involving allegations of defective roofing products.

*Table Bluff Reservation (Wiyot Tribe), et al., v. Philip Morris, et al.*, United States District Court for the Northern District of California, San Francisco Division, No. C 99-02621 MHP. The firm represented Native American Tribes challenging the $200 billion plus state tobacco agreement on the grounds that it violates their civil rights.

*In re Stucco Litigation (Ruff v. Parex)* County of New Hanover, North Carolina, No. 96-CVS-0059. The firm's principal partner William M. Audet, serves on the Court-appointed Plaintiffs Steering Committee. The case was filed on behalf of homeowners who had defective synthetic stucco installed in their homes.

*"Fen-Phen" Product Liability Litigation*, MDL 1203. The firm successfully filed a medical monitoring and punitive damage claim on behalf of California residents.

*Stuart Hanlon, et al., v. Chrysler Corporation*, United States District Court, Northern District of California, No. C-95-2010 CAL. The Firm's attorneys worked on a case seeking correction of defective rear hatch door lock failures in nominal impacts for 3,300,000 owners of Chrysler minivans.

*Smith v. Hewlett-Packard*, Santa Clara County Superior Court, CV 776794. The firm serves as Plaintiffs' Liaison Counsel. Contrary to HP's representations, the Recorders could only consistently and reliably record less user data than the industry standard. When attempting to record more, error messages appeared, previously recorded data was lost and the CD became useless.

AUDET & PARTNERS, LLP                                                         Page 3

## *Consumer Litigation*

*Roberts v. Bausch & Lomb,* United States District Court, Northern District of Alabama, No. CV-94-C-1144-W. William M. Audet, the firms principal partner, served on the Plaintiffs' Committee in this nationwide consumer class action. A settlement against Bausch & Lomb was approved by the Court on August 1, 1996. Under the settlement, Bausch & Lomb agreed to $68 million in cash and products to 1.5 million buyers of the Company's disposable contact lenses.

*Hilla v. TCI Cablevision,* Santa Clara County Superior Court, No. CV-769105. The firm represented California residents involving illegal overcharges by the cable company for late fees.

*Plotkin v. General Electric,* United States District Court, Northern District of California, Action No. C-92-4447. The firm filed a class action against General Electric for defrauding the American public in the sale of Energy Choice Light Bulbs, which were claimed to be energy efficient, required less electricity and would preserve the environment. General Electric subsequently settled this national class action.

*Afanador v. H&R Block Tax Services, Inc.,* Santa Clara County Superior Court, California, No. CV-767677. The Firm's attorneys, along with other Plaintiffs' counsel, successfully represents consumers in claims against H&R Block arising out of its "Rapid Refund" program.

*Sears Automotive Center Consumer Litigation,* United States District Court, Northern District of California, No. C-92-2227. The firm filed a class action on behalf of consumers defrauded by Sears' Auto Centers. The case was successfully concluded in August 1992. William M. Audet was appointed to the Plaintiffs' Steering Committee.

*Chamberlain v. Flashcom,* Orange County Superior Court, Case No. 00 CC 04212. In this class action, William M. Audet, principal partner, along with other counsel successfully remedy against Defendant's unlawful, unfair, and fraudulent business conduct.

*Providian Credit Card Cases,* San Francisco County Superior Court, JCCP No. 4085. Through television commercials, direct mail and the internet, the Providian Defendants purported to facilitate the issuance of credit cards to people with damaged credit histories. William M. Audet served as Class Counsel.

*In re Google Litigation,* Northern District of California, San Jose Division. The firm members represent advertisers on Google's web pages who claim to have been overcharged for advertising through a complicated monthly charge program.

*In re Kia Litigation,* Orange County Superior Court. William M. Audet served as class counsel in a number of jurisdictions in a case involving claims by Kia regarding its automotive products. The case was settled with a significant monetary and non-monetary recovery for the class.

### Insurance/Healthcare Litigation

*In re Unum Provident Litigation,* United States District Court, Eastern District of Tennessee, MDL No. 1552. William M. Audet serve as Court-appointed Lead Counsel in a pending class action on behalf of Plaintiffs alleging the wrongful denial of benefits under long term disability policies.

*In re Industrial Life Insurance Litigation,* United States District Court, Eastern District of Louisiana., MDL Nos. 1371, 1382, 1390, 1391, and 1395. William M. Audet of the firm serves on the Court-appointed Plaintiffs' Steering Committee. The class cases involve claims that insurance companies overcharge African-Americans for life and health insurance.

*In re Life of Georgia Insurance Litigation,* Thirteenth Judicial District, Shelby County, Memphis, Tennessee. Reached nationwide class settlement in 2002 on behalf of class of insureds discriminated against in the issuance of life insurance. William M. Audet was Lead Counsel.

*Thorn v. Jefferson Pilot Insurance Co.,* United States District Court, South Carolina. Nationwide class on behalf of purchasers of life insurance. Michael McShane of the firm represents the proposed Plaintiffs class alleging racial discrimination in the issuance of life insurance policies

*In re Average Wholesale Price Litigation,* MDL Docket No. 1456. William M. Audet and Michael McShane of the firm serve as Court appointed members of the Executive Committee, representing Plaintiffs in a nation-wide class action allegedly the manipulation of pricing for prescription drugs.

*In re Tenet Healthcare Litigation,* Los Angeles County, Superior Court, California. Numerous actions coordinated in 2002 by the Judicial Council. William M. Audet of the firm is one of three Court appointed lead counsel on behalf of nationwide class of individuals who were allegedly overcharged directly, or through their health insurance for medical services, products and medication.

*Lawson, et al., v. Liberty Life,* Birmingham, Alabama, No. 96-1119. William M. Audet of the firm, along with four other Plaintiffs' Counsel, represents a proposed class of life insurance policy holders of Liberty Life Corporation who were subjected to unlawful life insurance policy "churning" by Liberty Life.

## *Antitrust*

*In re PRK/Lasik, Laser Surgery Overcharges Litigation,* Santa Clara County Superior Court, California, Master File No. CV772894. William M. Audet and Joseph Russell served as Court-appointed Liaison Counsel in a nationwide class action case alleging antitrust violations again Visx, Inc. And Summit, Inc.

*Flat Glass Antitrust Litigation,* United States District Court, Western District of Pennsylvania, MDL No. 1200 (and related cases). Mr. Audet of the firm serves as one of five Court-appointed Discovery Committee members and as Plaintiffs' Counsel in a national class action antitrust case pending against the manufacturers of flat glass.

*Toys "R" Us Antitrust Litigation,* United States District, Northern District of California, No. C-97-3931-TEM. The firm filed a national class action antitrust complaint on behalf of toy consumers.

*Los Angeles Milk Antitrust Litigation,* Los Angeles County Superior Court, California, No. BC 070661. William M Audet and other members of the firm, along with other Plaintiffs' Counsel, represents consumers arising out of claims of antitrust violations against Los Angeles supermarkets due to alleged price fixing of milk.

*California Indirect Purchaser Auction House Cases,* San Francisco County Superior Court, No. 310313. In this case against Christie's, Sotheby's and others, Defendants are charged with conspiring to fix commissions for the sale at auction of art and other items in California.

*Pharmaceutical Antitrust Cases,* San Francisco County Superior Court, California, Judicial Council Coordination Proceeding, No. 2969. The firm members worked on a case for independent pharmacies pursuing claims against major drug manufacturers for violation of California's price fixing statutes.

*In re Vitamin Antitrust Litigation,* California, North Carolina, Tennessee and Maine. William M. Audet serves as lead counsel in three states and on the Plaintiffs' Executive Committee in one state in claims involving alleged price fixing by the manufacturers of vitamin products.

*In re Methionine Antitrust Litigation,* MDL Docket No. 1311. William M. Audet serves as class counsel in a case involving allegations of price fixing in the Methionine industry.

*In re Bromine Antitrust Litigation,* Docket No. 1310. The firm serves as class counsel in a case involving allegations of antitrust violations in the Bromine industry.

*Imp, Inc., Securities Litigation,* Santa Clara County Superior Court, California, No. CV762109. The firm represents shareholders of Imp, Inc. in an action against certain insiders of Imp, Inc., for alleged insider trading of the Company's stock.

*CBT Group Derivative Litigation,* San Mateo County Superior Court, California, No. 406767. The Firm's founder, William M. Audet served as one of two plaintiffs' counsel representing shareholders of CBT Group, PLC, in a derivative action against officers and directors of the Company.

*Oakley Technology Derivative Litigation,* Santa Clara County Superior Court, California, No. CV75829. The Firm's members served as one of three Co-lead Counsel in a derivative securities case brought on behalf of shareholders of Oakley Technology, Inc., brought against certain Officers and Directors of the Company.

*Horizon Securities Litigation,* United States District Court for New Mexico, No. 96-0442 BB/LCS. William M. Audet of the firm serves as one of the Plaintiffs' Class Counsel in a securities case filed against New Mexico-based Horizon Corporation for alleged violation of federal securities laws.

*Bay Networks Securities Litigation* (*Carnier v. Bay Networks,* CV764357; *Greeneway v. Bay Networks,* CV765564), Santa Clara County Superior Court, California. The firm members served as one of four-plaintiffs' counsel representing shareholders of Bay Networks for alleged securities violations.

*Unison Healthcare Corporation Litigation,* United States District Court of Arizona, Case No. Civ. 97-0583-PHX. The firm members served as one of the Plaintiffs' Class Counsel representing investors in Unison Healthcare.

*S3 Derivative Litigation,* Santa Clara County Superior Court, California, No. CV770254. The firm members served as one of the Plaintiffs' Lead Counsel in a derivative action filed on behalf of shareholders of S-3, Inc.

*In re Networks Associates Derivative Litigation,* Santa Clara County Superior Court, Consolidated Case No. CV-781854. In this case, shareholders sued officers and directors of this leading manufacturer of anti-virus and protocol analyzer software who sold over 800,000 shares of their personal stock for more than $33 million by misleading the public regarding its value. William M. Audet of the firm served as Liaison Counsel.

