IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION <br><br> _____ <br><br> This document relates to:  ALL CASES | MDL Docket No. 1869 <br> Misc. No. 07-489 (PLF) |

**[PROPOSED] OPPOSITION TO THE PLEADINGS SEEKING APPOINTMENT OF
WHATLEY, DRAKE & KALLAS LLC, AUDET & PARTNERS AND WALTERS
BENDER STOHBEHN VAUGHAN TO THE PLAINTIFFS' EXECUTIVE COMMITTEE**

Whatley, Drake, & Kallas, LCC, Audet & Partners, and Walters Bender Strobehn

Vaughan P.C. (collectively "the opposing firms") each filed oppositions to Interim Co-Lead

Counsel's proposed Executive Committee and themselves seek Executive Committee status.

(*See* Docket Nos. 79, 81 & Objection of Sterling Steel Co. LLC, *Sterling Steel Co. v. Union

Pacific Railroad Co.*, No. 08-122 (W.D. MO March 25, 2008) (transfer pending)).  Interim Co-

Lead Counsel submit this reply to address new arguments raised by Whatley Drake and Audet &

Partners, as well as the entirely new request of Walters Bender for Executive Committee status.

**I.      The Opposing Firms Offer No Legitimate Basis for Supplanting the
        Judgment of Co-Lead Counsel and the Broad Consensus Supporting the
        Proposed Executive Committee.**

The central affirmative argument of the opposing firms is that they are as qualified as the

proposed members to serve on the Executive Committee.  The opposing firms, however, simply

gloss over the extent to which the five proposed Executive Committee members each

substantially contributed to the identification, development, and advancement of the proposed

class's claims *in this litigation*.  By contrast, none of the three opposing firms (including Walters

Bender, which did not even file its "copycat" case until February 21, 2008 – months after

transfer of all cases to this Court) even attempts to suggest that it played any role in the factual

and legal development of these claims, or otherwise in the advancement of these cases once

filed. The Federal Rules expressly point to the identification and investigation of potential

claims as a factor in selecting class counsel. *Cf.* Fed. R. Civ. P. 23(g)(1)(A)(i).[1]

At the same time, four of the five proposed Executive Committee member firms

specialize in antitrust law, and each employs numerous partners dedicated to the practice of

antitrust law; and the fifth proposed firm brings to bear highly relevant investigatory skills and

federal prosecutorial experience. The opposing firms have not identified anything about their

general experience, resources, or specific contributions to this case that would justify the

inefficiencies associated with an even larger Executive Committee than that proposed.

As reflected in the various declarations previously submitted in support of the proposed

Executive Committee, it is the combination of contributions to this case and broad experience

that have led almost all of the more than fifty firms and the clients they represent to support the

proposed composition. The opposing firms quite frivolously accuse Interim Co-Lead Counsel of

"grossly overstating" the support for the private ordering proposal in this case, because Interim

Co-Lead Counsel's Report failed to identify two new plaintiffs (Sterling Steel Company,

represented by opposing counsel Walters Bender, and RB Rubber Products) that only very

recently filed complaints and now purport to support adding Whatley Drake and Audet &

Partners' to the Executive Committee. *See, e.g.,* Docket No. 79 at n.4. Prior to filing their

---

[1]    The opposing firms seek to minimize this factor by arguing that this case, initiated in May 2007, is still in its early stages. The case only exists, however, based on the diligent efforts of the early filing plaintiffs and their counsel who actually identified, investigated, and advanced the class's claims, and since that time have undertaken further fact investigation, ensured a document preservation agreement with defendants, and taken other steps on behalf of the class.. The complaints in this matter reflect the truly independent investigation of several firms; they are not, for example, *pro forma* complaints filed following an investigation by the Department of Justice.

Report, however, Interim Co-Lead Counsel spoke with counsel for both of these new plaintiffs, and those counsel did not suggest they were supporting either Whatley Drake or Audet & Partners for an Executive Committee position.  In any event, even assuming four dissenters, the fact remains that almost all of the fifty law firms and the approximately twenty-five named plaintiffs in this litigation support the proposed Executive Committee.

## II.    The Opposing Firms Make Certain Erroneous Assertions and Improperly Offer Purported "Expert Opinion" on Purely Legal Issues.

The three opposition filings make wholly unsubstantiated and vague allegations of undisclosed "quid pro quos" or improper dealings among firms to arrive at the private ordering approach in this case.  This appears to be a regrettable attempt to suggest to the Court that the fifty firms from all over the country that have reached a consensus here on both the appropriate Interim Co-Lead Counsel and the proposed Executive Committee have engaged in something nefarious.  The Manual for Complex Litigation specifically advises courts to encourage counsel to organize and coordinate their efforts without court involvement.  *See* Manual for Complex Litigation (Fourth) 2007 at §10.22.  Seeking to turn virtue into vice, the opposing firms note that Interim Co-Lead Counsel have let other firms in the case know that they will be able to contribute to the prosecution of the litigation.  *See* Audet Memo at 7 (quoting Fait declaration). It would be strange indeed for Interim Co-Lead Counsel to have told firms otherwise, given the importance of this litigation and the scope of the case.  Interim Co-Lead Counsel have similarly told the opposing firms that their contributions to the litigation will be invited and welcome.

