**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL Docket No. 1869 Misc. No. 07-489 (PLF) |
| This document relates to: ALL CASES | |

**JOINT STATEMENT REGARDING MOTIONS TO DISMISS**

Pursuant to the Court's minute order of April 11, 2008, the parties submit the following

statement regarding the defendants' motions to dismiss.

On April 15, 2008, the direct purchasers submitted their Consolidated Amended Class

Action Complaint alleging a violation of federal antitrust law (the "Direct Purchasers

Complaint"). Also on April 15, the indirect purchasers submitted their Indirect Purchaser

Plaintiffs' Consolidated Complaint alleging a violation of federal antitrust law, as well as the

antitrust laws of 18 states and the District of Columbia, the consumer protection laws of 15 states

and the District of Columbia, and unjust enrichment under federal common law and the common

and statutory law of 24 states and the District of Columbia ("Indirect Purchasers Complaint").

**Defendants' Position On Briefing**

The defendants will coordinate their efforts and expect to file a joint opening and reply

brief in support of their motion to dismiss the Direct Purchaser Complaint. The defendants

request a total of 60 pages for the opening brief and 40 pages for the reply brief. In addition,

because plaintiffs must plead facts showing that each defendant joined the alleged conspiracy,

one or more of the defendants may make a supplemental submission with respect to the Direct

Purchaser Complaint. Any such submission would focus on issues specific to the defendant that filed it. Individual opening submissions would not exceed 15 pages, and individual reply submissions would not exceed 10 pages.

The defendants also will coordinate their efforts and anticipate filing a joint opening and reply brief in support of their motion to dismiss the Indirect Purchaser Complaint. The defendants request a total of 60 pages for the opening brief and 40 pages for the reply brief. In these briefs, the defendants will raise issues unique to the indirect purchasers' numerous state law claims, and will, to the extent possible, incorporate by reference the arguments for dismissing the federal claims made in their motion to dismiss the Direct Purchaser Complaint. The defendants also may make supplemental submissions with respect to the Indirect Purchaser Complaint along the lines stated above.

Plaintiffs object to the defendants filing individual supplemental briefs, in part on the ground that plaintiffs agreed to the schedule on the understanding that defendants would file a single brief. No such representation was made by defendants, and defendants are entitled to present separate arguments for dismissal. It is plaintiffs who chose to sue four different railroads in their Complaint, and to present facts in their Complaint that are at least in part specific to individual railroads. Accordingly, while defendants do not know whether one or more individual submissions may be needed, it is entirely appropriate, we would respectfully submit, to preserve that right. Moreover, nothing that defendants have proposed should affect the briefing schedule or the dates for oral argument.

### Plaintiffs' Position On Briefing

Plaintiffs object to Defendants' request to file up to five different opening and reply briefs that would give Defendants up to 200 pages of briefing on a 12(b)(6) motion to dismiss the

Direct Purchasers Complaint alone.  This amount of briefing is excessive for a 41-page complaint.  Prior to the Court's recent Order requesting further information about briefing and argument, the parties had agreed to a proposed schedule in which Plaintiffs would have forty-five days to respond to the Defendants' motion (defined in the singular), in part to accommodate Defendants' request not to have their reply brief due in late August.  Plaintiffs agreed to this proposed schedule with the understanding that Defendants would be filing a single, joint motion with a single, joint brief.  After the Court's Order, Plaintiffs agreed to shorten their time for opposition briefing to just 38 days, so that the time for filing the Consolidated and Amended Complaint could be extended by one week without affecting the due date for Defendants' reply brief.  Defendants' new proposal is unreasonable in that it would now leave Plaintiffs with just 38 days to respond to up to five different briefs.

        More importantly, the allegations against each Defendant in the Direct Purchasers Complaint are virtually identical.  Defendants have not identified any issues that necessitate giving each Defendant 15 pages of individual opening briefing, and then individual replies as well.

        While the Direct Purchasers Complaint is not identical to the original direct purchaser complaints in this litigation, it is substantively similar.  Defendants thus have had almost a year to develop and coordinate their arguments for dismissal.  Defendants nonetheless are seeking to reserve the right effectively to double the amount of their briefing on the 12(b)(6) motion, without specifying any issues that would necessitate that additional briefing.  This approach unnecessarily complicates scheduling and resource allocation for Plaintiffs and, we would respectfully submit, the Court.

Accordingly, Plaintiffs (Direct and Indirect) support the following:  An Order in each case providing for a single 60 page opening brief, with an 80 page opposition and a 40 page reply.  This would give the Defendants 100 pages in each case (*i.e.*, 200 total pages) to brief their motions to dismiss the Direct Purchaser and Indirect Purchaser complaints, which have substantially similar factual allegations.

### Joint Position On Scheduling Argument

The parties request only one day for oral argument (indeed, the parties anticipate that the arguments can be completed in substantially less than a full day).  The suggestion in the scheduling submissions was merely intended to indicate the range of days on which the parties are available for oral argument.

Dated: April 18, 2008                          Respectfully submitted,


/s/ Stephen Neuwirth                     /s/ Gary A. Winters
Stephen Neuwirth                         Richard J. Favretto (D.C. Bar #156588)
Daniel Brockett                          Mark W. Ryan (D.C. Bar #359098)
Sami H. Rashid                           Gary A. Winters (D.C. Bar #439376)
QUINN EMANUEL URQUHART                    MAYER BROWN LLP
OLIVER & HEDGES, LLP                      1909 K Street, N.W.
51 Madison Avenue, 22nd Floor            Washington, D.C. 20006
New York, New York 10010                 (202) 263-3000
(212) 849-7000
                                         *Attorneys for Defendant BNSF Railway*
Michael D. Hausfeld (D.C. Bar #153742)   *Company*
Benjamin D. Brown (D.C. Bar #495836)
COHEN, MILSTEIN, HAUSFELD &              Richard McMillan, Jr.
TOLL, P.L.L.C.                           Kent A. Gardiner
1100 New York Avenue NW                  Kathryn D. Kirmayer
Suite 500, West Tower                    CROWELL & MORING LLP
Washington, DC 20005                     1101 Pennsylvania Avenue, N.W.
(202) 408-4600                           Washington, D.C. 20004
                                         (202) 628-5116

Steig D. Olson
COHEN, MILSTEIN, HAUSFELD &
TOLL, P.L.L.C.
150 East 52nd Street, 30th Floor
New York, NY 10022
(212) 838-7797

*Interim Co-Lead Class Counsel for the
Direct Purchaser Plaintiffs*


/s/ Christopher Lovell
Christopher Lovell
Imtiaz A. Siddiqui
LOVELL STEWART
 HALEBIAN LLP
500 Fifth Avenue
New York, NY  10110
(212) 608-1900

Jared Stammell
John C. Crow
STAMELL & SCHAGER LLP
One Liberty Plaza, 35th Floor
New York, NY  10006-1404
(212) 566-4047

Gary E. Mason
THE MASON LAW FIRM, LLP
1225 19th Street, NW, Suite 500
Washington, D.C.  20039
(202) 429-2290

*Interim Co-Lead Class Counsel for the
Indirect Purchaser Plaintiffs*

*Attorneys for Defendant CSX Transportation,
Inc.*

Alan M. Wiseman
Joseph A. Ostoyich
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

Tyrone R. Childress
David G. Meyer
HOWREY LLP
550 South Hope Street, Suite 110
Los Angeles, CA 90071
(213) 892-1800

*Attorneys for Defendant Union Pacific
Railroad Company*

John M. Nannes
Tara Reinhart
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

*Attorneys for Defendant Norfolk Southern
Railway Company*

5