UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
In re RAIL FREIGHT FUEL SURCHARGE   )
ANTITRUST LITIGATION                )
_____)   MDL Docket No. 1869
                                    )   Misc. No. 07-489 (PLF)
This document relates to:           )
                                    )
ALL CASES                           )
_____)

MEMORANDUM OPINION AND ORDER

        After a status hearing held on March 7, 2008, the Court issued a Memorandum Opinion and Order, dated March 11, 2008, appointing Cohen Milstein Hausfeld & Toll, and Quinn Emanuel Urquhart Oliver & Hedges as Interim Co-Lead Class Counsel for the Direct Purchaser Plaintiffs.  In that same Memorandum Opinion and Order, the Court appointed Lovell Stewart Halebian, The Mason Law Firm, and Stamell & Schager as Interim Co-Lead Class Counsel for the Indirect Purchaser Plaintiffs.  It denied the motion of Whatley Drake & Kallas, LLC to also be appointed as additional Interim Co-Lead Class Counsel for the Direct Purchaser Plaintiffs.

        At the March 7 hearing, Whatley Drake indicated that it would be interested in serving on the Executive Committee if it were not appointed as Interim Co-Lead Class Counsel. William M. Audet of Audet & Partners, LLP also requested appointment to the Executive Committee.  Michael Hausfeld of Cohen Milstein and Stephen Neuwirth of Quinn Emanuel stated that they would consider these requests, consult with the five firms they had previously recommended to the Court for appointment to the Executive Committee, consult with other

counsel representing other plaintiffs in these consolidated cases, and report their views to the Court. The Court directed that they do so by March 18, 2008, and that any firms objecting to their submission respond by March 25, 2008.

The Court now has before it a Report concerning plaintiffs' proposed Executive Committee, submitted by Cohen Milstein and Quinn Emanuel; Objections to that Report, filed by Whatley Drake; a Response in Opposition to the Cohen Milstein/Quinn Emanuel Report, filed by Audet & Partners; a Response filed by plaintiff RB Rubber Products, Inc.; and a request by Walters Bender, Strohbehn & Vaughan, P.C., that it be appointed to the Executive Committee.[1] All oppose the Cohen Milstein/Quinn Emanuel proposed appointments to the Executive Committee and/or seek additional appointments to the Committee.

Interim Co-Lead Class Counsel Cohen Milstein and Quinn Emanuel continue to recommend the appointment of the same five firms to the Executive Committee that they originally proposed and urge that no additional firms be added. Those five firms are: Freed Kanner London & Millen, LLC; Kaplan Fox & Kilsheimer, LLP; Heins Mills & Olson, P.L.C.; Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein; and Gold Bennett Cera & Sidener, LLP. Cohen Milstein and Quinn Emanuel argue that this proposed Executive Committee consisting of these five firms and no others is appropriate and sufficient. The objectors disagree for four separate but somewhat interrelated reasons: (1) that Cohen Milstein and Quinn Emanuel propose these five firms in order to reward them for supporting Cohen Milstein's and Quinn

---

[1] Walters Bender faxed its request to this Court in lieu of filing it on March 25, 2008, because the firm wished to meet the deadline for oppositions even though its client's case had only been conditionally – not finally – transferred to this Court by the Judicial Panel on Multidistrict Litigation at that time. The transfer of that case, Sterling Steel Co. v. Union Pacific Railroad, Civil Action No. 08-539, has now been finalized.

Emanuel's bid for leadership, rather than because these five firms will best serve the interests of the class; (2) that the proposed Executive Committee is not representative of the plaintiffs in these consolidated cases and the firms representing them; (3) that Whatley Drake, Audet, and Walters Bender are at least as qualified as the five proposed firms; and (4) that despite the Cohen Milstein and Quinn Emanuel representation that their proposed Executive Committee enjoys near unanimous support, in fact five of the approximately 50 participating firms (Whatley Drake; Audet; Schlichter Bogard & Denton LLP and Ashcraft & Gerel, counsel for RB Rubber Products; and the "KC Group," which includes Walters Bender) support the objectors' position.

