UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL CASES | MDL Docket No. 1869<br>Misc. No. 07-489 (PLF) |

ORDER

The Court has before it the parties' Amended Joint Motion for Entry of Scheduling Order and their Joint Statement Regarding Motions to Dismiss, in which they propose the following schedule for their filings:

| | |
|---|---|
| Amended Consolidated Complaints | April 15, 2008 |
| Motion for Protective Order | April 30, 2008 |
| Opposition to Motion for Protective Order | May 14, 2008 |
| Reply to Opposition to Motion for Protective Order | May 23, 2008 |
| Motions to Dismiss Both Complaints | May 30, 2008 |
| Oppositions to Motions to Dismiss | July 8, 2008 |
| Replies to Oppositions to Motions to Dismiss | August 7, 2008 |
| Oral Argument on Motions to Dismiss | September 8-11 *or* September 15-17[1] |

---

[1] To be clear, the parties have asked the Court to set aside one full day within one of these two date ranges for oral argument.

The Court approves and adopts all of these proposed dates – with one exception. In light of the Court's schedule, holding an oral argument on the motions to dismiss in September is not feasible.[2]  The parties therefore shall meet and confer and file a joint report informing the Court as to whether all necessary counsel are available for oral argument on any of the following dates, and if so, which of the following dates are preferable to the others:

      October 10, 2008

      October 14, 2008

      October 31, 2008

      November 7, 2008

      November 10, 2008

The parties disagree about the number and length of briefs the Court should permit with respect to defendants' forthcoming motions to dismiss.  Plaintiffs suggest that, for each of the consolidated complaints – one for the Direct Purchasers and one for the Indirect Purchasers – defendants should be permitted to file one consolidated motion to dismiss, and that each motion to dismiss should be limited to 60 pages.  Plaintiffs should then be permitted to file one consolidated opposition to each motion to dismiss, with each opposition limited to 80 pages; and defendants should then be permitted to file one consolidated reply to each opposition, with each reply limited to 40 pages.

Defendants largely agree with this proposal.  Defendants argue, however, that with respect to both complaints, each individual defendant should *also* be permitted – if it so

---

[2] In view of the fact that oral argument will now take place later than previously planned, the parties may (if they wish) agree on a revised briefing schedule and submit that revised schedule to the Court for its consideration.

chooses – to file supplemental "opening submissions" and supplemental reply briefs addressing factual allegations specific to each individual defendant.  Defendants argue that these supplemental submissions should be limited to 15 pages and 10 pages, respectively.  Plaintiffs respond that it is unnecessary and inefficient to permit so many supplemental submissions, particularly given defendants' failure to identify which allegations against individual defendants justify so much additional briefing and in view of the total number of pages that might be filed.

The Court agrees with the plaintiffs – largely because it has no desire to read so many separate documents.  Defendants' counsel should be able to coordinate their efforts and include all of their argument in a single brief for each class of purchasers and a single reply brief for each class.  Defendants may, however, require some additional space to address factual allegations specific to individual defendants.  Thus, the Court adopts the following limits on the number and length of briefs related to the defendants' forthcoming motions to dismiss:

| | |
|---|---|
| Defendants' Consolidated Motion to Dismiss Direct Purchaser Class Complaint | 75 pages |
| Plaintiffs' Consolidated Opposition | 90 pages |
| Defendants' Consolidated Reply | 50 pages |
| Defendants' Consolidated Motion to Dismiss Indirect Purchaser Class Complaint | 75 pages |
| Plaintiffs' Consolidated Opposition | 90 pages |
| Defendants' Consolidated Reply | 50 pages |

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 20, 2008