IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL CASES | MDL Docket No. 1869<br>Misc. No. 07-489 (PLF) |

### REPLY MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Plaintiffs have failed to establish that they will suffer any prejudice by virtue of a discovery stay while the Court considers whether they have even pled a viable cause of action. That is the heart of this matter. Instead, plaintiffs try to divert the analysis away from that issue, and into a strawman debate on whether *Twombly* "mandates an automatic stay of discovery pending a motion to dismiss." Pl. Mem. at 11. Whether or not *Twombly* stands for the proposition that a stay is automatic pending a motion to dismiss, it is certainly not an argument defendants have made here. *Twombly* — and the cases that preceded and followed it — favors a stay *on the circumstances of this case*. There can be no serious doubt that prudent case management policies explicitly underlying the Supreme Court's decision, as well as established principles governing a district court's exercise of discretion in such matters, support deferring discovery here. Indeed, nowhere in their brief do plaintiffs challenge our contention (*see* Def. Mem. at 12) that one purpose of *Twombly*'s insistence on pleading factual allegations sufficient to "raise a right to relief above the speculative level" (127 S. Ct. at 1965) is to avoid launching the parties into unnecessary discovery (*id.*).

Defendants' disagreement with plaintiffs, therefore, is not over whether *Twombly* creates a new automatic stay rule, but rather how the decision should inform this Court's consideration of the factors that have long been relevant in evaluating a request for stay of discovery.[1] The cases cited by plaintiffs (Pl. Mem. at 10), just like the cases cited in defendants' Memorandum, confirm that the nature of the dispositive motion is key. *See*, *e.g.*, *Chavous v. District of Columbia Financial Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1 (D.D.C. 2001). That factor is especially significant in this antitrust conspiracy case, which raises the same concerns about premature discovery that animated the Supreme Court's decision in *Twombly*. This Court will be able to evaluate the substantial nature of defendants' motions when the motions are filed in the very near future, and it will have the complete picture once briefing is completed and argument takes place.

Plaintiffs can, of course, cite cases in which courts have denied discovery stays pending the disposition of a motion to dismiss. But as one of their cases notes, "a court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *State Farm Mut. Ins. Co. v. Accurate Med., P.C.*, 2007 WL 2908205,

---

[1] Plaintiffs accuse defendants of ignoring post-*Twombly* cases that permitted discovery despite the pendency of motions to dismiss. But just as no case says that a discovery stay is automatic, neither do the cases cited by plaintiffs dictate that discovery must go forward without regard to the filing of a dispositive *Twombly* motion. *In re Static Random Access Memory*, 2008 WL 426522 (N.D. Cal. Feb. 14, 2008), is unhelpful to plaintiffs' position, as the court offered no explanation as to how the balancing was done. In any event, that case differed from this one in a significant way: a federal grand jury had begun investigating the defendants *before* the civil suits were filed. *Id*. at *2. *In re Flash Memory Antitrust Litigation*, 2008 WL 62278 (N.D. Cal. Jan. 4, 2008), simply stands for the proposition that there is no automatic discovery stay, which defendants do not dispute; the court there declined to allow discovery to go forward, however, because an amended consolidated complaint had yet to be filed when the discovery was sought. *See id*. at *4. Here, plaintiffs concede in their opposition that their request for discovery has nothing to do with the pleading of their complaint. Pl. Br. at 8. And the court in *In re Netflix Antitrust Litigation*, 506 F. Supp. 2d 308 (N.D. Cal. 2007), allowed discovery only after the complaint had already survived the initial *Twombly* hurdle.

at *1 (E.D.N.Y. Oct. 4, 2007). Thus, for example, the fact that a district court in Colorado denied a discovery stay in a patent case (after citing that district's "policy . . . not to stay proceedings pending a motion to dismiss," a policy that appears to have no parallel in this District) does not advance the ball for plaintiffs. *See City of Aurora v. PS Systems, Inc.*, 2008 WL 149998, at *2 (D. Colo. Jan. 14, 2008). This Court must strike the appropriate balance of interests under the unique facts and circumstances of *this* case.

Turning to the substance of plaintiffs' arguments, they have provided no basis for commencing discovery before the Court resolves defendants' motions to dismiss.[2] First, plaintiffs' claim of prejudice is exceedingly weak. Plaintiffs do not contend that there is a risk of documentary evidence being lost or diminishing in value, as they acknowledge that a document preservation order is in place. Pl. Mem. at 16. Moreover, a principal concern in the cases plaintiffs cite at pages 15-16 of their brief — a dimming of witnesses' memory — is not implicated here, as plaintiffs are not seeking to conduct depositions. Plaintiffs say (Mem. at 16) that they want to begin using documents to identify witnesses, but, given the multiple law firms and resources plaintiffs will bring to bear in this case, that is an exercise that can be undertaken rather rapidly pursuant to an appropriate case management order should the Court deny the motions to dismiss. There is nothing unique about this case or these parties that suggests that *prejudice*, as opposed to a brief additional delay, will result from a stay. In balancing assertions of prejudice against the concerns of prematurely launching into discovery re-emphasized in *Twombly*, the insubstantial claim made here by plaintiffs cannot carry the day.

