IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL No. 1869 |
| This document relates to:<br>ALL CASES | Misc. No. 07-489 (PLF)<br><br>Hon. Paul L. Friedman |

**DEFENDANTS' JOINT MOTION TO DISMISS INDIRECT PURCHASER
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants BNSF Railway Company, CSX Transportation, Inc., Norfolk Southern Railway Company, and Union Pacific Railroad Company hereby move this Court to dismiss the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  In support of the Motion, Defendants refer the Court to the attached Memorandum of Points and Authorities in Support of Defendants' Joint Motion to Dismiss Plaintiffs' Consolidated Amended Complaint.

Dated:  May 30, 2008

Respectfully submitted,

/s/ Alan M. Wiseman
Alan M. Wiseman (D.C. Bar # 187971)
Joseph A. Ostoyich
Peter A. Barile III
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

Tyrone R. Childress
David G. Meyer
HOWREY LLP
550 South Hope Street, Suite 110
Los Angeles, CA 90071

*Attorneys for Defendant Union Pacific Railroad Company*

Richard J. Favretto
Mark W. Ryan
Gary A. Winters
MAYER, BROWN LLP
1901 K Street, N.W.
Washington, D.C. 20006

*Attorneys for Defendant BNSF Railway Company*

Richard McMillan, Jr.
Kent A. Gardiner
Kathryn D. Kirmayer
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Attorneys for Defendant CSX Transportation, Inc.*

John M. Nannes
Tara Reinhart
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005

*Attorneys for Defendant Norfolk Southern Railway Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL No. 1869 |
| This document relates to:<br><br>ALL CASES | Misc. No. 07-489 (PLF)<br><br>Hon. Paul L. Friedman |

**[PROPOSED] ORDER**

Upon consideration of Defendants' Joint Motion to Dismiss Indirect Purchaser Plaintiffs' Consolidated Amended Complaint ("Complaint"), Plaintiff's Opposition thereto, and the entire record herein, it is ORDERED that Defendants' Motion to Dismiss be and is hereby GRANTED.

The Court rules as follows:

1. The Complaint is dismissed in its entirety for failure to satisfy the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as articulated by the Supreme Court in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007).

2. Count I of the Complaint alleging a violation of Section 1 of the Sherman Act is dismissed for lack of antitrust standing.

3. Counts II, III, and IV, alleging violations of state antitrust, consumer protection, and unjust enrichment laws, are dismissed because they are preempted by the ICC Termination of Act of 1995.

4. Counts II, III, and IV, alleging violations of state antitrust, consumer protection, and unjust enrichment laws (except for those claims brought under the state laws of California, Illinois, and New York) are dismissed because Plaintiffs lack standing under Article III of the United States Constitution.

5. Count II, alleging violations of the antitrust laws of eighteen states and the District of Columbia, is dismissed for lack of antitrust standing.

6. Count III, alleging violations of the consumer protection laws of fifteen states and the District of Columbia, is dismissed for lack of standing.

7. Plaintiffs' New York common law restraint of trade claim in Count III is dismissed because class actions may not be prosecuted under this law.

8. Plaintiffs' consumer protection claims in Count III are dismissed to the extent that Plaintiffs base their claim on any theory of deception because plaintiffs do not plead with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

9. Plaintiffs' consumer protection claims in Count III brought under the laws of Arkansas, Kansas, Maine, and New York, are dismissed because Plaintiffs do not plead with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

10. Plaintiffs' consumer protection claims brought under the laws of Kansas, Maine, New York, Oregon, Rhode Island, and West Virginia in Count III are dismissed because those state statutes only apply to purchases for personal or home use.

11. Plaintiffs' consumer protection claims brought under the laws of California, Illinois, Kansas, New Hampshire, New York, North Carolina, and Oregon in Count III are dismissed because those state statues only apply to conduct that is predominantly intrastate.

12. Plaintiffs' consumer protection claim brought under California law in Count III is dismissed because California's Unfair Competition Law Prohibits class action claims for damages.

13. Plaintiffs' consumer protection claim brought under New York law in Count III is dismissed because Plaintiffs allege no conduct directed at them.

14. Plaintiffs' consumer protection claims in Illinois, Rhode Island, and Oregon in Count III are dismissed because those state consumer protection laws do not allow for the prosecution of claims based upon alleged antitrust violations.

15.   Count IV is dismissed in its entirety because Plaintiffs are indirect purchasers and/or have not otherwise stated a claim in Counts I through III.

16.   Count IV is dismissed in its entirety because Plaintiffs do not allege that Plaintiffs sought to rescind their indirect purchases.

17.   Count IV is dismissed in its entirety because Plaintiffs, as indirect purchasers, did not receive a direct benefit from Defendants.

18.   Plaintiffs' unjust enrichment claim in Count IV under California law is dismissed because no such claim exists.

19.   Plaintiffs' unjust enrichment claim in Count IV under federal common law is dismissed because no such claim exists.

The Court further rules that Plaintiffs will be unable to cure these defects by amendment. It is therefore further ORDERED that the Complaint be and is dismissed with PREJUDICE as to all Defendants.

SO ORDERED.

_____
Hon. Paul L. Friedman
United States District Judge

## **CERTIFICATE OF SERVICE**

    I, David G. Meyer, an attorney, certify that on May 30, 3008, I caused true and correct copies of the foregoing Defendants' Joint Motion to Dismiss Indirect Purchaser Plaintiffs' Consolidated Amended Complaint and Proposed Order to be filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to co-lead counsel for all Plaintiffs.

                                                 /s/ David G. Meyer