**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL CASES | MDL Docket No. 1869<br>Misc. No. 07-489 (PLF) |

**DEFENDANT CSX TRANSPORTATION INC'S
ANSWER TO DIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

CSX Transportation, Inc. ("CSXT") hereby answers the Consolidated Amended Class Action Complaint ("Complaint") filed by Direct Purchaser Plaintiffs as follows:

**NATURE OF THE ACTION**

1. CSXT admits that Plaintiffs purport to bring an action as described of Paragraph 1, but denies that it engaged in any violations of law.

2. CSXT denies the allegations of Paragraph 2.

3. Paragraph 3 sets forth legal conclusions to which no response is required. To the extent a response is required, CSXT denies the allegations of Paragraph 3.

4. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements by James R. Young. CSXT denies the remaining allegations of Paragraph 4.

5. CSXT denies the allegations of Paragraph 5.

6. CSXT denies the allegations of Paragraph 6.

7.      CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants BNSF Railway Company ("BNSF") and Union Pacific Corporation ("UP").  CSXT denies the remaining allegations of Paragraph 7.

8.      CSXT admits that its CEO and the CEOs of the other Defendants sit on the Association of American Railroads' ("AAR") Board, and that the AAR Board meets from time to time.  CSXT denies the remaining allegations of Paragraph 8.

9.      CSXT admits that the AAR announced the establishment of a new index called the All Inclusive Index Less Fuel ("AIILF") in December 2003, and that it was a new cost escalation index that did not have a fuel component.  CSXT neither admits nor denies the allegations relating to the content of the publication entitled "AAR Railroad Cost Indexes" because the document is the best evidence of its content.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements by representatives of BNSF in 2004.  CSXT denies the remaining allegations of Paragraph 9.

10.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements by James R. Young.  CSXT denies the remaining allegations of Paragraph 11.

12.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding a new fuel surcharge announced by Defendant Norfolk Southern ("NS").  CSXT denies the remaining allegations of Paragraph 12.

13.     CSXT admits that it employed various fuel surcharges that were applied as a percentage multiplier of the transportation base rate since before the proposed class period.

CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants. CSXT denies the remaining allegations of Paragraph 13.

14. CSXT admits that it published its fuel surcharge on its website. CSXT denies the remaining allegations of Paragraph 14.

15. CSXT denies the allegations of Paragraph 15.

16. CSXT admits that the Surface Transportation Board ("STB") issued a ruling in January 2007 that pertained to traffic not at issue in this action, but neither admits nor denies the allegations relating to its content because the STB ruling is the best evidence of its contents.

17. CSXT admits that the American Chemistry Council and an entity calling itself the Consumers United for Rail Equity issued a purported study of railroad fuel surcharge revenue in 2007, but CSXT neither admits nor denies the allegations relating to the content of the study because the study is the best evidence of its contents. CSXT denies that the purported study accurately analyzed or reported CSXT's fuel surcharge revenue or fuel costs, and denies the remaining allegations in Paragraph 17.

18. CSXT admits that Paragraph 18 accurately quotes CSXT's SEC Form 10-K dated February 22, 2008. CSXT lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 18.

19. The first sentence of Paragraph 19 sets forth a legal conclusion to which no response is required. To the extent that a response is required, CSXT denies the allegations of the first sentence of Paragraph 19. CSXT denies the remaining allegations of Paragraph 19.

20. CSXT admits that Plaintiffs purport to seek damages as alleged in Paragraph 20, but denies that Plaintiffs were damaged or are entitled to any relief.

## PARTIES

21. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of Paragraph 21.  CSXT denies the remaining allegations of Paragraph 21.

22. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of Paragraph 22.  CSXT denies the remaining allegations of Paragraph 22.

23. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of Paragraph 23.  CSXT denies the remaining allegations of Paragraph 23.

24. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first four sentences of Paragraph 24.  CSXT denies the remaining allegations of Paragraph 24.

25. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first four sentences of Paragraph 25.  CSXT denies the remaining allegations of Paragraph 25.

26. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of Paragraph 26.  CSXT denies the remaining allegations of Paragraph 26.

27. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first four sentences of Paragraph 27.  CSXT denies the remaining allegations of Paragraph 27.

28. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of Paragraph 28. CSXT denies the remaining allegations of Paragraph 28.

29. CSXT admits the allegations of Paragraph 29.

30. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

## JURISDICTION AND VENUE

33. CSXT admits that Plaintiffs purport to bring this action as described in Paragraph 33, but denies that it has violated the antitrust laws.

34. Paragraph 34 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT admits the allegations of Paragraph 34.

35. Paragraph 35 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT admits the allegations of Paragraph 35.

36. Paragraph 36 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT admits the allegations of Paragraph 36.

37. Paragraph 37 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT admits the allegations of Paragraph 37, except it denies the allegations in subsection (d).

