**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL CASES | MDL Docket No. 1869<br>Misc. No. 07-489 (PLF/JMF/AK) |

**STIPULATION AND [PROPOSED] ORDER REGARDING THE NON-DISCLOSURE OF CERTAIN INFORMATION REGARDING EXPERT WITNESSES**

The parties hereto, through their respective counsel of record, hereby stipulate to the following regarding the scope of expert discovery and testimony relating to experts in this matter.

1. The parties have agreed on the scope of expert-related discovery and testimony in this matter. Neither the terms of the stipulation nor the parties' agreement to them implies that any of the information restricted from discovery in this stipulation would otherwise be discoverable.

2. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report is provided in this case. Instead, the party or parties retaining such expert will make him or her available for deposition, at a time mutually agreed to by the parties. In addition, the party or parties retaining an expert from whom a report is provided will produce a complete and comprehensive set of all materials underlying their expert report, specifically including the materials described in Paragraph 3 below, simultaneously with the service of their expert report.

3.      The parties will make all disclosures required by Rule 26(a)(2)(B), as modified or limited by this Order. To the extent that such disclosures include charts, tables, exhibits, information or data processed or modeled by computer at the direction of a disclosed testifying expert in the course of forming the expert's opinions, machine-readable copies of the exhibits, information or data (including all linked data files, input and output files, formulas contained within spreadsheet cells and similar electronic information necessary to understand the charts, tables, exhibits, information or data), along with appropriate computer programs and instructions necessary to access and use the data (unless such computer programs are reasonably and readily commercially available), and information gleaned from websites and from third-party sources not readily available, shall also be provided with such disclosures.

4.      The following categories of data, information, or documents need not be disclosed by any party, and are outside the scope of permissible discovery (including deposition questions):

a.      any notes or other writings taken or prepared by or for an expert witness in connection with this matter (aside from the written expert report(s)), including (i) correspondence or memos to or from, and notes of conversations with, the expert's assistants and/or clerical support staff, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party or parties offering the testimony of such expert witness, and/or (ii) copies of materials produced by any party in this litigation bearing the notes, markings, or comments of the expert, the expert's assistants and/or clerical support staff, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party or parties offering the testimony of such expert witness, unless the expert witness is relying upon those notes or other writings in connection with the expert witness's opinions in

2

this matter;

        b.      draft reports, draft studies, draft work papers, or other draft materials prepared by, for, or at the direction of an expert witness;

        c.      any oral or written communication between an expert witness and the expert's assistants and/or clerical or support staff, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party or parties offering the testimony of such expert witness, except to the extent (i) the expert witness is relying upon the communication in connection with the expert witness' opinions in this matter or (ii) the communications relate to compensation for the expert's study or testimony.

      5.      Notwithstanding the foregoing, the scope of the exemption from discovery for expert communications set forth in Paragraph 4(c) does not encompass (i) facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (ii) assumptions that the party's attorney provided and that the expert relied upon in forming the opinions to be expressed.  As explained by the advisory committee notes accompanying the proposed amendment to Federal Rule of Civil Procedure 26 published in 2008, "facts or data" is to be interpreted broadly to encompass any material of a factual nature, but not to include theories or mental impressions of counsel or communications about the relevance of the facts or data.

      6.      Experts may be examined at deposition, hearing or trial on any matter subject to disclosure under the terms of this stipulation.  Examination shall also be permitted on alternative analyses, methodologies, or approaches to issues on which the expert is testifying, regardless of whether the expert considered them in forming the expert's opinions.

      IT IS FURTHER STIPULATED that, other than the items stipulated herein, nothing in

this Stipulation shall be construed to preclude or limit the discoverability of any documents or other information relied upon by an expert witness in preparing his or her report(s) or that is otherwise discoverable under the Federal Rules of Civil Procedure or any order of the Court.

**IT IS SO ORDERED.**

Dated: _____, 2009                    _____

Dated: March 17, 2009                  Respectfully submitted,

/s/ Michael D. Hausfeld
Michael D. Hausfeld (D.C. Bar. # 153742)
William P. Butterfield
Brent W. Landau
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
Email: mhausfeld@hausfeldllp.com

Steig D. Olson
HAUSFELD LLP
11 Broadway, Suite 615
New York, NY 10004
Telephone: (646) 278-0877
Facsimile: (212) 480-8560
Email: solson@hausfeldllp.com

Stephen R. Neuwirth
Daniel Brockett
Marc L. Greenwald
Sami H. Rashid
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: stephenneuwirth@quinnemanuel.com

*Direct Purchaser Plaintiffs' Co-Lead Counsel*

/s/ Michael E. Lackey, Jr.
Richard J. Favretto (D.C. Bar # 156588)
Gary A. Winters (D.C. Bar # 439376)
Michael E. Lackey, Jr. (D.C. Bar # 443362)
Adam B. Miller (D.C. Bar # 496339)
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Attorneys for Defendant BNSF Railway Company*

Richard McMillan, Jr.
Kent A. Gardiner
Kathryn D. Kirmayer
CROWELL & MORING LLP
1101 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 628-5116

*Attorneys for Defendant CSX Transportation, Inc.*

Alan M. Wiseman
Joseph A. Ostoyich
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

Tyrone R. Childress
David G. Meyer
HOWREY LLP
550 South Hope Street, Suite 110
Los Angeles, CA 90071
(213) 892-1800

*Attorneys for Defendant Union Pacific Railroad Company*

        John M. Nannes
        Tara Reinhart
        SKADDEN, ARPS, SLATE,
         MEAGHER & FLOM LLP
        1440 New York Avenue, N.W.
        Washington, D.C. 20005
        (202) 371-7000

        *Attorneys for Defendant Norfolk Southern Railway Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2009, I electronically filed the foregoing Stipulation And [Proposed] Order Regarding The Non-Disclosure Of Certain Information Regarding Expert Witnesses with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to counsel for all parties.

/s/ Adam B. Miller
Adam B. Miller