UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
In re RAIL FREIGHT FUEL SURCHARGE    )
ANTITRUST LITIGATION                              )
_____)    MDL Docket No. 1869
                                                                    )    Misc. No. 07-489 (PLF)
This document relates to:                               )
                                                                    )
ALL CASES                                                   )
_____)

ORDER

In preparation for the hearing on plaintiffs' motion for class certification, the Court has reviewed the papers submitted in connection with this motion, as well as the expert reports, exhibits, and errata.  Despite extensive briefing by the parties, the Court finds that it would be helpful to have more discussion of two potential issues:

(1) What standard of proof should the Court apply when examining the requirements of Rule 23 of the Federal Rules of Civil Procedure?  Compare In re Vitamins Antitrust Litig., 209 F.R.D. 252, 262, 264 (D.D.C. 2002) (examining whether plaintiffs made a "threshold showing" and whether plaintiffs "offered a colorable method"), and In re Nifedipine Antitrust Litig., 246 F.R.D. 365, 369 (D.D.C. 2007) ("[P]laintiffs need only present a 'colorable method . . . .'"), and Meijer, Inc. v. Warner Chilcott Holdings Co. III, 246 F.R.D. 293, 299, 308 (D.D.C. 2007), with Brown v. Kelly, 609 F.3d 467, 476 (2d Cir. 2010) ("The Rule 23 requirements must be established by at least a preponderance of the evidence."), and In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 307 (3d Cir. 2008) (rejecting a "threshold

showing" standard and requiring that "[f]actual determinations supporting Rule 23 findings must be made by a preponderance of the evidence"), and Alaska Elec. Pension Fund v. Flowserve Corp., 572 F.3d 221, 228-29 (5th Cir. 2009) (quoting In re Hydrogen Peroxide Antitrust Litig., 552 F.3d at 320).

(2) Can the Court resolve factual disputes relevant to Rule 23 requirements — with particular emphasis on conflicting expert reports — if those factual disputes overlap with the merits of this case.  Compare In re Vitamins Antitrust Litig., 209 F.R.D. at 257 n.9, 266-67, and In re Nifedipine Antitrust Litig., 246 F.R.D. at 369-71, and Meijer, Inc. v. Warner Chilcott Holdings Co. III, 246 F.R.D. at 299 n.4, with In re Hydrogen Peroxide Antitrust Litig., 552 F.3d at 323, and In re Initial Pub. Offerings Sec. Litig., 471 F.3d 24, 39-40 (2d Cir. 2006), and Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 580-86, 592 (9th Cir. 2010) (en banc).

Accordingly, it is hereby

ORDERED that on or before September 24, 2010, each side shall file a supplemental memorandum addressing the two issues stated above.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: September 17, 2010                                   United States District Judge