**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL Docket No. 1869 Misc. No. 07-489 (PLF/AK/JMF) |
| This document relates to: ALL DIRECT PURCHASER CASES | |

**PARTIES' JOINT SUBMISSION REGARDING THE FORMAT AND
PRE-HEARING DISCLOSURES FOR OCTOBER 6-7, 2010 HEARING**

As directed by the Court, the parties jointly submit this summary of their areas of (a) agreement and (b) disagreement with respect to the format of the hearing on class certification scheduled for October 6 and 7, 2010.

1.  Presentation of Live Testimony

It is Plaintiffs' position that live witness testimony is not required in light of the comprehensive evidentiary record developed to date (including documents, fact witness depositions, transactional data, expert reports and expert depositions).

Defendants submit that live testimony is essential to the proper airing of all issues raised by Plaintiffs' motion, and to provide to Defendants a full and fair opportunity to defend against the motion.[1]

---

[1] Defendants believe that the parties have outlined for the court conflicting understandings of the industry, its structure, and how prices are determined. In addition, there are considerable differences between the experts regarding how these factors affect the ability of this lawsuit to proceed as a class action. Defendants believe that live testimony is needed to fully evaluate -- and, as Defendants submit, the Court must resolve those disputes. Defendants believe that, to determine whether Plaintiffs have met their burden, the Court must decide which view of

(continued…)

- 2 -

2. <u>Presentation of Live Testimony if Ordered or Accepted by the Court</u>

If live testimony is ordered or accepted by the Court, the parties agree that presentation at the Hearing should proceed as follows:

Plaintiffs present their argument and evidence in favor of class certification. If they present any live testimony, the time Defendants devote to cross-examination of Plaintiffs' witnesses will be charged to Defendants.

Defendants then present their argument and evidence in opposition to class certification. If they present any live testimony, the time Plaintiffs devote to cross-examination of defense witnesses will be charged to Plaintiffs. Defendants may reserve some time for "closing" argument after Plaintiffs' rebuttal evidence and closing argument.

Plaintiffs then present any argument and evidence they wish to rebut argument or evidence presented by Defendants. If Plaintiffs present any live rebuttal testimony, the time Defendants devote to cross-examination of Plaintiffs' witnesses will be charged to Defendants.

Plaintiffs present "final word" closing argument consistent with their time allocation.

Defendants then present their closing argument within their time limits (if they have reserved time for it).

Plaintiffs, within their allocated time, may reply.

---

(continued)

the economics of rail fuel surcharges is correct and whether Plaintiffs have met their burden of showing that impact on class members can be shown with common, not individualized, evidence.

3.  <u>Disclosure of Witnesses</u>

If live testimony is ordered or accepted by the Court, the parties shall advise each other no later than September 28, 2010 of the names of any witnesses they plan to present live at the Hearing.

4.  <u>Time Allocation</u>

Regardless of whether live testimony is accepted or ordered by the Court, the Plaintiffs believe that the time allotted by the Court for the Hearing should be divided 55/45 in favor of Plaintiffs, reflecting their burden of persuasion.

Defendants believe that the Court should allocate equal time to the parties (six hours per side) to use as they please.

5.  <u>Defendants' Motion to Exclude Evidence</u>

Defendants submit that the parties should address Defendants' Motion to Exclude Interline-Related Communications From Consideration for Class Certification or Any Other Purpose Prohibited by 49 U.S.C. Section 10706 (the "Section 10706 Motion") at the outset of the hearing to provide the Court and the parties guidance on this issue.[2]

Plaintiffs believe that the issues presented by the Section 10706 Motion should be addressed within the course of the class certification hearing.

If Defendants' position is accepted by the Court, Defendants submit that the Hearing should begin with one hour of argument on the Section 10706 Motion, with each side allotted 30

---

[2] Defendants believe that the Courts view with respect to the Section 10706 motion will have important implications for much of the evidence Plaintiffs have submitted in support of their class certification motion. Plaintiffs disagree, for the reasons that will be set forth in their opposition to Defendants' motion, to be filed today.

minutes. As Defendants are the moving party on this motion, they would present first, but may reserve time for rebuttal.

Dated: September 22, 2010

Respectfully submitted,

| | |
|---|---|
| /s/ Michael D. Hausfeld | /s/ Stephen R. Neuwirth |
| Michael D. Hausfeld (D.C. Bar #153742) | Stephen R. Neuwirth |
| William P. Butterfield (D.C. Bar #420354) | Richard I. Werder, Jr. |
| HAUSFELD LLP | Daniel Brockett |
| 1700 K Street NW, Suite 650 | Marc L. Greenwald |
| Washington, DC 20006 | Sami H. Rashid |
| Telephone: (202) 540-7200 | QUINN EMANUEL URQUHART |
| Facsimile: (202) 540-7201 | & SULLIVAN, LLP |
| Email: mhausfeld@hausfeldllp.com | 51 Madison Avenue, 22nd Floor |
| | New York, New York 10010 |
| Steig D. Olson | Telephone: (212) 849-7000 |
| HAUSFELD LLP | Facsimile: (212) 849-7100 |
| 11 Broadway | Email: stephenneuwirth@quinnemanuel.com |
| Suite 615 | |
| New York, NY 10004 | |

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs*

| | |
|---|---|
| /s/ Saul P. Morgenstern | /s/ Alan M. Wiseman |
| Saul P. Morgenstern | Alan M. Wiseman |
| Jennifer B. Patterson | HOWREY LLP |
| KAYE SCHOLER LLP | 1299 Pennsylvania Avenue, N.W. |
| 425 Park Avenue | Washington, D.C. 20004 |
| New York, NY 10022 | |
| | Tyrone R. Childress |
| John M. Nannes (D.C. Bar #195966) | David G. Meyer |
| Tara L. Reinhart (D.C. Bar #462106) | HOWREY LLP |
| Sean M. Tepe | 550 South Hope Street, Suite 110 |
| SKADDEN ARPS SLATE MEAGHER & FLOM LLP | Los Angeles, CA 90071 |
| 1440 New York Avenue, N.W. | *Attorneys for Defendant Union Pacific* |
| Washington, D.C. 20005 | *Railroad Company* |

*Attorneys for Defendant Norfolk Southern Railway Company*

- 5 -

| | |
|---|---|
| /s/ Kent A. Gardiner<br>Kent A. Gardiner<br>Kathryn D. Kirmayer<br>John L. Cuddihy<br>David Cross<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br><br>*Attorneys for Defendant CSX Transportation, Inc.* | /s/ Richard J. Favretto<br>Richard J. Favretto<br>Gary A. Winters<br>Michael E. Lackey, Jr.<br>MAYER BROWN LLP<br>1909 K Street, N.W.<br>Washington, D.C. 20006<br><br>*Attorneys for Defendant BNSF Railway Company* |

**CERTIFICATE OF SERVICE**

- 6 -

    I, Michael Hausfeld, an attorney, certify that on September 22, 2010, I caused a true and correct copy of the foregoing joint application to be filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to counsel for all parties.

                                                            /s/ Michael D. Hausfeld
                                                             Michael D. Hausfeld