UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | |
| | MDL Docket No. 1869 |
| This document relates to: | Misc. No. 07-489 (PLF/JMF/AK) |
| ALL DIRECT PURCHASER CASES | |

**MEMORANDUM OPINION**

Plaintiffs filed a motion for an *in camera* review of documents withheld by Union Pacific Railroad Company ("UP") as privileged. See Plaintiffs' Motion for an *In Camera* Review of Documents Withheld by Union Pacific Railroad Company as Privileged or Protected [#356].[1] Plaintiffs requested that the Court order UP to provide all documents withheld based on privilege assertions (or other protections) for an *in camera* review of the documents, either by the Court or by a Court-appointed special master, with UP to pay the special master's compensation. Plaintiffs alleged that UP's claims of privilege were unreliable, claiming that UP redacted multiple copies of a document, shielding critical, but not privileged, evidence supporting plaintiffs' claims, and that UP provided affirmatively misleading justifications for the redactions in its privilege log. See Plaintiffs' Memorandum in Support of Motion for an *In Camera* Review of Documents Withheld by Union Pacific Railroad Company as Privileged or Protected [#356-1] at 1. UP claimed that the issue involved only one mistakenly-redacted document, which was

---

[1] The motion was filed under seal. Pursuant to the protective order in this case, plaintiffs also filed a public version of the motion. The sealed motion and the public version bear their own docket numbers. This opinion will refer to the docket numbers of the public filings of all documents.

previously produced in its entirety, and that plaintiffs' concerns were otherwise without merit. See Defendant Union Pacific's Opposition to Plaintiffs' Motion for an *In Camera* Review of Documents Withheld by Union Pacific Railroad Company as Privileged or Protected [#363] at 1. Plaintiffs' reply brief indicated that another improper redaction and privilege assertion was found on the day the brief was due. See Plaintiffs' Reply Memorandum in Support of Motion for an *In Camera* Review of Documents Withheld by Union Pacific Railroad Company as Privileged or Protected [#364] at 1.

In my Order of June 28, 2010, I noted that, while the two documents raised sufficient concern to warrant considering whether an *in camera* review would be appropriate and could be accomplished with a reasonable amount of effort, the time and expense of a full *in camera* review of all documents for which privilege was claimed would render the exercise inefficient. Thus, UP was instructed to propose to plaintiffs a statistically-valid methodology for selecting a random sample of documents from its privilege log, and, following a meet and confer of the parties and joint adoption of a final methodology, UP would apply the methodology and produce the sample to chambers for an *in camera* review. Memorandum Order of June 28, 2010 [#374].

I have now reviewed those documents and have not found any similar errors or any reason to believe that the logging was done so carelessly or mistakenly that I have reason to doubt its integrity or the good faith in which it was done. To the contrary, I found it to have been done most carefully. Indeed, I was struck by the care with which single sentences were redacted from a document that was otherwise disclosed.

More specifically, I have not found any instances where I could say that the privilege was claimed merely because a lawyer's name appears in a communication. That was simply not the

case in the documents I examined.

I have therefore concluded that the privilege claims were honestly and carefully made. I find no warrant whatsoever for any further relief, let alone the draconian remedy of re-doing the entire privilege log.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE