**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL No. 1869 |
| | Misc. No. 07-489 (PLF/AK/JMF) |
| This Document Relates To: | |
| ALL DIRECT PURCHASER CASES | **NOTICE OF SERVICE OF SUBPOENA** |

NOTICE IS HEREBY PROVIDED, under Federal Rule of Civil Procedure 45(b)(1) that

Direct Purchaser Plaintiffs in the above-captioned action shall serve a subpoena for the

production of documents on Berkshire Hathaway Inc.  A copy of the subpoena is attached to this

notice.

Dated: November 8, 2010

Respectfully submitted:

_/s/ Michael D. Hausfeld_____

Michael D. Hausfeld, D.C. Bar #153742
Michael P. Lehmann
William P. Butterfield, D.C. Bar #420354
Sathya S. Gosselin
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile:  (202) 540-7201
Email:  mhausfeld@hausfeldllp.com

Steig D. Olson
HAUSFELD LLP
11 Broadway, Suite 615
New York, NY 10004
Telephone: (212) 830-9850
Facsimile: (212) 480-8560
Email:  solson@hausfeldllp.com

_/s/ Stephen R. Neuwirth_____

Stephen R. Neuwirth
Richard I. Werder, Jr.
Daniel L. Brockett
Marc L. Greenwald
Sami H. Rashid
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100
Email:  stephenneuwirth@quinnemanuel.com

**_Interim Co-Lead Class Counsel for Direct Purchaser Plaintiffs_**

## CERTIFICATE OF SERVICE

I, Sathya S. Gosselin, certify that on November 8, 2010, I caused a true and correct copy of the foregoing to be served on counsel for Defendants by filing this notice via the CM/ECF electronic filing system, which will send a copy to all counsel of record.


_____/s/ Sathya S. Gosselin_____
Sathya S. Gosselin

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | |
|---|---|
| In re Rail Freight Fuel Surcharge Antitrust Litig. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   MDL No. 1869, Misc. No. 07-489 |
| | ) |
| | )   (If the action is pending in another district, state where: |
| *Defendant* | )      District of Columbia          ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Berkshire Hathaway Inc., through its registered agent, The Corporation Trust Company, Corporation Trust
Center, 1209 Orange Street, Wilmington, Delaware 19801.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: See the attached Schedule A.

| Place:  Berger & Montague, P.C. (c/o Eric Cramer)<br>1622 Locust Street<br>Philadelphia, PA 19103 | Date and Time:<br><br>11/19/2010 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:   _____11/08/2010_____

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Direct Purchaser Plaintiffs
_____ , who issues or requests this subpoena, are:

Michael D. Hausfeld, Hausfeld LLP, 1700 K Street NW, Suite 650, Washington, DC 20006 -
mhausfeld@hausfeldllp.com - (202) 540-7200

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   MDL No. 1869, Misc. No. 07-489

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____

                                        *Server's signature*

                                    _____

                                        *Printed name and title*

                                    _____

                                        *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

This subpoena is subject to and incorporates the following instructions:

1.  You are requested to produce all specified documents in your possession, custody, or control.

2.  All documents shall be produced in the same order and format as they are kept or maintained in the ordinary course of business.

3.  If any requested document cannot be produced in full, you are to produce it to the fullest extent possible, indicating which document, or document portion, is being withheld, and the reason that document, or document portion, is being withheld.

4.  Separately, with respect to each piece of information called for by this subpoena that is withheld under a claim of privilege or otherwise, you are to provide an explanation of the claim being asserted and a privilege log that contains at least the following information for each piece of information that you withhold:

a.  State the date of the document;

b.  Provide information relating to the document and any piece of information withheld to explain sufficiently the claim of privilege or protection and to permit a judicial evaluation of the claim.

5.  Information produced in response to this subpoena may be designated as Highly Confidential pursuant to the Protective Order in this case. *See* Exhibit 1 hereto.

