**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL Docket No. 1869<br>Misc. No. 07-489 (PLF/AK/JMF) |
| This document relates to:<br><br>ALL DIRECT PURCHASER CASES | |

**DEFENDANTS' STATEMENT OF NON-OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO REPLY TO DEFENDANTS' OBJECTIONS UNDER 49
U.S.C. SECTION 10706(a)(3)(B)(ii) TO PLAINTIFFS' EXHIBITS IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendants do not oppose Plaintiffs' motion for leave to file their "Response to Defendants' Objections Under 49 U.S.C. Section 10706(a)(3)(B)(ii) to Plaintiffs' Exhibits In Support of Plaintiffs' Motion For Class Certification" ("Response").[1]  However, Defendants do wish to bring to the Court's attention that the arguments Plaintiffs include in their Response are not new, but rather plough the same ground that Plaintiffs already covered in their Memorandum in Opposition to Defendants' Motion to Exclude Interline-Related Communications ("Opposition").  Defendants have already responded to those arguments.  For example:

- Plaintiffs argue that Section 10706 "does not apply to … rate-unregulated contract traffic…." Response at 7.  Plaintiffs made the same argument at length in their Opposition (*see* Opposition at 11-15), and Defendants responded in their Reply Memorandum In Support of Motion To Exclude Interline-Related Communications From Consideration For Class Certification Or Any Other Purpose Prohibited By 49 U.S.C. Section 10706 ("Defendants' Reply").  *See* Defendants' Reply at 6-9.

- Plaintiffs claim that Section 10706 applies only to "discussions or agreements regarding a *particular* interline movement in which both carriers practicably participate – and nothing more." Response at 8 (emphasis in original).  Defendants discussed in their Reply the reasons why this narrow interpretation is both impractical and inconsistent with the language of the statute, the legislative history, the purposes of Congress, and controlling precedent.  *See* Defendants' Reply at 9-13.

- Plaintiffs assert that Defendants' interpretation of Section 10706 would "as a practical matter, transform the statute into the immunization for collusive activities that Congress and the STB rejected." Response at 4.  Defendants have responded in their prior briefs to this straw-man argument.  As Defendants have pointed out, Section 10706(a)(3)(B)(ii) is not an immunity statute (Defendants' Reply at 1, 13).  It is an evidentiary provision that

---

[1] In light of this non-opposition, Defendants respectfully submit that Plaintiffs' alternative request to "confine Defendants to the filing of a 'list' and/or 'binder'" (Plaintiffs' Motion at 3) is moot and should be denied.

1

provides protection against false and unfair inferences from interline communications by: 1) prohibiting inferences from parallel conduct on interline and non-interline rates "or related matter[s]," and 2) precluding the admission of interline-related discussions or agreements, unless such a discussion or agreement would, "considered by itself," violate the antitrust laws. Defendants' prior briefs explain that this latter exception protects against the overly-broad application of the statute that Plaintiffs wrongly accuse Defendants of advocating. *See, e.g.*, Defendants' Objections Under 49 U.S.C. Section 10706(a)(3)(B)(ii) To Plaintiffs' Exhibits In Support Of Plaintiffs' Motion For Class Certification ("Defendants' Objections") at 3. However, none of the documents or testimony that Defendants challenge evidences any discussion or agreement that is unlawful "considered by itself."

- Plaintiffs curiously claim that "the second prong of § 10706"—concerning whether "the discussion or agreement would not, *considered by itself*, violate" the antitrust laws—"has not been the focus of the parties' briefing," and that "Defendants ignore that many of the documents in question directly constitute or reflect communications and agreements that are unlawful." Exhibit 1 to Response, at 2 n.2. But Defendants have emphasized throughout their briefing the inherent lawfulness of interline communications and the absence of any evidence to indicate that any of the communications on which Plaintiffs rely would, "considered by itself," violate any law. *See, e.g.* Defendants' Memorandum In Support of Motion To Exclude Interline-Related Communications From Consideration For Class Certification Or Any Other Purpose Prohibited By 49 U.S.C. Section 10706 ("Defendants' Motion") at 8-10, 15-17, 24-25, 27; Defendants' Reply at 2, 7, 11, 17-20, 23, 24.

- Plaintiffs again assert that Defendants bear the burden of proof. Response at 8-9 n.24. But Defendants showed in their Reply that Plaintiffs' argument is inconsistent with the case law and the text of the statute regarding interline-related evidence (Defendants' Reply at 16. n.7), because *Plaintiffs*, not Defendants, are the ones that want the Court to

2

"*allow*[] the introduction of any such evidence." Section 10706(a)(3)(B)(ii) (emphasis added).[2]

Plaintiffs also include in their Response various irrelevant attacks on Defendants' credibility. Those attacks require no response, both because they have no bearing on the scope of Section 10706(a)(3)(B)(ii) and because they fall of their own weight. There is no basis for Plaintiffs' offensive assertions that Defendants have submitted false declarations or attempted to mislead the Court, or that Defendants' "entire" fuel surcharge programs were "pretextual." Response at 6. In any event, the response to these meritless allegations is already in the record.

