# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL Docket No. 1869<br>Misc. No. 07-489 (PLF/JMF/AK) |
| This document relates to:<br><br>ALL DIRECT PURCHASER CASES | |

## MEMORANDUM ORDER

The parties are in disagreement about the proper scope of certain 30(b) depositions of the defendants.[1]

Judge Kay and I have consulted about this dispute, and appreciate that the parties have met and conferred in a genuine effort to resolve their differences. We would ask that they meet and confer again, and ascertain whether they would agree to the following topics of the 30(b)(6) depositions, with the understanding that they would also attempt to agree that the topics would pertain to a particular one-year period of time (beginning in January and ending in December), to which they would also agree:

1. Your company's policies, actual practices, and adopted protocols as to the use of (1) unilateral Interline Communications or (2) bilateral Interline Communications that pertain to (a) interline rates for services provided in that period of time and (b) fuel surcharges.

2. Your company's understanding of the purpose and nature of Alliance meetings between your company and other rail carriers, and its understanding of whether such meetings

---

[1] The motions filed with regard to this disagreement are as follows: Defendant CSX Transportation's Motion for Protective Order and Memorandum in Support Thereof [#461]; Motion of Norfolk Southern Railway Company for Protective Order and Memorandum in Support Thereof [#464]; Defendant Union Pacific Railroad Company's Motion for Protective Order and Memorandum in Support [#465]; Motion of BNSF Railway Company for Protective Order and Memorandum in Support Thereof [#468].

    were supposed to result in binding agreements among your company and other carriers;

3.    Whether Alliance meetings that your company attended ever discussed the uniform adoption of Fuel Surcharges, and if so, (1) when such meetings took place, and (2) who was present at such meetings other than your company.

Parties shall file a joint status report ten (10) days from the issuance of this Order, informing the Court whether they were able to come to an agreement, and on which matters, or whether the parties have reached an impasse.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE