**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL Docket No. 1869 Misc. No. 07-489 (PLF) |
| This document relates to: ALL INDIRECT PURCHASER CASES | |

**DEFENDANT CSX TRANSPORTATION, INC'S
ANSWER TO INDIRECT PURCHASER PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT**

CSX Transportation, Inc. ("CSXT") hereby answers the Consolidated Amended

Complaint ("Complaint") filed by Indirect Purchaser Plaintiffs ("Plaintiffs") as follows:

1.        CSXT admits that Plaintiffs purport to bring an action as described in

Paragraph 1.  Plaintiffs allegations related to claims brought under state antitrust laws and state

consumer protection laws require no response because those claims have been dismissed by the

Court.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Indirect

Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket

No. 176 (D. D. C. Dec. 31, 2008).  To the extent a response is required, CSXT denies those

allegations.  CSXT otherwise denies the allegations of Paragraph 1.

2.        CSXT denies the allegations of Paragraph 2.

3.        CSXT admits that the American Chemistry Council issued a purported study of

railroad fuel surcharge revenue in 2007, but CSXT neither admits nor denies the allegations

relating to the content of the study because the study itself is the best evidence of its contents.

CSXT denies that the purported study accurately analyzed or reported CSXT's fuel surcharge revenue or fuel costs.  CSXT otherwise denies the allegations of Paragraph 3.

4.      Paragraph 4 sets forth legal conclusions to which no response is required.  To the extent a response is required, CSXT denies the allegations of Paragraph 4.

5.      CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements by James R. Young.  CSXT otherwise denies the allegations of Paragraph 5.

6.      CSXT denies the allegations of Paragraph 6.

7.      CSXT denies the allegations of Paragraph 7.

8.      CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants BNSF Railway Company ("BNSF") and Union Pacific Corporation ("UP").  CSXT otherwise denies the allegations of Paragraph 8.

9.      CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendants BNSF and UP.  CSXT otherwise denies the allegations of Paragraph 9.

10.      CSXT denies the allegations of Paragraph 10.

11.      CSXT admits that the All-Inclusive Index ("AII") and Rail Cost Adjustment Factor ("RCAF") were published by the Association of American Railroads ("AAR"), that both indexes included fuel costs as a factor, and that both indexes weighted a number of other cost factors.  CSXT denies the allegations of Paragraph 11.

12.      CSXT admits that the AAR announced the establishment of an index called the All Inclusive Index Less Fuel ("AIILF") in December 2003, and that it did not have a fuel component.  CSXT neither admits nor denies the allegations relating to the content of the

publication entitled "AAR Railroad Cost Indexes" because the document is the best evidence of its content.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements by representatives of BNSF in 2004.  CSXT otherwise denies the allegations of Paragraph 12.

13.     CSXT denies that Rail Fuel Surcharges, as applied to rail freight transportation services, were non-existent three or four years before July 2007.  CSXT otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14.     CSXT denies the allegations of Paragraph 14.

15.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements by James R. Young.

16.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding a new fuel surcharge announced by Defendant Norfolk Southern ("NS").  CSXT otherwise denies the allegations of Paragraph 16.

17.     CSXT denies the allegations of Paragraph 17.

18.     CSXT admits that it employed various fuel surcharges that were applied as a percentage multiplier of the transportation base rate for at least some shippers on at least some shipments since before the proposed class period.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  CSXT otherwise denies the allegations of Paragraph 18.

19.     CSXT denies the allegations of Paragraph 19.

20.     CSXT denies the allegations of Paragraph 20.

21.     CSXT denies the allegations of Paragraph 21.

22.     CSXT denies the allegations of Paragraph 22.

23.     CSXT admits that the Surface Transportation Board ("STB") issued a ruling in January 2007 that pertained to traffic not at issue in this action, but CSXT neither admits nor denies the allegations relating to its content because the STB ruling itself is the best evidence of its contents.

24.     CSXT neither admits nor denies the allegations of Paragraph 24 relating to the content of the STB ruling as the ruling itself is the best evidence of its contents.

25.     CSXT neither admits nor denies the allegations of Paragraph 25 relating to the contents of the referenced public filings as the filings themselves are the best evidence of their contents.

26.     The first sentence of Paragraph 26 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, CSXT denies the allegations of the first sentence of Paragraph 26.  CSXT otherwise denies the allegations of Paragraph 26.

