UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION ) ) ) ) This document relates to: ) ) ALL DIRECT PURCHASER CASES ) ) | MDL Docket No. 1869 Misc. No. 07-489 (PLF) |

ORDER

      As the parties are undoubtedly aware, on March 29, 2011, the Supreme Court heard oral argument in Wal-Mart Stores, Inc. v. Dukes, No. 10-277, a case that involves the question "[w]hether the class certification ordered under Rule 23(b)(2) was consistent with Rule 23(a)." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 795 (2010) (internal quotations omitted). Although the class certification motion pending before this Court involves Rule 23(b)(3), a review of the oral argument transcript in Wal-Mart Stores suggests that the Supreme Court's decision in that case may have a bearing on this case. Therefore, counsel shall not expect a decision on the direct purchaser plaintiffs' motion for class certification [Dkt. No. 337] until after the Supreme Court issues its decision in Wal-Mart Stores. Furthermore, the Court will order the parties to file a joint written report thirty days after the Supreme Court's decision stating whether either party believes that supplemental briefing is necessary.

      Accordingly, it is hereby

      ORDERED that, thirty days after the Supreme Court issues its decision in Wal-Mart Stores, Inc. v. Dukes, No. 10-277, the parties shall meet and confer and shall file a

joint written report stating whether either party believes that supplemental briefing is necessary, and, if so, listing the proposed topics and proposing a briefing schedule.

        SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  April 7, 2011