UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION ) ) ) ) This document relates to: ) ) ALL DIRECT PURCHASER CASES ) ) | MDL Docket No. 1869 Misc. No. 07-489 (PLF) |

ORDER

For the reasons set forth in the Opinion issued under seal this same day, it is hereby ORDERED that

    1.    The direct purchaser plaintiffs' motion for class certification [Dkt. No. 337] is GRANTED.

    2.    This case is certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure for purposes of litigation and trial.

    3.    The class is defined as follows:

All entities or persons that at any time from July 1, 2003 until December 31, 2008 (the "Class Period") purchased rate-unregulated rail freight transportation services directly from one or more of the Defendants, as to which Defendants assessed a stand-alone rail freight fuel surcharge applied as a percentage of the base rate for the freight transport (or where some or all of the fuel surcharge was included in the base rate through a method referred to as "rebasing") ("Fuel Surcharge").

Excluded from this Class definition are (a) Defendants, any subsidiaries or affiliates of Defendants, any of Defendants' co-conspirators, whether or not named as a Defendant in the Complaint, and all federal governmental entities, and (b) all entities or persons that paid a Fuel Surcharge directly to any of the Defendants solely pursuant to a railroad-shipper contract that was (i) entered into before July 1, 2003, and (ii) provided for a stand-alone Fuel Surcharge to be paid under a predetermined formula specifically set forth in the contract.

4. The class claim is the direct purchaser plaintiffs' claim for price fixing in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. This claim is certified for class treatment.

5. The eight named plaintiffs — Dust Pro, Inc.; Carter Distributing Company; Dakota Granite Company; Donnelly Commodities, Inc.; U.S. Magnesium LLC; Nyrstar Taylor Chemicals, Inc.; Olin Corporation; and Strates Shows, Inc. — are designated as the class representatives.

6. Under Rule 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure, the Court appoints Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Hausfeld LLP ("Hausfeld") as co-lead class counsel for the class. The Court finds that the designation of Quinn Emanuel and Hausfeld as co-lead class counsel is in the best interests of the class because both firms (a) have zealously represented the interests of the class in litigating this case while serving as interim co-lead class counsel; (b) have extensive relevant experience in complex antitrust litigation and knowledge of the law applicable to this case; and (c) are willing to commit the resources necessary to represent the class. The duties of co-lead class counsel shall be the same as the duties designated to those firms while serving as interim co-lead class counsel, as set forth in the Court's Orders of March 11, 2008 [Dkt. No. 71], April 28, 2008 [Dkt. No. 99], and April 3, 2009 [Dkt. No. 269].

7. The direct purchaser plaintiffs' motion for an order directing the parties to meet and confer concerning scheduling [Dkt. No. 537] is GRANTED. Under Rule 23(f) of the Federal Rules of Civil Procedure, the court of appeals may permit an appeal from this Order granting class certification "if a petition for permission to appeal is filed with the circuit clerk

within 14 days after the order is entered." FED. R. CIV. P. 23(f). "An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Id. By July 10, 2012, the parties shall meet and confer and shall file a joint notice with the Court regarding how they wish to proceed in this case; the parties specifically shall address (a) whether defendants have filed a petition for permission to appeal with the Clerk of the D.C. Circuit, and, if so, (b) whether either side requests that this Court stay proceedings in this case pending resolution of any matters before the court of appeals.

8.  As the parties are aware, the Opinion accompanying this Order temporarily has been issued under seal in its entirety in view of the possibility that the Court has referenced "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material, as described in the Protective Order issued in this case. See Protective Order ¶¶ 1.3, 1.4, Jan. 29, 2009 (Facciola, Mag. J.) [Dkt. No. 195]. That Opinion, however, will not remain under seal. By July 10, 2012, the parties shall meet and confer and shall file a joint report showing cause why the Opinion issued under seal this same day should not be published in full without redactions on the public docket of this Court.

If either party believes that some passage(s) of the Court's Opinion should be redacted, they must specify in the joint report which passage(s) and must specifically state the cause for each redaction. In making any such request, the parties are reminded that the courts are not intended to be, nor should they be, secretive places for the resolution of secret disputes. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (footnotes omitted); Johnson v. Greater Se. Cmty.

Hosp. Corp., 951 F.2d 1268, 1277 (D.C. Cir. 1991) (noting that there is a "strong presumption in favor of public access to judicial proceedings"); United States v. Hubbard, 650 F.2d 293, 317 n.89 (D.C. Cir. 1980) (holding that the trial court's discretion to restrict access to court records should "clearly be informed by this country's strong tradition of access to judicial proceedings"). Accordingly, any redactions shall be made solely to the extent necessary to preserve the confidentiality of the relevant information in accordance with the terms of the Protective Order issued in this case. See Protective Order ¶¶ 1.3, 1.4.

        SO ORDERED.

DATE: June 21, 2012

/s/
PAUL L. FRIEDMAN
United States District Judge