UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION ) ) ) ) This document relates to: ) ) ALL DIRECT PURCHASER CASES ) ) | MDL Docket No. 1869 Misc. No. 07-489 (PLF) |

## MOTION FOR ACCESS TO THE RECORD

Oxbow Carbon & Minerals LLC, Oxbow Mining, LLC, Oxbow Calcining International LLC, Oxbow Midwest Calcining LLC, Oxbow Calcining LLC and Terror Creek LLC (collectively "Oxbow") respectfully move this Court for access to the record in this action (the "Fuel Surcharge Action"). Oxbow is a shipper that has been subject to the fuel charges at issue in the Fuel Surcharge Action and is pressing similar claims, among others, as plaintiff in *Oxbow Carbon & Minerals LLC, et al. v. Union P. R.R. Co., et al.*, No. 1:11-cv-01049 (BJR) (JMF) (the "Oxbow Action").

As this Court has aptly stated, the "courts are not intended to be, nor should they be, secretive places for the resolution of secret disputes."[1] The record in this Fuel Surcharge Action is directly relevant to Oxbow's own fuel surcharge claims in a related suit involving Defendants here, Union Pacific Railroad Company ("UP") and BNSF Railway Company ("BNSF"). Defendants have asserted no legitimate basis to keep these probative materials secret from

---

[1] Order of June 21, 2012 (Dkt. No. 540) at 3 (*citing Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978); *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F. 2d 1268, 1277 (D.C. Cir. 1991); *United States v. Hubbard*, 650 F. 2d 293, 317 n.89 (D.C. Cir. 1980)).

Oxbow (nor is there any).  Accordingly, and consistent with the public interest in open proceedings, the Court should allow Oxbow access to the record in the Fuel Surcharge Action.[2]

Because of the importance of this issue, Oxbow also respectfully requests that the Court allow the undersigned to appear at the August 9, 2012 hearing for the limited purpose of addressing Oxbow's right to access the record.[3]

## ARGUMENT

### I.     AS A FUEL SURCHARGE PLAINTIFF, OXBOW HAS A VERY SUBSTANTIAL INTEREST IN THE RECORD IN THIS FUEL SURCHARGE ACTION

Because Oxbow has asserted its own fuel surcharge claims against defendants UP and BNSF, Oxbow has a direct interest in the similar claims that are the subject of this Fuel Surcharge Action.  Substantial portions of the record in this case—much of which has been sealed or redacted—directly bear on Oxbow's pending fuel surcharge claims.  However, class counsel has described the docket in this case as "opaque,"[4] and the portions of the record available to the public are so heavily redacted that it is impossible for interested parties like Oxbow to evaluate critical matters relating to their own fuel surcharge claims.

---

[2] Oxbow joins The Southern Company's Motion for Access to Materials Filed Under Seal, filed July 24, 2012 (Dkt. No. 553).  Oxbow's counsel attempted to meet and confer with counsel for all parties in connection with the Southern Company motion but has not received a response as to their position concerning access generally.  Oxbow has asked counsel for the parties to consent to this motion, but they could not do so immediately.  Oxbow is prepared to work with counsel for the parties prior to the August 9 hearing to see if the matters addressed herein can be resolved.

[3] Oxbow is currently a class member in the Fuel Surcharge Action, even though it has its own related action pending.  If this Court believes that Oxbow nonetheless must formally seek leave to intervene for the limited purpose of making this motion or being heard at the August 9 hearing, Oxbow respectfully requests that the Court treat this as a request for leave to intervene for that limited purpose.

[4] Joint Status Report Regarding Redactions of Class Certification Opinion (filed July 11, 2012) (the "Report") at 2.

In fact, class counsel—who are familiar with the full, unredacted record—have noted the "keen interest" of other fuel surcharge plaintiffs in claims at issue here and the (largely obscured) facts underlying those claims.[5]  The Court's June 21, 2012 Order recognized the strong public interest in open access.[6]  *A fortiori*, entities that hold fuel surcharge claims and therefore have a direct and substantial financial interest in this litigation should have access to the full record. The Court should not permit the Defendants to keep information germane to fuel surcharge claims secret from other fuel surcharge plaintiffs.[7]

## II.   THE COMPLETE RECORD IN THIS CASE SHOULD BE PUBLIC, OR, AT MINIMUM, MADE FULLY AVAILABLE TO OXBOW

Although the designation of materials as "confidential" is intended solely to safeguard legitimate trade secrets or proprietary information from competitors, Defendants have misused this designation to withhold relevant data from fuel surcharge plaintiffs like Oxbow:

- The Court declined most of the redactions Defendants proposed to the Court's class certification opinion and instead issued its opinion on the public record with only minimal information withheld.  The relatively small number of redactions that the Court approved both illustrates that the materials in question should be available to the public and reflects the importance of transparency.

