# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 08-8014**  **September Term 2008**

1:03-mc-00223-RJL

Filed On: February 23, 2009

In re: Nifedipine Antitrust Litigation, et al.,

    Petitioners

**BEFORE:**    Tatel, Brown, and Griffith, Circuit Judges

### ORDER

Upon consideration of the petition for leave to appeal pursuant to Fed. R. Civ. P. 23(f), the opposition thereto, and the reply; the Rule 28(j) letter, filed January 6, 2009, and the response thereto; and the Rule 28(j) letter, filed February 3, 2009, it is

**ORDERED** that the petition for leave to appeal be denied. Petitioners claim that this case presents "unsettled and fundamental issue[s] of law relating to class actions, important both to specific litigation and generally, that [are] likely to evade end-of-the-case review," and the district court's class certification decision is "manifestly erroneous." In Re Lorazepam & Chlorazepate Antitrust Litig., 289 F.3d 98, 99-100 (D.C. Cir. 2002). But the propriety of a district court's refusal to scrutinize the probative value of evidence proffered to demonstrate that the requirements of Fed. R. Civ. P. 23 are satisfied is well-settled. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974), In re Rand Corp., 2002 WL 1461810, at *1 (D.C. Cir. 2002) (per curiam) ("[T]hat the district court refused to address the merits of this action in granting class certification does not establish that the certification is manifestly erroneous.") And the petitioners offered no evidence beyond mere assertions that certification of the class would sound the death knell of the litigation. See In Re Lorazepam & Chlorazepate Antitrust Litig., 289 F.3d at 108.

Because no appeal has been allowed, no mandate shall issue. The Clerk is instructed to transmit a certified copy of this order to the district court.

**Per Curiam**