IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | )<br>)<br>)<br>) MDL No. 1869<br>) Misc. No. 07-489 (PLF)<br>) Hon. Paul L. Friedman<br>) |
| This document relates to:<br>ALL CASES | )<br>)<br>)<br>) |

**DECLARATION OF J. SCOTT BALLENGER IN SUPPORT OF LATHAM & WATKINS LLP'S RESPONSE IN OPPOSITION TO OXBOW'S MOTION TO DISQUALIFY COUNSEL**

1.   My name is James Scott Ballenger. I am a partner in the Washington, D.C. office of Latham & Watkins LLP ("Latham"), and a member of the firm's Supreme Court and Appellate and Antitrust and Competition practice groups. I am a member in good standing of the bar of the District of Columbia, and of the bar of this Court.

2.   Latham has represented Union Pacific Railroad ("UP") since 1997, in at least 32 separate matters. Our work for UP has been primarily in litigation and environmental matters, spanning a wide range of issues. That work has been publicly disclosed and often prominent. We have, for example, represented UP in three merits cases before the Supreme Court of the United States in the past five years: *Burlington Northern and Santa Fe et al. v. United States*, 556 U.S. 599 (2009), *Union Pacific R. Co. v. Brotherhood of Locomotive Engineers and Trainmen*, 558 U.S. 67 (2009), and *Kawasaki Kisen Kaisha et al. v. Regal-Beloit Corp.*, 130 S. Ct. 2433 (2010). I worked on all three cases and briefed and argued the latter two.

1

3. Latham had no involvement with the rail fuel surcharge litigation and no intent to become involved in that litigation prior to June 2012. UP first requested our assistance in the fuel surcharge class action when UP's general counsel Gayla Thal called me in late June 2012 for advice regarding appellate strategy for a Rule 23(f) petition for interlocutory review of this Court's class certification decision, which was due on July 5, 2012 and being drafted by existing counsel. On July 2, 2012, I requested a conflicts check regarding the named plaintiffs and named defendants in the class action in Latham's conflicts system. The next day, July 3, 2012, I determined that there were no conflicts and offered UP my comments on the draft 23(f) petition.

4. Later that month, UP told my colleague Maureen Mahoney and me that they would like us to become more deeply involved in strategy for the case. Out of an abundance of caution, on July 30, 2012 I requested that the conflicts check be updated. I determined that same day that there still were no conflicts.

5. Subsequently Maureen Mahoney and I also involved our colleagues Daniel Wall, Gregory Lindstrom, and Alfred Pfeiffer. UP made the decision that Mr. Wall would serve as lead trial counsel for UP in the class action trial in this Court.

6. At some point between late August and October 2012 (I do not recall specifically when) other outside counsel representing UP mentioned to us that the Oxbow companies had filed a separate case and that Oxbow had filed a motion seeking access to discovery in the class action, which UP had opposed. I later learned that Oxbow filed its motion on July 31, 2012 and UP filed its opposition on August 8, 2012. Latham did not advise UP about Oxbow's motion seeking access to discovery, and it had nothing to do with UP's response to that motion. We did not even learn about the dispute until the briefing was complete. Nor was Latham involved in the briefing or argument of UP's motion to dismiss the Oxbow case, which the Court recently granted with leave to amend. All of that and the Oxbow litigation generally was handled exclusively by other law firms, namely Jones Day and Covington & Burling.

7. When Mr. Wall was retained as lead counsel for the class action, I told him about the Oxbow case, that Oxbow was a Latham client, and that accordingly we needed to avoid participating in UP's defense of that case. (I did not know at that time that Latham had an advance waiver from Oxbow, covering litigation, because having no intention of appearing in that case I had no reason to inquire about that.) A few weeks later UP asked Mr. Wall whether he could represent UP in the Oxbow case. Mr. Wall consulted with me and we agreed that we should decline the opportunity in light of Latham's existing relationship with Oxbow. Mr. Wall thereafter advised UP and UP's other outside counsel in the class action that Latham would not be involved in Oxbow's separate case or in any work that might arise in the class action adverse to Oxbow. Latham has not appeared in or represented UP in connection with Oxbow's separate case.

8. I entered an appearance in this Court on October 4, 2012 for the purpose of moving the admission of my colleagues Daniel Wall, Gregory Lindstrom, and Alfred Pfeiffer *pro hac vice*.

I declare under penalty of perjury the foregoing to be true and correct.

Executed this 1st day of March, 2013

*[signature]*
James Scott Ballenger