UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re RAIL FREIGHT FUEL SURCHARGE
ANTITRUST LITIGATION

MDL No. 1869
Misc. No. 07-489 (PLF/AK/JMF)

This Document Relates To:

ALL DIRECT PURCHASER CASES

**THE PARTIES' JOINT STATEMENT PURSUANT TO
THE NOVEMBER 5, 2013 SHOW CAUSE ORDER**

On November 5, 2013, this Court directed the parties to file a joint statement addressing six issues related to filing materials under seal, including five issues that related to the redaction of the expert report of Thomas Crowley ("Crowley Report" or "Report") and redactions in the briefing on Defendants' motion to compel related to the Crowley Report.

As an initial matter, in light of the Court's November 5, 2013 Opinion on the motion to compel, Plaintiffs are withdrawing Mr. Crowley as an expert witness. Plaintiffs state that they have been advised by Mr. Crowley that much of the information that the Court ordered to be disclosed is governed by confidentiality agreements between Mr. Crowley and his shipper clients, whom he represented in contract negotiations with the railroads. In order to produce the information required by the Court, Mr. Crowley would have to approach each of the clients he has represented in a career spanning four decades and seek a waiver of the confidentiality provisions, which would not be feasible to achieve (if achievable at all) within any reasonable time frame. Nor would Mr. Crowley be able to opine meaningfully on the other issues in his report without being able to cite to his experience, which he is not permitted to do under the Court order absent the production of further information. Accordingly, Plaintiffs submit, neither

option A nor option B set forth in the Court's Opinion is viable.  Plaintiffs have no choice but to withdraw Mr. Crowley's expert report.

The parties hope that the withdrawal of Mr. Crowley's Report addresses many of the concerns that the Court has expressed with respect to the redaction of information contained in the Report.  In that context, the parties respectfully submit the following responses to the six specific issues identified by the Court:

**1.     Whether the Court's Opinion on the motion to compel should be partially redacted.**

The parties have carefully reviewed the Court's opinion on the motion to compel and have no objection to the public release of the Opinion without any redaction.

**2.     Why it was proper for the parties to publicly redact all parts of the expert opinion of Thomas Crowley.**

Plaintiffs designated the Crowley Report "Highly Confidential" under the Protective Order in its entirety because it is interwoven with references to deposition transcripts and record evidence that Defendants had designated Confidential or Highly Confidential when produced in discovery.  Further, the Report refers to the terms of several confidential shipper contracts with several of the defendants.

Under Paragraph 11 of the Protective Order (Dkt. No. 195), as modified by this Court's Order of April 20, 2009 (Dkt. No. 275), material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is to be filed under seal.  Because the Crowley Report was designated Highly Confidential, when the parties filed the Report as an exhibit to their motion and opposition papers, they redacted the entirety of the Report.

The parties also respectfully submit that the propriety of redacting the Crowley Report should be viewed in light of the status of that report as a discovery document prepared and served pursuant to Fed. R. Civ. P. 26.[1]  This treatment differs from that afforded to dispositive motions.[2]

However, in light of the concerns expressed in the Court's Order (and unless the Court concludes that this issue is now moot in light of Plaintiffs' withdrawal of Mr. Crowley's Report), the parties do not object to filing a public version of the Crowley Report, with the exception of two small portions that the parties respectfully submit should remain redacted.  Footnote 7 of the Report (at page 9) contains a quotation from a deposition discussing confidential contract terms for a particular shipper with CSX.  Similarly, the last paragraph on page 10 of the Report identifies a specific rate adjustment mechanism in a BNSF contract.  Such contract-specific information is within the scope of "confidential … financial information that is commercially sensitive" that qualifies as Confidential under the Protective Order.  *See* Dkt. No. 195 at ¶1.3.  Such shipper contract information also potentially implicates the confidentiality requirements for shipper contracts included in 49 U.S.C. § 11904.  Moreover, the parties believe that redaction of such shipper information is consistent with the redactions ordered by Judge Friedman with respect to the Court's class certification decision (Dkt. No. 549).

