UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                  )
In re RAIL FREIGHT FUEL SURCHARGE    )
ANTITRUST LITIGATION                              )
_____)   MDL Docket No. 1869
                                                                  )   Misc. No. 07-489 (PLF)
This document relates to:                             )
                                                                  )
ALL CASES                                                 )
_____)


MEMORANDUM OPINION AND ORDER

    The Court held closed hearings on October 2, 2014 and October 21, 2014 to discuss plaintiffs' expert's potential conflicts of interest. The Court ordered the parties to submit memoranda of law as to: (1) how this case should proceed, i.e. whether plaintiffs should be permitted to submit a supplemental expert report; and (2) whether these proceedings should be unsealed. On November 7, 2014, the Court ordered the unsealing of the transcripts of the prior hearings, the parties' briefs filed on October 31, 2014 and November 7, 2014, and all further proceedings on this issue. A motions hearing and status conference is scheduled for November 13, 2014 at 9:30 AM.

    After an initial review of the parties' filings, the Court is deeply concerned that, in light of recently discovered evidence, issues relating to Dr. Rausser's credibility would predominate the class certification hearing and be a time-consuming distraction from resolving the ultimate issue of whether the class should be certified. Plaintiffs acknowledge that Dr. Rausser's undisclosed business relationships, implicating the issues in this case and kept secret even from plaintiffs' counsel as this case progressed, are a "serious matter concerning [his] credibility." Plaintiffs' Memorandum of Law in Support of Motion for Leave to File

Supplemental Expert Report, at 1 [Dkt. No. 742-1]; see also Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion, at 1 [Dkt. No. 748] ("We do not doubt the seriousness of the issues that have come to light . . . ."); id. at 8-12.  While it is clearly not their preferred course of action, plaintiffs' counsel have suggested an alternative: "substitute a new economic expert for Dr. Rausser."  Plaintiffs' Memorandum of Law at 3 n.5.  This alternative would require an entirely new expert or experts on plaintiffs' side, new economic analyses from defendants' experts, and briefing the class certification issues ab initio.  But it would avoid the side-show or trial-within-a-trial that plaintiffs' own filing suggests is virtually inevitable.  See id. at 10-14; see also Defendants' Memorandum of Law at 6-16.

      Accordingly, it is hereby

      ORDERED that the parties should be prepared to discuss at the November 13, 2014 hearing whether the Court should set aside all prior briefing and expert reports on class certification, treat all prior proceedings on class certification (including the appellate proceedings) as a nullity, and set a new expert report, discovery, and briefing schedule for class certification.  The parties should also be prepared to discuss how, in the event the Court sets such a new schedule, attorneys' fees and costs should be borne; and it is

      FURTHER ORDERED that plaintiffs' Interim Co-Lead Class Counsel shall be prepared to advise the Court whether members of the Executive Committee of Counsel have been fully apprised and consulted about the serious matter presently before the Court.

      SO ORDERED.

DATE: November 12, 2014

/s/_____
PAUL L. FRIEDMAN
United States District Judge