# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL No. 1869<br>Misc. No. 07-489 (PLF/AK/JMF) |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER CASES | **FILED UNDER SEAL** |

**EXHIBIT B**
**TO PLAINTIFFS' SUPPLEMENTAL REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

**SUPPLEMENTAL EXPERT REPORT OF JAMES T. MCCLAVE, PH.D.**

# Supplemental Expert Report of James T. McClave, Ph.D.

**In the matter of**

***In Re: Rail Freight Fuel Surcharge Antitrust Litigation***
**USDC, District of Columbia, Case No. 1:07-mc-00489-PLF**

**Highly Confidential**
**Pursuant to Protective Order**

**May 28, 2014**

## 1.0 Introduction

My name is James T. McClave. My educational background includes a B.S. in physics and a Ph.D. in statistics. I taught at the university level for 20 years, both in departments of statistics and in business schools. The primary area of my research and consulting has been econometrics, which is the application of statistical and mathematical methods to economic issues. During my academic career I have published peer-reviewed research in the fields of econometrics and statistics. I also authored and co-authored six textbooks in statistics and econometrics, including *Statistics for Business and Economics*, now in its 12th edition, which has been translated into several foreign languages.

I previously filed a report in this case responding to criticisms of Dr. Gordon Rausser's econometric analyses by five of Defendants' consultants.[1] That report summarized my expertise in econometrics and statistics and my experience in econometric analyses relating to the estimation of damages caused by antitrust violations.[2] I incorporate that summary by reference to my earlier report, and I have provided my current CV in Appendix A of this report.

One of Defendants' consultants, Dr. Joseph Kalt, has recently filed an additional declaration: "Declaration of Joseph P. Kalt, Ph.D," March 31, 2014 (with the April 3, 2014 and May 6, 2014 errata, the "Kalt Declaration"). Plaintiffs' counsel have asked me to respond to the Kalt Declaration. The Kalt Declaration addresses some of the issues raised in two recent reports submitted by Dr. Rausser[3] and in my Initial Report. The subsequent sections of this report contain my conclusions and opinions reached as a result of my review and evaluation of the econometric and statistical aspects of the Kalt Declaration.

---

[1] "Expert Report of James T. McClave, Ph.D.," June 12, 2013 ("McClave Initial Report") responding to: "Corrected Expert Report of Dennis W. Carlton, Ph.D. On Behalf of Defendant Union Pacific Railroad Company," February 6, 2013; "Corrected Expert Report of Barry C. Harris, Ph.D.," March 22, 2013; "[Corrected] Expert Report of Dr. John H. Johnson, IV," February 15, 2013; "[Corrected] Expert Report of Joseph P. Kalt, Ph.D.," March 1, 2013 ("Kalt Initial Report"); and "Expert Report of Janusz A. Ordover, Ph.D.," January 22, 2013.

[2] McClave Initial Report, Section 1.

[3] "Expert Reply Report of Gordon Rausser, Ph.D.," June 12, 2013 ("Rausser Merits Reply Report"); "Supplemental Expert Report of Gordon Rausser, Ph.D," December 19, 2013 ("Rausser Supplemental Class Certification Report").

The additional materials I have relied upon for my work since the submission of my Initial Report are listed in Appendix B.[4]

## 2.0 Summary of Opinions

Dr. Kalt's Declaration contains myriad misguided and baseless criticisms of the work Dr. Rausser and I have performed. In this report, I focus my analysis on the econometric and statistical aspects of Dr. Kalt's criticisms. I have concluded that none of Dr. Kalt's criticisms has merit. In my opinion, Dr. Rausser's model constitutes a well-accepted, reliable and appropriate methodology for determining the factors affecting rail freight pricing and for calculating overcharges caused by the alleged conspiracy in this case. The customer model that I have specified based on Dr. Rausser's model is also a reliable and appropriate methodology, and it fully supports this opinion.

The following sections of this report provide the details of my analyses and opinions. A summary of my conclusions is as follows:

1. **In his Declaration, Dr. Kalt again argues that he can find "structural breaks" throughout the benchmark period and class period, which he contends undermines Dr. Rausser's model. The breaks that Dr. Kalt claims to find are not tied to any economic theory or to the evidence in the case. In his Initial Report, Dr. Kalt estimated Dr. Rausser's model using what he called different "structural break" points,[5] which are simply different dates chosen arbitrarily by Dr. Kalt to separate his "pseudo-benchmark" and "pseudo-class" periods. I showed in my Initial Report that the results of Dr. Kalt's analysis supported Dr. Rausser's conclusion that a structural break occurred during mid-2003, at or near the beginning of the alleged conspiracy.[6] These analyses, which Dr. Kalt essentially repeats in his Declaration, continue to support and to validate Dr. Rausser's conclusion that a structural break occurred at the time of the alleged onset of**

[4] Appendix B of my Initial Report listed materials that I relied upon as of June 12, 2013; those materials are incorporated by reference here.
[5] Kalt Initial Report, ¶¶ 519-521.
[6] McClave Initial Report, Section 3.

generate a "false positive." He has now conducted numerous tests which consistently demonstrate that class period transactions were, in fact, impacted by the conspiracy. The data leave no doubt that all-in prices were elevated to supracompetitive levels by the conspiracy. The result of Dr. Rausser's analysis is no "false positive."

## 8.0 Conclusion

Dr. Kalt's Declaration contains numerous flawed econometric analyses, mischaracterizations, and misleading graphical depictions. None of his claims based on these analyses that challenge Dr. Rausser's (or my) analyses and opinions are reliable. To the contrary, many of Dr. Kalt's analyses, when properly conducted and interpreted, further support Dr. Rausser's econometric results and conclusions. As a result, I continue to hold the opinions expressed in my Initial Report. Dr. Rausser's model – whether using a fuel cost elasticity from Defendants' transaction data or the STB data – shows that (1) Defendant transaction prices were significantly elevated above competitive levels during the Class period; (2) all or virtually all class members were impacted by the conspiracy; and (3) a widely-accepted methodology provides reliable class-wide and individual class members' damages.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 28, 2014.

James T. McClave, Ph.D.