# EXHIBIT 32

quinn emanuel trial lawyers | new york
51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7165**

WRITER'S INTERNET ADDRESS
**stephenneuwirth@quinnemanuel.com**

October 8, 2014

**VIA ELECTRONIC MAIL**

David Cross
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Re: *In re Rail Freight Fuel Surcharge Antitrust Litigation*

Dear David:

Thank you for your letter of October 5, 2014.

The following responds to your various questions:

1. As we are sure was clear to you from our conversations on Friday and from all the facts and circumstances, we worked with OnPoint and Dr. Rausser, one of the experts retained to provide opinions concerning the Plaintiffs' claims, to respond to defendants' subpoenas as part of our ongoing work as interim Class Counsel. We advised Dr. Rausser to retain separate counsel for himself and OnPoint on October 2, 2014.

2. We plan to participate in the depositions that defendants have noticed and have served subpoenas for both documents and a deposition on Mr. Montgomery. We ask that you assist us in accelerating that process by advising us when Mr. Montgomery first contacted Defendants directly or through defense counsel concerning a relationship between OnPoint and Dr. Rausser and Cascade. We note that, prior to us serving Mr. Montgomery with a subpoena, you refused to provide information regarding your contact with the person who first brought this information to your attention, likely Mr. Montgomery, most notably during our September 26, 2014 meet and confer.

3. According to an email from Rachel Talbot, the Defendants served defective subpoenas on Dr. Rausser and OnPoint Analytics on September 15, 2014. We then agreed to accept service related to corrected subpoenas on September 24, 2014, which, according to defendants, were "identical" to the previous subpoenas that were served. Once we received the subpoenas, we instructed Dr. Rausser and OnPoint Analytics to begin gathering and retaining any potentially responsive materials. We reminded OnPoint and Dr. Rausser of their document-preservation obligations by letter on October 2, 2014. The material from OnPoint's files all came from the following custodians: Laura Craft, Gordon Rausser and Gareth McCartney. Other files were also searched, but no responsive material was found.

4. OnPoint Analytics and Dr. Rausser represented that they did a thorough search for responsive documents. No documents that were provided to us by OnPoint and Dr. Rausser and that we understood to be responsive to the subpoenas were withheld. To be clear, certain documents OnPoint and Dr. Rausser provided to us that related to Spectrum were not produced, because we did not understand these documents to be responsive to Defendants' subpoenas. We note that Defendants have since modified the definition of "Cascade Settlement Services" in the most recent subpoenas so as to request certain documents relating to Spectrum.

5. All document collection was handled by OnPoint's internal staff, with appropriate guidance from counsel. OnPoint and Dr. Rausser will be in the best position to answer the various questions you have raised, and we understand you plan to take a Rule 30(b)(6) deposition of OnPoint, which should afford you an opportunity to explore these issues. We do not understand, however, that all of the information you have requested is actually necessary "to ensure full compliance with the subpoenas."

6. Because we do not represent OnPoint Analytics or Dr. Rausser with respect to the subject matter of the subpoenas or the sealed court hearing, we cannot confirm which documents came from OnPoint and which came from Dr. Rausser's personal files. To the best of our understanding, the attached chart indicates the origin of the documents. We believe, but cannot confirm, that the documents in the "both" category are from Dr. Rausser's files at OnPoint.

7. We do not understand the purported linkage between the first and second sentences of your "seventh" point. You must have misunderstood us on the call on Friday because we did not indicate that we did not communicate with Dr. Rausser or OnPoint concerning the subpoenas before September 24th. We first received defective subpoenas on September 10th, which we understand Defendants then served on Dr. Rausser and OnPoint Analytics on September 15th. We promptly communicated with OnPoint and Dr. Rausser concerning the subject matter of the subpoenas. To our knowledge, no documents responsive to the subpoenas have been withheld based on a claim of privilege.

