# EXHIBIT 34

1001 Pennsylvania Avenue, N.W., Washington, DC 20004-2595 ▪ p202 624-2500 ▪ f202 628-5116

crowell moring

David D. Cross
(202) 624-2774
dcross@crowell.com

October 5, 2014

**VIA EMAIL**

Michael Hausfeld
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006

Stephen Neuwirth
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

Re: *In re Rail Freight Fuel Surcharge Antitrust Litigation*

Dear Michael and Steve:

Thank you for speaking with us on Friday about discovery concerning the September 24, 2014 subpoenas we served for OnPoint Analytics and Dr. Gordon Rausser. I am writing to memorialize our discussion and, as you requested during our call, to set forth the questions we posed regarding the discovery you produced on October 1 in response to those subpoenas and the investigation you reported at the October 2nd court conference that you conducted into the subject addressed at that conference.

***First,*** we understand from our call that Hausfeld LLP and Quinn Emanuel Urquhart & Sullivan LLP no longer represent OnPoint Analytics or Dr. Rausser for the purposes of the subpoenas or the subject matter covered by those subpoenas. On the call you reported that, although your firms previously represented both OnPoint Analytics and Dr. Rausser for the purposes of the subpoenas (including accepting service of and complying with the subpoenas), since the October 2nd court conference you have advised OnPoint Analytics and Dr. Rausser to retain separate counsel. You also reported that, to your knowledge, Dr. Rausser and OnPoint Analytics have not yet retained separate counsel. Please provide the date(s) your firms were retained or engaged by Dr. Rausser and OnPoint Analytics for purposes of the subpoenas and the date(s) when that representation terminated.

***Second,*** regarding the investigation you mentioned at the court conference, you explained on our call that this consisted of only collecting documents responsive to the subpoenas from Dr. Rausser and OnPoint Analytics and reviewing and producing to defendants on October 1st all the documents you collected. Please let us know whether you plan to conduct any independent investigation of the subject matter of the subpoenas and the October 2nd court conference and whether you will disclose the results of any such investigation to us.

***Third,*** regarding preservation, we understand that, pursuant to your instruction, Dr. Rausser and OnPoint Analytics have taken reasonable steps to preserve all documents and information potentially relevant to the subject matter of the subpoenas and the court conference. So that we can be sure the preservation steps are appropriate, please provide the following information:

- The date(s) you first directed Dr. Rausser and/or OnPoint Analytics to preserve all potentially relevant documents and information;
- The name(s) of all employees, officers, directors, and/or agents who received preservation instructions and the date each received those instructions; and
- All efforts made to preserve electronically-stored information that may be subject to electronic or automated deletion.

***Fourth,*** regarding the documents you produced in response to the subpoenas, you confirmed that you have not withheld any responsive documents based on your October 1, 2014 objections to the subpoenas or any other basis. You also confirmed that in collecting responsive documents, you, Dr. Rausser, and OnPoint Analytics did not exclude any categories of documents requested in the subpoenas based on your asserted objections or any other basis. Therefore, we understand that your position is that you, Dr. Rausser, and OnPoint Analytics fully complied with those subpoenas as of October 1. Please confirm this in writing.

***Fifth,*** during the call, we explained that to ensure full compliance with the subpoenas, we need certain information regarding the efforts made to collect and produce documents in response to the subpoenas. To that end, please provide the following information:

- The date(s) you first contacted Dr. Rausser and OnPoint Analytics regarding any of the subpoenas we served, or attempted to serve, seeking documents regarding the subject matter of the September 24 subpoenas and the October 2nd court conference;
- The name(s) of all individuals whose files were searched for potentially responsive documents and the date each individual was first contacted about potentially collecting documents;

- The name(s) of all individuals from whom documents were collected as potentially responsive to the subpoenas and the date(s) potentially responsive documents were collected from each individual;
- The date(s) you received potentially responsive documents from Dr. Rausser and/or OnPoint Analytics for possible review and/or production;
- The source(s) of potentially relevant documents that were searched, including without limitation:
  - Individual work and/or personal email account(s)
  - Individual computer(s)
  - Removable media, *e.g.* hard drives, flash drives, CDs, DVDs, etc.
  - Personal/portable electronic devices, *e.g.* smart phones, tablets, Blackberries®, etc.
  - Archived data/documents
  - Central and/or shared files
  - Disaster recovery or other backup data;
- The source(s) of potentially relevant documents from which documents were collected, including without limitation those identified above;
- Any source(s) of potentially relevant documents that you determined were not reasonably accessible; and
- The circumstances of any potentially responsive documents that you discovered, contend, and/or have reason to believe were lost or destroyed.

***Sixth,*** on our call Friday, you agreed to identify by Bates number which documents among those produced on October 1 were produced by Dr. Rausser, if any, and which were produced by OnPoint Analytics, if any. For any documents produced by OnPoint Analytics, please identify by Bates number the custodian from whose files each document was produced (for any documents produced from a non-custodian source, *e.g.* file share or document repository, please identify the source of each such document).

***Seventh,*** also on our call Friday, in response to a question about whether any documents were being withheld as privileged, you confirmed that plaintiffs' counsel did not at any time prior to service of the September 24, 2014 subpoenas communicate with Dr. Rausser or OnPoint Analytics regarding the subject matter of the subpoenas and the October 2nd court conference. You confirmed that you, therefore, are not withholding as privileged any documents responsive to the subpoenas.

