# EXHIBIT 35

**Talbot, Rachel**

---

**From:** Rick Werder <RickWerder@QuinnEmanuel.com>
**Sent:** Friday, October 10, 2014 12:31 PM
**To:** Cross, David
**Cc:** Alicia Cobb; Talbot, Rachel; tim.omara@lw.com; tisaacson@cov.com; dan.wall@LW.com; Tara.Reinhart@skadden.com; Sean.Tepe@skadden.com; jsoven@gibsondunn.com; LStein@steptoe.com; Stephen Neuwirth; Kyle Taylor; mhausfeld@hausfeld.com; sgosselin@hausfeld.com; sgassman@hausfeldllp.com; Paul M. Donovan
**Subject:** Re: In re Rail Freight Fuel Surcharge Antitrust Litig.

David, see below comments (I apologize for all caps). Your note in my view ignores much of the substance of the call yesterday. Let us know if you want to discuss this further. In the meantime, please do not ignore the requests that we have made to defendants concerning the Montgomery email that Tim forwarded on Tuesday night. Thanks.

Rick

On Oct 10, 2014, at 10:10 AM, Cross, David <DCross@crowell.com> wrote:

> Rick –
>
> Maybe there was a misunderstanding on the call. You and Seth said that were not prepared to address our questions on the call, that we should identify them, and that you would get back to us on our questions last night. You did provide some information in response to some of our questions, but many remain unanswered and we understood that you intended to respond last night after consulting with your team. In any event, if you're saying that you don't have the answers to our outstanding questions, then please confirm that. If you're instead saying you have the answers to some or all of those questions but are declining to answer them, then please confirm that and identify the questions you're declining to answer. If you don't have the answers to any of our outstanding questions, then perhaps we need not involve the Court. If, on the other hand, you're declining to answer some or all of them, then we will need to schedule a call with the Court quickly.
>
> My October 5th letter sets forth our questions, and you can see by comparison to Michael and Steve's October 8th letter that there are many unresolved questions. We discussed some of those last night, including:
>
>> Do you intend to assert attorney-client privilege as to any communications between class counsel and Dr. Rausser or OnPoint Analytics regarding the subject matter of our subpoenas and the October 2nd Court conference? If so, what is the date class counsel began representing them as clients and the date that representation ended (the latter date looks to be October 2nd – please confirm)? I THINK WE HAVE ANSWERED THIS QUESTION FULLY, BOTH ON YESTERDAY'S CALL AND IN TODAY'S EMAIL. WE AGREED ON OR AROUND SEPTEMBER 17th TO ASSIST DR. RAUSSER AND ONPOINT IN RESPONDING TO THE SUBPOENAS. THE PRECISE PROTECTION TO WHICH ANY COMMUNICATIONS WITH

DR. RAUSSER AND ONPOINT REGARDING THE SUBPOENAS IS SUBJECT IS NOT A MATTER THAT NEEDS TO BE RESOLVED GIVEN THAT THOSE COMMUNICATIONS ARE CLEARLY SUBJECT TO OUR EXPERT DISCOVERY STIPULATION.

Will you produce a log identifying any communications between class counsel and Dr. Rausser or OnPoint Analytics regarding the subject matter of our subpoenas and the October 2nd Court conference that you contend are not discoverable, either as privileged or pursuant to the expert discovery stipulation in this case or any other basis – and if so, when will you produce it? WE DO NOT INTEND TO PROVIDE A LOG OF ANY SUCH "COMMUNICATIONS" GIVEN THAT ANY DISCUSSIONS WE HAD RELATED TO THE SUBPOENA RESPONSE, AND TO A POTENTIAL CHALLENGE TO DR. RAUSSER'S SERVICE AS AN EXPERT ON BEHALF OF THE CLASS, AND SO ARE COVERED BY THE EXPERT DISCOVERY STIPULATION.

