**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION <br><br> _____ <br><br> This document relates to: <br><br> ALL CASES | MDL Docket No. 1869 <br> Misc. No. 07-489 (PLF/AK/JMF) |

**DEFENDANTS' STATEMENT ON FURTHER CLASS CERTIFICATION
PROCEEDINGS**

I.       **INTRODUCTION**

On November 26, 2014, this Court granted Plaintiffs' Motion for Leave to File a Supplemental Expert Report on Plaintiffs' pending motion for class certification. Opinion and Order 10-11, Dkt. No. 756. This was in the aftermath of revelations that (i) Plaintiffs' primary expert, Dr. Gordon Rausser, had a financial interest in a class action arbitrage company that had, according to its own documents, invested in this very case, *id*. at 4, and (ii), as Plaintiffs acknowledged, Dr. Rausser had misrepresented the nature and extent of his relationship with that company at his deposition. Defendants objected to giving Plaintiffs an opportunity to add a new class certification expert simply because Dr. Rausser had destroyed his own credibility. However, recognizing "[Dr.] Rausser's credibility has been drawn into serious question," the Court ruled for Plaintiffs, allowing Dr. Jeffrey Leitzinger to file a class certification report by April 1, 2015, limited to "address[ing] the reliability and integrity of Dr. Rausser's opinions" and without "espous[ing] any new theory of liability, impact, or damage." *Id.* at 1, 10-11 (citation and internal quotations omitted). The Court directed Defendants to advise the Court by April 15, 2015 whether they intend to file additional expert testimony in response and to propose a date by which they would do so. *Id.* at 11.

For the reasons stated below, Defendants request the Court's permission to file supplementary class certification testimony responding to Dr. Leitzinger by July 15, 2015. Defendants will submit an expert report as to issues that Dr. Leitzinger has addressed. Defendants also will submit a declaration from one of the authors of a study of the railroad industry performed by Christensen Associates for the Surface Transportation Board ("STB"); that declaration will deal principally with Plaintiffs' mischaracterizations—made again by Dr. Leitzinger—about that study.

II.     **THE LEITZINGER REPORT**

Plaintiffs filed a new expert report from Dr. Leitzinger on April 1. Expert Report of Jeffrey J. Leitzinger, Dkt. No. 760. Significant portions of the report are little more than a "mix tape" of Dr. Rausser's favorite class certification arguments. For these issues, Dr. Leitzinger: *first*, states Dr. Rausser's argument; *second*, characterizes Defendants' criticism of that argument; and then *third*, states that after thinking about the arguments—but not conducting any empirical tests—he believes that Dr. Rausser's methodology and conclusions were "reasonable," "consistent with standard professional practice," "in line with conventional economic practice," or other words to the same effect.

These parts of the Leitzinger Report offer nothing approaching a rigorous analysis of whether Dr. Rausser's work is reliable. The testimony is mere *ipse dixit*. It appears that Dr. Leitzinger's "mission" was to cover everything the Court relied on in its earlier class decision and provide a "Leitzinger cite" for each of the many "Rausser cites" in the Court's prior class certification order, including addressing work by Defendants' previous class certification expert, Dr. Robert Willig, that has long been superseded by work from Defendants' current expert, Dr. Joseph Kalt. On several occasions, rather than relying on any independent, economic analysis or testing, Dr. Leitzinger bases his endorsement of Dr. Rausser on findings by the Court in the previous class certification order, notwithstanding that those findings were based on the very testimony from Dr. Rausser that Dr. Leitzinger was supposed to assess. He apparently thinks that is "in line with conventional economic practice" as well. The Court will need to decide, of course, whether it finds any value in these seriatim endorsements of Dr. Rausser's work, without any testing or analysis, by an economist who was retained specifically to provide this endorsement.

