UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL No. 1869<br>Misc. No. 07-489 (PLF/AK/JMF) |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER CASES | |

**JOINT STATEMENT ON CLASS CERTIFICATION PROCEEDINGS**

Pursuant to the Court's order of November 26, 2014 (Dkt. No. 756), Plaintiffs and Defendants submit the following proposed joint schedule:

- June 26, 2015: Date by which Defendants will depose Dr. Jeffrey Leitzinger
- July 15, 2015: Date by which Defendants will file any supplemental declaration(s)
- August 31, 2015: Date by which Plaintiffs will depose Defendants' expert(s)
- October/November 2015: Class certification hearing

The parties disagree on the issues discussed below. The parties are prepared to appear at a status conference to discuss with the Court the areas of disagreement.

**I.     PLAINTIFFS' POSITION**

As a supplement to the agreed schedule, Plaintiffs propose that the parties brief, and the Court decide as promptly as practicable, two disputed issues that bear on the schedule. First, Defendants propose that in addition to a supplemental economic expert report (from either Dr. Kalt or Dr. Dennis Carlton), they also be permitted to submit a declaration at this time from a witness (Dr. Eakin) to opine on the meaning of a Christensen study that was sponsored by the Surface Transportation Board. Plaintiffs believe that (among other things) such a submission at this time would be inconsistent with the existing schedule contemplating one supplemental economic expert for each side; the issues Dr. Eakin supposedly will address were known about

long ago, and thus submitting this declaration now is untimely; and, in any event, it is inappropriate for Defendants to proffer testimony purporting to interpret a government-sponsored document that speaks for itself.

Second, in light of the recent decision of the Third Circuit in *In re Blood Reagents Antitrust Litigation*, No. 12-4067, 2015 WL 1543101 (3d Cir. Apr. 8, 2015), Plaintiffs respectfully submit that it would be appropriate for the Court, in connection with class certification, to evaluate the testimony of Defendants' expert, Dr. Kalt, under the *Daubert* standards, and Plaintiffs therefore propose to submit a *Daubert* motion of limited length for that purpose. Defendants have stated that they do not agree to include briefing on such a motion in the case schedule. Plaintiffs believe that briefing on the foregoing two issues – specifically, whether Defendants can submit a declaration from Dr. Eakin in addition to a supplement report from an economist, and whether Plaintiffs should be allowed to file a *Daubert* motion concerning Dr. Kalt – can be quickly accomplished, to permit the Court to reach a determination in advance of the jointly proposed July 15 deadline for Defendants to submit their supplemental expert material.

Plaintiffs do not believe that a scheduling submission is the appropriate venue for full briefing on these issues, and have not attempted to do so here. Accordingly, Plaintiffs propose the following schedule for briefing of these two issues:

- Plaintiffs will file a motion (a) to preclude Defendants' submission of a declaration from Dr. Eakin, and (b) requesting permission to file a *Daubert* motion against Dr. Kalt, by May 14, 2015;

- Defendants will file a response to Plaintiffs' motion (a) to preclude Defendants' submission of a declaration from Dr. Eakin, and (b) requesting permission to file a *Daubert* motion against Dr. Kalt, by May 29, 2015;

- Plaintiffs will file a reply in further support of their motion (a) to preclude Defendants' submission of a declaration from Dr. Eakin, and (b) requesting permission to file a *Daubert* motion against Dr. Kalt, by June 8, 2015;

- Parties will submit simultaneous opening briefs, of no more than 20 pages, regarding the application of *Daubert* in this class certification proceeding in light of *In re Blood Reagents Antitrust Litigation*, on September 17, 2015;

- Parties will submit simultaneous response briefs, of no more than 10 pages, regarding the application of *Daubert* in this class certification proceeding, in light of *In re Blood Reagents Antitrust Litigation*, on October 8, 2015.

