UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL Docket No. 1869 |
| This document relates to: ALL CASES | Misc. No. 07-0489 (PLF) |

MEMORANDUM OPINION AND ORDER

At this late stage, defendants have moved for leave to late file a declaration from Dr. B. Kelly Eakin of Laurits R. Christensen Associates, Inc. Dr. Eakin purportedly was the "lead investigator and author" of certain portions of a study (the "Christensen Study") commissioned by the Surface Transportation Board that was published in November 2009. See Plaintiffs' Supplemental Reply Ex. 115 (filed May 28, 2014) [Dkt. No. 711-24]. Plaintiffs' experts have cited that study as support for their use of a constant fuel coefficient in their regression models, which defendants' expert disputes. Plaintiffs oppose defendants' motion. After careful consideration of the parties' briefs and the relevant legal authorities, the Court denies leave to late file the declaration.[1]

As an initial matter, defendants' contention that expert discovery is open, and thus that Rule 16(b) of the Federal Rules of Civil Procedure is not controlling, is incorrect. Expert discovery in this case is closed. On remand from the D.C. Circuit, this Court reopened expert

[1] The papers reviewed in connection with the pending motion include the following: defendants' motion for leave to submit testimony from Dr. B. Kelly Eakin ("Mot.") [Dkt. No. 769]; plaintiffs' opposition to defendants' motion ("Opp.") [Dkt. No. 773]; and defendants' reply in support of their motion for leave ("Reply") [Dkt. No. 776].

discovery for the limited purpose of supplemental briefing and expert reports, which closed on July 21, 2014 with the filing of defendants' supplemental sur-reply. See October 31, 2013 Stipulation and Order [Dkt. No. 694]. And on November 26, 2014, the Court granted plaintiffs limited leave to file a supplemental expert report in light of revelations regarding the credibility of plaintiffs' original expert. November 26, 2014 Opinion and Order [Dkt. No. 756]. Defendants similarly were granted leave to file a supplemental expert report in response. Id. The Court did not, however, reopen expert discovery for all purposes.

The scheduling order in this case "may be modified only for good cause and with the judge's consent." FED R. CIV. PRO. 16(b). "[R]eopening discovery . . . [therefore] require[s] a showing of good cause." Watt v. All Clear Business Solutions, LLC, 840 F. Supp. 2d 324, 326 (D.D.C. 2012) (quoting U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., 576 F. Supp. 2d 128, 133 (D.D.C. 2008)). Courts generally consider six factors when determining whether to reopen discovery: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that the discovery will lead to relevant evidence." Id. (quoting Childers v. Slater, 197 F.R.D. 185, 188 (D.D.C. 2000)). "[W]hether to . . . reopen discovery is committed to the sound discretion of the trial court." Childers v. Slater, 197 F.R.D. at 187.

Although one factor weighs in favor of defendants — the class certification hearing is not imminent, let alone trial — the remaining five do not. Plaintiffs' expert first cited the Christensen Study in May 2014 in his supplemental expert report in support of plaintiffs' supplemental reply. See Plaintiffs' Supplemental Reply Ex. A, Supplemental Reply Expert

Report of Gordon Rausser, Ph.d (filed May 28, 2014) [Dkt. No. 711-1]. Because plaintiffs' supplemental reply "contain[ed] new economic analyses and opinions," defendants sought and were granted leave to file a sur-reply and a further supplemental expert report. See July 1, 2014 Order [Dkt. No. 717]. And defendants' expert's sur-reply report devoted numerous pages to responding to plaintiffs' expert's use of the Christensen Study. See Defendants' Sur-Reply Ex. 1, Sur-Reply Declaration of Joseph P. Kalt, Ph.D at 6-13, 20 (filed July 21, 2014) [Dkt. No. 720-1]. As defendants have failed to offer any explanation for the delay in submitting Dr. Eakin's declaration regarding the study, defendants have not demonstrated that they were diligent in pursuing discovery within the established deadlines or that the need for Dr. Eakin's declaration was not foreseeable.

The Court also is persuaded that Dr. Eakin's declaration, at this late stage, would unfairly prejudice plaintiffs and necessitate even further additional discovery. Dr. Eakin was but one of many authors of the Christiansen Study. Dr. Eakin's declaration thus would require a new round of discovery to allow plaintiffs to determine the extent of Dr. Eakin's role and the opinions of the other authors. And lastly, the Court is unconvinced that Dr. Eakin's declaration would be particularly relevant or helpful. As defendants have stated, "[t]he Christensen Study is what it is" and it should stand for itself. Mot. at 12. Defendants therefore have failed to demonstrate good cause to permit the reopening of expert discovery to late file Dr. Eakin's declaration.

For the foregoing reasons, it is hereby

ORDERED that defendants' motion for leave to late file testimony from Dr. B. Kelly Eakin [Dkt. No. 769] is DENIED.

SO ORDERED.

/s/________________________________
PAUL L. FRIEDMAN
United States District Judge

DATE: October 9, 2015