UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION ) ) ) ) This document relates to: ) ) ALL DIRECT PURCHASER CASES ) ) | ) MDL Docket No. 1869 ) Misc. No. 07-0489 (PLF) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Exclude Opinions Offered by Dr. Joseph Kalt at the class certification hearing, Dkt. 774. Plaintiffs argue that the Court must do an analysis of Dr. Kalt's report and proffered testimony under Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and make a Daubert determination prior to the class certification hearing. They maintain that the Court should refuse to consider Dr. Kalt's opinions on class certification under the standards of Rule 702 and Daubert.

Defendants respond that under the case law, no Daubert hearing is required prior to class certification, that plaintiffs' motion is a blatant misuse of the Daubert inquiry, and that none of plaintiffs' arguments can fairly be described as focusing "solely on principles and methodology, [rather than] on the conclusions that they generate." Defendants' Opposition at 1 (quoting Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. at 595) [Dkt. 777]. Defendants maintain that the proper forum for considering the reliability of Dr. Kalt's methodology and the validity of his opinions is at the class certification hearing itself. Id. at 12. The Court indicated at the status conference on May 3, 2016 that it was inclined to agree with defendants' position on

this matter. See 5/3/16 Tr. at 21-22 [Dkt. 805]. Having now reviewed the parties' papers, the Court will deny plaintiffs' motion to exclude Dr. Kalt's opinions under Rule 702 and Daubert.

Under Daubert, the Court is to act as a "gatekeeper" with respect to the issue of the admissibility of expert testimony and evidence, primarily so that the trier of fact will not be exposed to unreliable or irrelevant testimony about scientific, technical, or other esoteric matters. Where the factfinder is the court and not a jury, however, the question is for whom the Court is supposed to be keeping the gate. "There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005); see also Jacobsen v. Oliver, No. 01-1810, 2007 WL 5527513, at *1 (D.D.C. Nov. 2, 2007); F.T.C. v. Whole Foods Mkt., Inc., No. 07-1021, 2007 WL 7632283, at *2 (D.D.C. July 27, 2007). As Judge Diane Wood has explained for the Seventh Circuit:

> Where the gatekeeper and the factfinder are one and the same — that is, the judge — the need to make [Daubert and Rule 702] decisions prior to hearing the testimony is lessened. That is not to say that the scientific reliability requirement is lessened in such situations; the point is only that the court can hear the evidence and make its reliability determination during, rather than in advance of, trial. Thus, where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.

In re Salem, 465 F.3d 767, 777 (7th Cir. 2006) (internal citation omitted); see also Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000).

This gatekeeping analysis applies equally to class certification hearings. The Supreme Court in dictum has expressed its "doubt" that "Daubert did not apply to expert testimony at the certification stage of class action proceedings," but it has not squarely decided the question. See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2554 (2011). No court has held that district courts must hold a separate Daubert hearing in advance of a class certification hearing, or that district courts must bifurcate the class certification hearing between Daubert and

2

Rule 23 class certification analysis. It therefore is appropriate for courts to hear the evidence and argument regarding Daubert during the class certification proceeding.

        The Court recognizes that the Daubert and Rule 23 standards are different and that those differences inform how the Court will structure its analysis and opinion on class certification. While the D.C. Circuit has not opined on this issue, Judge Anthony Scirica of the Third Circuit has recently explained that when the reliability of an expert's methodology is being challenged, a district court must "conduct a Daubert inquiry before assessing whether the requirements of Rule 23 have been met." In re Blood Reagents Antitrust Litig., 783 F.3d 183, 188 (3d Cir. 2015). This is because "[e]xpert testimony that is insufficiently reliable to satisfy the Daubert standard cannot prove that the Rule 23(a) prerequisites have been met in fact, nor can it establish through evidentiary proof that Rule 23(b) is satisfied." Id. at 187 (internal quotation marks omitted); see also Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 812 (7th Cir. 2012) ("[A] district court must make a conclusive ruling on any challenge to that expert's qualifications or submissions [under Daubert] before it may rule on a motion for class certification." (citing Am. Honda Motor Co. v. Allen, 600 F.3d 813, 815 (7th Cir. 2010))). In its opinion on class certification, the Court therefore will first address the relevance of all expert opinions and the reliability of the experts' methodology under Daubert and Rule 702, and then conduct the "rigorous analysis" of all of the relevant evidence — including expert testimony that meets the Daubert and Rule 702 standards — that is critical to proving the class certification requirements under Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure. See In re Blood Reagents Antitrust Litig., 783 F.3d at 187.

        That having been said, there is no need for the Court to address each of the six separate bases asserted by plaintiffs for the exclusion of Dr. Kalt's opinions. Suffice it to say

that most, if not all of them, are not valid <u>Daubert</u> arguments at all because they do not challenge the principles or methodologies that Dr. Kalt employed.  Rather, they are attacks on Dr. Kalt's theories or his responses to the opinions, regression analyses, and models of plaintiffs' experts. The Court will determine at the class certification hearing — consistent with <u>Daubert</u> and Rule 702 — the relevance, reliability, admissibility, and weight it should afford the reports, testimony, and opinions of all experts.

For all of these reasons, Plaintiffs' Motion to Exclude Opinions Offered by Dr. Joseph Kalt, Dkt. 774, is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:  May 20, 2016                              United States District Judge