*In re Oak Technology Derivative Action,* Santa Clara County Superior Court, No. CV758629. Shareholders sued directors and officers to recover more than $100 million Defendants made by artificially inflating the company's stock, representing that exceptional demand for the company's products existed. In fact, the company's shipments of CD-ROM controllers far exceeded what the market

could absorb. Three related derivative cases were filed and subsequently consolidated. William M. Audet of the firm serves as Lead Counsel in this lawsuit.

*In re Sybase Derivative Litigation*, N.D.Cal., No. C-98-0252-CAL. The Firm's members served as Plaintiffs' Counsel in this stockholder's derivative action brought on behalf of Sybase against certain of the Company's present and former officers and/or directors for insider trading. Founded in 1984, Sybase makes computer database management systems. Clients include financial service, telecommunication, energy, government, retail, manufacturing, media, entertainment and healthcare providers.

### *About the Attorneys at the Firm*

*William M. Audet* earned a B.A. from the University of California at Davis in 1981, a Juris Doctor from Golden Gate University School of Law in 1984, where he was the Editor of the Golden Gate University Law Review. He completed his formal legal education with a Masters of Law from the University of Wisconsin School of Law in 1987. After clerking for the Ninth Circuit Court of Appelas, Mr. Audet clerked for The Honorable Alfonso J. Zirpoli, United States District Judge for the Northern District of California and The Honorable Fern M. Smith, United States District Judge for the Northern District of California. While obtaining his Masters Degree in Law at the University of Wisconsin, Mr. Audet was also a clinical instructor at the faculty of the University of Wisconsin School of Law. Mr. Audet's practice focuses on complex litigation, including class and non-class action claims involving mass torts, product liability, antitrust and consumer class actions. Mr Audet is a frequent speaker on a variety of topics and is a co-author of *Handling Federal Discovery* (9th Ed.)(James Publishing Company). In 2005, Mr. Audet was awarded the Justice Award from the San Francisco Bar Foundations for his financial contribution to the legal community and for his firm's pro bono work over the years. Over the years, Mr. Audet has been appointed to leadership positions in a number of important and groundbreaking cases.

*Michael McShane* earned his B.A. in Philosophy from the University of California at Santa Barbara, before earning his law degree from the University of Oregon in 1986, where he was the Articles Editor for the Journal of Environmental Law and Litigation. Since his admission to the California Bar, Mr. McShane's practice has been devoted exclusively to prosecuting complex class action litigation throughout the United States. His areas of practice include products liability, consumer claims, antitrust litigation, insurance fraud and medical/pharmaceutical overcharge cases.

*Joseph E. Russell* earned a B.S. in mathematics from Fresno State College in 1963. Mr. Russell earned his J.D. in 1969. During his law school, Mr. Russell was appointed Editor of Golden Gate's law review, Cal Law, Trends & Developments, and received the San Francisco Bar Association's award as Bay Area Scholar of the Year. In 1970, he received a Masters of Law from Southern Methodist University School of Law. Mr. Russell has tried dozens of cases, focusing on cases involving technical and scientific matters, including anti-trust, unfair business competition,

construction and aviation cases. He is a member of the Association of Trial Lawyers of America and Consumer Attorneys of California. Mr. Russell serves as senior Trial Counsel at the firm.

*Susanne N. Scovern,* received a B.A. with highest honors and distinction in Russian/East European Studies and Political Philosophy from the University of Michigan in 1985. In 1990, Ms. Scovern was awarded a Juris Doctorate from the University of Iowa where she was a member of the *University of Iowa Law Review.* Over the years, she has practiced a broad range of product liability, mass tort, class action, employment and commercial litigation. Ms. Scovern is a member of the American Bar Association, the California Bar Association and the San Francisco Bar Association. She is active in the Science & Technology and Labor and Employment Sections of the ABA and State Bar. She is also a member of the Association of Trial Lawyers of America and the San Francisco Trial Lawyers Association. She is admitted to practice in California and the District of Columbia. Ms. Scovern focuses her work at the firm on defective medical devices and drugs, and is currently heavily involved in the prosecution of the Firm's Vioxx cases.

*Kevin L. Thomason* earned a B.A. in Interdisciplinary Studies from California State University at Dominguez Hill in 1991 and a Juris Doctor from the University of California, Hastings College of the Law in 1994. Kevin has extensive experience in internet and computer technology and has taught MCLE classes on the internet throughout California. He has written extensively for the legal press on these topics. His practice focuses on complex litigation and class actions. Kevin also handles the firm's internet marketing.

*Joshua C. Ezrin* received a B.A. with honors in Sociology from the University of California at Santa Cruz in 1995, and a Juris Doctor from the University of San Francisco School of Law in 2001. Mr. Ezrin has focused his practice on complex litigation and toxic torts and is currently working on a number of cases, including the Bextra, Vioxx and Zyprexa pharmaceutical litigation for the firm.

*Adel Nadji* earned a B.A. in English from the University of California at Berkeley in 1999, and a Juris Doctor from the University of San Francisco School of Law in 2004. While in law school, he was a member of the *Maritime Law Journal,* and the Vice President of the Public Interest Law Foundation. Mr. Nadji published an article titled, *A Decade in the Development of NAFTA Chapter 11,* in the USF Graduate Business Journal. Mr. Nadji is currently focusing his work at the firm on the Zyprexa and Vioxx ligation.

*Saviz Sebghati* attended the University of California at Berkeley from 1979 through 1983, graduating with a B.A. in economics before earning his Jurisprudence Doctorate from Boston University School of Law in 1986. Saviz has over fifteen years experience in litigation and general corporate law, including securities, banking, and real estate. Saviz has represented manufacturers, institutions, internet providers as well as organizations providing entertainment. Saviz holds membership on several State Bar of California committees: Business Law, Intellectual Property Law, International Law, Labor and Employment, Law Practice Management and Technology, Litigation and Real Property Law. (Of Counsel)

# EXHIBIT B

# Audet & Partners, LLP
### Attorneys−at−Law

221 MAIN STREET, SUITE 1460
SAN FRANCISCO, CA 94105
TELEPHONE: 415.568.2555
FACSIMILE: 415.568.2556
TOLL FREE: 800.965.1461
www.audetlaw.com

November 9, 2007

**Via Email**

RE:     In Re Rail Freight Fuel Surcharge Antitrust Litigation Docket: 1869

Dear Plaintiffs Counsel:

As some of you know, my firm and my co-counsel have filed a number of cases in the Rail Litigation. At one point, we were advised that a meeting was proceeding in New York and then advised that the meeting was in DC, then advised that the meeting was cancelled. Now, a proposed meeting has been reset by Mr. Hausfeld's office for next week. We have concerns that the meeting is not really one on the merits, but one relating to leadership only. As such, we will not be attending the meeting and intend to apply - with anyone interested in working with us - for a leadership position under Rule 23.

Very truly yours,

William M. Audet

CC:     Jonathan Shub (jshub@sheller.com)
Michael McShane (mmcshane@audetlaw.com)
Christopher A. Seeger (cseeger@seegerweiss.com)
Paul Friedman (paula.friedman@dlapiper.com)

WMA/HVW

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: BEXTRA AND CELEBREX
MARKETING SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION

No. C 05-01699 CRB

MDL No. 1699

**PRETRIAL ORDER #1**

_____/

This Order Relates to:

ALL CASES

_____/

_____The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred certain

product liability and marketing sales practices actions relating to the drugs Bextra and

Celebrex to this Court for coordinated pretrial proceedings.  As the number and complexity

of these actions warrant holding a single, coordinated initial case management conference for

all actions in In Re: Bextra and Celebrex Marketing, Sales Practices and Product Liability

Litigation, MDL No. 1699, the Court ORDERS as follows:

1.      APPLICABILITY OF ORDER --- Prior to the initial pretrial conference and

entry of a comprehensive order governing all further proceedings in this case, the provisions

of this Order shall govern the practice and procedure in those actions that were transferred to

this Court by the Panel.  This Order also applies to all related cases filed in all divisions of

the Northern District of California and all "tag-along actions" later filed in, removed to, or

1    transferred to this Court.

2        2.    CONSOLIDATION---The civil actions transferred to this Court or related to

3    the actions already pending before this Court are consolidated for pretrial purposes. Any

4    "tag-along actions" later filed in, removed to, or transferred to this Court, or directly filed in

5    the Northern District of California, will automatically be consolidated with this action

6    without the necessity of future motions or orders. This consolidation does not constitute a

7    determination that the actions should be consolidated for trial, nor does it have the effect of

8    making any entity a party to any action in which he, she or it has not been named, served or

9    added in accordance with the Federal Rules of Civil Procedure.

10       3.    DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE--

11   Matters relating to pretrial and discovery proceedings in these cases will be addressed at an

12   initial pretrial conference to be held on **Thursday, December 8, 2005 at 2:15 p.m.** before

13   Judge Charles R. Breyer in the Ceremonial Courtroom, 19th Floor, United States Courthouse,

14   450 Golden Gate Avenue, San Francisco, California. Counsel are expected to familiarize

15   themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at

16   the conference to suggest procedures that will facilitate the expeditious, economical, and just

17   resolution of this litigation. The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and

18   22.63 shall, to the extent applicable, constitute a tentative agenda for the conference.

19   Counsel shall confer and seek consensus to the extent possible with respect to the items on

20   the agenda, including a proposed discovery plan, amendment of pleadings, and consideration

21   of any class action allegations and motions. If the parties have any suggestions as to any case

22   management orders or additional agenda items, these suggestions shall be filed with the

23   Court by **December 1, 2005.**

24       4.    POSITION STATEMENT---Plaintiffs and defendants shall submit to the Court

25   by **December 1, 2005** a brief written statement indicating their preliminary understanding of

26   the facts involved in the litigation and the critical factual and legal issues. These statements

27   will not be binding, will not waive claims or defenses, and may not be offered in evidence

28   against a party in later proceedings. The parties' statements shall identify all cases that have

2

been transferred to or related before this Court, and shall identify all pending motions in those cases. ·The statement shall also list all related cases pending in state or federal court (that have not already been transferred to this Court), together with their current status, including any discovery taken to date, to the extent known. The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants.