Whatley Drake purports to be a member of the executive committee in the *Less Than Truckload Shipping Services Antitrust Litigation* and argues that this position supports an executive committee appointment here.  *See* Docket No. 79 at 5.  Whatley Drake does not disclose, however, that while a private ordering approach has been discussed in that case with

3

Cohen Milstein as a co-lead and Whatley Drake as an executive committee member, no executive committee has yet even been proposed to, let alone approved by, the Court. In any event, circumstances in that separate litigation that may have justified Whatley Drake membership on the executive committee there have no bearing on whether Whatley Drake merits such a position in this litigation.[2]

Walters Bender's opposition is premised on an assertion that its client, Sterling Steel, has a larger claim than any other plaintiff, though no evidence is provided to substantiate this assertion. There are a number of large plaintiffs, such as US Magnesium and Zinefex Taylor, both of which support the proposed Executive Committee. The size of any individual plaintiff's claim is not itself determinative for selecting Executive Committee members. The Executive Committee, working with Interim Co-Lead Counsel, must serve the interests of the whole class.

The Audet firm submits the Declaration of William B. Rubenstein in an apparent attempt to convince the Court that the judgment of Interim Co-Lead Counsel should receive no deference. This Declaration is wholly improper and should be stricken. As this Court has previously recognized, "[e]xpert testimony consisting of legal conclusions is impermissible because such testimony merely states what result should be reached, thereby improperly influencing the decisions of the trier of fact and impinging upon the responsibilities of the court." *Halcomb v. Washington Metro. Area Transit Authority*, 526 F. Supp.2d 24, 27 (D.D.C. 2007) (Friedman, J.) (*citing U.S. ex rel. Mossey v. Pal-Tech, Inc.*, 231 F. Supp.2d 94, 98 (D.D.C. 2002) (Friedman, J.) (striking expert report, in part, because "it contains nothing more than legal opinions and unsubstantiated assessments of evidence.") *and Burkhart v. Washington Metro.*

---

[2] At the same time, that Whatley Drake will likely be proposed for inclusion on the executive committee in another private ordering situation undermines the argument that there is some inherent problem with private discussions to organize tiered leadership.

*Area Transit Authority*, 112 F.3d 1207, 1212-13 (D.C.Cir. 1997) ("[A]n expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied.")).

Professor Rubenstein has also been misinformed of the relevant facts. His "opinions" are largely premised on his understanding that the only reason purportedly offered by Interim Co-Lead Counsel for selecting the proposed Executive Committee is that other firms agreed with the selection – ignoring the consistently-advanced position of Interim Co-Lead Counsel that, in this case, the Executive Committee should consist of experienced firms that have actually played a role in identifying, investigating, and advancing the proposed class's claims.

The two firms that have been appointed Interim Co-Lead Counsel – working with co-counsel but independently of each other – each unearthed key factual allegations and developed legal theories animating the class's claims in this case. Interim Co-Lead Counsel are well, and perhaps uniquely, positioned to identify the firms that have played a valuable role in the case to date, and that have the relevant experience to best serve the class's interests. Approximately fifty other law firms support the judgment of Interim Co-Lead Counsel.

Dated: March 28, 2008

Respectfully submitted:

/s/ Stephen R. Neuwirth
Stephen R. Neuwirth
Daniel Brockett
Sami H. Rashid
QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100
Email:  stephenneuwirth@quinnemanuel.com

/s/ Michael D. Hausfeld
Michael D. Hausfeld (D.C. Bar #153742)
Benjamin D. Brown (D.C. Bar #495836)
COHEN, MILSTEIN, HAUSFELD
   & TOLL, P.L.L.C.
1100 New York Avenue NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699
Email: mhausfeld@cmht.com

*Direct Purchaser Plaintiffs' Interim Co-Lead Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 28, 2008, a copy of the foregoing was served on the attorneys of record for all parties via the Case Management/Electronic Case Filing system.  In addition, the following attorneys were served via Federal Express overnight delivery:

Thomas V. Bender
R. Keith Johnston
Walters Bender Strohben & Vaughn, P.C.
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196

David M. Peterson
Nicholas S. Clevenger
Peterson & Associates, P.C.
801 West 47th Street, Suite 407
Kansas City, MO 64112-1253

Robert A. Horn
Jospeh A. Kronawitter
Horn Aylward & Bandy, LLC
2600 Grand Blvd., Suite 500
Kansas City, MO 64105

Matthew H. Armstrong
Jerome J. Schlichter
Roger C. Denton
Schlichter Bogard & Denton LLP
100 S. Fourth Street, Suite 900
Saint Louis, MO 63102

Michelle A. Parfitt
Susan Minkin
Ashcraft & Gerel LLP
2000 L Street, N.W., Suite 400
Washington, D.C. 20036

_/s/   Sami H. Rashid_____
Sami H. Rashid