The objectors first argue that because there is not complete unanimity among counsel, the Court should not defer to the so-called "private ordering" proposed by some – even a substantial majority – of the firms representing plaintiffs in consolidated class actions such as this. They maintain that the Court has an independent obligation to evaluate any proposed designation of an Executive Committee if there are objections to such a designation. They argue that it is particularly appropriate for this Court to do so here because there are allegations of inappropriate "quid pro quos" and side deals. The Court agrees that it has an independent obligation to carefully evaluate a proposal from Interim Co-Lead Class Counsel for appointments to the Executive Committee and any objections to the proposal. The Court does not believe, however, that there is any need for a hearing on this issue. The submissions of the parties and the arguments and representations made at the status conference on March 7, 2008 provide a sufficient basis for the Court to exercise its independent judgment.

Having reviewed the submissions of the parties, the Court is not persuaded by the arguments of the objectors. First, just because the five firms proposed for the Executive

3

Committee supported Cohen Milstein and Quinn Emanuel in their leadership bid does not mean that the recommendation that they be appointed to the Executive Committee was the result of an inappropriate quid pro quo, and there is no evidence that it was. Indeed, there were many other firms that supported the Cohen Milstein and Quinn Emanuel leadership bid, and they were not "rewarded" by a recommendation that they be appointed to the Executive Committee. Second, the objectors have offered no evidence that the proposed Executive Committee is insufficiently representative of the full breadth of the cases before the Court. Third, while the Court might well conclude upon thorough examination that Whatley Drake, Audet and/or Walters Bender are as qualified as some of the firms proposed for the Executive Committee, there is no evidence before the Court that they are *more* qualified than any of those five firms. Nor is there any evidence that those five firms are not qualified to serve on the Executive Committee. Indeed, a review of the Report of Interim Co-Lead Class Counsel makes clear that each of these five firms is eminently qualified on the basis of its prior experience and that each has contributed to identifying, investigating and advancing the proposed class's claims.

Finally, the Court is persuaded by the arguments of Cohen Milstein and Quinn Emanuel – and particularly by the declarations of Gerald J. Rodos, Mary Jane Fait, Eugene A. Spector, Bruce L. Simon, Michael J. Boni, Stephen A. Weiss, and Donald Perelman – that to add additional members to the Executive Committee in response to the objections or to substitute the Whatley Drake, Audet, and/or Walters Bender firms for one or more of the five firms proposed could have an unwelcome cascading effect. That is to say, many firms with experience, resources and ability have agreed not to seek positions on the Executive Committee because of the near-unanimous support for the five suggested firms, their confidence in the team that has

4

been proposed, and their view that a smaller leadership group would be more efficient. Were the Court now to "re-open" the Executive Committee issue, other firms would likely seek appointment as well, and this could lead to costly, time-consuming and wasteful disputes that would not be in the best interests of the proposed plaintiff class.

In sum, the objectors are correct that the Court's function is not simply to "rubber stamp" the proposal for leadership offered by any one group. The Court itself must carefully exercise its independent judgment in evaluating the proposals for appointment to and composition of the Executive Committee. The Court nevertheless does owe some deference to the judgment of the law firms that it already has concluded under Rule 23(g)(1) of the Federal Rules of Civil Procedure are best able to represent the interests of the entire class – those to whom it has delegated the task of coordinating the efforts of all counsel in these cases – when they recommend firms for an Executive Committee and give strong and justifiable reasons for their recommendation. The Court concludes that the five firms proposed for membership on the Executive Committee have earned their nominations based on their experience and on the work they already have done, that they are eminently qualified to serve as Executive Committee members, and that they would best serve the interests of the class. Appointing Whatley Drake, Audet and/or Walters Bender is neither necessary nor would it be beneficial.

Accordingly, it is hereby

ORDERED that the following firms are appointed to serve as an Executive Committee of Counsel, under the direction of Interim Co-Lead Class Counsel for the Direct Purchaser Plaintiffs, to assist Interim Co-Lead Class Counsel in the fulfillment of their responsibilities as described in this Court's Order of March 11, 2008 [71]:

1. Freed Kanner London & Millen, LLC

2. Kaplan Fox & Kilsheimer, LLP

3. Heins Mills & Olson, P.L.C.

4. Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein

5. Gold Bennett Cera & Sidener, LLP.[2]

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 28, 2008

---

[2] The Court reminds Interim Co-Lead Class Counsel of their obligation to assign significant roles to firms other than those on the Executive Committee and their responsibility to most effectively use the talents of the firms available to them for such discrete tasks as taking and defending depositions, e-discovery coordination, brief-writing, class certification issues, and expert witnesses.