---

[2] Plaintiffs' brief contains a lengthy recitation of the allegations of their Complaint. These alleged facts, by themselves, have little to do with the propriety of an interim discovery stay. Defendants will address the adequacy of the allegations in their motions to dismiss.

3

Moreover, the fact that a year has passed since the first case was filed without any production of documents (*see* Pl. Mem. at 18) is immaterial.  Plaintiffs undoubtedly were aware, based on past experience, that the filing of multiple, overlapping complaints alleging price fixing would lead to proceedings before the Judicial Panel on Multidistrict Litigation.  Their consolidated amended complaint was not filed in this Court until April 15, 2008.  Thus, plaintiffs cannot legitimately claim that there has been unanticipated or unreasonable delay in this litigation.  In any event, as the outcome in *Twombly* makes clear, the mere filing of a lawsuit does not provide an immediate license to engage in discovery.  Here, where plaintiffs admittedly have no need for documents and there is a substantial motion to dismiss waiting in the wings, there is no reason to start discovery now.

Second, plaintiffs predictably argue that there would be minimal burden in responding to their discovery requests.  They do not, however, respond to defendants' argument that the quantum of burden is irrelevant where there is a substantial and dispositive motion, no need for the documents, and no risk of prejudice.  Plaintiffs again acknowledge what they said at the March 7 hearing — that they have no need for any discovery to improve or expand their allegations.  Pl. Mem. at 8.  In view of that, defendants respectfully submit that this Court should follow the lead of Judge Lynch in *Twombly*  and Judge Alsup in *Graphics Processing Units*, both of whom placed little weight on the "burden" factor in balancing the interests at stake.

It is also irrelevant that defendants in other antitrust cases have been ordered to turn over grand jury documents despite the pendency of a motion to dismiss.  *See* Pl. Mem. at 18.  Apart from the *Static Random Access Memory* decision, which contains no analysis of the factors relevant to a discovery stay, all the other cases cited by plaintiffs predate *Twombly*, and thus the courts had no occasion to consider these factors in light of *Twombly*'s concern about triggering

4

unnecessary discovery.  *Twombly* may not have created a new automatic stay rule, but it certainly sent a clear message that a complaint is not an automatic ticket to discovery, burdensome or not.  *See In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (N.D. Cal. 2007).

Third, and finally, plaintiffs contend that defendants' anticipated dismissal motions lack merit, and provide a lengthy preview of their arguments.  Defendants respectfully submit that, in view of the upcoming filing date for the motions to dismiss, this brief is not the appropriate forum in which to air *Twombly* arguments in full.  Suffice it to say here that defendants will show that the pending complaints are just like the complaint in *Twombly* and other antitrust cases that have been dismissed on the pleadings, in that they allege insufficient facts plausibly suggesting that the defendants conspired to fix fuel surcharge.

For these reasons and the reasons set forth in the opening brief, defendants' motion for a protective order should be granted, or alternatively, should be scheduled for argument simultaneously with the motion to dismiss when a full record is before the Court.[3]

---

[3] Defendants reiterate that their request for a stay includes a request to defer their obligation under Rule 34 to respond or object to the specific document requests until such time as the Court may permit discovery to commence.

Dated: May 23, 2008                    Respectfully submitted,


/s/ Gary A. Winters
Richard J. Favretto (D.C. Bar #156588)
Mark W. Ryan (D.C. Bar #359098)
Gary A. Winters (D.C. Bar #439376)
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Attorneys for Defendant BNSF Railway Company*

Richard McMillan, Jr.
Kent A. Gardiner
Kathryn D. Kirmayer
CROWELL & MORING LLP
1101 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 628-5116

*Attorneys for Defendant CSX Transportation, Inc.*


Alan M. Wiseman
Joseph A. Ostoyich
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

Tyrone R. Childress
David G. Meyer
HOWREY LLP
550 South Hope Street, Suite 110
Los Angeles, CA 90071
(213) 892-1800

*Attorneys for Defendant Union Pacific Railroad Company*

6

John M. Nannes
Tara Reinhart
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

*Attorneys for Defendant Norfolk Southern Railway Company*

**CERTIFICATE OF SERVICE**

  I, Gary A. Winters, an attorney, certify that on May 23, 2008, I caused true and correct copies of the foregoing Reply Memorandum in Support of Defendants' Motion for Protective Order to be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to co-lead counsel for all plaintiffs.

                  /s/ Gary Winters_____