## CLASS ACTION ALLEGATIONS

38. CSXT admits that the Plaintiffs purport to bring this action as a class action as described of Paragraph 38.

39. Paragraph 39 sets forth legal conclusions to which no response is required. To the extent a response is required, CSXT denies the allegations of Paragraph 39.

40. Paragraph 40 sets forth legal conclusions to which no response is required. To the extent a response is required, CSXT denies the allegations of Paragraph 40.

41. Paragraph 41 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations of Paragraph 41.

42. Paragraph 42 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations of Paragraph 42.

43. Paragraph 43 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations of Paragraph 43.

44. Paragraph 44 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations of Paragraph 44.

## INTERSTATE TRADE AND COMMERCE

45. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46. CSXT admits that it sold and carried out rail shipments in the flow of interstate commerce to shippers and customers throughout the United States during the proposed class period. The remaining allegations of Paragraph 46 set forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations of Paragraph 46.

47. CSXT denies the allegations of Paragraph 47.

## DEREGULATION OF THE RAILROAD INDUSTRY

48. CSXT admits that Congress partially deregulated the railroad industry when it passed the Staggers Rail Act of 1980 ("Staggers Act"). The remaining allegations in Paragraph 48 state legal conclusions to which no response is required. To the extent a response is required, CSXT denies the remaining allegations of Paragraph 48.

49. CSXT admits the allegations of Paragraph 49.

50. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 50. The remaining allegations of Paragraph 50 state legal conclusions to which no response is required. To the extent a response is required, CSXT denies the remaining allegations of Paragraph 50.

51. CSXT admits that there are seven Class I railroads today, and that two Class I railroads are owned by Canadian entities. CSXT denies the remaining allegations of Paragraph 51.

52. CSXT denies the allegations of Paragraph 52.

## THE DEFENDANTS INTRODUCE FUEL SURCHARGES

53. CSXT denies the allegations in the first sentence of Paragraph 53. The allegations in the second sentence of Paragraph 53 set forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations in the second sentence of Paragraph 53. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 53.

54. The first two sentences of Paragraph 54 sets forth legal conclusions to which no response is required. CSXT denies the remaining allegations of Paragraph 54.

55. CSXT admits that it has entered into private freight transportation contracts that included cost escalation provisions tied to the All Inclusive Index ("AII") or the Rail Cost Adjustment Factor ("RCAF"). CSXT further admits that the AII and RCAF were published by the AAR, that both indexes included fuel costs as a factor, and that both indexes weighted a number of other cost factors. CSXT lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the practices of other Defendants. CSXT denies the remaining allegations of Paragraph 55.

56. CSXT denies the allegations of Paragraph 56.

57. CSXT admits that it assessed fuel surcharges prior to 2003. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the practices of other defendants. CSXT denies the remaining allegations of Paragraph 57.

58. CSXT admits that its executives have attended AAR and National Freight Transportation Association ("NFTA") meetings. CSXT further admits that a NFTA conference occurred on April 2-6, 2003 at the Wigwam resort in Litchfield Park, Arizona. CSXT denies the remaining allegations of Paragraph 58.

59. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59.

60. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60.

61. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61.

62. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62.

...
...

63. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63.

64. CSXT denies the allegations of Paragraph 64.

65. CSXT denies the allegations of Paragraph 65.

66. CSXT admits that the AAR published the AIILF index in December 2003, and that the AIILF was similar to the AII and RCAF indices except that it did not include fuel costs as a component. CSXT denies the remaining allegations of Paragraph 66.

67. CSXT denies the allegations of Paragraph 67.

68. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68.

69. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding activities of NS as alleged in Paragraph 69. CSXT denies the remaining allegations of Paragraph 69.

70. CSXT admits that as of June 2003, its published fuel surcharge applied when the 30-day average price of WTI exceeded $23 per barrel. CSXT further admits that according to this published fuel surcharge, when the 30-day average price of WTI exceeded $23 per barrel, fuel surcharge rates increased 0.4 percent for every $1 increase. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the activities of NS as alleged of Paragraph 70. CSXT denies the remaining allegations of Paragraph 70.

71. CSXT admits that it changed its published fuel surcharge two months after the WTI adjusted, and that it published its monthly fuel surcharge percentages on its website. CSXT denies the remaining allegations of Paragraph 71.

72. CSXT denies the allegations of Paragraph 72.

73. CSXT denies the allegations of Paragraph 73.

74. CSXT admits that the AII and RCAF both included a fuel component. CSXT denies the remaining allegations of Paragraph 74.

75. CSXT denies the allegations of Paragraph 75.

76. CSXT admits that the creation and publication of a cost escalation index without a fuel component was not required by any regulatory body. CSXT denies the remaining allegations of Paragraph 76.

77. CSXT denies the allegations of Paragraph 77.

**IMPLEMENTATION OF THE SCHEME: THE FUEL SURCHARGES IMPOSED BY THE DEFENDANTS**

78. CSXT admits that it applied fuel surcharges to published tariff rates and other traffic such as private contracts. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the activities of other Defendants. CSXT denies the remaining allegations of Paragraph 78.

79. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79.

80. CSXT lacks knowledge or information sufficient to form a belief regarding the activities of other Defendants as alleged in Paragraph 80.

81. CSXT denies the allegations of Paragraph 81.

82. CSXT admits that its published fuel surcharges were as alleged in Paragraph 82. CSXT lacks knowledge or information sufficient to form a belief regarding the activities of NS as alleged in Paragraph 82.

83. CSXT denies the allegations of Paragraph 83.

84. CSXT neither admits nor denies the allegations of Paragraph 84 because the *Traffic World* article referenced therein is the best evidence of its contents.

85. CSXT denies the allegations of the first sentence of Paragraph 85. CSXT admits that the American Chemistry Council and an entity calling itself the Consumers United for Rail Equity issued a purported study of railroad fuel surcharge revenue in 2007, but states that the study is the best evidence of its contents.

86. CSXT lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 86.

87. CSXT denies the allegations of Paragraph 87.

88. CSXT denies the allegations of Paragraph 88.

### OTHER ELEMENTS OF THE CONSPIRACY

89. CSXT denies the allegations of Paragraph 89.

90. CSXT denies the allegations of Paragraph 90.

91. CSXT lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 91 regarding other Defendants. CSXT denies the remaining allegations of Paragraph 91.

92. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 regarding other Defendants. CSXT denies the remaining allegations of Paragraph 92.

93. CSXT admits that national shipper organizations approached CSXT to discuss fuel surcharges. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 regarding other Defendants. CSXT denies the remaining allegations of Paragraph 93.

94. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 regarding the other Defendants. CSXT denies the remaining allegations of Paragraph 94.

95. CSXT denies the allegations of Paragraph 95.

## THE STB DECISION

96. CSXT neither admits nor denies the allegations of Paragraph 96 because the STB ruling is the best evidence of its contents.

97. CSXT neither admits nor denies the allegations of Paragraph 97 because the STB ruling is the best evidence of its contents.

98. CSXT denies the allegations of Paragraph 98.

## DEFENDANTS' SUPRACOMPETITIVE PROFITS

99. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and sixth sentences of Paragraph 99. CSXT denies the remaining allegations of Paragraph 99.

100. CSXT denies the allegations of Paragraph 100, including its sub-parts.

101. Paragraph 101 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations of Paragraph 101.

## COUNT I

### (Violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act)

102. CSXT incorporates by reference its responses to Paragraphs 1-101 as if set forth fully herein.

103. Paragraph 103 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations of Paragraph 103.

104. Paragraph 104 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations of Paragraph 104.

105. Paragraph 105 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations of Paragraph 105.

106. Paragraph 106 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations of Paragraph 106.

107. Paragraph 107 sets forth legal conclusions to which no response is required. To the extent that a response is required, CSXT denies the allegations of Paragraph 107.

## PLAINTIFFS' PRAYER FOR RELIEF

CSXT denies that Plaintiffs are entitled to any of the relief they seek.

## AFFIRMATIVE DEFENSES

Having fully answered the Complaint, as separate and distinct affirmative defenses, CSXT alleges as follows:

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs lack standing to bring these claims.

3. Plaintiffs have not sustained antitrust injury.

4. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

5. Plaintiffs' claims are barred in whole or in part by the equitable doctrines of laches, estoppel and waiver.

6. Plaintiffs have failed to allege a certifiable class.

7. Plaintiffs have not sustained any injury or damages caused by any action of CSXT.

8. To the extent that Plaintiffs allege that CSXT engaged in misconduct by virtue of meetings, discussions or agreements relating to interline movements, rates or related matters, Plaintiffs' claims are foreclosed by 49 U.S.C. § 10706.

9. Plaintiffs' claims are barred because CSXT's conduct was proper and had no adverse effect on competition or restraint of trade in any relevant market.

10. CSXT had legitimate business justifications for the conduct at issue, and its conduct was procompetitive.

11. Plaintiffs' damages, if any, are speculative and unascertainable.

12. Plaintiffs have failed to exercise reasonable care and diligence to mitigate their alleged damages.

13. Plaintiffs have failed to join indispensable parties.

14. CSXT incorporates by reference any additional affirmative defenses asserted by other Defendants.

15. CSXT reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant CSXT respectfully requests that the Court (1) enter judgment in favor of CSXT and against Plaintiffs on all of their claims; (2) dismiss the Complaint with prejudice and enter judgment in favor of CSXT; (3) deny class certification; (4) award CSXT its costs, expenses and attorneys' fees; and (5) award such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Defendant CSXT hereby demands a trial by jury on all triable issues.

Dated: December 18, 2008

Respectfully submitted,

/s/ Richard McMillan, Jr.
Richard McMillan, Jr. (D.C. Bar #169946)
Kent A. Gardiner (D.C. Bar #432081)
Kathryn D. Kirmayer (D.C. Bar #424699)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

*Attorneys for Defendant*
*CSX Transportation, Inc.*