**DEFINITIONS**

1. "Documents" is equivalent in meaning and scope to the term "documents" found in Federal Rule of Civil Procedure 34(a). As used in these requests, "documents" includes the original and any copies of any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained. A draft or non-identical copy of any such materials is a distinct document under these requests. Additionally, the term "documents" encompasses electronically stored information to the fullest extent permitted by Federal Rule of Civil Procedure 34, including:

  a. information that is generated, received, processed, and recorded by computers and other electronic devices;

  b. internal or external web sites;

  c. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar instant messaging programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside, regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

  d. activity listings of electronic mail receipts and/or transmittals; and

  e. any and all items stored on computer memories, hard disks, floppy disks, CDROM, magnetic tape, microfiche, or in any other vehicle for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and label appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

2. "Berkshire Hathaway Inc." means Berkshire Hathaway Inc. and any of its corporate parents, subsidiaries, affiliates, divisions, departments, predecessors or successors, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf, including (but not limited to) Warren E. Buffett and Charles T. Munger.

3. "Burlington Northern Santa Fe Corporation" means Burlington Northern Santa Fe Corporation and any of its corporate parents, subsidiaries, affiliates, divisions, departments, predecessors or successors, and any of its present or former officers, directors, employees, members, representatives, or any others acting on its behalf.

4. "Concerning" means containing, describing, discussing, embodying, commenting upon, identifying, incorporating, relating to, regarding, evidencing, evaluating, summarizing, constituting, comprising, or otherwise pertinent to the matter or any aspect thereof.

5. "Rail freight fuel surcharge" means a separately identified component of the total rate charged for rail freight transportation services that is called a "fuel surcharge" or a "rail fuel surcharge," or is otherwise identified as a stand-alone charge purportedly to recoup increases in the rail carrier's fuel costs.

## DOCUMENTS SUBJECT TO SUBPOENA

1. All public and non-public documents reviewed, evaluated, analyzed, or otherwise considered in contemplation of the November 2, 2009 Merger Agreement between Berkshire Hathaway Inc. and Burlington Northern Santa Fe Corporation ("BNSF") concerning the relationship between rail freight fuel surcharges and BNSF's profitability, as well as all communications between Berkshire Hathaway Inc. and BNSF concerning the relationship between rail freight fuel surcharges and BNSF's profitability.

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re RAIL FREIGHT FUEL SURCHARGE
ANTITRUST LITIGATION

MDL No. 1869

Misc. No. 07-489 (PLF) (JMF) (AK)

STIPULATED [PROPOSED]

PROTECTIVE ORDER

This Document Relates To:

ALL DIRECT PURCHASER CASES

## STIPULATED [PROPOSED] PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY STIPULATED AND AGREED by the respective undersigned counsel for the plaintiffs and defendants, that the following provisions shall govern the pretrial disclosure and use by the parties of all documents, electronically stored information ("ESI"), testimony, and other information given during the course of discovery.

1.    DEFINITIONS

1.1    Party:  any named party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.2    Disclosure or Discovery Material:  all documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1.3    "Confidential" Information or Items:  information (regardless of how generated, stored or maintained), testimony or tangible things obtained during discovery in this

action that reveal a trade secret, or other confidential research, development, or financial information that is commercially sensitive, or that otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c), and personal information that is protected from disclosure by statute, regulation, or otherwise is entitled to protection from public disclosure.

   1.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information Or Items</u>: "Confidential" Information or Items, such as materials containing rate or cost data or other competitively sensitive information, the disclosure of which to another Party or non-party would create a substantial risk of causing the Producing Party to suffer a significant competitive or commercial disadvantage.

   1.5 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

   1.6 <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

   1.7 <u>Designating Party</u>:  a Party or non-party that designates Disclosure or Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

   1.8 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

   1.9 <u>Outside Counsel</u>:  attorneys, paralegals and other support personnel who are not employees of a Party, but who are retained to represent or advise a Party in this action.

   1.10 <u>In House Counsel</u>:  attorneys, paralegals and other legal department personnel who are employees of a Party, to whom disclosure of Disclosure or Discovery Material is reasonably necessary for this litigation.

1.11     Counsel (without qualifier):  Outside Counsel and In House Counsel (as well as their support staffs).

1.12     Principal:  an owner, officer, or executive of any plaintiff named in the Consolidated Amended Class Action Complaint whose identity as an owner, officer, or executive of that plaintiff has been disclosed to the Parties.

1.13     Expert:  a person, who is not an owner, director, officer or employee of a Party, who has specialized knowledge or experience in a matter pertinent to the litigation, including his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes without limitation professional jury or trial consultants retained in connection with this litigation.