Counsel for Defendants responded at the class certification hearing to Plaintiffs' attacks on the declarations that Defendants submitted in opposition to Plaintiffs' class certification motion. *See* Reporters' Transcript of Proceedings on October 7, 2010, at 242-45. The basis for Defendants' arguments concerning the STB's endorsement and encouragement of Alliance meetings is set forth in Defendants' Motion (at 25-26) and Defendants' Reply (at 14, 20-21). And, contrary to Plaintiffs' claim, there is nothing in the STB's decision concerning fuel surcharges on regulated traffic to support the allegation that Defendants' rate-based fuel surcharge programs were "pretextual." As Defendants pointed out in their Opposition to Plaintiffs' class certification motion, the STB specifically noted in its ruling that "there is a long history" of rate-based fuel surcharges in the rail freight industry going back to the 1970s, when such surcharges were permitted by the STB. *See* Defendants' Opposition to Plaintiffs' Class Certification Motion at 17-18 (citing *Rail Fuel Surcharges,* Ex Parte No. 661, 2007 WL 201205, at *7 (S.T.B. Jan. 25, 2007)). Indeed (as Defendants also pointed out), the STB declined to apply its decision retroactively because, "[i]n view of the long history of rate-based fuel surcharges in the rail industry, we do not believe that railroads can be faulted for assuming that fuel surcharges

---

[2] Plaintiffs argue that the Supreme Court's holding in *Bourjaily v. United States*, 483 U.S. 171 (1987) is applicable only to the specific hearsay rule at issue in that case. But this Circuit has rejected Plaintiffs' argument, citing *Bourjaily*, for example, in assigning the burden of proof to the party offering expert testimony. *Meister v. Med. Eng'g Corp.*, 267 F.3d 1123, 1127 n.9 (D.C. Cir. 2001).

3

calculated as a percentage of the base rate were permissible." *Id.* The STB did not make any findings that any rail carriers' fuel surcharges were pretextual, much less that any carriers had engaged in a conspiracy.

Defendants do not seek leave at this time to submit a Reply to address the specific characterizations of the challenged documents that Plaintiffs discuss in the body of their Response and in Exhibit "1" to their Response. Defendants have discussed the relevant categories of the challenged documents in their moving and reply papers in support of their Motion to Exclude (*see* Defendants' Motion at 18-27; Defendants' Reply at 16-25), and have explained in detail in their list of specific objections why the challenged documents are inadmissible interline-related documents under Section 10706(a)(3)(B)(ii). Needless to say, Defendants do not agree with the characterization of those documents in Plaintiffs' Exhibit "1" or with Plaintiffs' specific arguments as to why those documents should be admissible over a Section 10706 objection. Indeed, Defendants believe that a review of the documents as a whole (which Plaintiffs also invite, *see* Response at 11) will show that Plaintiffs have not accurately characterized either the contents of those documents or the factual basis on which Defendants seek their exclusion.

Rather than burden the Court with more written discussion of these documents now, Defendants simply reiterate their position that if the Court is inclined to consider any of the challenged documents in connection with its class certification ruling, Defendants respectfully submit that the Court should conduct a hearing to consider both sides' positions with respect to the particular documents that the Court is considering. Otherwise, Defendants respectfully

suggest that such a hearing could be appropriately deferred until prior to the briefing on motions for summary judgment.

Dated:  November 15, 2010                              Respectfully submitted,

/s/ Alan M. Wiseman

| | |
|---|---|
| Tyrone R. Childress | Alan M. Wiseman (D.C. Bar # 187971) |
| David G. Meyer | Thomas A. Isaacson |
| HOWREY LLP | Peter A. Barile III |
| 550 South Hope Street, Suite 1100 | HOWREY LLP |
| Los Angeles, CA  90071 | 1299 Pennsylvania Avenue, N.W. |
| (213) 892-1800 | Washington, D.C.  20004 |
| | (202) 783-0800 |

*Attorneys for Defendant Union Pacific Railroad Company*

| | |
|---|---|
| John M. Nannes | Saul P. Morgenstern |
| Tara L. Reinhart | Jennifer B. Patterson |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Margaret A. Prystowsky |
| | KAYE SCHOLER LLP |
| 1440 New York Avenue, N.W. | 425 Park Avenue |
| Washington, D.C. 10005 | New York, NY 10022 |
| (202) 371-7000 | (212) 836-8000 |

| | |
|---|---|
| Sean M. Tepe | Claudia R. Higgins |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM | Jeffrey Saltman |
| | KAYE SCHOLER LLP |
| Four Times Square | 901 Fifteenth Street, NW |
| New York, New York 10036 | Washington, DC 20005 |
| (212) 735-3000 | (202) 682-3500 |

*Attorneys for Defendant Norfolk Southern Railway Company*

5

6

| | |
|---|---|
| Richard J. Favretto | Samuel M. Sipe, Jr. |
| Gary A. Winters | Linda S. Stein |
| Michael E. Lackey, Jr. | STEPTOE & JOHNSON LLP |
| MAYER BROWN LLP | 1330 Connecticut Avenue, NW |
| 1999 K Street, N.W. | Washington, D.C. 20036 |
| Washington, D.C. 20006 | (202) 429-3000 |
| (202) 263-3000 | |

*Attorneys for Defendant BNSF Railway Company*

Kent A. Gardiner
Kathryn D. Kirmayer
Shari Ross Lahlou
David D. Cross
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2500
*Attorneys for Defendant CSX Transportation, Inc*

## CERTIFICATE OF SERVICE

I, David G. Meyer, an attorney certify that on November 15, 2010, I caused a true and correct copy of the foregoing **DEFENDANTS' STATEMENT OF NON-OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO REPLY TO DEFENDANTS' OBJECTIONS UNDER 49 U.S.C. SECTION 10706(a)(3)(B)(ii) TO PLAINTIFFS' EXHIBITS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** to be filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to counsel for all parties.

       /s/ David G. Meyer
    David G. Meyer