27.     CSXT admits that Plaintiffs purport to seek damages as alleged in Paragraph 27, but denies that Plaintiffs were damaged or are entitled to any relief.  Plaintiffs' allegations concerning damages correspond to claims that have been dismissed by the Court, and therefore no response is required.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Indirect Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket No. 176 (D. D. C. Dec. 31, 2008).   To the extent a response is required, CSXT denies those allegations, and otherwise denies the allegations of Paragraph 27.

28.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first four sentences of Paragraph 30.  The allegations in Paragraph 30 concerning state law claims require no response because those claims have been dismissed by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Indirect Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket No. 176 (D. D. C. Dec. 31, 2008).   To the extent a response is required, CSXT denies those allegations, and otherwise denies the allegations of Paragraph 30.

31.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 31.  CSXT admits that Plaintiffs purport to bring an action as described in Paragraph 31, but otherwise denies the allegations of Paragraph 31.

32.     CSXT admits the allegations of Paragraph 32.

33.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36.     Paragraph 36 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT admits that the Court has jurisdiction over Plaintiffs' remaining federal claim for injunctive relief.

37.     Paragraph 37 sets forth legal conclusions corresponding to claims that have been dismissed by the Court, and therefore no response is required.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Indirect Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket No. 176 (D. D. C. Dec. 31, 2008). To the extent that a response is required, CSXT denies the allegations of Paragraph 37.

38.     Paragraph 38 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to any entity or individual other than CSXT.  CSXT admits that it maintains at least one office, transacts business, and has agents in this District. CSXT admits that it conducts business in interstate commerce that is carried out in part in this District, and that venue is proper in this District for Plaintiffs' remaining federal claim for injunctive relief.  CSXT otherwise denies the allegations of Paragraph 38.

39.     Paragraph 39 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT admits the allegations of Paragraph 39.

40.     Paragraph 40 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to any entity or individual other than CSXT.  CSXT admits it has transacted business within this District, sold or delivered rail transportation services in this District, and has contacts with this District.  CSXT otherwise denies the allegations of Paragraph 40.

41.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42.     CSXT admits that it sold and carried out rail shipments in the flow of interstate commerce to shippers and customers throughout the United States during the proposed class period.  The remaining allegations of Paragraph 42 set forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations of Paragraph 42.

43.     Paragraph 43 sets forth legal conclusions to which no response is required.  To the extent a response is required, CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Defendants accounted for more than 90 percent of all rail freight shipments within the United States during the Class Period"; CSXT otherwise denies the allegations of Paragraph 43.

44.     Paragraph 44 sets forth legal conclusions corresponding to claims that have been dismissed by the Court, and therefore no response is required.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Indirect Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket No. 176 (D. D. C. Dec. 31, 2008). To the extent a response is required, CSXT denies the allegations of Paragraph 44, including its sub-parts.

45.     Paragraph 45 sets forth allegations corresponding to claims that have been dismissed by the Court, and therefore no response is required.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Indirect Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket No. 176 (D. D. C. Dec. 31, 2008). To the extent a response is required, CSXT denies the allegations of Paragraph 45.

46.     Paragraph 46 sets forth legal conclusions corresponding to claims that have been dismissed by the Court, and therefore no response is required.  *See* Order Granting in Part and

Denying in Part Defendants' Motion to Dismiss Indirect Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket No. 176 (D. D. C. Dec. 31, 2008). To the extent a response is required, CSXT denies the allegations of Paragraph 46.

## CLASS ACTION ALLEGATIONS

47.     CSXT admits that the Plaintiffs purport to bring this action as a class action as described in Paragraph 47, but denies that a class is certifiable.

48.     Paragraph 48 sets forth legal conclusions to which no response is required.  To the extent a response is required, CSXT denies the allegations of Paragraph 48.

49.     Paragraph 49 sets forth legal conclusions to which no response is required, including conclusions corresponding to claims that have been dismissed by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Indirect Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket No. 176 (D. D. C. Dec. 31, 2008).  To the extent a response is required, CSXT denies the allegations of Paragraph 49.

50.     Paragraph 50 sets forth legal conclusions to which no response is required.  To the extent a response is required, CSXT denies the allegations of Paragraph 50.

51.     Paragraph 51 sets forth legal conclusions to which no response is required, including conclusions corresponding to claims that have been dismissed by the Court.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Indirect Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket No. 176 (D. D. C. Dec. 31, 2008).  To the extent a response is required, CSXT denies the allegations of Paragraph 51.

52.     Paragraph 52 sets forth legal conclusions to which no response is required.  To the extent a response is required, CSXT denies the allegations of Paragraph 52.

53.     Paragraph 53 sets forth legal conclusions to which no response is required.  To the extent a response is required, CSXT denies the allegations of Paragraph 53.