- Class counsel have characterized the public record in this action as "replete with heavily redacted materials" caused by "Defendants' over-zealous designation of documents—some nearly a decade old—as 'Confidential' or "Highly Confidential.'"[8]

---

[5] *Id.*

[6] Order at 3-4.

[7] The continued secrecy is especially egregious because UP has refused to comply with a tolling agreement in connection with the Oxbow Action, pursuant to which UP promised to allow Oxbow "access to discovery" in the Fuel Surcharge Action.  *See Oxbow Carbon & Minerals LLC, et al. v. Union P. R.R. Co., et al.*, No. 1:11-cv-01049 (BJR) (JMF), Dkt. Nos. 26 and 32.  This Motion is independent of Oxbow's pending motion before this Court to enforce UP's contractual promise, and it seeks a broader range of materials than those this motion addresses.  *Id.*

[8] Report at 2.

- ▪ The class claims end in 2008. Therefore, all information marked as purportedly "confidential" is dated and cannot have any commercial significance that could justify withholding it from the public.[9]

Simply put, Defendants have distorted the protective order in the Fuel Surcharge Action from a means to protect genuinely confidential commercial information into a discovery weapon to keep highly probative information secret from Oxbow and other parties asserting fuel surcharge claims.

In the very rare circumstance that a fact truly should be withheld from the public, then parties and their counsel can be subject to a protective order ensuring that such material is not disseminated outside of fuel surcharge litigation against Defendants.[10] But simple justice and fairness demand that Oxbow (if not the public) have access to the record.

---

[9] *Id.* at 3-4.

[10] Oxbow does not believe that any need to keep the record from the public remains (if it ever existed). However, to the extent that some limited confidentiality is required, the Court should only restrict the dissemination of materials to third parties. Oxbow, other class members, and their counsel should have full access. Nevertheless, Oxbow is willing to take documents subject to such orders as the Court reasonably deems appropriate under the circumstances, provided that Oxbow reserves its right to petition the Court to adopt an appropriately tailored protective order with respect to discovery in the Oxbow Action.

## **CONCLUSION**

For these reasons, the Court should allow Oxbow access to the complete record in this action. A proposed Order embodying the relief requested is attached.

Dated:   July _, 2012

| | |
|---|---|
| TROUTMAN SANDERS LLP | BOIES SCHILLER & FLEXNER LLP |
| __/s/_ John R. Gerstein_____<br>John R. Gerstein, D.C. Bar No. 913228<br>Merril Hirsh, D.C. Bar No. 366952<br>901 9th Street, NW, Suite 1000<br>Washington, DC 20004-2134<br>Telephone: (202) 274-2950 | David Boies<br>333 Main Street<br>Armonk, NY 10504<br>Telephone: (914) 749-8201 |
| Barry J. Brett<br>Daniel N. Anziska<br>405 Lexington Avenue<br>New York, NY 10174<br>Telephone: (212) 704-6000 | Robert Silver<br>575 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-2394 |
| Fletcher Paddison<br>11682 El Camino Real, Suite 400<br>San Diego, CA 92130-2092<br>Telephone: (858) 509-6007 | Samuel Kaplan, D.C. Bar No. 463350<br>5301 Wisconsin Ave., NW, Suite 800<br>Washington, DC 20015<br>Telephone: (202) 237-2727 |

*Attorneys for Plaintiffs Oxbow Carbon & Minerals LLC; Oxbow Mining, LLC;*
*Oxbow Calcining International LLC; Oxbow Midwest Calcining LLC;*
*Oxbow Calcining LLC; and Terror Creek LLC*

**CERTIFICATE OF SERVICE**

I, John R. Gerstein, certify that on July 31, 2012, I electronically filed the foregoing Motion for Access to the Record and proposed Order with the Clerk of the U.S. District Court for the District of Columbia using the CM/ECF system, which will in turn send a notice of this electronic filing to all counsel.

           /s/ John R. Gerstein