---

[1]  *See Friedman v. Sebelius*, 672 F. Supp. 2d. 54, 61 (D.D.C. 2009) ("[i]f the documents were obtained through discovery, . . . they are afforded a stronger presumption of privacy"). Courts have long recognized that any "presumptive right to public access" to filed materials does not apply "to discovery motions and their supporting documents."); *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312-13 (11th Cir. 2003); *Flagg ex. rel. Bond v. City of Detroit*, 268 F.R.D. 279, 293 (E.D. Mich. 2010); *In re the Reporters Committee for Freedom of the Press*, 773 F.2d 1325, 1338 (D.C. Cir. 1985) ("[i]t can thus hardly be said that there was a tradition, or is even now a general practice, of public access to pre-trial depositions").

[2]  *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 20 (D.D.C. 2010) ("documents considered by the Court in connection with a dispositive motion are often, but not always, subject to a presumption of access").

**3.      How the expert opinion of Thomas Crowley falls within either the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" categories of the Protective Order.**

Plaintiffs designated the Crowley Report Highly Confidential based on the Report's numerous references to information that was designated as Confidential or Highly Confidential when produced in discovery and/or that otherwise fit within the definition of such material under the Protective Order, without prejudice to any future challenge to those designations.  Mr. Crowley referenced material that Defendants had designated Confidential or Highly Confidential throughout his Report, including on page 9 (Mr. Crowley cited and quoted deposition testimony); on page 11 (Mr. Crowley cited and quoted from numerous documents and deposition transcripts); on page 13 (Mr. Crowley cited, summarized, and quoted from several witnesses' deposition testimony); on pages 21-23 (Mr. Crowley cited, summarized, and quoted from several witnesses' deposition testimony); and on pages 23-24 (Mr. Crowley quoted numerous documents).  Further, as mentioned above, the Report refers to the terms of particular shipper contracts at pages 9 and 10.

**4.      Why the filings in [#657], [#660], and [#663] comply with the Protective Order.**

The filings at docket numbers 657, 660, and 663 comply with the Protective Order because they accurately redact the information cited in the submissions that had been previously marked as Confidential or Highly Confidential pursuant to the Protective Order.  Paragraph 3 of the Protective Order provides that "[t]he protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as

4

copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court….."  *See* Dkt. No. 195, at 4.

In addition to the Crowley Report, Plaintiffs' Opposition papers included as exhibits excerpts from some Defendant expert reports and depositions (See #660 at 1-2 and 12-13 and MacDonald Exhibits 5-11).  Defendants did not object when Plaintiffs redacted these excerpts because these materials were provided to Plaintiffs solely for discovery purposes and were filed with the Court only in the context of a discovery dispute; thus, Defendants concluded that there was no basis for public disclosure of those materials.[3]

Nevertheless, Defendants do not object to public disclosure of these excerpts in Plaintiffs' brief and exhibits (See #660 at 1-2 and 12-13 and MacDonald Exhibits 5-11), provided that such disclosure does not require full disclosure of the remainder of the referenced expert reports and depositions, which contain and analyze highly sensitive commercial information.

**5.      Why the filings in [#657], [#660], and [#663] – and all exhibits thereof – should not be made publicly available in their entirety, without redactions.**

Defendants' Motion and Reply papers (Dkt Nos. 657 and 663) redacted the Crowley Report and quotations from and references to the contents of that Report under the principles discussed above.  Consistent with the parties' response to the Court's issue No. 2, the parties do not now object to filing the entirety of the filings in Dkt Nos. 657 and 663 in public form, with the exception of the limited redactions to the Crowley Report discussed above and Exhibits 1 and

---

[3]  *See Friedman v. Sebelius*, 672 F. Supp. 2d. at 61 (D.D.C. 2009) ("If the documents were obtained through discovery, . . . they are afforded a stronger presumption of privacy."); *Leucadia*, 998 F.2d at 165 (any "presumptive right to public access" to filed materials does not apply "to discovery motions and their supporting documents"); *Chicago Tribune*, 263 F.2d at 1312-13; *Flagg* 268 F.R.D. at 293.

2 to the Lieberman Declaration, dated August 8, 2013, which contain confidential contract negotiation information.