8. Your letter again mischaracterizes what we said during the call on Friday: namely, that because Dr. Rausser remains retained as Plaintiffs' expert at this time, we could not agree on a bright-line basis that any communications with Dr. Rausser and/or On Point will be discoverable. We noted that, for example, Defendants have suggested they would plan to question Dr. Rausser about these subjects at a class certification hearing. Further, you agreed that, for example, any preparation for the class-certification hearing would fall squarely within the existing expert stipulation and thus be non-discoverable.

Moreover, your letter incorrectly claims that we stated during the call that we did not communicate with Dr. Rausser and/or OnPoint Analytics regarding "the subject of the subpoenas and the October 2nd court conference" either "before or after" we began representing them in responding to the subpoenas. As we explained, we communicated with both Dr. Rausser and OnPoint Analytics for purposes of responding to the subpoenas.

9. We reserve our rights with respect to these matters.

10. In light of the Court's comments concerning confidentiality and the fact that Dr. Rausser and OnPoint are seeking their own counsel, we think this issue is best addressed to their counsel. You have expressed what you call "additional concerns" with the production by Dr. Rausser and OnPoint. We regard those as issues best addressed to their counsel. As noted above, however, we want to make clear that our intention with the production from OnPoint Analytics and Dr. Rausser was to provide a fulsome set of responsive documents to you as quickly as possible. Any implication from your letter that we did not respond adequately to the subpoena is unfounded.

We also note that you issued new subpoenas to both OnPoint Analytics and Dr. Rausser on October 6, 2014. While OnPoint Analytics's and Dr. Rausser's new counsel will presumably respond to those subpoenas, we find it troubling that you have asked for plainly protected communications between plaintiffs' counsel and both Dr. Rausser and OnPoint Analytics. (*See* document request number 6 to the OnPoint subpoena and document request number 7 to the Rausser subpoena.) If you do not issue new subpoenas that omit that request, we will move for an appropriate protective order or to quash the subpoenas. Please let us know by Thursday, October 9th whether you intend to withdraw those requests.

Thank you.

/s/ Michael D. Hausfeld
Michael D. Hausfeld

/s/ Stephen R. Neuwirth
Stephen R. Neuwirth

## Attachment Indicating Likely File Origin

**Rausser**
OPA_GR_SUB_00001, OPA_GR_SUB_00002-00017, OPA_GR_SUB_00018-00022, OPA_GR_SUB_00023-00032, OPA_GR_SUB_00033-00060, OPA_GR_SUB_00061-00067, OPA_GR_SUB_00068-00083, OPA_GR_SUB_00084-00087, OPA_GR_SUB_00088-00104, OPA_GR_SUB_00105-00108, OPA_GR_SUB_00109-00114, OPA_GR_SUB_00115-00128, OPA_GR_SUB_00129-00146, OPA_GR_SUB_00147-00152, OPA_GR_SUB_00153-00162, OPA_GR_SUB_00163-00180, OPA_GR_SUB_00181-00192, OPA_GR_SUB_00204, OPA_GR_SUB_00236, OPA_GR_SUB_00241-00243, OPA_GR_SUB_00248-00251, OPA_GR_SUB_00252-00253, OPA_GR_SUB_00254-00259, OPA_GR_SUB_00260, OPA_GR_SUB_00261-00269, OPA_GR_SUB_00270-00272

**OnPoint**
OPA_GR_SUB_00205-00209, OPA_GR_SUB_00210-00214, OPA_GR_SUB_00215-00218, OPA_GR_SUB_00219-00222, OPA_GR_SUB_00275-00276, OPA_GR_SUB_00277-00300, OPA_GR_SUB_00301-00309, OPA_GR_SUB_00310-00315, OPA_GR_SUB_00316-00319, OPA_GR_SUB_00320-00321, OPA_GR_SUB_00322-00344, OPA_GR_SUB_00345, OPA_GR_SUB_00346, OPA_GR_SUB_00347-00348, OPA_GR_SUB_00349

**Both**
OPA_GR_SUB_00193-00203, OPA_GR_SUB_00223-00228, OPA_GR_SUB_00229-00235, OPA_GR_SUB_00237-00240, OPA_GR_SUB_00273-00274