***Eighth,*** you agreed on our call that any communications between you and Dr. Rausser and/or OnPoint Analytics since termination of your representation of them will not be privileged and thus will be discoverable because you no longer have an attorney-client relationship with them, subject to the caveat that communications protected by the stipulation regarding expert

discovery in this litigation will continue to be non-discoverable within the limits of that stipulation. You explained on the call that while you believe communications that relate to the subject of the subpoenas and the October 2nd court conference might be protected by the expert discovery stipulation, no such communications have occurred in the timeframe before or after you were retained to represent Dr. Rausser and OnPoint Analytics regarding the subpoenas, and thus we need not address this issue at this time.

***Ninth***, we let you know that we expect to take depositions on the subject at issue, including of Dr. Rausser and his colleague Gareth Macartney, and we anticipate doing so before the October 21 status conference. We also let you know that we may seek additional documents in discovery, such as documents regarding any distributions, payments, or other monies received by Dr. Rausser from companies that own or manage claims related to this litigation. We reserve the right to seek additional discovery from anyone regarding the subject at issue as we attempt to understand the truth of Dr. Rausser's and OnPoint Analytics' relationship with and financial interest in Cascade Settlement Services (and any other firm potentially or actually managing or acquiring claims in this litigation).

***Tenth,*** on our call we objected to the confidentiality designations you applied to the entirety of your October 1st document production:

- First, all the documents appear to be designated "Highly Confidential," yet very few, if any, look to meet the standard required for that designation in the Protective Order in this case. You have even designated as Highly Confidential publicly available documents (*e.g.*, a New York Times article, OPA_GR_SUB_0244-245; an analyst report from JP Morgan, OPA_GR_SUB_0323-340). This overbroad designation significantly impedes our ability to advise our clients on this critical issue and violates the Protective Order.

- Second, all the documents appear also to be designated "Additional Confidentiality Protection Pursuant to Stipulation Regarding Crowell & Moring." This presumably is intended to bring the documents within the scope of the additional protection in the Stipulated Protective Order agreed to with Cascade Settlement Services, although this is not the language contained in that Order for designating documents under that special protection (that language is "Special Confidentiality"). If that is what is intended, as we indicated during our call none of the documents meets the very narrow standard for that heightened protection (assuming that any documents ever would), *i.e.* "[d]ocuments that present a risk of competitive harm if disclosed to those at Crowell who handle Crowell's claims processing work."

For these reasons, we ask that you explain the basis for designating the entire production "Highly Confidential" and effectively "Special Confidentiality," and we ask that you immediately remove these designations. On our call, you stated that we would have to address this with Dr. Rausser's and OnPoint Analytics' new counsel once retained. We disagree. You represented them both for the purposes of complying with the subpoenas, you produced the October 1st document production, and you applied the confidentiality designations to that production (after you carefully reviewed the documents, according to your remarks at the October 2nd court conference), notwithstanding the requirements of the applicable protective orders in this litigation. Thus, our inquiry and request are properly directed to you.

Beyond the specific issues we raised on our call, we have additional concerns with your October 1st document production:

1. The production does not appear to comply with the requirements of Rule 45. The documents do not appear to have been produced in the form or forms in which they are ordinarily maintained, nor have they been produced in a reasonably usable format. Fed. R. Civ. P. 45(e)(1)(B). The production is not text-searchable, and it appears that many, if not all, of the documents were converted from their ordinary, electronic form to image form (.pdf) and were produced without relevant metadata. Please reproduce all the documents in the form or forms in which they are ordinarily maintained, including with all relevant metadata. As with the improper confidentiality designations, this request is properly directed at you because you produced the October 1st document production in an improper form and thus are responsible to rectify that impropriety.

2. It appears that highly relevant documents are missing from the production, which gives us concern about the completeness of the production. For example, in a July 6, 2011 email, Dr. Rausser wrote to John Chilcott of Cascade Settlement Services, copying Gareth Macartney of OnPoint Analytics, with the subject line "re: Wal-Mart brief," the following:

> You can certainly share our Wal-Mart write up with any of your perspective investors. If you need anything simpler, please let me know and we will prepare it. ***We are preparing a brief on two specific issues on the <u>rail matter</u>. Once this second document is prepared, we will modify it for your purposes***.

*See* OPA_GR_SUB_00229 (emphasis added). The "brief on two specific issues on the rail matter" referenced in Dr. Rausser's email does not appear to be included in your October 1 production, nor does the modified version of that brief Dr. Rausser promised in his email to send Cascade Settlement Services for their

"purposes" appear to be included. Please explain why this document was not produced, and please immediately produce it and all other responsive documents. If it no longer exists, please explain the circumstances of its loss or destruction.

If we have misunderstood anything addressed in this letter, please let us know immediately. Please provide all the information and documents (including proper reproduction of the October 1st document production) requested in this letter no later than **10:00 a.m. E.T. on Tuesday, October 7, 2014**, so that we can quickly determine whether we need to seek relief from the Court regarding any of these issues in light of the rapidly-approaching October 21st status conference and the need to complete the document productions in preparation for depositions.

We continue to reserve all rights.

Sincerely,

*/s/ David Cross*

David Cross

cc: Defense Counsel