What was the date of the first communication between any attorney representing plaintiffs and Dr. Rausser and/or OnPoint Analytics regarding the subject matter of our subpoenas and the October 2nd Court conference? AS I INDICATED YESTERDAY AND AGAIN THIS MORNING, WE AREN'T AWARE OF ANY COMMUNICATIONS ON THIS SUBJECT THAT PRECEDED THE RECEIPT OF THE FIRST SUBPOENAS OTHER THAN (A) WE ATTENDED DR. RAUSSER'S DEPOSITION AND (B) WE RECEIVED AND PROMPTLY FORWARDED TO DEFENDANTS DR. RAUSSER'S DEPOSITION ERRATA SHEET.

What was the date that Dr. Rausser and OnPoint Analytics were first instructed to preserve potentially relevant documents? WE FORWARDED THE FIRST SET OF SUBPOENAS TO ONPOINT ON THE DAY WE RECEIVED THEM. WE HAVEN'T RECONSTRUCTED ALL OF OUR DISCUSSIONS CONCERNING THE SUBPOENAS, BUT AS PREVIOUSLY INDICATED WE REMINDED THEM OF THE OBLIGATION TO RETAIN DOCUMENTS ON OCTOBER 2nd.

What documents, by Bates number, if any, were collected from Dr. Rausser? And the same question for OnPoint Analytics? For those documents that came from the three OnPoint Analytics custodians you identified, which ones, by Bates number, came from each custodian? THIS QUESTION SHOULD BE DIRECTED TO ONPOINT AND THEIR COUNSEL.

What are the names of the custodians whose documents were searched but had no responsive documents? THIS QUESTION SHOULD BE DIRECTED TO ONPOINT AND THEIR COUNSEL.

Do you have your October 1st document production in native form (or if not, in text-searchable form), and if so, will you produce it in the form in which you receive it? WE DO NOT.

In addition to those in my October 5th letter, including those above, we have a question concerning the statement in your October 8th letter that you withheld documents related to Spectrum because you didn't believe them to be responsive to our subpoenas (notwithstanding that Cascade and Spectrum have publicly reported that they merged some time ago and the definition of Cascade clearly includes any merged entity). Are you going to produce the Spectrum documents you withheld given the clear scope of the subpoenas and the relationship between Cascade and Spectrum? I note that we modified the definition in the recent subpoenas not because it was needed but to avoid a responding party taking the position described in your October 8th letter, despite the definition in the original subpoenas and the publicly-acknowledged merger between Cascade and Spectrum. ANY QUESTIONS CONCERNING ADDITIONAL PRODUCTION OF DOCUMENTS BY DR. RAUSSER OR ONPOINT SHOULD BE DIRECTED TO THEIR COUNSEL.

We need a final, definitive response regarding the unresolved questions by noon today. This is our last accommodation for more time, which we're making only because we trust that there was a genuine misunderstanding coming out of last night's call.

We look forward to hearing from you this morning.

Thanks,
David

---

**From:** Rick Werder [mailto:RickWerder@QuinnEmanuel.com]
**Sent:** Friday, October 10, 2014 9:01 AM
**To:** Cross, David; Alicia Cobb; Talbot, Rachel; 'tim.omara@lw.com'; 'tisaacson@cov.com'; 'dan.wall@LW.com'; 'Tara.Reinhart@skadden.com'; 'Sean.Tepe@skadden.com'; 'jsoven@gibsondunn.com'; 'LStein@steptoe.com'
**Cc:** Stephen Neuwirth; Kyle Taylor; 'mhausfeld@hausfeld.com'; 'sgosselin@hausfeld.com'; 'sgassman@hausfeldllp.com'
**Subject:** Re: In re Rail Freight Fuel Surcharge Antitrust Litig.