However, on some issues, Plaintiffs and Dr. Leitzinger decided not to rest on Dr. Rausser's work, and instead put forth new arguments and analysis. For example, Dr. Leitzinger devotes considerable attention to whether Dr. Rausser's injury and damages model is essentially hard-wired to find widespread injury because it uses a constant and low fuel coefficient throughout the Class Period. Although fuel prices increased by more than 300 percent during the Class Period, Dr. Rausser's model is specified to assume that fuel prices would have the exact same effect on all-in freight rates during this period as they had in prior periods when fuel prices were much lower. In the simplest terms, according to Dr. Rausser, when the price of gasoline rises dramatically at the pump, fuel expenses remain the same proportion of a family's weekly expenses. To put this in perspective, this is how Defendants introduced the issue in their March 31, 2014 Memorandum of Law in Opposition to Plaintiffs' Renewed Motion for Class Certification (at 32-33), Dkt. No. 707:

> Dr. Rausser's regression model is overwhelmingly driven by a single number—his fuel price coefficient—which purportedly captures how much freight rates should change (*i.e.,* would change under competitive conditions) for a given *percentage* increase in fuel prices (*e.g.*, 10%). Critically, Dr. Rausser *estimates* this fuel price coefficient using low fuel prices, or by averaging low and high fuel prices, and then applies this same fuel price coefficient to the Class Period with its unprecedented, high fuel prices. He justifies this approach by contending that the fuel price coefficient should be constant across all fuel prices. This assumption that the relationship between fuel prices and freight rates should remain constant is the key feature of Dr. Rausser's entire analysis. This is what produces the "structural break" and hard-wires in "damages" whenever fuel prices rise faster than other costs.

Plaintiffs are clearly worried about this issue—and for good reason; Dr. Leitzinger writes extensively on it. He offers brand new arguments to defend Dr. Rausser's use of a constant fuel coefficient and purports to conduct sensitivity analyses that supposedly buttress Dr. Rausser and

3

undermine Defendants' expert's criticisms of his work. He does not merely repeat and endorse Dr. Rausser's arguments (although he does that too).

As another example of new work, Dr. Leitzinger also sponsors a related set of arguments about the implications of Dr. Rausser's allowed fuel cost recovery on both the reliability of the Rausser model and "false positive" findings of injury and damages. For example, while Plaintiffs have, to date, steadfastly maintained that Defendants would have been able to recover their rising fuel costs in the "but for" world, and that the Rausser model allows for this,[1] Dr. Leitzinger now acknowledges—but defends—the fact that Dr. Rausser's model actually does *not* allow Defendants to recover their incremental fuel costs. Dr. Leitzinger extends a component of this argument to try to explain away one of the key "false positive" proofs offered by Dr. Kalt, namely that the Rausser model generates "damages" even when one assumes rail rates equal variable costs (*i.e.*, rates without any profits, let alone supracompetitive profits).

Defendants should be permitted to offer expert testimony in response Dr. Leitzinger's report.

## III.    REQUEST

Defendants wish to respond to Dr. Leitzinger's work in two ways. First, Defendants request until July 15, 2015 to file supplementary expert testimony from one of their existing experts (either Dr. Kalt or Dr. Dennis Carlton) addressing limited parts of Dr. Leitzinger's report.

---

[1]  *See*, *e.g.*, Rausser Dep. at 31:18-22, Dec. 11, 2012 ("Q: So you would expect in your counterfactual world that the defendants would also recover their incremental fuel costs through some variety of mechanisms, is that right? A: Yes."); Tr. of Class Certification Hr'g at 309:13-18, Oct. 7, 2010 (Mr. Hausfeld: "Yeah, fuel costs were going up. They were going nuts. No one here in this litigation or anywhere else has said that a company cannot recover its legitimate increase in costs.").

4

At this time, Defendants believe this will principally be about the fuel coefficient and fuel recovery issues.[2]

Second, Defendants request leave to submit a declaration from Dr. Kelly Eakin of Christensen Associates to resolve a dispute between the parties concerning the treatment of fuel costs in Christensen Associates' study of the railroad industry commissioned by the STB. Drs. Rausser and Leitzinger have defended the use of a constant fuel coefficient in Dr. Rausser's damages model as consistent with the Christensen study. *See, e.g.*, Supplemental Reply Expert Report of Gordon Rausser, Ph.D. at 62, Dkt. No. 711-1 ("the Christensen Study reports an elasticity of variable costs on fuel prices that does not vary with the level of fuel prices"); Leitzinger Report ¶ 187 (contending that the Christensen study uses a constant fuel coefficient, and thus "supports Dr. Rausser's findings regarding the relevant elasticity levels"). This is a gross misrepresentation of the Christensen study. Dr. Eakin, who co-authored the Christensen study for the STB, will explain, among other things, that Drs. Rausser and Leitzinger have mischaracterized his study and that in reality his study actually establishes that the interaction between variable costs and fuel costs is *not* constant.[3] Defendants therefore request leave to file a declaration by Dr. Eakin to address a narrow set of issues regarding the fuel elasticities in Dr. Rausser's models, including whether they are consistent with the economic analysis employed in the STB-commissioned Christensen study that Plaintiffs and their experts have touted as authoritative on the subject.