## II. DEFENDANTS' POSITION

Defendants propose a schedule that seeks to complete the supplemental expert discovery contemplated by the Court's November 26, 2014 Opinion and Order and to set dates for a hearing on Plaintiffs' class certification motion. For the reasons identified below, Defendants disagree with many aspects of Plaintiffs' proposed schedule and do not believe any further pre-hearing briefing is warranted. Defendants propose that the Court schedule a status conference to discuss the areas of disagreement.

### 1. The Court should deny Plaintiffs' request to file pre-hearing *Daubert* motions.

Defendants oppose Plaintiffs' untimely request to add a round of "*Daubert*" briefing prior to the class certification hearing. The parties elected not to pursue *Daubert* challenges against the others' class certification experts prior to the scheduled October 2014 class certification hearing, and there is no basis for doing so now.

Although Plaintiffs' experts' analyses undoubtedly fail the *Daubert* standard, Defendants specifically elected not to pursue *Daubert* challenges against Plaintiffs' expert, Dr. Rausser, prior to class certification.[1] As Defendants explained in their March 31, 2014 brief, *Daubert* reliability considerations properly can be, and in this case should be, incorporated into the broader Rule 23 "reliability" analysis required by *Behrend* and the D.C. Circuit decision in this case—a standard that "in addition to basic admissibility standards (*i.e., Daubert v. Merrell Down Pharmaceuticals*, 509 U.S. 579 (1993)) embraces considerations of validation by testing, an absence of "false positives," and a fitness for purpose element that requires the expert analysis to capture the full panoply of facts and circumstances that could be decisive if the class members' claims were tried individually." *See* Defendants' Opp. at 14-19. There is no question that the reliability of Dr. Rausser's opinions lies at the heart of class certification; that

---

[1] *See* Defendants' Memorandum of Law in Opposition to Plaintiffs' Renewed Motion for Class Certification, Dkt. 707 (March 31, 2014) at 14, n.9 ("Defendants' Opp.").

is precisely why the parties briefed that issue extensively in evaluating whether Plaintiffs have met their burdens under Rule 23, *Behrend*, and the D.C. Circuit's decision. There is no need or basis for setting up a duplicative, parallel proceeding to address that issue again.

Turning to Plaintiffs, the argument that Plaintiffs should be able to now file pre-hearing *Daubert* motions is meritless. Plaintiffs already received the extraordinary relief of adding a new class certification expert to try to prop up Dr. Rausser given the grave concerns revealed about his credibility. Plaintiffs should not be allowed to attempt to exploit that unfortunate situation by launching a new attack on Defendants' expert that they previously elected not to pursue and that would be wholly without merit in any event. Notably, there is no reference to *Daubert* or any admissibility issues with *any* of Dr. Kalt's expert testimony in *any* of Plaintiffs' post-D.C. Circuit class certification filings. The October 2014 class certification hearing was postponed only four days before it was scheduled to occur because (i) Dr. Rausser was revealed to be a speculator in class action recoveries, and (ii) Dr. Rausser concealed those activities even when asked about them under oath. At the time the class certification hearing was postponed, there were no *Daubert* motions pending. Plaintiffs' attempt to raise this issue now—*only after the proceedings were delayed so that they could address their own expert's credibility issues*—is clearly untimely.

Furthermore, Plaintiffs' request is not remotely supported by the case law. Nothing in the Third Circuit's recent decision in *Blood Reagents* supports a late-filed *Daubert* challenge by a class action plaintiff. Putting aside the fact that Third Circuit law does not govern this case, *Blood Reagents* is simply another decision among many finding that evidence which fails the threshold *Daubert* "reliability" analysis cannot meet plaintiffs' burdens under Rule 23. There, the district court, in reliance on the Third Circuit's *Behrend* decision, granted class certification on a finding that the plaintiffs' expert testimony "could evolve to become admissible evidence" at trial. The Supreme Court then reversed the Third Circuit's *Behrend* decision. On appeal of the class certification decision in *Blood Reagents*, the Third Circuit held that its prior "'could evolve' formulation of the Rule 23 standard did not survive"

4

*Behrend.* Slip Op. at 7. As the Third Circuit explained, "[w]e join certain of our sister courts to hold that a plaintiff cannot rely on challenged expert testimony, when critical to class certification, to demonstrate conformity with Rule 23 unless the plaintiff also demonstrates, and the trial court finds, that the expert testimony satisfies the standard set out in *Daubert*." *Id.* at 8.