5.    INITIAL CONFERENCE APPEARANCES --- Each party represented by counsel shall appear at the initial pretrial conference through the party's attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel may appear in person or through an authorized and responsible agent. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent the party's interest at the conference. A party will not by designating an attorney to represent the party's interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

6.    SERVICE---Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached to this Order. Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons on such service list. The parties shall present to the Court at the initial conference a service list of attorneys and their office addresses and E-mail addresses. After the initial conference, service shall be by e-filing, as is explained in paragraph 9.

7.    RESPONSE EXTENSION AND STAY--Defendants are granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution on a motion day or days after the initial case management conference.

3

**United States District Court**

For the Northern District of California

8.    MASTER DOCKET FILE --- The Clerk of Court will maintain a master docket case file under the style "In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation" and the identification "MDL No. 1699." When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to."

9.    FILING --- This case is subject to Electronic Case Filing ("ECF"), pursuant to General Order 45, Section VI of which requires that all documents in such a case be filed electronically. General Order 45 provides at Section IV (A) that "Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon designation of the action as being subject to ECF." If she or he has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's Web site at ecf.cand.uscourts.gov.

All documents shall be e-filed in the master file, 05-1699. Documents that pertain to one or only some of the pending actions shall *also* be e-filed in the individual case(s) to which the document pertains.

10.    DOCKETING NEW CASES---When an action that properly belongs as part of In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation is filed after the date of this Order in the Northern District of California or transferred here from another court, the Clerk of this Court shall:

a.    File a copy of this Order in the separate file for such action;

b.    Make an appropriate entry on the master docket sheet;

c.    Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

d.    Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

4

**United States District Court**

For the Northern District of California

11.    APPEARANCES --- Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation, and the requirements of Northern District of California Local Rule 11-3 are waived. Association of local counsel is not required.

12.    REMAND STIPULATIONS --- In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

13.    PRESERVATION OF EVIDENCE --- All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" shall be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things

5

1    containing information potentially relevant to the subject matter of this litigation.

2    <u>Counsel is under an obligation to the Court to exercise all reasonable efforts to identify</u>

3    <u>and notify parties and non-parties, including employees of corporate or institutional</u>

4    <u>parties.</u>

5        14.    FILING OF DISCOVERY REQUESTS---In accordance with Rule 5(d) of

6    the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed

7    with the Clerk nor sent to the Judge's Chambers, except to the extent needed in connection

8    with a motion.

9        15.    LIAISON COUNSEL --- Prior to the initial conference, counsel for the

10   plaintiffs and counsel for defendants shall, to the extent they have not already done so, confer

11   and seek consensus on the selection of a candidate for the position of liaison counsel for each

12   group who will be charged with essentially administrative matters.  For example, liaison

13   counsel shall be authorized to receive orders and notices from the Court on behalf of all

14   parties within their liaison group and shall be responsible for the preparation and transmittal

15   of copies of such orders and notices to the parties in their liaison group and perform other

16   tasks determined by the Court.  Liaison counsel shall be required to maintain complete files

17   with copies of all documents served upon them and shall make such files available to parties

18   within their liaison group upon request.  Liaison counsel are also authorized to receive orders

19   and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the

20   Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their

21   liaison group and shall be responsible for the preparation and transmittal of copies of such

22   orders and notices to the parties in their liaison group.  The expenses incurred in performing

23   the services of liaison counsel shall be shared equally by all members of the liaison group in

24   a manner agreeable to the parties or set by the Court failing such agreement.  Appointment of

25   liaison counsel shall be subject to the approval of the Court.  At the first conference liaison

26   counsel and/or the parties should be prepared to discuss any additional needs for an

27   organizational structure or any additional matters consistent with the efficient handling of

28   this matter.

6

16.    PLAINTIFFS' STEERING COMMITTEE- -The Court intends to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendants' representatives or committee.

Applications/nominations for the PSC positions must be e-filed in master case no. 05-1699 on or before <u>Monday, **December 20, 2005.**</u> A courtesy copy must be mailed directly to Judge Breyer's chambers.

The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than three (3) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation.

Objections may be made to the appointment of a proposed applicant/nominee; nevertheless, the Court will entertain only written objections to any application/nomination. These objections must be e-filed in master case no. 05-1699 on or before January 7, 2006, with a courtesy copy mailed to Judge Breyer's chambers. The objections, if any, must be short, yet thorough, and must be supported by necessary documentation.

The PSC will have the following responsibilities:

A.    Discovery

(1)    Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation.

(2)    Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

(3)    Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.

7

Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's claims.

        (4)    Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

B.     Hearings and Meetings

        (1)    Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

        (2)    Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

        (3)    Act as spokesperson for all plaintiffs at the pretrial proceedings and in response to any inquiries from the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

C.     Miscellaneous

        (1)    Submit and argue any verbal or written motions presented to the Court on behalf of the PSC as well as oppose when necessary any motions submitted by the defendants or other parties which involve matters within the sphere of the responsibilities of the PSC.

        (2)    Negotiate and enter into stipulations with defendants regarding this

litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the

United States District Court

For the Northern District of California

8

United States District Court

For the Northern District of California

1  Court has ratified the stipulation. Any attorney not in agreement with a non-administrative

2  stipulation shall file with the Court a written objection thereto within ten (10) days after

3  he/she knows or should have reasonably become aware of the stipulation. Failure to object

4  within the term allowed shall be deemed a waiver and the stipulation will automatically be

5  binding on that party.

6          (3)     Explore, develop, and pursue all settlement options pertaining to any

7  claim or portion thereof of any case filed in this litigation.

8          (4)     Maintain adequate files of all pretrial matters and have them available,

9  under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

10         (5)     Prepare periodic status reports summarizing the PSC's work and

11  progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will

12  promptly distribute copies to the other plaintiffs' attorneys.

13         (6)     Perform any task necessary and proper for the PSC to accomplish its

14  responsibilities as defined by the Court's orders.

15         (7)     Perform such other functions as may be expressly authorized by

16  further orders of this Court.

17         (8)     Reimbursement for costs and/or fees for services will be set at a time

18  and in a manner established by the Court after due notice to all counsel and after a hearing.

19      17.    COMMUNICATION WITH THE COURT --- Unless otherwise ordered by

20  this Court, all substantive communications with the Court shall be in writing and e-filed. The

21  Court recognizes that cooperation by and among plaintiffs' counsel and by and among

22  defendants' counsel is essential for the orderly and expeditious resolution of this litigation.

23  The communication of information among and between plaintiffs' counsel and among and

24  between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or

25  the protection afforded attorneys work product, and cooperative efforts contemplated above

26  shall in no way be used against any plaintiff by any defendant or against any defendant by

27  //

28  //

9

1    any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any

2    party or counsel to assert the attorney-client privilege or attorney work product doctrine.

3         **IT IS SO ORDERED.**

4

5

6    Dated: November 8, 2005

                           CHARLES R. BREYER
                           UNITED STATES DISTRICT JUDGE

**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699 |
| This Order Relates to:<br><br>ALL CASES. | **PRETRIAL ORDER NO. 2: INITIAL CASE MANAGEMENT AND ORGANIZATION OF COUNSEL** |

I.    **SCOPE OF ORDER**

1.      This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("the Panel") pursuant to its Transfer Orders of September 6, 2005, any "tag-along" actions transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

2.      This Order and all subsequent Case Management Orders shall be binding on all parties and their counsel in all cases currently pending or subsequently transferred to *In Re: Bextra and Celebrex Marketing, Sales Practices and Product Liability Litigation, MDL No. 1699* and shall govern each case in the proceedings unless they explicitly state that they relate to specific cases.

II.    **CASES BEFORE THIS COURT**

3.    The Court will be guided by the *Manual for Complex Litigation, Fourth* ("*MCL 4th*") (2004 ed.), as well as by the Civil Local Rules of Court for the United States District Court for the Northern District of California ("the Civil Local Rules"). Counsel are directed to familiarize themselves with the *MCL 4th*, this Order, and the Civil Local Rules.

4.    The inclusion of any action in *In Re: Bextra and Celebrex Marketing, Sales Practices and Product Liability Litigation, MDL No. 1699*, whether such action was or will be filed originally or directly in the United States District Court for the Northern District of California or was or will be transferred or removed from some other court, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District.  No reference in this Order to actions filed originally or directly in the United States District Court for the Northern District of California shall constitute a waiver of any defendant's contention that jurisdiction or venue is improper and/or that the action should be dismissed or transferred, or any plaintiff's contention that jurisdiction or venue is proper.

5.    The Court requests the assistance of all counsel in calling to the attention of the Clerk of this Court the filing, removal, or transfer of any case of which they become aware which might properly be consolidated with *In Re: Bextra and Celebrex Marketing, Sales Practices and Product Liability Litigation, MDL No. 1699*.  To that end, prior to each Status Conference or upon request of the Court, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall jointly update the master case list.

III.   **FILING AND SERVICE; MOTION PRACTICE**

6.    Until further Order of this Court, the parties shall serve all papers that are not to be filed with the Court pursuant to Federal Rule of Civil Procedure 5(d), including but not limited to disclosures under Rule 26, deposition notices, interrogatories, requests for documents, requests for admission, responses thereto, and certificates of service thereof, by electronic mail on Plaintiffs' Liaison Counsel and Defendants' Liaison

1  Counsel. Where a paper is applicable to all cases, substantially all cases, a category of
2  cases as discussed in Pretrial Order No. 1, or such categories as may be defined in
3  subsequent Orders, Plaintiffs' Liaison Counsel shall also electronically serve such paper
4  on counsel of record for individual plaintiff(s) to whom the paper is applicable. Where a
5  paper to be served by Defendants is applicable to a particular case, Defendants' Liaison
6  Counsel shall electronically serve such paper on the counsel of record for the individual
7  plaintiff(s) in that case as well as Plaintiffs' Liaison Counsel. The parties shall further
8  meet and confer to identify an electronic method for serving and archiving papers that
9  are not to be filed with the Court, such as the service offered by Lexis-Nexis, which shall
10 be the subject of a further Order by this Court.