1.14     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

2.     USE OF DISCLOSURE OR DISCOVERY MATERIAL IS LIMITED TO THIS CASE.  Subject to provisions of paragraphs 13 and 15, no Disclosure or Discovery Material may be used by the Receiving Party for any reason other than the prosecution or defense of claims in, or the settlement of, the present proceeding known as *In re Rail Freight Fuel Surcharge Antitrust Litigation*, MDL No. 1869, Civ. No. 07-489-PLF, United States District Court, District of Columbia (the "Litigation").

3.     DESIGNATING MATERIAL.  The Producing Party may designate documents, ESI or other materials "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as specified below. The Producing Party shall apply a confidentiality designation only when that

party has a reasonable, good faith belief that the information so designated constitutes "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material.  The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material.

   3.1 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material must be designated for protection under this Order by clearly designating the material before it is disclosed or produced.

   3.2 The designation of materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be made as follows:

    (a) for produced documents, by imprinting the word(s) "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials.  Use of the legend "Highly Confidential" shall be construed as and shall have the same meaning and effect of use as the legend "Highly Confidential – Attorneys' Eyes Only";

    (b) for written discovery responses, by imprinting the word(s) "Confidential" or "Highly Confidential – Attorneys' Eyes Only" next to or above any response to a discovery request or on each page of a response;

    (c) for depositions, by indicating on the record at the deposition which portions of the transcript and/or responses should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Alternatively, within thirty (30) days of receipt of a

transcript or recording of a deposition or other pretrial or trial proceeding, the offering or sponsoring Party or non-party may designate such transcript or recording or any portion thereof as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  All transcripts or recordings of depositions shall be treated as "Highly Confidential – Attorneys' Eyes Only" for thirty (30) days after receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first.  Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony;

        (d)     for ESI, either by imprinting the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on any disk or storage medium, or on the face of each page of a document so designated, or by designating the production as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the transmittal cover letter.

        3.3    <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>. Subject to the standards of paragraph 3, a Party may upward designate (i.e., change any Disclosure or Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or designate any Disclosure or Discovery Material produced as "Confidential" to a designation of "Highly Confidential – Attorneys' Eyes Only") any Disclosure or Discovery Material produced by any other Party or non-party, provided that said Disclosure or Discovery Material contains the upward designating Party's own trade secrets or other confidential research, development, financial, personal, or

commercially sensitive information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c).

Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be re-designated within thirty (30) days of production by the Producing Party. Failure to upward designate within thirty (30) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief. Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth in paragraph 6 regarding challenging designations.

4.      ACCESS TO AND USE OF PROTECTED MATERIAL

4.1      Disclosure of Confidential information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "Confidential" only:

(a)      to the Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b)      to the Receiving Party's In House Counsel who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)      to no more than two of the Receiving Party's Principals who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); except that, upon identification of that Principal, any Designating Party shall have five (5) days to petition the Court to challenge the Principal's status as a Principal to whom Confidential information may be

disclosed.  Pending a decision whether Confidential Information may be disclosed to such a Principal, no Confidential Information shall be disclosed to that Principal without the consent of the Designating Party.

    (d) to any Expert to whom disclosure is reasonably necessary for this litigation who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (e) to the Court and its personnel in this action, including any relevant appellate court, in the event that any portion of this action is appealed;

    (f) to court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    (g) to any person who Counsel have a good faith basis to believe authored or previously received the material;

    (h) to any person who is an employee of the Designating Party, or a former employee of the Designating Party (if they were employed by the Designating Party when the Confidential Information was created); and

    (i) during the conduct of their depositions, to witnesses in the action for whom Counsel has a good-faith basis to believe disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  If in the future any Party deems in good faith that this subsection is unworkable, that Party can initiate its unilateral right to demand renegotiation of this subsection and submit an amendment to the Court for approval.  The portions of the deposition transcript pertaining to such Confidential information shall automatically be deemed designated as "Confidential" (and any such Confidential information marked as an exhibit during a deposition shall continue to be designated as "Confidential").