## DEREGULATION OF THE RAILROAD INDUSTRY

54.     CSXT admits that Congress partially deregulated the railroad industry when it passed the Staggers Rail Act of 1980 ("Staggers Act").  The remaining allegations in Paragraph 48 set forth legal conclusions to which no response is required.  To the extent a response is required, CSXT otherwise denies the allegations of Paragraph 54.

55.     CSXT admits the allegations of Paragraph 55.

56.     CSXT admits that most of its rail freight shipments are exempt from rate regulation or move under private transportation contracts, but lacks sufficient information to form a belief about the accuracy of the exact percentage alleged in the first sentence of Paragraph 56.  The remaining allegations of Paragraph 56 state legal conclusions to which no response is required.  To the extent a response is required, CSXT otherwise denies the allegations of Paragraph 56.

57.     CSXT admits that there are seven Class I railroads today, and that two Class I railroads are owned by Canadian entities.  CSXT otherwise denies the allegations of Paragraph 57.

58.     CSXT denies the allegations of Paragraph 58.

## THE DEFENDANTS INTRODUCE FUEL SURCHARGES

59.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 59.  The allegations in the second sentence of

Paragraph 59 set forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations in the second sentence of Paragraph 59. CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 59.

60.     The first two sentences of Paragraph 60 set forth legal conclusions to which no response is required.  CSXT otherwise denies the allegations of Paragraph 60.

61.     CSXT admits that it has entered into private freight transportation contracts that included cost escalation provisions tied to the AII or RCAF.  CSXT further admits that the AII and RCAF were published by the AAR, that both indexes included fuel costs as a factor, and that both indexes weighted a number of other cost factors.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the practices of other Defendants.  CSXT otherwise denies the allegations of Paragraph 61.

62.     CSXT denies the allegations of Paragraph 62.

63.     CSXT admits that it assessed fuel surcharges prior to 2003.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the practices of other Defendants.  CSXT otherwise denies the allegations of Paragraph 63.

64.     CSXT admits that its executives have attended AAR and National Freight Transportation Association ("NFTA") meetings.  CSXT further admits that a NFTA conference occurred April 2-6, 2003, at the Wigwam resort in Litchfield Park, Arizona.  CSXT otherwise denies the allegations of Paragraph 64.

65.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65.

66.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68.

69.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69.

70.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding other Defendants.  CSXT otherwise denies the allegations of Paragraph 70.

71.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of other Defendants.  CSXT otherwise denies the allegations of Paragraph 71.

72.     CSXT admits that the AAR published the AIILF index in December 2003, and that the AIILF was similar to the AII and RCAF indices except that it did not include fuel costs as a component.  CSXT neither admits nor denies the allegations of Paragraph 72 regarding an AAR announcement in December 2003 because the announcement itself is the best evidence of its contents.  CSXT otherwise denies the allegations of Paragraph 72.

73.     CSXT denies the allegations of Paragraph 73.

74.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74.

75.     CSXT denies the allegations of Paragraph 75.

76.     CSXT admits that as of June 2003, its published fuel surcharge applied when the 30-day average price of WTI exceeded $23 per barrel.  CSXT further admits that according to this published fuel surcharge, when the 30-day average price of WTI exceeded $23 per barrel, fuel surcharge rates increased 0.4 percent for every $1 increase.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the activities of NS as alleged in Paragraph 76.  CSXT otherwise denies the allegations of Paragraph 76.

77.     CSXT admits that it changed its published fuel surcharge two months after the WTI adjusted, and that it published its monthly fuel surcharge percentages on its website.  CSXT otherwise denies the allegations of Paragraph 77.

78.     CSXT denies the allegations of Paragraph 78.

79.     CSXT denies the allegations of Paragraph 79.

80.     CSXT admits that the AII and RCAF both included a fuel component.  CSXT otherwise denies the allegations of Paragraph 80.

81.     CSXT denies the allegations of Paragraph 81.

82.     CSXT admits that the creation and publication of a cost escalation index without a fuel component was not required by any regulatory body.  CSXT otherwise denies the allegations of Paragraph 82.

83.     CSXT denies the allegations of Paragraph 83.

## IMPLEMENTATION OF THE SCHEME:  THE FUEL SURCHARGES IMPOSED BY THE DEFENDANTS

84.     CSXT admits that it applied fuel surcharges to at least some published tariff rates and other traffic such as private contracts.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the activities of other Defendants.  CSXT otherwise denies the allegations of Paragraph 84.

85.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86.     CSXT lacks knowledge or information sufficient to form a belief regarding the activities of other Defendants as alleged in Paragraph 86.