The parties believe that for the filing at docket number 660, Exhibit 1 to the McDonald Declaration should remain redacted because it contains confidential contract negotiation information; McDonald Exhibit 12 should remain redacted because it contains confidential information about Mr. Crowley's clients; and McDonald Exhibit 13 should remain redacted, except for Mr. Crowley's summary of documents relied on, because it contains confidential information about Mr. Crowley's client and confidential contract negotiation information.

**6.      Why the parties should not, from this point forward, submit all proposed sealed filings to the Court, along with a detailed explanation of why the document should be sealed, for pre-authorization before being allowed to file the document under seal.**

The parties understand the Court's commitment to ensuring public access to these proceedings except in those instances where genuine, competitively sensitive information must be protected.  This Court's Show Cause Order emphasizes again the need to avoid unnecessary or inappropriate confidentiality designations.  The parties fully understand the Court's concern about avoiding unnecessary redactions and will redouble their commitment to transparency moving forward.

We respectfully submit, however, that a pre-clearance requirement is unnecessary and would ultimately cause more delay without any related benefit.  Counsel understand their obligation to comply with the Protective Order in good faith.

A pre-clearance requirement would impose considerable practical burdens.  It would require the parties to complete briefing substantially in advance of due dates on the schedule (which was set without any expectation of a need for court pre-clearance); it would require the

parties to share their briefs in advance of the filing deadlines (also inconsistent with the understanding when the schedule was set); and it would, the parties respectfully submit, impose undue burdens on the Court.

   As an alternative to pre-clearance, the parties believe the existing rules imposed by this Court for filing redacted papers should remain in place, with the understanding that all parties will be vigilant in preventing unnecessary confidentiality designations.

Dated:  November 8, 2013

Respectfully submitted,

/s/ Michael D. Hausfeld
Michael D. Hausfeld (DC Bar #153742)
William P. Butterfield (DC Bar #420354)
Seth R. Gassman (DC Bar #1011077)
Sathya S. Gosselin (DC Bar #989710)
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone:  (202) 540-7200
Facsimile:  (202) 540-7201
Email:  mhausfeld@hausfeldllp.com

/s/ Stephen R. Neuwirth
Stephen R. Neuwirth
Richard I. Werder, Jr.
Daniel L. Brockett
Kyle R. Taylor
Ben M. Harrington
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
Email:  stephenneuwirth@quinnemanuel.com

*Co-Lead Interim Class Counsel*

/s/ David D. Cross
David D. Cross
Kent A. Gardiner
Kathryn D. Kirmayer
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 624-2500

*Attorneys for Defendant CSX Transportation, Inc.*

/s/ Tara L. Reinhart
John M. Nannes
Tara L. Reinhart
Sean M. Tepe
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
  LLP
1440 New York Avenue, N.W.
Washington, DC 20005
(202) 371-7000

Saul P. Morgenstern
Jennifer B. Patterson
Amanda C. Croushore
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

Claudia R. Higgins
KAYE SCHOLER LLP
901 Fifteenth Street, NW
Washington, DC 20005
(202) 682-3500

*Attorneys for Defendant Norfolk Southern Railway Company*

/s/ David G. Meyer
Tyrone R. Childress
David G. Meyer
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071-2300
(213) 489-3939

Daniel M. Wall
Tim O'Mara
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 200
San Francisco, CA 94111-6538
(415) 391-0600

Alan M. Wiseman
Thomas A. Isaacson
COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004-2401
(202) 662-6000

*Attorneys for Defendant Union Pacific Railroad Company*

/s/ Randy M. Mastro
Randy M. Mastro
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4047

Andrew S. Tulumello
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 955-8500

Samuel L. Sipe, Jr.
Linda Stein
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000

Theodore J. Boutros, Jr.
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000

Veronica S. Lewis
Robert C. Walters
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue Suite 1100
Dallas, TX 75201
(214) 698-3100

*Attorneys for Defendant BNSF Railway Company*

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen R. Neuwirth, an attorney of record, certify that on November 8, 2013, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of the electronic filing to counsel for all parties.


/s/ Stephen R. Neuwirth