David,

Thanks for your letter. Frankly I had thought by the end of our call that your questions had been resolved -- at least to the extent of our knowledge. It is not clear now what additional information you seek from Interim Class Counsel, as opposed to from Dr. Rausser and OnPoint. As a result, and especially in light of the statements made by both me and Seth Gassman yesterday, it is equally unclear what relief Defendants intend to seek from the Court.

I have reviewed paragraph 1 of our last letter. It is not ambiguous. Interim Class Counsel's work assisting Dr. Rausser and OnPoint in responding to your subpoenas grew out of the pre-existing expert witness relationship with him. Our communications with them on the subject matter of the subpoenas followed our receipt of the initial defective subpoenas, which we promptly forwarded. There was no separate engagement letter or explicit written retention agreement between Interim Class Counsel and Dr. Rausser or OnPoint although we agreed to represent them in responding to the subpoenas. Nor was a written agreement necessary. In response to discovery requests by Defendants that suggested an attack on Dr. Rausser's work on behalf of the Class, Interim Class Counsel worked to facilitate his discovery responses and those of OnPoint. Communications with Dr. Rausser and OnPoint relating to the subpoenas fall clearly within the parties' expert discovery stipulation.

As we indicated on the call, any other questions you may have are best reserved for your upcoming depositions of Dr. Rausser and OnPoint or are more appropriately directed to the separate counsel that they have engaged following the escalation of these issues.

Let me know if you would like to discuss this further.

Rick

---

**From**: Cross, David [mailto:DCross@crowell.com]
**Sent**: Thursday, October 09, 2014 09:28 PM
**To**: Alicia Cobb; Talbot, Rachel <RTalbot@crowell.com>; 'tim.omara@lw.com' <tim.omara@lw.com>; 'tisaacson@cov.com' <tisaacson@cov.com>; 'dan.wall@LW.com' <dan.wall@LW.com>; Reinhart, Tara L <Tara.Reinhart@skadden.com>; 'Tepe, Sean M' <Sean.Tepe@skadden.com>; 'jsoven@gibsondunn.com' <jsoven@gibsondunn.com>; 'LStein@steptoe.com' <LStein@steptoe.com>
**Cc**: Stephen Neuwirth; Rick Werder; Kyle Taylor; Michael Hausfeld <mhausfeld@hausfeld.com>; Sathya Gosselin <sgosselin@hausfeld.com>; Seth Gassman <sgassman@hausfeldllp.com>
**Subject**: RE: In re Rail Freight Fuel Surcharge Antitrust Litig.

Rick, Seth, Steve, and Michael –

Please see the attached letter.

Thanks,
David

**David D. Cross | Crowell & Moring LLP | Partner**
www.crowell.com

Tel: 202.624.2774 | Fax: 202.628.5116
1001 Pennsylvania Avenue, NW, Washington, D.C. 20004
dcross@crowell.com
www.crowell.com/Professionals/David-Cross
www.ediscoverylawinsights.com

**From:** Alicia Cobb [mailto:aliciacobb@quinnemanuel.com]
**Sent:** Wednesday, October 08, 2014 7:12 PM
**To:** Cross, David; Talbot, Rachel; 'tim.omara@lw.com'; 'tisaacson@cov.com'; 'dan.wall@LW.com'; Reinhart, Tara L; 'Tepe, Sean M'; 'jsoven@gibsondunn.com'; 'LStein@steptoe.com'
**Cc:** Stephen Neuwirth; Rick Werder; Kyle Taylor; Michael Hausfeld; Sathya Gosselin; Seth Gassman
**Subject:** In re Rail Freight Fuel Surcharge Antitrust Litig.

Counsel,

Please see the attached correspondence.

Best,
Alicia

**Alicia Cobb**
*Associate*
quinn emanuel urquhart & sullivan llp
51 Madison Avenue - 22nd Floor
New York, NY 10010
212.849.7267 Direct
212.849.7000 Main Office Number
212.849.7100 FAX
aliciacobb@quinnemanuel.com
www.quinnemanuel.com