---

[2]  Defendants' experts are still studying the Leitzinger Report and the underlying work papers. It is possible Defendants may want to have their experts respond to select additional parts of the Leitzinger Report.

[3]  Defendants voluntarily disclosed to Plaintiffs several months ago their retention of Christensen Associates.

5

Pursuant to the Court's order of November 26, Defendants will consult with Plaintiffs and propose a schedule for deposition of experts and further briefing, if necessary.

Dated:  April 15, 2015                                    Respectfully submitted,

          /s/ Daniel M. Wall

Daniel M. Wall                                            Tyrone R. Childress
Timothy L. O'Mara                                         David G. Meyer
Christopher Campbell                                      JONES DAY
LATHAM & WATKINS LLP                                      555 South Flower Street, 50th Floor
505 Montgomery Street, Suite 2000                         Los Angeles, CA  90071-2300
San Francisco, CA  94111                                  Telephone:  (213) 489-3939
Telephone:   (415) 391-0600

                                                          Alan M. Wiseman (D.C. Bar No. 187971)
J. Scott Ballenger (D.C. Bar No. 465252)                  Thomas A. Isaacson (D.C. Bar No. 376959)
LATHAM & WATKINS LLP                                      COVINGTON & BURLING LLP
555 Eleventh Street, NW, Suite 1000                       1201 Pennsylvania Avenue, NW
Washington, D.C.  20004                                   Washington, DC  20004-2401
Telephone:  (202) 637-2200                                Telephone:  (202) 662-6000

*Attorneys for Defendant Union Pacific Railroad Company*

          /s/ John M. Nannes
John M. Nannes (D.C. Bar No. 195966)                      Saul P. Morgenstern
Sean M. Tepe (D.C. Bar No. 1001323)                       Jennifer B. Patterson
SKADDEN, ARPS, SLATE,                                     Amanda C. Croushore
  MEAGHER & FLOM LLP                                      KAYE SCHOLER LLP
1440 New York Avenue, N.W.                                425 Park Avenue
Washington, DC  20005                                     New York, NY  10022
Telephone:  (202) 371-7000                                Telephone:  (212) 836-8000

                                                          Claudia R. Higgins (D.C. Bar No. 940288)
                                                          KAYE SCHOLER LLP
                                                          901 Fifteenth Street, NW
                                                          Washington, DC  20005
                                                          Telephone:  (202) 682-3500

*Attorneys for Defendant Norfolk Southern Railway Co.*

| | |
|---|---|
|    /s/ Randy M. Mastro              | |
| Randy M. Mastro | Theodore J. Boutros, Jr. |
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LP |
| 200 Park Avenue | 333 South Grand Avenue |
| New York, NY 10166-0193 | Los Angeles, CA 90071 |
| Telephone: (212) 351-4000 | Telephone: (213) 229-7000 |
| | |
| Joshua H. Soven (D.C. Bar No. 436633) | Veronica S. Lewis |
| Andrew S. Tulumello (D.C. Bar No. 468351) | Robert C. Walters |
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LLP |
| 1050 Connecticut Avenue, NW | 2100 McKinney Avenue, Suite 1100 |
| Washington, DC 20036 | Dallas, TX 75201 |
| Telephone: (202) 955-8500 | Telephone: (214) 698-3100 |

Samuel M. Sipe, Jr. (D.C. Bar No. 256446)
Linda Stein (D.C. Bar No. 376217)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000

*Attorneys for Defendant BNSF Railway Company*

   /s/ David D. Cross             
Kent A. Gardiner (D.C. Bar No. 432081)
Shari Ross Lahlou (D.C. Bar No. 476630)
David D. Cross (D.C. Bar No. 490187)
Luke van Houwelingen (D.C. Bar No. 989950)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500

*Attorneys for Defendant CSX Transportation, Inc.*

## CERTIFICATE OF SERVICE

I, Daniel M. Wall, an attorney of record, certify that on April 15, 2015, I caused a true and correct copy of Defendants' Statement On Further Class Certification Proceedings to be served by email on counsel for Plaintiffs.

    /s/ Daniel M. Wall

DC\3815929