There is no dispute that *Daubert* applies to expert testimony generally, but *Blood Reagents* is rooted in the class action **plaintiff's** burden of proof under Rule 23 and what it implies about the treatment of *Daubert* challenges to expert testimony offered **by such plaintiffs** to meet their burdens. *See id.* at 3 ("a court must resolve any *Daubert* challenges to expert testimony offered to demonstrate conformity with Rule 23"), 8 ("a plaintiff cannot rely on challenged expert testimony" that fails under *Daubert*), 8-9 ("expert testimony critical to proving class certification requirements" must satisfy *Daubert*), 9 ("the party seeking certification" must satisfy Rule 23 requirements and "[e]xpert testimony that is insufficiently reliable to satisfy the *Daubert* standard cannot 'prove' that the Rule 23(a) prerequisites have been met 'in fact,' nor can it establish 'through evidentiary proof' that Rule 23(b) is satisfied"). Indeed, the Third Circuit stated explicitly: "Consistent with our holding here, both [the Seventh and Eighth Circuits] limit the *Daubert* inquiry to expert testimony offered to prove satisfaction of Rule 23's requirements." *Id.* at 9 n.8. The holding—and really the only point—of *Blood Reagents* is that expert testimony that fails *Daubert* cannot satisfy a plaintiff's burden of proof under Rule 23. *Id.* at 3, 8-9. Defendants have no burdens of proof under Rule 23, and nothing in *Blood Reagents* obliges parties to mount a *Daubert* challenge to every expert proffered in connection with a Rule 23 motion or offers support for a late-filed *Daubert* challenge of a defendant's expert.

It is unclear what Plaintiffs' true motive is behind this belated request to suddenly file a *Daubert* motion against Dr. Kalt. Plaintiffs' case in support of class certification has been revealed as fundamentally flawed, and they propose to distract the Court from the material issues that doom their case. The Court should not condone this tactic and should instead

5

proceed expeditiously to a hearing.

**2.     Post-class certification hearing briefing may be appropriate.**

Subject to the Court's input and approval, Defendants believe that after a three to four day class certification hearing, it is highly likely that post-hearing briefing will be appropriate. Defendants respectfully submit that the scope and timing of such briefing should be addressed with the Court at the conclusion of the hearing.

**3.     The Court should permit brief testimony from a co-author of the Christensen Associates study which Plaintiffs' experts have mischaracterized as supporting their analyses and opinions.**

Plaintiffs have informed Defendants that they will seek to prevent the submission of a brief declaration by Dr. Kelly Eakin of Christensen Associates. Dr. Eakin is uniquely positioned to resolve a critical dispute between the parties' respective experts regarding an issue that goes to the very core of how Dr. Rausser's model is designed to generate "damages" and Dr. Leitzinger's endorsement of that model. This is a stunning effort to hide one of the fundamental flaws in Dr. Rausser's economic model.

As explained in Defendants' class certification briefing, Dr. Rausser's model generates damages, in large part, because it does not correctly capture the impact of changes in fuel costs. *See* Defendants' Opp. at 32-39; Defendants' Sur-Reply Memo. in Opp. to Plaintiffs' Motion for Class Cert., Dkt. 720 (July 21, 2014) at 3-8. A single coefficient in Dr. Rausser's model represents the fuel elasticity, which is supposed to capture the impact of changes in fuel costs relative to Defendants' other costs. Although it is undisputed that fuel costs reached unprecedented levels during the class period, Dr. Rausser intentionally and incredibly holds this fuel elasticity *constant*. As a result, when fuel costs rise and become a larger proportion of Defendants' total costs, the model erroneously turns these rising costs into "damages."[2] Dr.