11      7.      Counsel who appeared on behalf of defendants Pfizer Inc., Pharmacia &
12 Upjohn Co., Pharmacia & Upjohn Co., LLC, Pharmacia Corp., G.D. Searle & Co.,
13 and/or G.D. Searle, LLC in any case prior to the transfer of such case to this Court (or
14 who appear on behalf of such defendants in cases that are later transferred to this Court
15 prior to such transfer) are hereby relieved from the obligation to register for Electronic
16 Case Filing imposed in paragraph 9 of Pretrial Order No. 1. Defendants' Liaison
17 Counsel shall distribute any papers filed in these proceedings to such counsel as she
18 deems necessary and appropriate.

19      8.      To obtain a hearing date for all motions, including non-dispositive
20 motions, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall meet and
21 confer on dates available to counsel. Once they have agreed to several dates, Liaison
22 Counsel for the moving party shall call the Court's Deputy Clerk, Barbara Espinoza, to
23 obtain a hearing date.

24      9.      Absent a specific briefing schedule as agreed to by Plaintiffs' Liaison
25 Counsel and Defendants' Liaison Counsel or ordered by the Court for a specific motion,
26 all motions, other than dispositive motions, shall be filed not less than thirty-five (35)
27 calendar days before the hearing date. Responses to all contested motions, other than
28 dispositive motions, shall be filed not less than twenty-one (21) calendar days before the

1  hearing date. A reply to a response to any motion shall be filed not less than fourteen

2  (14) calendar days before the hearing date. These times may be extended by stipulation

3  and/or by order of the Court, on a reasonable basis. The briefing schedule for any

4  dispositive motions shall be specially set by the Court.

5      10.    All parties shall have an ongoing obligation to meet and confer with

6  Plaintiffs' Liaison Counsel, Defendants' Liaison Counsel, and any other party to whom a

7  motion may be directed on any application or motion in an effort to resolve outstanding

8  issues before bringing them to the Court. The moving party shall have an obligation to

9  certify in the moving papers that such meet and confer took place and identify which

10 party or parties oppose the application or motion. No application or motion may be

11 brought by any party except in accordance with the provisions of this section, unless

12 otherwise ordered by the Court or agreed to by Plaintiffs' Liaison Counsel and

13 Defendants' Liaison Counsel.

14     11.    No pleadings or other papers shall be filed or discovery conducted

15 concerning liability on behalf of all plaintiffs except as prepared on behalf of the

16 Plaintiffs' Steering Committee ("PSC") and signed by Plaintiffs' Liaison Counsel.

17 **IV.    STATUS CONFERENCES AND AGENDAS**

18     12.    This Court will convene periodic Status Conferences on the request of

19 Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel or on its own motion, with

20 Plaintiffs' Liaison Counsel to give notice of such scheduled Status Conferences to the

21 Master Service List. In order to aid the Court and the parties in preparing for future

22 conferences, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall confer at

23 least ten calendar days prior to each future status conference to attempt to agree upon a

24 proposed agenda for the conference. The parties shall submit a joint agenda to the extent

25 they agree, and separate agendas for items on which they do not agree, not less than three

26 court days prior to the conference. The agendas are intended to aid the Court in

27 informing itself of the items or issues which the parties desire to raise at the Status

28 Conference, and the Court may amend or augment the agendas as it deems appropriate.

1  **V.    ORGANIZATION OF PLAINTIFFS' COUNSEL**

2      **A.    Plaintiffs' Steering Committee**

3      13.    To act on behalf of plaintiffs with the responsibilities described below, the

4  Court initially designates the following counsel to serve as the Plaintiffs' Steering

5  Committee ("PSC"): Richard J. Arsenault, Don Barrett, Steve W. Berman, Peter W.

6  Burg, Thomas P. Cartmell, Michael A. Galpern, Carlene Rhodes Lewis, Tina Bailer

7  Nieves, Frank M. Pitre, Kristian W. Rasmussen, Mark Robinson, Christopher Seeger,

8  and Paul Sizemore. These PSC members reflect the array of actions that the Panel has

9  transferred to this Court, and include representatives of plaintiffs with products liability

10 claims and purchase claims. This Court may amend or expand the PSC upon request

11 from the PSC, or on its own motion, if and as circumstances warrant.

12      **B.    Plaintiffs' Liaison Counsel and Trial Counsel**

13      14.    The Court designates Elizabeth J. Cabraser as Plaintiffs' Liaison Counsel

14 and Joseph W. Cotchett as Plaintiffs' Trial Counsel.

15      15.    The PSC is chaired by Plaintiffs' Liaison Counsel who is vested by the

16 Court with the authority and duty to coordinate and oversee the responsibilities of the

17 PSC set forth below; to schedule PSC meetings and keep minutes or transcripts of these

18 meetings; to appear at periodic Court-noticed status conferences and hearings; to sign

19 and file pleadings relating to all actions; and to bind the PSC in scheduling depositions,

20 setting agendas, entering into stipulations, and in other necessary interactions with

21 defense counsel. She shall perform other necessary administrative and logistic functions

22 of the PSC and carry out any other duty as the Court may order.

23      16.    The Liaison Counsel, Trial Counsel, and PSC designations are of a

24 personal nature. Accordingly, this Court looks to these counsel to undertake personal

25 responsibility to perform the designated functions and reserves the discretion to replace

26 them, on their own request or this Court's own motion, should they become unable to do

27 so.

28      17.    In addition to the duties described elsewhere in this Order and in Pretrial

1  Order No. 1, Plaintiffs' Liaison Counsel shall have the following duties and

2  responsibilities.

3      a.    Establish and maintain a depository for orders, pleadings, hearing

4  transcripts, and all documents served upon plaintiffs' counsel, and make such papers

5  available to plaintiffs' counsel upon reasonable request.

6      b.    Maintain in conjunction with their accountant records of receipts and

7  disbursements advanced by members of the PSC and received by the PSC and report in

8  writing to the PSC concerning disbursements and receipts.

9      c.    Designate counsel to schedule depositions, set agendas and otherwise

10  interact with defense counsel.

11      d.    Coordinate discovery in *In Re: Bextra and Celebrex Marketing Sales*

12  *Practices and Product Liability Litigation, MDL No. 1699*, to the fullest extent

13  practicable with related litigation proceeding in state court.

14      e.    Coordinate and consult with plaintiffs' counsel in state court to ensure that

15  plaintiffs in both federal and state court have access to a common document depository.

16      f.    Coordinate with plaintiffs' counsel in state court where practical to avoid

17  duplicative depositions or other inefficient discovery.

18      g.    Provide periodic reports to this Court regarding the status of related

19  litigation proceeding in state court.

20      18.    Trial counsel shall organize and coordinate the work of the attorneys on the

21  trial team.

22  **C.    PSC Committees**

23      19.    The PSC is given the responsibility to create such committees and

24  subcommittees of the PSC as are necessary to efficiently carry out its responsibilities, to

25  designate members thereof, and to delegate common benefit work responsibilities to

26  selected counsel (including non-members of the PSC), as may be required for the

27  common benefit of plaintiffs. All attorneys carrying out such common benefit work who

28  may look to any common fund or agreement for reimbursement or compensation shall

1  maintain and submit time and expense records, as this Court shall specify in a subsequent

2  Order.  All such reimbursement and compensation shall be subject to this Court's

3  approval.  Membership on the PSC is not a prerequisite to membership on a committee

4  or subcommittee created by the PSC, and the Court does not need to approve the

5  members of the various PSC committees and subcommittees.

6       20.   The Panel's September 6, 2005 Transfer Order transfers to this Court

7  actions asserting wrongful death and personal injury claims which the Panel described as

8  "products liability actions," as well as actions seeking economic damages arising from

9  the purchase of Bextra and/or Celebrex, which the Panel described as "marketing/sales

10  practices actions."

11       21.   Some of the actions transferred (or to be transferred) to this Court for

12  coordinated treatment under Paragraph 1 of this Order are proposed class actions on

13  behalf of "third party payors" (such as health and welfare funds, self-insured employers,

14  and private for-profit and not-for-profit insurers), and/or on behalf of cash paying or co-

15  paying consumers of Bextra and/or Celebrex.  The third party payors and consumers are

16  sometimes collectively referred to as "endpayors," and their claims are sometimes

17  collectively referred to as "purchase claims," to differentiate them from the wrongful

18  death and personal injury claims ("product liability claims") also included in these

19  proceedings.  Purchase claims allege violations of law in connection with the sales and

20  marketing of Bextra and/or Celebrex and seek to recover, among other things, all or a

21  portion of the purchase price paid for Bextra and/or Celebrex during the class periods

22  specified in those actions.

23       22.   The PSC may create a Purchase Claims Committee, and designate certain

24  members as Chair and as Vice-Chairs.  The Plaintiffs' Liaison Counsel may designate

25  certain responsibilities to the Purchase Claims Committee, such as propounding,

26  scheduling, and conducting party and third party document and deposition discovery that

27  pertains to purchase claims, and for pleadings, briefs and arguments on merits, class, and

28  discovery-related motions and matters that pertain to purchase claims; however, the

1  Court will consider Plaintiffs' Liaison Counsel as the counsel having ultimate

2  responsibility for such activities.

3       23.   It is intended and expected by this Order that, as to all matters common to

4  the coordinated cases, and to the fullest extent consistent with the independent fiduciary

5  obligations owed by any and all putative class counsel to the proposed classes or

6  subclasses they represent, that pretrial proceedings shall be conducted by and through the

7  PSC.

8  **VI.**    **ORGANIZATION OF DEFENSE COUNSEL**

9       24.   To act on behalf of all defendants with the responsibilities described

10  below, the Court appoints Amy W. Schulman to serve as Defendants' Liaison Counsel.

11  The Court may amend or expand the Defendants' Liaison Counsel upon request from

12  defendants, or on its own motion, if and as circumstances warrant.