4.2   <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or items designated "Highly Confidential –

Attorneys' Eyes Only" only:

(a)   to the Receiving Party's Outside Counsel to whom it is reasonably

necessary to disclose the information for this litigation and who have signed the "Agreement to

Be Bound by Protective Order" (Exhibit A);

(b)   to any Expert to whom disclosure is reasonably necessary for this

litigation who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   to the Court and its personnel in this action, including any relevant

appellate court, in the event that any portion of this action is appealed;

(d)   to court reporters, their staffs, and professional vendors to whom

disclosure is reasonably necessary for this litigation;

(e)   to any person who Counsel have a good faith basis to believe

authored or previously received the material;

(f)   to any person who is an employee of the Designating Party, or a

former employee of the Designating Party (if they were employed by the Designating Party when

the Highly Confidential – Attorneys' Eyes Only Information was created); and

(g)   during the conduct of their depositions, to witnesses in the action

for whom Counsel has a good-faith basis to believe disclosure is reasonably necessary and who

have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Any Receiving

Party intending to use Highly Confidential – Attorneys' Eyes Only Information at the deposition

of an individual who is not otherwise listed in subsections 4.2(a)-(f) of this paragraph shall

provide written notice to the Designating Party identifying (by Bates number or other individually identifiable information) the Highly Confidential – Attorneys' Eyes Only Information no later than two (2) business day before the intended disclosure.  After receiving the notice, the Designating Party shall not disclose the notice or the information proposed to be disclosed to any other Party or non-party (including the witness to whom the disclosure is proposed).  Should the parties, after meeting and conferring, disagree that the proposed disclosure is reasonably necessary, the Highly Confidential – Attorneys' Eyes Only Information shall not be disclosed to the witness unless and until the Court orders such disclosure.  If in the future any Party deems in good faith that this subsection is unworkable, that Party can initiate its unilateral right to demand renegotiation of this subsection and submit an amendment to the Court for approval.  The portions of the deposition transcript pertaining to such "Highly Confidential – Attorneys' Eyes Only" information shall automatically be deemed designated as "Highly Confidential – Attorneys' Eyes Only" (and any such "Highly Confidential – Attorneys' Eyes Only" information marked as an exhibit during a deposition shall continue to be designated as "Highly Confidential – Attorneys' Eyes Only").

5.      RESPONSIBILITY FOR COMPLIANCE.  The Party's Counsel who discloses "Confidential" or "Highly Confidential- Attorneys' Eyes Only" information shall be responsible for assuring compliance with the terms of this Order with respect to persons to whom such "Confidential" or "Highly Confidential- Attorneys' Eyes Only" information is disclosed, and shall obtain and retain the original Acknowledgements executed by qualified recipients of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information (if such execution was required by the terms of this Order).  If it comes to a Party's or non-party's attention that any materials that it designated for protection do not qualify for protection at all, or do not qualify for

the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6. <u>CHALLENGES TO DESIGNATION</u>.  Entry of this Order shall be without prejudice to any party's motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or ESI, or other information in the course of this action.  If a party disagrees with a Producing Party's designation of information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or disputes the limitations on access to be accorded such information under this Order, the party contesting the designation or restriction on access shall provide to the Producing Party written notice of its disagreement and specifically identify the information or restriction on access in dispute.  If, despite good faith effort, the dispute cannot be resolved informally by the parties within ten (10) days of the Producing Party's receipt of the written notice, the party contesting the designation or restriction on access may seek a determination from the Court with respect to the propriety of the designation.  The Producing Party shall then have five (5) days from the filing of a motion contesting the designation or restriction on access to file an opposition to such motion, following which the contesting party shall be afforded three (3) days to file a reply memorandum.  The "Confidential" or "Highly Confidential- Attorneys' Eyes Only" status of the challenged material shall be maintained until the Court shall rule on the motion.  While the challenging party must initiate the motion before the Court, it is the burden of the party seeking protection under this Order to demonstrate that the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation is appropriate.  A challenge under this paragraph shall not affect a party's right of access to "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material or to disclose information as provided for in this Order. A party does not waive its right to challenge a

confidentiality designation by not electing to mount a challenge promptly after the original

designation is made.

7.       INADVERTENT FAILURE TO IDENTIFY MATERIALS AS

"CONFIDENTIAL" OR "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Any

party who inadvertently fails to identify materials as "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" shall have ten (10) days from the discovery of its oversight to correct its

failure.  Such failure shall be corrected by providing to the Receiving Party written notice of the

error and substituted copies of the inadvertently produced Disclosure or Discovery Material.