87.     CSXT denies the allegations of Paragraph 87.

88.     CSXT admits that its published fuel surcharges were as alleged in Paragraph 88. CSXT lacks knowledge or information sufficient to form a belief regarding the activities of NS as alleged in Paragraph 88.

89.     CSXT denies the allegations of Paragraph 89.

90.     CSXT neither admits nor denies the allegations of Paragraph 90 because the *Traffic World* article referenced therein is the best evidence of its contents.  CSXT otherwise denies the allegations of Paragraph 90.

91.     CSXT denies the allegations of the first sentence of Paragraph 91.  CSXT admits that the American Chemistry Council issued a purported study of railroad fuel surcharge revenue in 2007, but states that the study is the best evidence of its contents.  CSXT denies that the purported study accurately analyzed or reported CSXT's fuel surcharge revenue or fuel costs.

92.     CSXT lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 92.

93.     CSXT denies the allegations of Paragraph 93.

94.     CSXT denies the allegations of Paragraph 94.

## OTHER ELEMENTS OF THE CONSPIRACY

95.     CSXT lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 95 regarding other Defendants.  CSXT denies the allegations of Paragraph 95 to the extent its allegations pertain to CSXT.

96.     CSXT denies the allegations of Paragraph 96.

97.     CSXT lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 97 regarding other Defendants.  CSXT otherwise denies the allegations of Paragraph 97.

98.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 regarding other Defendants.  CSXT otherwise denies the allegations of Paragraph 98.

99.     CSXT admits that national shipper organizations approached CSXT to discuss fuel surcharges.  CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 regarding other Defendants.  CSXT otherwise denies the allegations of Paragraph 99.

100.     CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 regarding the other Defendants.  CSXT otherwise denies the allegations of Paragraph 100.

101.     CSXT denies the allegations of Paragraph 101.

## ADDITIONAL EVIDENCE OF ANTICOMPETITIVE CONDUCT

102.     CSXT admits that Defendants are Class I railroads.  CSXT admits that its CEO and the CEOs of the other Defendants sit on the AAR's Board, and that the AAR Board meets from time to time.  CSXT admits that the Supreme Court issued an opinion in *United States v.*

*Trans-Missouri Freight Ass'n*, 166 U.S. 290 (1897)—over a hundred and ten years ago (and prior to the enactment of the federal antitrust law applicable to this case), and addressing facts that have nothing to do with this action—but neither admits nor denies the allegations relating to its content because that opinion is the best evidence of its contents. CSXT otherwise denies the allegations of Paragraph 102, including its sub-parts.

### THE STB DECISION

103.    CSXT neither admits nor denies the allegations of Paragraph 103 because the STB ruling is the best evidence of its contents.

104.    CSXT neither admits nor denies the allegations of Paragraph 104 because the STB ruling is the best evidence of its contents.

105.    CSXT neither admits nor denies the allegations of Paragraph 105 because the STB ruling is the best evidence of its contents.

106.    CSXT denies the allegations of Paragraph 106.

### DEFENDANTS' SUPRACOMPETITIVE PROFITS

107.    CSXT admits that the American Chemistry Council issued a purported study of railroad fuel surcharge revenue in 2007, but states that the study is the best evidence of its contents. CSXT otherwise denies the allegations of Paragraph 107, including that the purported study accurately analyzed or reported CSXT's fuel surcharge revenue or fuel costs.

108.    CSXT neither admits nor denies the allegations of Paragraph 108 because the *Rail Business* article referenced therein is the best evidence of its contents.

109.    CSXT denies the allegations of Paragraph 109.

110.    CSXT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and sixth sentences of Paragraph 110.  CSXT otherwise denies the allegations of Paragraph 110.

111.    CSXT denies the allegations of Paragraph 111, including its sub-parts.

**ANTITRUST INJURY TO INDIRECT PURCHASER PLAINTIFFS AND CLASS**

112.    CSXT denies the allegations of Paragraph 112, including its sub-parts.

113.    Paragraph 113 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations of Paragraph 113.

114.    Paragraph 114 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations of Paragraph 114.

115.    Paragraph 115 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations of Paragraph 115.

**COUNT I**

**(Injunctive Relief for Violation of § 1 of the Sherman Act)**

116.    CSXT incorporates by reference its responses to Paragraphs 1-115 as if set forth fully herein.

117.    Paragraph 117 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations of Paragraph 117.

118.    Paragraph 118 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations of Paragraph 118.

119.    Paragraph 119 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations of Paragraph 119.

120.    Paragraph 120 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations of Paragraph 120.

121.     Paragraph 121 sets forth legal conclusions to which no response is required.  To the extent that a response is required, CSXT denies the allegations of Paragraph 121.