---

[2] To illustrate the issue in the simplest terms: if total costs are $100 and fuel constitutes $5 of that total cost, then fuel constitutes 5% of total cost—and the fuel elasticity is approximately 0.05. If fuel increases to $15 while the other costs remain flat, then total costs become $110 and fuel becomes approximately 13.6% of total cost—and the fuel elasticity becomes approximately 0.136. Dr. Rausser's model never allows the fuel elasticity to change from

6

Kalt has shown that using a constant fuel elasticity is contrary to sound economic principles, logic, and the studies of costs in the rail industry that Dr. Rausser himself cites.

To defend the use of a constant fuel elasticity, both Dr. Rausser and Dr. Leitzinger claim that Christensen Associates' study of the rail freight industry, commissioned by the STB, affirmatively supports Dr. Rausser's use of a constant fuel elasticity. *See, e.g.*, Supplemental Reply Expert Report of Dr. Gordon Rausser, Dkt. No. 711-1 at 47 (stating that the fuel elasticity used in his model is "consistent with other estimates found in the literature" including the "Christensen study"); Expert Report of Jeffrey J. Leitzinger, Dkt. 760 at 29 ("Leitzinger Report") ("Christensen Associates arrived at an elasticity . . . not very different from the 0.103 elasticity that Dr. Rausser estimated").

But Dr. Eakin, a co-author of the Christensen study, will testify that Drs. Rausser and Leitzinger have misinterpreted and misrepresented his study, and that it does *not* support Dr. Rausser's methods or findings. He will testify that the Christensen study actually *rejects* a constant fuel elasticity. And as Dr. Leitzinger has acknowledged, Dr. Kalt has shown that when changing fuel elasticities from the Christensen study are used in Dr. Rausser's model rather than his improper constant elasticity, the "damages" disappear. Leitzinger Report at 65. Thus, it is no wonder that Plaintiffs seek to keep this dispositive testimony of Dr. Eakin from the Court. But he is best positioned to explain to the Court what his own study did and did not find. Moreover, receiving this testimony is entirely appropriate given Plaintiffs' opportunity to submit Dr. Leitzinger's report, which perpetuates this misinterpretation of the Christensen study. Thus, Dr. Eakin's testimony will aid the Court in resolving the dispute between the parties' respective experts on this important issue.

### 4. Defendants propose the following schedule.

If the Court permits Plaintiffs to file a motion to exclude a declaration by Dr. Eakin, Defendants propose the following briefing schedule for any such motion:

---

0.103, notwithstanding that fuel costs increased dramatically and became a much larger proportion of total costs during the class period.

a) May 14 – Deadline for Plaintiffs to file motion, if any, to exclude Eakin declaration;

b) June 4 – Deadline for Defendants to file response on proposed Eakin declaration;

c) June 16 – Deadline for Plaintiffs to file reply on proposed Eakin declaration;

d) October/November – Four day class certification hearing; and

e) Subject to the Court's input and approval, post-hearing briefing should be discussed at the conclusion of the class certification hearing.

Dated:  April 27, 2015                                   Respectfully submitted,

| /s/ Michael D. Hausfeld | /s/ Stephen R. Neuwirth |
|---|---|
| Michael D. Hausfeld (DC Bar #153742) | Stephen R. Neuwirth |
| William P. Butterfield (DC Bar #420354) | Richard I. Werder, Jr. |
| Seth R. Gassman (DC Bar #1011077) | Daniel L. Brockett |
| Sathya S. Gosselin (DC Bar #989710) | Kyle R. Taylor |
| HAUSFELD LLP | QUINN EMANUEL URQUHART |
| 1700 K Street NW, Suite 650 | & SULLIVAN, LLP |
| Washington, DC 20006 | 51 Madison Avenue, 22nd Floor |
| Telephone: (202) 540-7200 | New York, NY 10010 |
| Facsimile: (202) 540-7201 | Telephone: (212) 849-7000 |
| Email: mhausfeld@hausfeldllp.com | Facsimile: (212) 849-7100 |
|  | Email: stephenneuwirth@quinnemanuel.com |