13       25.   Defendants' Liaison Counsel is vested by the Court with the authority and

14  duty to schedule meetings of defendants and keep minutes or transcripts of these

15  meetings; to appear at periodic Court-noticed status conferences and hearings; to sign

16  and file pleadings relating to all actions; and to bind defendants in scheduling

17  depositions, setting agendas, entering into stipulations, and in other necessary

18  interactions with plaintiffs' counsel. Defendants' Liaison Counsel shall perform other

19  necessary administrative and logistic functions and carry out any other duty as the Court

20  may order.

21       26.   Defendants' Liaison Counsel is given the responsibility to create such

22  committees and subcommittees of defendants as are necessary to efficiently carry out her

23  responsibilities and to designate members thereof.

24       27.   This designation is of a personal nature. Accordingly, this Court looks to

25  counsel to undertake personal responsibility to perform the designated functions and

26  reserves the discretion to replace counsel, on her own request or this Court's own

27  motion, should she become unable to do so.

28       28.   Defendants' Liaison Counsel will have the following responsibilities:

- 8 -

a.  Discovery

(1)    Initiate, coordinate, and conduct all pretrial discovery on behalf of defendants in *In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation, MDL No. 1699*, in coordination with any consolidated or coordinated state court actions.

(2)    Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all defendants.

(3)    Cause to be issued in the name of all defendants the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.  Requests, notices, and subpoenas may be caused to be issued by Defendants' Liaison Counsel upon written request by an individual defendant in order to assist him or her in the preparation of the pretrial stages of his or her client's particular claims.

(4)    Coordinate discovery, to the extent necessary, with MDL No. 1657, *In Re Vioxx Products Liability Litigation*, pursuant to the Panel's September 13, 2005 Order.

(5)    Coordinate discovery to the fullest extent possible with related state court actions.

b.  Hearings and Meetings

(1)    Call meetings of counsel for defendants for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters, pertaining to pretrial proceedings.

(2)    Examine witnesses and introduce evidence at hearings on behalf of defendants.

(3)    Act as spokesperson for all defendants at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any defendant's counsel to

1 present non-repetitive individual or different positions.

2      c.   Miscellaneous

3      (1)   Submit and argue any verbal or written motions presented to the

4 Court on behalf of defendants as well as oppose when necessary any motions submitted

5 by plaintiffs or other parties which involve matters within the sphere of the

6 responsibilities of Defendants' Liaison Counsel.

7      (2)   Negotiate and enter into stipulations with plaintiffs regarding this

8 litigation.

9      (3)   Explore, develop, and pursue all settlement options pertaining to

10 any claim or portion thereof in any case filed in this litigation.

11      (4)   Perform such other functions as may be expressly authorized by

12 further orders of the Court.

13 **VII.**   **NEXT STATUS CONFERENCE**

14     29.   Prior to the next Status Conference, Plaintiffs' Liaison Counsel and

15 Defendants' Liaison Counsel shall meet and confer on the following topics:

16      (1)   Any case management order(s) pertaining to discovery, including

17 the coordination of discovery between these coordinated proceedings and actions

18 pending in state courts;

19      (2)   The use of a plaintiff and defendant fact sheet;

20      (3)   The creation of authorizations for, and a procedure to address, the

21 disclosure of plaintiff-specific medical, employment, insurance, and other records; and

22      (4)   A protective order.

23     30.   Three days prior to the Status Conference, Plaintiffs' Liaison Counsel and

24 Defendants' Liaison Counsel shall submit to the Court a proposed Pretrial Order No. 3

25 that includes proposals with respect to the above topics, together with any other

26 proposals the parties may wish the Court to consider.

27     31.   Three days prior to the Status Conference, Plaintiffs' Liaison Counsel shall

28 also submit a proposal for maintaining time records of plaintiffs' counsel. The proposal

1  may be incorporated into the proposed Pretrial Order No. 3.

2      32.     The next Status Conference is scheduled for **January 27, 2006 at 10:00**

3  **a.m.** Plaintiffs' Liaison Counsel shall work with the Court's Deputy Clerk, Barbara

4  Espinoza, on setting up a telephone "call in" number so that counsel may monitor the

5  Status Conference by telephone; however, any counsel who wishes to speak at the Status

6  Conference must attend in person.

7      **IT IS SO ORDERED.**

8  Dated: December 13, 2005

9  _____
   HONORABLE CHARLES R. BREYER
   UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE: BEXTRA AND CELEBREX          Case No.: M:05-cv-01699-CRB
     MARKETING SALES PRACTICES AND
12   PRODUCT LIABILITY LITIGATION        MDL No. 1699

13   _____      PRETRIAL ORDER NO. 16
                                         APPOINTMENT OF PAUL J. HANLY, JR.,
14   This Order Relates To:              DANIEL E. BECNEL JR., AND
                                         WILLIAM M. AUDET TO THE PSC
     ALL CASES.
15

16              Plaintiffs' Liaison Counsel, Elizabeth J. Cabraser has requested that Paul J. Hanly,

17   Jr., Daniel E. Becnel, Jr., and William M. Audet be appointed to the Plaintiffs' Steering

18   Committee in this litigation. The Court having reviewed this matter, the status of this litigation,

19   and being informed that these individuals have actively participated in this action to date on

20   behalf of all Plaintiffs, and based upon the recommendation of Liaison Counsel:

21              IT IS HEREBY ORDERED that Paul J. Hanley, Jr., Daniel E. Becnel, Jr., and

22   William M. Audet, are hereby appointed to serve this Court and all Plaintiffs with claims on file

23   as members of the Plaintiffs' Steering Committee and to have the obligations and responsibilities

24   placed on members of the Plaintiffs' Steering Committee by this Court's orders.

25

26   Dated: June 30, 2006                        _____/s/_____
                                                 HONORABLE CHARLES R. BREYER
27                                               United States District Court

28

- 1 -

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re:  GUIDANT CORP. IMPLANTABLE ) MDL No. 05-1708 (DWF/AJB)
DEFIBRILLATORS PRODUCTS LIABILITY )
LITIGATION )
_____ )
) **PRETRIAL ORDER NO. 1**
) (Designation of Plaintiffs' Lead,
This Document Relates to All Actions ) Liaison Counsel, and Defendants' Lead
_____ ) and Liaison Counsel)

    1.      To act on behalf of Plaintiffs, the Court hereby designates the following counsel:

Committee:

        Richard Arsenault
        NEBLETT, BEARD & ARSENAULT
        2220 Bonaventure Court
        Alexandria, LA  71301
        rarsenault@nbalawfirm.com
        Phone:  318.487.9874
        Facsimile:  318.561.2591

        Elizabeth Cabraser
        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
        275 Battery Street, 30th Floor
        San Francisco, CA  94111-3339
        ecabraser@lchb.com
        Phone:  415.956.1000
        Facsimile:  415.956.1008

        Seth R. Lesser
        LOCKS LAW FIRM, PLLC
        110 East 55th Street
        New York, NY  10022
        slesser@lockslawny.com
        Phone:  212.838.3333
        Facsimile:  212.838.3735

        Charles S. Zimmerman
        ZIMMERMAN REED

651 Nicollet Mall, Suite 501
Minneapolis, MN 55402-4123
csz@zimmreed.com
Phone: 612.341.0400
Facsimile: 612.341.0844

A.   <u>Responsibilities of the Plaintiffs' Lead Counsel Committee</u>.  The Counsel on Plaintiffs'

Lead Counsel Committee shall be responsible for coordinating the activities of Plaintiffs

during pretrial proceedings and, in consultation and, with the assistance of the Plaintiffs'

Steering Committee, shall:

i.      Determine (after consultation with other members of Plaintiffs' Steering

Committee and other co-counsel as may be appropriate) and present (in briefs,

oral argument, or such other fashion as may be appropriate, personally or by a

designee) to the Court and opposing parties the position of the Plaintiffs on all

matters arising during pretrial proceedings;

ii.     Coordinate the initiation and conduct of discovery on behalf of Plaintiffs

consistent with the requirements of the Federal Rules of Civil Procedure relating

to discovery or any other subsequent order of this Court;

iii.    Conduct settlement negotiations on behalf of Plaintiffs, but not enter binding

agreements except to the extent expressly authorized;

iv.     Delegate specific tasks to other counsel in a manner to ensure that pretrial

preparation for the Plaintiffs is conducted effectively, efficiently, and

economically;

2

v.     Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

vi.    Prepare and distribute to the parties periodic status reports;

vii.   Maintain adequate time and disbursement records covering services of designated counsel and establish guidelines, for approval by the Court, as to the keeping of time records and expenses;

viii.  Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

ix.    Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further Order of the Court; and

x.     Submit, if appropriate, additional committees and counsel for designation by the Court.

Counsel for Plaintiffs who disagree with Lead Counsel Committee (or those acting on behalf of lead counsel) or who have individual or divergent positions may present written and oral arguments, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of the Lead Counsel Committee.

2.     The Court designates Charles S. Zimmerman to serve as Plaintiffs' Liaison Counsel. Plaintiffs' Liaison Counsel shall:

i.     **Service List:**  Maintain and distribute to co-counsel and to Defendants' Liaison Counsel an up-to-date service list;

3

    ii.    **Accept Service:**  Receive and, as appropriate, distribute to co-counsel Orders

from the Court and documents from opposing parties and counsel; and

    iii.    **MDL Case File & Document Depository:**  Maintain and make available to

co-counsel and other Plaintiffs' counsel at reasonable hours a complete file of

all documents served by or upon each party, and shall establish and maintain an

electronically accessible document depository no later than January 18, 2006.