Any party receiving such inadvertently unmarked Disclosure or Discovery Material shall make

reasonable efforts to retrieve the Disclosure or Discovery Material distributed to persons not

entitled to receive Disclosure or Discovery Material with the corrected designation.  The right to

designate as "Confidential" or "Highly Confidential Attorneys' Eyes Only" documents that were

inadvertently not identified as such when produced shall be waived six months after production

of the materials, provided however that there shall be no waiver where there is good cause shown

for the failure to identify the mistaken designation.

8.       DISCLOSURE OF DISCLOSURE OR DISCOVERY MATERIAL

PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT

DOCTRINE.  Consistent with Federal Rule of Evidence 502, if a Party or non-party notifies any

other Party that it disclosed Disclosure or Discovery Material that is protected from disclosure

under the attorney-client privilege, work product doctrine, and/or any other applicable privilege

or immunity, or the Receiving Party discovers such disclosure, the disclosure shall not be

deemed a waiver in whole or in part of the applicable privilege or protection, either as to the

specific material or information disclosed or as to any other material or information relating

thereto or on the same or related subject matter.  If a Party or nonparty requests the return of such Disclosure or Discovery Material pursuant to this paragraph or if the Receiving Party recognizes that it has received Disclosure or Discovery Material that, based upon a reasonable interpretation, is subject to any of the privileges discussed in this paragraph, the Receiving Party shall destroy or return all copies of such Disclosure or Discovery Material to the Producing Party within five (5) business days of receipt of such notice or discovery, shall provide a certification of Counsel that all such disclosed Disclosure or Discovery Material has been returned or destroyed, and shall not use such items for any purpose until further order of the Court, except that the Receiving Party may retain a copy of the Disclosure or Discovery Material for purposes of evaluating the claimed privilege and bringing a motion for an order allowing use of the Disclosure or Discovery Material in this Litigation, but further provided that the Receiving Party may not challenge the privilege or immunity claim by arguing that the disclosure waived the privilege or immunity and may not use the Disclosure or Discovery Material for any other purpose whatsoever until the Court has determined that the Disclosure or Discovery Material is not privileged.  If the Court determines that the Disclosure or Discovery Material is privileged, the Receiving Party must return the Disclosure or Discovery Material to the Producing Party within (5) days of the Court's ruling.

9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.  If a Receiving Party is served with a subpoena or an order issued in separate litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) immediately and in

no event more than five (5) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

        9.1    The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

        9.2    The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interest in the court from which the subpoena or order is issued.  The Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

      10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.  If a Receiving Party learns that, by inadvertence, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

      11.    <u>FILING CONFIDENTIAL MATERIAL WITH THE COURT</u>.  If a Party files a document containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

information with the Court, it shall do so in compliance with United States District Court for the
District of Columbia Local Rule 5.1(j).

      12.    <u>INTRODUCING CONFIDENTIAL INFORMATION IN COURT</u>

<u>PROCEEDINGS</u>.  A Party who seeks to introduce "Confidential" or "Highly Confidential –
Attorneys' Eyes Only" information at a hearing, pretrial or other proceeding shall advise the
Court at the time of introduction that the information sought to be introduced is protected.  If the
party who designated the information as "Confidential" or "Highly Confidential – Attorneys'
Eyes Only" requests the protection be continued, the Court will review the information to
determine if the information is entitled to continued protection.  Prior to disclosure of
"Confidential" or "Highly Confidential – Attorneys' Eyes Only" information at a hearing, the
Producing Party may seek further protections against public disclosure from the Court.

      13.    <u>USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED</u>

<u>INFORMATION</u>.  Nothing herein shall impose any restriction on the use or disclosure by a
Party or its agent of its own information, or of publicly availably information, or of information
lawfully available to that Party, or of information that lawfully came into the possession of the
Party independent of any disclosure of Disclosure or Discovery Material in this Litigation.

      14.    <u>ADVICE TO CLIENT</u>.  Nothing in this Order will bar or otherwise restrict
Counsel from rendering advice to his or her client with respect to this matter or from generally
referring to or relying upon "Confidential" or "Highly Confidential – Attorneys' Eyes Only"
material in rendering such advice.

      15.    <u>PRE-TRIAL APPLICATION ONLY</u>.  This Order shall apply to pre-trial
proceedings in this action and shall have no application at trial.  The Parties agree to confer in
good faith on a protective order to govern during trial in this action.  This Order, however, shall

remain in effect until such time as an order to govern trial proceedings is entered.  Should the

Producing Party believe any document warrants protection beyond that described above, the

parties shall confer with respect to the treatment of that specific document.