## COUNT II

### (Violation of State Antitrust Laws)

122.     Paragraphs 122-142 set forth legal conclusions corresponding to a claim that has been dismissed by the Court, and therefore no response is required.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Indirect Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket No. 176 (D. D. C. Dec. 31, 2008). To the extent a response is required, CSXT denies the allegations of Paragraph 122-142.

## COUNT III

### (Violation of State Consumer Protection and Unfair Competition Laws)

143.     Paragraphs 143-161 set forth legal conclusions corresponding to a claim that has been dismissed by the Court, and therefore no response is required.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Indirect Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket No. 176 (D. D. C. Dec. 31, 2008). To the extent a response is required, CSXT denies the allegations of Paragraph 143-161.

## COUNT IV

### (Unjust Enrichment and Disgorgement of Profits)

162.     Paragraphs 162-165 set forth legal conclusions corresponding to a claim that has been dismissed by the Court, and therefore no response is required.  *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Indirect Purchasers' Complaint, *In re: Rail Freight Fuel Surcharge Antitrust Litigation*, 07-489, Docket No. 176 (D. D. C. Dec. 31, 2008). To the extent a response is required, CSXT denies the allegations of Paragraph 162-165.

## PLAINTIFFS' PRAYER FOR RELIEF

CSXT denies that Plaintiffs are entitled to any of the relief they seek.

## AFFIRMATIVE DEFENSES

Having fully answered the Complaint, as separate and distinct affirmative defenses, CSXT alleges as follows:

1.  Plaintiffs fail to state a claim upon which relief can be granted.

2.  Plaintiffs and members of the putative class lack standing to bring these claims, including but not limited to, because Plaintiffs and members of the putative class lack standing to assert a claim for injunctive relief under 15 U.S.C. § 26.

3.  Plaintiffs' state-law claims for damages are preempted by federal law under the Court's order of December 31, 2008.

4.  Plaintiffs have not sustained antitrust injury and do not face threatened antitrust injury.

5.  Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

6.  Plaintiffs' claims are barred in whole or in part by the equitable doctrines of laches, estoppels, and waiver.

7.  Plaintiffs' claims are barred, in whole or in part, because this action cannot be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

8.  Plaintiffs have not sustained any injury or damages caused by any action of CSXT.

9.  To the extent that Plaintiffs allege that CSXT engaged in misconduct by virtue of meetings, discussions or agreements relating to interline movements, rates or related matters, Plaintiffs' claims are foreclosed by 49 U.S.C. § 10706.

10.  Plaintiffs' claims are barred because CSXT's conduct was proper and had no adverse effect on competition or restraint of trade in any relevant market.

11.    CSXT had legitimate business justifications for the conduct at issue, and its conduct was procompetitive.

12.    Plaintiffs' claims are barred, in whole or in part, to the extent those claims are based on conduct that is subject to the jurisdiction of the STB.

13.    Plaintiffs' claims are barred, in whole or in part, because those claims improperly infer the existence of a conspiracy based on CSXT's common carrier obligation to disclose rates and provide shippers with advance notice of rate changes pursuant to 49 U.S.C. § 11101.

14.    Plaintiffs are not entitled to injunctive relief.

15.    Plaintiffs' damages, if any, are speculative and unascertainable.

16.    Plaintiffs have failed to exercise reasonable care and diligence to mitigate their alleged damages.

17.    Plaintiffs have failed to join indispensable parties.

18.    CSXT incorporates by reference any additional affirmative defenses asserted by other Defendants.

19.    CSXT reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant CSXT respectfully requests that the Court (1) enter judgment in favor of CSXT and against Plaintiffs on all of their claims; (2) dismiss the Complaint with prejudice and enter judgment in favor of CSXT; (3) deny class certification; (4) award CSXT its costs, expenses and attorneys' fees; and (5) award such other relief as the Court deems just and proper.

Dated: February 9, 2011

Respectfully submitted,

/s/ David D. Cross
Kent A. Gardiner (D.C. Bar # 432081)
Kathryn D. Kirmayer (D.C. Bar # 424699)
Shari Ross Lahlou (D.C. Bar # 476630)
David D. Cross (D.C. Bar # 490187)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

*Attorneys for Defendant*
*CSX Transportation, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2011, I electronically filed the foregoing Defendant CSX Transportation, Inc's Answer to the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to counsel for all parties.

/s/ David D. Cross
David D. Cross