*Interim Co-Lead Class Counsel*

| | |
|---|---|
|    /s/ Daniel M. Wall | |
| Daniel M. Wall | Tyrone R. Childress |
| Timothy L. O'Mara | David G. Meyer |
| Christopher Campbell | JONES DAY |
| LATHAM & WATKINS LLP | 555 South Flower Street, 50th Floor |
| 505 Montgomery Street, Suite 2000 | Los Angeles, CA  90071-2300 |
| San Francisco, CA  94111 | Telephone:  (213) 489-3939 |
| Telephone:  (415) 391-0600 | |
| | |
| J. Scott Ballenger (D.C. Bar No. 465252) | Alan M. Wiseman (D.C. Bar No. 187971) |
| LATHAM & WATKINS LLP | Thomas A. Isaacson (D.C. Bar No. 376959) |
| 555 Eleventh Street, NW, Suite 1000 | COVINGTON & BURLING LLP |
| Washington, D.C.  20004 | 1201 Pennsylvania Avenue, NW |
| Telephone:  (202) 637-2200 | Washington, DC  20004-2401 |
| | Telephone:  (202) 662-6000 |

*Attorneys for Defendant Union Pacific Railroad Company*

| | |
|---|---|
|    /s/ John M. Nannes | |
| John M. Nannes (D.C. Bar No. 195966) | Saul P. Morgenstern |
| Sean M. Tepe (D.C. Bar No. 1001323) | Jennifer B. Patterson |
| SKADDEN, ARPS, SLATE, | Amanda C. Croushore |
|  MEAGHER & FLOM LLP | KAYE SCHOLER LLP |
| 1440 New York Avenue, N.W. | 425 Park Avenue |
| Washington, DC  20005 | New York, NY  10022 |
| Telephone:  (202) 371-7000 | Telephone:  (212) 836-8000 |
| | |
| | Claudia R. Higgins (D.C. Bar No. 940288) |
| | KAYE SCHOLER LLP |
| | 901 Fifteenth Street, NW |
| | Washington, DC  20005 |
| | Telephone:  (202) 682-3500 |

*Attorneys for Defendant Norfolk Southern Railway Co.*

    /s/ David D. Cross
Kent A. Gardiner (D.C. Bar No. 432081)
Shari Ross Lahlou (D.C. Bar No. 476630)
David D. Cross (D.C. Bar No. 490187)
Luke van Houwelingen (D.C. Bar No. 989950)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  (202) 624-2500

*Attorneys for Defendant CSX Transportation, Inc.*


    /s/ Randy M. Mastro

| | |
|---|---|
| Randy M. Mastro | Theodore J. Boutros, Jr. |
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LP |
| 200 Park Avenue | 333 South Grand Avenue |
| New York, NY  10166-0193 | Los Angeles, CA  90071 |
| Telephone:  (212) 351-4000 | Telephone:  (213) 229-7000 |
| | |
| Joshua H. Soven (D.C. Bar No. 436633) | Veronica S. Lewis |
| Andrew S. Tulumello (D.C. Bar No. 468351) | Robert C. Walters |
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LLP |
| 1050 Connecticut Avenue, NW | 2100 McKinney Avenue, Suite 1100 |
| Washington, DC  20036 | Dallas, TX  75201 |
| Telephone:  (202) 955-8500 | Telephone:  (214) 698-3100 |

Samuel M. Sipe, Jr. (D.C. Bar No. 256446)
Linda Stein (D.C. Bar No. 376217)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Telephone:  (202) 429-3000

*Attorneys for Defendant BNSF Railway Company*

**CERTIFICATE OF SERVICE**

I, Daniel M. Wall, certify that on April 27, 2015, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to counsel for all parties.

       /s/ Daniel M. Wall