3.    <u>Designation of Defendants' Lead and Liaison Counsel.</u>

Lead Counsel for Defendants is:

> Timothy A. Pratt
> SHOOK HARDY & BACON LLP
> 2555 Grand Blvd.
> Kansas City, MO  64108-2613
> tpratt@shb.com
> Phone:  816.474.6550
> Facsimile:  816.421.5547

Liaison Counsel for Defendants is:

> Joseph M. Price
> FAEGRE & BENSON
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, MN  55402-3901
> jprice@faegre.com
> Phone:  612.766.7000
> Facsimile:  612.766.1600

**IT IS SO ORDERED.**

Dated:  December 19, 2005          <u>s/Donovan W. Frank</u>
                                      DONOVAN W. FRANK
                                      Judge of United States District Court

5

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:  Guidant Corp. Implantable Defibrillators Products Liability Litigation | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to All Actions | **PRETRIAL ORDER NO. 2** |

The Judicial Panel on Multidistrict Litigation has transferred actions in the above-captioned matter to this Court for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 as part of a nationwide litigation involving implantable defibrillators and pacemakers.  Pursuant to this Court's jurisdiction over these actions, this Court hereby enters the following order:

1.    Consolidation of Related Actions.  Any other actions filed, whether filed directly in the United States District Court for the District of Minnesota or in any other United States District Court (whether by original filing or removal), that are related to this litigation are hereby consolidated into one action (the "Consolidated Action") for all pre-trial purposes, pursuant to Rule 42 of the Federal Rules of Civil Procedure and MDL Order dated November 7, 2005, under 28 U.S.C. § 1407(a).

2.    Caption of Case.  All Orders, pleadings, motions and other documents served or filed in this Consolidated Action shall have the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to ["All Actions" or specify by title and case number the individual applicable cases if the document relates to less than all of the consolidated cases.] | |

The original of this Order shall be filed by the Clerk and a copy thereof shall be filed in each subsequently filed or transferred action, which is related to and consolidated with this action. The Clerk of Court will maintain docket and case files under this caption, and pursuant to the procedures set forth in paragraph 3, below.

    3.    <u>Docket and Filing Procedures.</u>

    A.    <u>Master Docket and File.</u>  The Clerk will maintain a Master Docket and case file under the style set forth in paragraph 2, above. All Orders, pleadings, motions and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable. The Master Docket is set up with the following parties:  Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, Defendants' Lead Counsel and Defendants' Liaison Counsel.  These parties will appear in the docket report.  The defendants and plaintiffs from the other cases will be added as MDL - Notice Only party types, but will not appear on the docket report.  <i>See</i> Attachment A (the procedural instructions and the MDL attorney registration form to obtain CM/ECF login and password).

B.    Separate Dockets and Files. The Clerk will maintain a separate docket for each case removed or transferred to this Court. Each such case will be assigned a new case number in this Court.

C.    Captions and Separate Filing. Orders, pleadings, motions and other documents will bear the caption set forth in paragraph 2, above. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL ACTIONS" and shall be filed and docketed only in the master file. As set forth in paragraph 2, documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply and will be filed and docketed in the master case file and specified individual case file(s).

D.    Address, Number of Copies, and Electronic Filing. When filing documents relating to "ALL ACTIONS" with the Court, the parties will comply with the Court's requirements as to electronic filing and the documents shall be filed on the ECF system under the Master File or, if electronic filing is not possible, a signed original shall be sent to the Clerk, U.S. District Court, District of Minnesota, Suite 202, 300 South Fourth Street, Minneapolis, Minnesota 55415 for filing in the Master File. When filing documents relating to a particular case or cases, the documents shall be filed on the ECF system under both the Master File and the particular case, or, if electronic filing is not possible, one signed original shall be sent for the Master File and an additional copy for each particular case to which the matter related. For all motions and briefs, send two courtesy copies of memoranda and one copy of the attachments to Chambers (The Honorable Donovan W. Frank, Warren E. Berger Federal Building, 316 North Robert Street,

3

Room 738, St. Paul, Minnesota 55101). In addition, proposed orders should be sent in WordPerfect or Word to the Chambers mail box at frank_chambers@mnd.uscourts.gov.

E.    <u>Discovery Requests and Responses</u>. Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.

F.    <u>Rules of Civil Procedure</u>. All actions listed in the Schedule A attached to the JPML's Transfer Order of November 7, 2005, as well as any other actions subsequently transferred to or filed in this proceeding, shall be governed by the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota, including Local Rules 72.1 ("Magistrate Judge Duties") and 72.2 ("Review of Magistrate Judge Rulings").

4.    <u>Consolidation of Additional Actions</u>. Any other action pending, subsequently filed or transferred to this Court, which arises out of the acts or transactions alleged in the Consolidated Action will be reassigned to this Court, and shall be consolidated herewith if and when they are called to the Court's attention.

5.    <u>Applicability of Order</u>. This Order applies automatically to all actions listed in the Schedule A attached to the JPML's Transfer Order of November 7, 2005, as well as any other actions subsequently transferred to or filed in this proceeding, without the necessity of future motions or orders. Should parties in any subsequently transferred or filed action object to the terms of this Order, they must do so within thirty (30) days of receipt of this Order from Plaintiffs' Liaison Counsel.

6.    <u>Service List</u>. This Order is being mailed to the persons shown on Attachment B, which has been prepared from the list of counsel forwarded to this Court by the Judicial Panel on

4

Multidistrict Litigation. Counsel on this list are requested to forward a copy of the Order to other attorneys who should be notified of its contents. An updated and corrected service list will be prepared as the litigation progresses. The Liaison Counsel for each party shall be responsible for establishing a service list and conferring with the Clerk of the Court to ensure that a Master Service List is established and kept current and which shall include all parties and counsel that may join this action.

7.    List of Affiliated Companies and Counsel. To assist the Court in identifying any issues or matters of recusal or disqualification, counsel will submit to the Court, no later than 15 days, a list of all companies affiliated with the parties and all counsel associated in the litigation.

8.    List of Related Cases. Lead Counsel (as set forth below) shall confer among themselves and jointly submit to the Court, no later than thirty days, a list of all related cases pending in state and federal court and their current status, to the extent known.

9.    Admission of Counsel. Attorneys admitted to practice and in good standing in any United States District Court are admitted as mdl attorneys in in this litigation. Association of local co-counsel is not required. All counsel are expected to familiarize themselves with the Local Rules of this Court, the American Bar Association's *Civil Discovery Standards*, as well as *The Manual for Complex Litigation 4th* (Federal Judicial Center 2004), which the Court and parties may be called upon to refer to as a resource in the case management of this litigation. It is necessary to obtain a login and password to file electronically. Instructions regarding electronic filing and how to obtain a login and password in the District of Minnesota will be available on the website and will also be distributed to parties.

10.    Organization and Responsibilities of Plaintiffs' Counsel. As noted in the Court's Pretrial Order No. 1 dated December 19, 2005, to act on behalf of Plaintiffs, the Court designates the following counsel:

5

A.    Plaintiffs' Lead Counsel Committee (LCC)

The Court designates the following counsel, who will also be members and direct

the work of the Plaintiff Steering Committee, to serve as Plaintiffs' Lead Counsel

Committee:

> Richard Arsenault
> NEBLETT, BEARD & ARSENAULT
> 2220 Bonaventure Court
> Alexandria, LA  71301
> rarsenault@nbalawfirm.com
> Phone: 318.487.9874
> Facsimile: 318.561.2591
>
> Elizabeth Cabraser
> LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
> 275 Battery Street, 30th Floor
> San Francisco, CA  94111-3339
> ecabraser@lchb.com
> Phone: 415.956.1000
> Facsimile: 415.956.1008
>
> Seth R. Lesser
> LOCKS LAW FIRM, PLLC
> 110 East 55th Street
> New York, NY  10022
> slesser@lockslawny.com
> Phone: 212.838.3333
> Facsimile: 212.838.3735
>
> Charles S. Zimmerman
> ZIMMERMAN REED
> 651 Nicollet Mall, Suite 501
> Minneapolis, MN  55402
> csz@zimmreed.com
> Phone: 612.341.0400
> Facsimile: 612.341.0844

B.    Responsibilities of the Plaintiffs' Lead Counsel Committee.  The Counsel

on Plaintiffs' Lead Counsel Committee shall be responsible for coordinating the activities

of Plaintiffs during pretrial proceedings and, in consultation and, with the assistance of

the Plaintiffs' Steering Committee, shall:

6

i.    Determine (after consultation with other members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

ii.   Coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

iii.  Conduct settlement negotiations on behalf of Plaintiffs, but not enter binding agreements except to the extent expressly authorized;

iv.   Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted effectively, efficiently, and economically;

v.    Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

vi.   Prepare and distribute to the parties periodic status reports;

vii.  Maintain adequate time and disbursement records covering services of designated counsel and establish guidelines, for approval by the Court, as to the keeping of time records and expenses;

viii. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

ix.   Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further Order of the Court; and

    x.      Submit, if appropriate, additional committees and counsel for designation by the Court.

Counsel for Plaintiffs who disagree with Lead Counsel Committee (or those acting on behalf of lead counsel) or who have individual or divergent positions may present written and oral arguments, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of the Lead Counsel Committee.