16.     <u>DURATION OF ORDER/RETURN OF CONFIDENTIAL INFORMATION</u>.

All provisions of this Order restricting the use of "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" information shall continue to be binding after the conclusion of this

action, unless otherwise agreed or ordered by the Court.  Within sixty (60) days of the conclusion

of the Litigation (whether by entry of a final order of dismissal, judgment, settlement, or

disposition on appeal, or otherwise), a Producing Party may request that a person in the

possession of the Producing Party's "Confidential" or "Highly Confidential – Attorneys' Eyes

Only" information return or destroy that information (other than Outside Counsel's copies of

documents filed with the Court or Outside Counsel's file copies of documents attached to or

information incorporated in attorney work product prepared in connection with this litigation).  If

the Receiving Party elects to destroy the "Confidential" or "Highly Confidential – Attorneys'

Eyes Only" information, it shall certify within sixty (60) days that such information has been

destroyed.  To the extent any person retains copies of the "Confidential" or "Highly Confidential

– Attorneys' Eyes Only" information pursuant to the terms of this paragraph, such

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" information shall continue to be

subject to the protections provided by this Order.

17.     <u>RESERVATION OF RIGHTS</u>.  Nothing contained in this Order or any

designation of confidentiality hereunder, or any failure to make such designation, shall be used

or characterized by any party as an admission by a Party or a Party opponent.  Nothing in this

Order shall be deemed an admission that any particular information designated as "Confidential"

or "Highly Confidential – Attorneys' Eyes Only" is entitled to protection under the Order, Fed.

R. Civ. P. 26(c), or any other law.  Nothing in this Order shall be construed as granting any

person or entity a right to receive specific "Confidential" or "Highly Confidential – Attorneys'

Eyes Only" information where a court has entered an order precluding that person or entity from

obtaining access to that information.  The Parties specifically reserve the right to challenge the

designation of any particular information as "Confidential" or "Highly Confidential – Attorneys'

Eyes Only," and agree that by stipulating to entry of this Order, no Party waives any right it

otherwise would have to object to disclosing or producing any information or item on any

ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground

to introduction or use as evidence of any of the Disclosure or Discovery Material covered by this

Order.

*     *     *

STIPULATED TO AND AGREED BY:

/s/ Stephen R. Neuwirth
Stephen R. Neuwirth
Daniel Brockett
Marc L. Greenwald
Sami H. Rashid
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100
Email:  stephenneuwirth@quinnemanuel.com

Michael D. Hausfeld
William P. Butterfield
Steig D. Olson
James J. Pizzirusso
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 579-1089
Facsimile:  (202) 747-5713
Email:  mhausfeld@hausfeldllp.com

Michael P. Lehmann
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone:  (415) 633-1908
Facsimile:  (415) 358-4980

Benjamin D. Brown
Dan Small
Rich Koffman
COHEN MILSTEIN SELLERS & TOLL
  PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005
Telephone:  202-408-4600
Facsimile:  202-408-4669
Email:  bbrown@cohenmilstein.com

Seth R. Gassman
COHEN MILSTEIN SELLERS & TOLL
  PLLC
150 East 52nd Street, 30th Floor
New York, NY 10022-6017
Telephone:  (212) 838-7797
Facsimile:  (212) 838-7745

*Counsel for Plaintiffs*

/s/ Tara L. Reinhart
John M. Nannes (D.C. Bar #195966)
Tara L. Reinhart (D.C. Bar #462106)
Sean M. Tepe
SKADDEN ARPS SLATE MEAGHER &
   FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C.  20005

*Attorneys for Defendant Norfolk Southern
Railway Company*

Alan M. Wiseman
Joseph A. Ostoyich
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

Tyrone R. Childress
David G. Meyer
HOWREY LLP
550 South Hope Street, Suite 1100
Los Angeles, CA  90071

*Attorneys for Defendant Union Pacific
Railroad Company*

Richard J. Favretto
Mark W. Ryan
Gary A. Winters
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C.  20006

*Attorneys for Defendant BNSF Railway
Company*

Richard McMillan, Jr.
Kent A. Gardiner
Kathryn D. Kirmayer
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

*Attorneys for Defendant CSX Transportation,
Inc.*

\*     \*     \*

# **O R D E R**

GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED.

DATED:  ____01/29/09_____

*John M. Facciola*