    C.     <u>Plaintiffs' Steering Committee</u>.   After carefully reviewing all requests received, the Court designates the following counsel, in addition to the members of the Lead Counsel Committee, to serve on Plaintiffs' Steering Committee:

William M. Audet
Alexander, Hawes & Audet, LLP
300 Montgomery St.
Suite 400
San Francisco, CA 94104

Daniel E. Becnel
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh St., P.O. Drawer H
Reserve, LA 70084

John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A.
1220 Huron Road, Suite 1000
Cleveland, Ohio 44115

Mr. C. Brooks Cutter
Kershaw, Cutter & Ratinoff, LLP
980 9th St.
Suite 1900
Sacramento, CA 95814

Mr. Lance A. Harke
Harke & Clasby LLP
155 S. Miami Ave.
Suite 600
Miami, FL 33130

Mr. Irwin B. Levin
Cohen & Malad, LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204

Richard A. Lockridge
Lockridge Grindal Nauen, PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401

Mr. Ramon R. Lopez
Lopez, Hodes, Restaino, Milman & Skikos
450 Newport Center Dr.
Second Floor
Newport Beach, CA 92660

Mr. Tobias L. Millrood
Schiffrin & Barroway, LLP
280 King of Prussia Rd.
Radnor, PA 19087

Ms. Stacey L. Mills
Heins, Mills & Olson, PLC
3550 IDS Center
80 South 8th St.
Minneapolis, MN 55402

Timothy M. O'Brien
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32501

Mr. Paul J. Pennock
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Mr. Christopher A. Seeger
Seeger Weiss LLP
One William St.
New York, NY 10004

Mr. Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik & McCartney LLP
113 E. 37th St.
New York, NY 10016-3042

Mr. Thomas M. Sobol
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

Ms. Silvija A. Strikis
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
Sumner Square, Suite 400
1615 M Street N.W.
Washington, DC 20036-3209

Ms. Teresa Toriseva
Hill Toriseva & Williams, PLLC
89 Twelfth St.
Wheeling, WV 26003

Mr. Sol Weiss
Anapol, Schwartz, Weiss, Cohan, Felman and Smalley, PC
1900 Delancey Place
Philadelphia, PA 19103

Mr. Justin Witkin
Aylstock, Witkin & Sasser, PLC
4400 Bayou Blvd.
Suite 58
Pensacola, FL 32503

The Court acknowledges that a number of competent and qualified attorneys who have submitted requests to be placed on Plaintiffs' Steering Committee were not selected. However, it is the expectation of the Court that these attorneys and others will be consulted and, from time to time, placed on working committees. The Court has already communicated this expectation to members of Plaintiffs' Lead Counsel Committee.

The members of Plaintiffs' Steering Committee shall consult with the Plaintiffs' Lead Counsel Committee in coordinating the Plaintiffs' pretrial activities and in planning for trial.

D.      Plaintiffs' Liaison Counsel. The Court designates Charles S. Zimmerman to serve as Plaintiffs' Liaison Counsel. Plaintiffs' Liaison Counsel shall: ·

i.    **Service List:**  Maintain and distribute to co-counsel and to Defendants' Liaison Counsel an up-to-date service list;

ii.    **Accept Service:**  Receive and, as appropriate, distribute to co-counsel Orders from the Court and documents from opposing parties and counsel; and

iii.    **MDL Case File & Document Depository:**  Maintain and make available to co-counsel and other Plaintiffs' counsel at reasonable hours a complete file of all documents served by or upon each party, and shall establish and maintain an electronically accessible document depository no later than January 25, 2006.

11.    Defendants' Lead and Liaison Counsel.

Lead Counsel for Defendants is:

> Timothy A. Pratt
> SHOOK HARDY & BACON LLP
> 2555 Grand Blvd.
> Kansas City, MO  64108-2613
> tpratt@shb.com
> Phone:  816.474.6550
> Facsimile:  816.421.5547

Liaison Counsel for Defendants is:

> Joseph M. Price
> FAEGRE & BENSON
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, MN  55402-3901
> jprice@faegre.com
> Phone:  612.766.7000
> Facsimile:  612.766.1600

12.    Privileges Preserved.  No communication among Plaintiffs' Counsel or among Defendants' Counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

13.  <u>Service of Documents</u>.

A.  **Orders.** A copy of each Order will be provided to Defendants' Lead and Liaison Counsel, and to the Plaintiffs' Lead Counsel Committee for distribution as appropriate to other counsel and parties. To clarify the meaning of this paragraph, service through CM/ECF only goes to those who have filed a case and are in ECF. In cases that will be transferred here (but are not here yet), the new plaintiffs are not in the system yet. ECF can only notice those that are in the system at the time the document was filed. It therefore remains the responsibility of the lead or liaison counsel to affect service. While the Court can assist counsel with counsel's service list, at least in the beginning of this litigation, the list will contain parties and attorneys that are not in our system yet.

B.  **Pleadings, Motions, and Other Documents.** Each member of the Plaintiffs' Lead Counsel Committee and Defendants' Lead and Liaison Counsel shall be provided with one copy of each document served and/or filed by a party, including any and all attachments, to be delivered by electronic mail. Lead and Liaison Counsel shall also be provided with one non-electronic copy of each document served and/or filed by a party, including any and all attachments. Pursuant to Fed. R. Civ. P. 5, service on Plaintiffs' Lead Counsel Committee, including Liaison Counsel, constitutes service on other attorneys and parties for whom Counsel is acting, such service shall be deemed effective seven (7) days after service on Plaintiffs' Lead Counsel Committee.

14.  <u>Official Court Website</u>. The Court has created and will maintain a website devoted solely to the Guidant Implantable Defibrillators Products Liability Litigation, found at http://www.mnd.uscourts.gov/. Through the website, parties may access, as may be established,

Court Orders, Court Minutes, Court Calendar, the Master Service List, Frequently Asked Questions, Court Transcripts, Court Docket, Current Developments and information as to Plaintiffs' Lead Counsel Committee and Liaison Counsel as well as Defendants' Lead and Liaison Counsel. Plaintiffs' Lead Counsel Committee and Liaison Counsel and Defendants' Lead and Liaison Counsel shall confer with the Court regarding the content of the website.

15.     Transcript Payment. The Official Transcript of all hearings shall be posted on the Guidant Litigation website. The cost of the expedited Official Transcript shall be borne by the Plaintiffs and Defendants equally. Payment is to be made within fourteen (14) days of receipt of the Court Reporter's invoice.

16.     Pleadings. Deadlines for answers or responses to the Complaints in all actions are hereby suspended until further Order of this Court.

17.     Discovery. The following discovery propounded in *Brennan v. Guidant Corp.*, Case No. 1:05-cv-0827-DFH-TAB (S.D. Ind.) and *In re: Guidant Litigation*, Master File No. 05-1411 (DWF/AJB), and responses or objections thereto, are hereby adopted as if served in this MDL litigation:

> Plaintiffs' First Request for Production of Documents (served under Brennan case caption on August 10, 2005)
>
> [Guidant's] Responses to Plaintiffs' First Request for Production of Documents (served September 15, 2005)
>
> Plaintiffs' First Joint Set of Requests for Production of Documents and Notice of Documents for Which Priority Production is Requested (served under Brennan and In re: Guidant Litigation case captions on October 7, 2005);
>
> Defendant Guidant Corporation's Responses to Plaintiffs' First Joint Set of Requests for Production of Documents and Notice of Documents for Which Priority Production is Requested (served November 16, 2005);
>
> Defendant, Guidant Sales Corporation's, Responses to Plaintiffs' First Joint Set of Requests for Production of Documents and Notice of Documents for Which Priority Production is Requested (served November 16, 2005);

Defendant, Cardiac Pacemakers, Inc.'s, Guidant Corporation's Responses to Plaintiffs' First Joint Set of Requests for Production of Documents and Notice of Documents for Which Priority Production is Requested (served November 16, 2005);

Plaintiffs' Second Joint Set of Requests for Production of Documents (served under Brennan and In re: Guidant Litigation case captions on October 27, 2005)

18.     Document Repository.  Within thirty (30) days of entry of this Order, Plaintiffs Lead Counsel Committee shall establish an electronic document repository, to which all plaintiffs can obtain access, subject to the Protective Order and the imposition of certain charges, if necessary, to cover related costs.  The parties shall produce all documents and electronic data in electronic format, unless specifically requested or agreed upon otherwise.

19.     Preservation of Evidence.  The Amended Order for the Preservation of Evidence, entered by this Court on September 19, 2005 (copy annexed as Attachment C hereto) is hereby adopted for this litigation and shall be issued as a separate Order of this Court under the caption set forth in paragraph 2 and shall be applicable to all parties and all actions in this litigation.

20.     Protective Order.  The Protective Order previously agreed upon by the parties thereto and entered by the Court in *Brennan v. Guidant Corp.*, Case No. 1:05-cv-0827-DFH-TAB (S.D. Ind.) (copy annexed as Attachment D hereto), is hereby adopted for this litigation and shall be issued as a separate Order of this Court and shall be applicable to all counsel, parties and all actions in this litigation pursuant to its terms.  Notwithstanding the adoption of the Brennan Protective Order, counsel and parties in this Consolidated Action are not required to execute Attachment "A" to the Protective Order.

21.    <u>Status Conferences</u>.  The Court will convene Status Conferences in its discretion. Counsel for each side shall meet and confer in advance of each Status Conference and submit to the Court a joint Agenda and Status Conference report listing matters to be considered by the Court at the Status Conference.

Status Conferences shall be regularly scheduled by the Court to permit substantial advance notice to all parties.  Except as otherwise provided herein, and to accommodate the schedules of the Court and the parties, all argument or hearing on any motion will be scheduled to coincide with calendared Status Conferences.  Any hearing or oral argument deemed necessary by the Court on motions that require a ruling on an expedited basis will be scheduled with notice of at least five business days.  If circumstances warrant, the Court may shorten a notice period.

The next Status Conference is scheduled for Tuesday, January 24, 2006, at 9:00 a.m., in Courtroom 15E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. At the next and all future Status Conferences, the parties are to provide the Court, within four business days before each Status Conference an agreed upon agenda for the conference, and to provide a brief—one to two paragraph—summary of the party positions as to any disputed issues.

Further, unless otherwise ordered herein, it shall be the intent of the Court to meet in chambers with lead counsel for Plaintiffs and lead counsel for Defendants 45 minutes before each Status Conference.

Beginning in February 2006, unless otherwise ordered by this Court, Status Conferences shall be held on the third Tuesday of each month at 9:00 a.m. The location will be announced prior to the hearing and will take place in either the United States Courthouse in Minneapolis, 300 South Fourth Street, Minneapolis, Minnesota, or in the temporary United States Courthouse in St. Paul at 180 East Fifth Street, 7th Floor, St. Paul, Minnesota.

22.     Disputed Issues Known to the Court to be Addressed at the January 24, 2006, Status Conference.

A.     Timing and sequencing of discovery, including, but not limited to document production deadlines.

B.     Fact-witness discovery.

C.     Class certification discovery. Merit discovery issues including an overall discovery schedule with meaningful deadlines.

D.     Necessity of a Master Complaint. The parties should be prepared to discuss and present any appropriate oral argument on these issues, absent agreement. Moreover, the parties should be prepared to submit a proposed discovery schedule to the Court addressing these specific issues on January 24, 2006. The Court will then rule, either contemporaneous with the hearing, or within one week of the Status Conference, absent further order of the Court or stipulation of the parties.

23.     Additional Agenda Items.

A.     A selection process for trials and trial dates including reasonable efforts to propose and identify so-called bellwether cases for trial before the Court in an expeditious manner. The Court is especially concerned about plaintiffs who are elderly or otherwise have serious health conditions.

B.     Inventory and discuss the status of any remand motions and Rule 12 motions.

C.    Necessity of a Plaintiffs' State Liaison Counsel.

D.    The Court would like Plaintiffs' Lead Counsel and Defendants' Lead Counsel to prepare a brief written summary indicating their joint understanding of the facts involved in the litigation and the important factual legal issues.  Specifically, the Court will give input to counsel for the summary of the case that will appear on the Court's website entitled "Introduction."  In the event the parties cannot agree on what the substance of the "Introduction" or summary should be, the parties should note what they agree on and what they do not agree on so that the Court, within one week of the Status Conference can place a summary on the Court's website.

E.    Use of telephonic conferences.

F.    Discovery status in state court cases.

G.    Objection to Stipulated Protective Order.

24.    The Court approves the Plaintiff's Fact Sheet (attached hereto as Attachment E). The Court is prepared to discuss at the next status conference a time line for completion of Plaintiff Fact Sheets and production of documents called for by Plaintiff Fact Sheets for each Plaintiff whose case has already been transferred to this Court and for any Plaintiff whose case is transferred to this Court after the date of this Order.


Dated:  January 6, 2006                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           Judge of United States District Court

# EXHIBIT E

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: MEDTRONIC, INC.,<br>IMPLANTABLE DEFILBRILLATORS<br>PRODUCTS LIABILITY LITIGATION. | Multidistrict Litigation No.<br>05-1726 (JMR/AJB) |
| **THIS DOCUMENT RELATES TO ALL CASES** | **ORDER NO. 1**<br>**(Setting Initial Conference)** |

It appearing that the cases listed on Attachment A may merit special attention as complex litigation, the Court **ORDERS**:

**1. Initial Conference.**   All parties shall appear for a conference with the undersigned on **January 6, 2006, at 9:30 a.m. <u>sharp</u>** in Courtroom 15E, United States District Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

(a) **Attendance.** To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

(b) **Service List.** This Order is being mailed to the persons shown on Attachment B, which has been prepared from the list of counsel making appearances with

the Judicial Panel on Multidistrict Litigation.   Counsel on this list are requested to forward a copy of the order to other attorneys who should be notified of the conference. A corrected service list will be prepared after the conference.   Counsel are also directed to send email addresses to the court for notification purposes and service.

(c) **Other Participants.**   Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

2. **Purposes; Agenda.**   The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f).  The items listed in the *Manual for Complex Litigation, Fourth*, section 11.21, shall, to the extent applicable, constitute a tentative agenda.  Counsel are encouraged to advise the court as soon as possible of any items that should be added to the agenda

3. **Preparations for Conference.**

(a) **Procedures for Complex Litigation.**   Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

(b) **Initial Conference of Counsel.**  Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class actions allegations, motions, and trial

(c) **Preliminary Reports.**  Counsel will submit to the court by **December 30, 2005**, a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues.  These statements will not be filed with the clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.

(d) **List of Affiliated Companies and Counsel.**  To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Court by **December 30, 2005**, a list of all companies affiliated with the parties and all counsel associated in the litigation.

(e) **List of Pending Motions.**  Counsel's statement shall list all pending motions.

(f) **List of Related Cases.**  Counsel's statement shall list all related cases pending in state or federal court and their current status, to the extent known.

**4.  Interim Measures.**  Until otherwise ordered by the Court:

(a) **Admission of Counsel.**  Attorneys admitted to practice and in good standing in any Untied States District Court are admitted *pro hac vice* in this litigation.  Association of local co-counsel is not required.

(b) **Pleadings.**  Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

(c) **Pending and New Discovery.**  Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated.  This Order does not (1) preclude voluntary informal discovery regarding the

identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosure, responding to an outstanding discovery request under Rule 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(d) **Preservation of Records.** Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation. Each party shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the Court's permission to conduct the test. Subject to further order of the Court, parties may continue routine erasures of computerized data pursuant to existing programs, but they shall (1) immediately notify opposing counsel about such programs and (2) preserve any printouts of such data. Requests for relief from this directive will receive prompt attention from the Court.

(e) **Motions.** No motion shall be filed under Rules 12 or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action.

(f) **Orders of Transferor Courts.** All Orders by transferor Courts imposing dates for pleadings or discovery are vacated.

**5. Later Filed Cases.** This order shall also apply to related cases later filed in, removed to, or transferred to this court.

**6.    Applications for Lead and Liaison Counsel Appointments.**    The court intends to appoint plaintiffs' lead counsel and/or a plaintiffs' steering committee, as well as plaintiffs' liaison counsel. Applications for these positions must be filed with the clerk's office on or before December 30, 2005. The court will only consider attorneys who have filed a civil action in this litigation.

DATED:  December 16, 2005           s/James M. Rosenbaum
                                    JAMES M. ROSENBAUM
                                    UNITED STATES DISTRICT JUDGE


Attachments:

        A - List of Cases
        B – Service List

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
MDL No. 05-1726 (JMR/AJB)

| | |
|---|---|
| In Re: Medtronic, Inc. ) | |
| Implantable Defibrillators ) | **PRETRIAL ORDER NO. 2** |
| Litigation ) | **Designation of Lead** |
| ) | **Counsel** |
| ) | |

    This matter has come before the Court for designation of Lead Counsel.  The Court has received numerous communications in this regard, and is aware of concerns and criticisms raised by counsel for some of the plaintiffs.  Having considered these differing views, and being advised in the premises, IT IS HEREBY ORDERED:

**I.   Organization and Responsibilities of Plaintiffs' Counsel.**

The Court designates the following counsel to act on behalf of Plaintiffs:

    **A.   Plaintiffs' Co-Lead Counsel:**  The Court designates the following counsel as Plaintiffs' Co-Lead Counsel:

| | |
|---|---|
| Daniel E. Gustafson | Charles S. Zimmerman |
| Gustafson Gluek PLLC | Zimmerman Reed, P.L.L.P |
| 650 Northstar East | 651 Nicollet Mall, |
| 608 Second Ave S | Suite 501 |
| Minneapolis, MN  55402 | Minneapolis, MN 55402 |
| dgustafson@gustafsongluek.com | csz@zimmreed.com |
| Phn:  (612) 333-8844 | Phn:  (612) 342-0400 |
| Fax:  (612) 339-6622 | Fax:  (612) 341-0844 |

    **B.   Plaintiffs' Steering Committee.**  The following counsel are appointed to serve on Plaintiffs' Steering Committee:

Richard J. Arsenault
Neblett Beard & Arsenault
2220 Bonaventure Court
P.O. Box 1190

Alexandria, LA 71309

Daniel E. Becnel, Jr.
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh Street, P.O. Drawer H
Reserve, LA 70084

Mitchell M. Breit
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119

Virginia Buchanan
Levin Papantonio Thomas Mitchell Echsner &
Proctor, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502

Cynthia B. Chapman
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX 77010

Dianne M. Nast
RodaNast, P.C.
801 Estelle Drive
Lancaster, PA 17601

Christopher A. Seeger
Seeger Weiss LLP
One William Street
New York, NY 10004

Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik & McCartney
LLP
113 E. 37th Street
New York, NY 10016

Bernie Smalley
Anapol Schwartz Weiss Cohan Feldman & Smalley
1900 Delancey Place
Philadelphia, PA 19103

Thomas M. Sobol
Hagens Berman Sobol Shapiro
One Main Street
4th Floor
Cambridge, MA 02142

>           Teresa Toriseva
>           Hill Toriseva & Williams, PLLC
>           89 Twelfth St.
>           Wheeling, WV 26003

The Court understands that a number of the members of the Plaintiffs' Steering Committee are among those who have not traditionally been appointed to such a task. The Court advises counsel that it expects these members will bear the full share of their responsibility to their respective clients and to the Court, and that they will serve their clients and the Court in the spirit set forth at the initial pretrial conference.

   **C.   Plaintiffs' Liaison Counsel.**  The Court designates the following counsel to serve as Plaintiffs' Liaison Counsel:

>           Richard A. Lockridge
>           Lockridge Grindal Nauen, PLLP
>           100 Washington Avenue South
>           Suite 2200
>           Minneapolis, MN 55401
>           Phn:  (612) 339-6900
>           Fax:  (612) 339-0981

**II.  Organization of Defendants' Counsel.**  The Court designates the following counsel to act on behalf of Defendants:

   **A.   Defendants' Co-Lead Counsel:**  The Court designates the following counsel as Defendants' Co-Lead Counsel:

>           Lori G. Cohen
>           Greenberg Traurig, LLP
>           The Forum - Suite 400
>           3290 Northside Parkway
>           Atlanta, GA 30327
>           Phn:  (678) 553-2100
>           Fax:  (678) 553-2212
>
>           Stephen J. Immelt
>           Hogan & Hartson, LLP
>           111 South Calvert Street

```
                    Baltimore, MD  21202
                    Phn.  (410) 659-2700
                    Fax   (410) 539-3981
```

    **B.**    **Defendants' Liaison Counsel.**  The Court designates the

following counsel to serve as Defendants' Liaison Counsel:

```
                    Donald M. Lewis
                    Halleland Lewis Nilan & Johnson, P.A.
                    600 U.S. Bank Plaza South
                    220 South Sixth Street
                    Minneapolis, MN 55402-4501
                    Phn:  (612) 338-1838
                    Fax:  (612) 338-7858
```

Dated: January 24, 2006


```
                         s/ James M. Rosenbaum
                         JAMES M. ROSENBAUM
                         United States Chief District Judge
```