UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL NO. 1869<br>Misc. No. 07-489 (PLF/AK/GMH) |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER CASES | |

**<u>JOINT REPORT REGARDING THE CLASS CERTIFICATION HEARING</u>**

Plaintiffs and Defendants have met and conferred and, pursuant to the Court's April 26, 2016 Order, jointly submit this report regarding the class certification hearing. The parties agree on the overall order and structure of the hearing, but disagree on certain aspects of the hearing.

The parties agree on the following:

1. Plaintiffs and Defendants each would be allocated equal total time for the hearing;

2. Plaintiffs and Defendants each would be allocated four hours for respective opening arguments, with Plaintiffs going first and then Defendants;

3. Plaintiffs' expert witnesses would testify after completion of opening arguments, and Defendants' expert witnesses would testify after completion of examinations of Plaintiffs' expert witnesses; and

4. Plaintiffs and Defendants will present closing arguments, with Defendants going first and then Plaintiffs.

The parties disagree on the following:

1. The total amount of time each side should be allocated;

2. Whether expert witnesses should be permitted to testify on direct examination, and whether testimony should be limited to experts that an opposing party seeks in the first instance to cross-examine; and

3. The total amount of time each side should be allocated to examine expert witnesses.

**Plaintiffs' Position**

All agree that opening statements should not exceed four hours per side, and that Plaintiffs' opening statement will be first, followed by Defendants' opening statement. The parties likewise agree that Defendants will present their closing arguments first, followed by Plaintiffs' closing arguments.

Plaintiffs and Defendants differ, however, as to the parameters for expert witness testimony. With the understanding that the Court does not want or need lengthy direct testimony that is necessarily duplicative of what is contained in the various expert reports,[1] Plaintiffs propose that the appearance of any expert witness should be contingent on whether the opposing party wishes to cross-examine that individual, and, in that event, the examination should begin at cross-examination, with equal time for redirect. Plaintiffs believe that cross-examination of Drs. Joseph Kalt and Dennis Carlton is not absolutely necessary given the voluminous deposition testimony to date from both individuals (although Plaintiffs reserve all rights to cross-examine

---

[1] *E.g.*, Tr. of Status Conference, Aug. 21, 2014, at 9, 20 ("THE COURT: We go back to my original point that the testimony is a lot less important than the reports."; "THE COURT: . . . whatever we do at this hearing . . . is only a supplement to the briefs that you all have submitted and these expert reports that I'm going to have to read, whether I want to or not, I'm going to have to read the expert reports.").

both individuals in the event that the Court permits their direct examinations). Defendants, meanwhile, have indicated a desire to cross-examine Drs. Gordon Rausser, James McClave and Jeffrey Leitzinger. If, as Defendants have previously represented to the Court, it is common to conduct such hearings without direct examination, and the value of the witness testimony is in cross-examination,[2] Plaintiffs propose to provide Defendants with that opportunity—by making Drs. Rausser, Leitzinger, and McClave available for 1-2 hours of cross-examination each, with the same amount of time for redirect.[3] Meanwhile, given the extensive reports submitted by all witnesses, the parties can spare the Court extraneous duplication by not conducting direct examinations of the five expert witnesses. Finally, Plaintiffs believe that one hour is sufficient for closing arguments. Altogether then, Plaintiffs propose the following structure and order, which would likely span three to four days total[4]:

1. Plaintiffs' opening statement (4 hours or less)
2. Defendants' opening statement (4 hours or less)
3. Cross-examination of Dr. Gordon Rausser (1-2 hours)

---

[2] *Id*. at 12 ("MR. WALL: . . . [W]hen I've done this before, it has frequently been done like an administrative trial where you don't even get to put on your direct examination."; "MR. WALL: The witness stands for cross. When we were talking about it with them, we both felt that it would be nice to at least give the witness the chance to get his feet under him a little bit and hit some highlights. *But from our perspective, the value of this, and we think it is a lot of value, is for you to see how they hold up under cross . . . .*") (emphasis added).

[3] While Defendants claim that Plaintiffs seek "to undermine Defendants' ability to cross examine Plaintiffs' experts by unreasonably limiting the time allotted for witness examinations," this proposal is consistent with the Court's prior determination that, as to each witness, the parties would each receive 75 minutes to conduct either (i) cross examination, or (ii) direct and/or redirect examination. Dkt. No. 725.

[4] Defendants insist that Plaintiffs have affirmatively urged the Court to set aside five days for the class-certification hearing. Not so. Plaintiffs agreed to the five days currently calendared as a compromise, *see* Dkt. 804, when Defendants demanded it for purposes of the April 25, 2016 Joint Statement on Class Certification Proceedings—well before the parties had begun discussions on the precise structure and time allocations of the hearing.

    4. Redirect of Dr. Gordon Rausser (1-2 hours)

    5. Cross-examination of Dr. James McClave (1-2 hours)

    6. Redirect of Dr. James McClave (1-2 hours)

    7. Cross-examination of Dr. Jeffrey Leitzinger (1-2 hours)

    8. Redirect of Dr. Jeffrey Leitzinger (1-2 hours)

    9. Defendants' closing arguments (1 hour)

    10. Plaintiffs' closing arguments (1 hour)

Under this proposal, each side would have 8-11 hours in total for their presentations, which is a reasonable supplement to the numerous briefs submitted, the weeks of deposition testimony that will undoubtedly be integrated into the parties' arguments, and the various expert reports.

    In the event that the Court is inclined to grant Defendants' request for direct testimony from Drs. Joseph Kalt and Dennis Carlton (whom Plaintiffs would not otherwise call for cross-examination but intend to cross-examine following any direct examination), Plaintiffs ask for the same opportunity for direct examination of their own witnesses.  Thus, if the Court wishes to hear direct examination of expert witnesses without regard to whether the opposing party would otherwise call them for cross-examination, Plaintiffs intend to call Drs. Gordon Rausser, James McClave, and Jeffrey Leitzinger, in advance of Defendants' two experts, Drs. Joseph Kalt and Dennis Carlton.  Even then, Plaintiffs would propose further limitations on Defendants' excessive time-allocation proposal, as follows:

    1. Plaintiffs' opening statement (4 hours or less)

    2. Defendants' opening statement (4 hours or less)

    3. Direct examination, cross-examination, and redirect of Dr. Gordon Rausser (2 hours total, split evenly between the parties)

4

4. Direct examination, cross-examination, and redirect of Dr. James McClave (2 hours total, split evenly between the parties)

5. Direct examination, cross-examination, and redirect of Dr. Jeffrey Leitzinger (2 hours total, split evenly between the parties)

6. Direct examination, cross-examination, and redirect of Dr. Joseph Kalt (2 hours total, split evenly between the parties)

7. Direct examination, cross-examination, and redirect of Dr. Dennis Carlton (2 hours total, split evenly between the parties)

8. Defendants' closing arguments (1 hour)

9. Plaintiffs' closing arguments (1 hour)

Under this proposal, each side would have 10 hours in total for their presentations.

In sum, Plaintiffs are not "undermining" Defendants' ability to present their opposition to class certification. But Plaintiffs believe that the structure of the hearing should reflect the fact that there is already a voluminous record before the Court, and that the parties should streamline the hearing to focus on what is most valuable to the Court, and do so in no more time than is necessary.

**Defendants' Position**

The D.C. Circuit found that "Rausser's models are essential to the plaintiffs' claim they can offer common evidence of classwide injury. No damages model, no predominance, no class certification." *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 725 F.3d 244, 253 (2013) (citation omitted). In remanding this case for further consideration of Dr. Rausser's models, the Court of Appeals held: "It is now clear [] that Rule 23 not only authorizes a hard look at the

5

soundness of statistical models that purport to show predominance—the rule commands it." *Id.* at 255.

Five expert witnesses have now opined on the soundness of Dr. Rausser's models for class certification purposes—namely, Drs. Gordon Rausser, Jeffrey Leitzinger, and James McClave for Plaintiffs and Drs. Joseph Kalt and Dennis Carlton for Defendants. Together, these five experts have submitted nearly 1,700 pages of written reports. In light of the complexity of the economic issues, the voluminous record, the significant credibility issues, and the D.C. Circuit's specific "hard look" mandate, direct examination of the witnesses is warranted, and five days are needed to ensure sufficient time for direct and cross examinations.

This Court already has stressed that, in conducting the assessment required by Rule 23 and mandated by the D.C. Circuit in this case, "all of the issues relating to credibility, reliability of the person and of the expertise of the person, as well as the methodology used by the person, is open for the class certification hearing." May 3, 2016 Hr. Tr. at 33:24 – 34:2. The Court only a few weeks ago observed: "It's hard to decide credibility based on affidavits alone and all of that." *Id.* at 10:17-18. The parties previously agreed with the Court on this point, jointly emphasizing themselves that "live testimony by the parties' respective expert witnesses" is needed "to provide the Court an opportunity to further consider their opinions and assess their demeanor and credibility." Dkt. No. 722 at 1. Plaintiffs in particular previously argued that adequate time for direct testimony is important "to ensure that the witnesses have some reasonable opportunity to present their positions for assessment by the Court." *Id.* at 2. In light of the agreed-upon need for both direct and cross examinations of as many as five expert witnesses, the parties jointly determined "that *five days* will be *needed* for the class certification

hearing….." *See* Dkt. No. 804 at 1 (emphasis added); *see also* Dkt. No. 768 at 2 (earlier joint proposal by the parties of November 2-6, 2015, for the class certification hearing).

Yet, in a surprising about-face, Plaintiffs now seek to keep Defendants' experts off the stand entirely and to undermine Defendants' ability to cross examine Plaintiffs' experts by unreasonably limiting the time allotted for witness examinations. Specifically, Plaintiffs now seek to limit the class certification hearing to only about three days (a total of 16-22 hours), to preclude direct testimony from Defendants' expert witness, and to limit each side to 3-6 hours to conduct examinations of all experts. Further, Plaintiffs have indicated that they no longer intend to cross examine Defendants' experts. Consequently, under Plaintiffs' proposal that an expert witness may testify *only* on cross examination, this means that Drs. Kalt and Carlton would not be permitted to testify at the hearing *at all*. In other words, Plaintiffs are proposing that they could spend a significant portion of their opening argument attacking Drs. Kalt and Carlton, yet Defendants would be powerless to call either of those witnesses to answer the attack and to allow the Court to see those witnesses and judge their credibility in person. By attacking Defendants' experts in opening argument rather than in cross examinations of the witnesses themselves, Plaintiffs would entirely block Defendants from presenting their two expert witnesses before the Court.

The Court should reject this tactic. In its Order denying Plaintiffs' Motion to Exclude Opinions Offered by Dr. Joseph Kalt, this Court advised the parties that it "will determine *at the class certification hearing*—consistent with *Daubert* and Rule 702—the relevance, reliability, admissibility, and weight it should afford the reports, *testimony*, and opinions of all experts." *See* Dkt. No. 806 ("*Daubert* Order") at 4 (emphasis added). Plaintiffs now seek to deprive the Court of the opportunity to do exactly that. Although Plaintiffs certainly are free to forgo direct

testimony from their own experts and cross examination of Defendants' experts, Plaintiffs should not be allowed to undermine Defendants' ability to effectively put on their case or this Court's ability to effectively assess the credibility and reliability of the expert witnesses, which is central to determining whether to certify the proposed class.

There is no reason for the parties or this Court to depart from the parties' long-standing agreement regarding the structure and substance of the hearing. Plaintiffs argue that the experts' respective written reports, totaling nearly 1,700 pages, should serve as their direct testimony. But they could have made that argument any time in the past, when they agreed with Defendants that *live* direct testimony is needed. They now assert that their position is based on the Court's preference, arguing in a June 8, 2016 email to defense counsel that this Court "has made it increasingly clear, at various hearings over the last two years, including our most recent status conference, that [it] does not want or need lengthy expert testimony, most notably lengthy direct testimony." But no one is proposing "lengthy direct testimony." There is a controversy now only because of Plaintiffs' new position that there should be *no* direct testimony and their effort to preclude any testimony at all from Defendants' experts. Further, Plaintiffs' position disregards the Court's recent observation that "[i]t's hard to decide credibility based on affidavits alone" (May 3, 2016 Hr. Tr. at 10:17-18) and the Court's stated intention to assess the credibility and reliability of the experts' reports and testimony at the class certification hearing (*Daubert* Order at 4).

As the parties have previously agreed and acknowledged multiple times, this Court will benefit from a reasonable amount of testimony from each side's experts to evaluate the merits of Dr. Rausser's models, and the parties must be afforded sufficient time to conduct those examinations. Perhaps Plaintiffs no longer think that is to their advantage. That's fine; they can

waive direct examination of Drs. Rausser, Leitzinger, and McClave, and simply submit them for cross examination. And they can waive cross examination of Drs. Kalt and Carlton. But Defendants should be allowed to present sufficient direct and cross examinations of the five experts for this Court to effectively assess their reliability and credibility, and ultimately evaluate the soundness of Dr. Rausser's models. Drs. Kalt and Carlton together have submitted hundreds of pages of written reports in this case. It cannot reasonably be disputed that the Court would benefit from direct testimony from each of them distilling and explaining their key analyses and opinions bearing on class certification. That testimony unquestionably would assist the Court with carrying out the D.C. Circuit's mandate to analyze Dr. Rausser's model and the many fatal flaws it suffers.

Accordingly, and consistent with Plaintiffs' own prior proposed time allocations for expert testimony[5], Defendants respectfully submit that each side should be allotted a total of 15 hours to present its case, including nine hours for each side's examinations of all expert witnesses. Defendants intend to cross examine Drs. Rausser, Leitzinger, and McClave and to call Drs. Kalt and Carlton for direct examination, all of which would be completed within the nine hours allotted for each side. Defendants believe that an overall time allocation for each side to complete all its expert examinations is more appropriate than distinct time allocations for direct and cross examinations, and will ensure that each side will be efficient across all its examinations. Defendants still maintain that the value of live testimony lies principally in cross examination and therefore anticipate using most of their time to cross examine Plaintiffs' three

---

[5] Plaintiffs previously proposed *five and a half* hours for each side to examine only *three* expert witnesses (as Drs. Leitzinger and Carlton were not yet part of the equation then), including three and a half hours just for *direct* examination of Drs. Rausser and McClave. According to Plaintiffs' prior proposal, because of the two additional witnesses, each side should get approximately 9-10 hours for expert examinations.

9

experts.[6] But again, Defendants believe that a reasonable amount of time for direct examination of Defendants' experts is vital for a full and fair consideration of class certification in this case in light of the voluminous, complex record before the Court and the D.C. Circuit's mandate requiring a "hard look at the soundness of" Dr. Rausser's models.[7]

Lastly, Plaintiffs propose that each side be limited to one hour for closing argument. Defendants believe that each side should be allowed the balance of their total time allotted for their case at the hearing, unless the Court determines during the hearing that more or less time is warranted.

Dated: June 10, 2016

Respectfully submitted,

---

[6] The quote from defense counsel that Plaintiffs cite in footnote 2 above was in the context of a dispute over the *relative length* of direct testimony, not whether there would be any direct testimony at all. Plaintiffs, in contradiction to their current position, were seeking equal time for direct and cross examinations while Defendants believed—and still believe—that more time should be afforded cross examination. *See* Dkt. No. 722 at 2-3.

[7] Plaintiffs cite the Court's August 21, 2014 Order which provided that "a total of 75 minutes will be allotted for direct and re-direct examination and 75 minutes will be allotted for cross-examination." *See*, *infra*, 3 n.3 (citing Dkt. No. 725 at 2). Those time limits were set before the parties agreed that five days will be needed for the hearing, before two additional experts submitted reports regarding the soundness of Dr. Rausser's models, and before this Court issued its *Daubert* Order providing that it would assess the credibility and reliability of the experts' reports and testimony at the class certification hearing. Defendants respectfully submit that more time is warranted for direct and cross examinations, and the parties should be free to allocate their total time between direct and cross in whatever way they believe will most aid the Court. Plaintiffs agreed more time will be needed, until last week.

experts.[6] But again, Defendants believe that a reasonable amount of time for direct examination of Defendants' experts is vital for a full and fair consideration of class certification in this case in light of the voluminous, complex record before the Court and the D.C. Circuit's mandate requiring a "hard look at the soundness of" Dr. Rausser's models.[7]

Lastly, Plaintiffs propose that each side be limited to one hour for closing argument. Defendants believe that each side should be allowed the balance of their total time allotted for their case at the hearing, unless the Court determines during the hearing that more or less time is warranted.

Dated: June 10, 2016

Respectfully submitted,

---

[6] The quote from defense counsel that Plaintiffs cite in footnote 2 above was in the context of a dispute over the *relative length* of direct testimony, not whether there would be any direct testimony at all. Plaintiffs, in contradiction to their current position, were seeking equal time for direct and cross examinations while Defendants believed—and still believe—that more time should be afforded cross examination. *See* Dkt. No. 722 at 2-3.

[7] Plaintiffs cite the Court's August 21, 2014 Order which provided that "a total of 75 minutes will be allotted for direct and re-direct examination and 75 minutes will be allotted for cross-examination." *See*, *infra*, 3 n.3 (citing Dkt. No. 725 at 2). Those time limits were set before the parties agreed that five days will be needed for the hearing, before two additional experts submitted reports regarding the soundness of Dr. Rausser's models, and before this Court issued its *Daubert* Order providing that it would assess the credibility and reliability of the experts' reports and testimony at the class certification hearing. Defendants respectfully submit that more time is warranted for direct and cross examinations, and the parties should be free to allocate their total time between direct and cross in whatever way they believe will most aid the Court. Plaintiffs agreed more time will be needed, until last week.

| | |
|---|---|
| /s/ David D. Cross | /s/ Michael D. Hausfeld |
| David D. Cross (D.C. Bar No. 490187)<br>MORRISON & FOERSTER LLP<br>2000 Pennsylvania Avenue, NW, Suite 6000<br>Washington, DC 20006<br>Telephone: (202) 887-1500 | Michael D. Hausfeld (DC Bar #153742)<br>Sathya S. Gosselin (DC Bar #989710)<br>Seth R. Gassman (DC Bar #1011077)<br>HAUSFELD LLP<br>1700 K Street NW, Suite 650<br>Washington, DC 20006<br>Telephone: (202) 540-7200<br>Facsimile: (202) 540-7201<br>Email: mhausfeld@hausfeld.com |
| Kent A. Gardiner (D.C. Bar No. 432081)<br>Shari Ross Lahlou (D.C. Bar No. 476630)<br>Luke van Houwelingen (D.C. Bar No. 989950)<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: (202) 624-2500 | /s/ Stephen R. Neuwirth<br>Stephen R. Neuwirth<br>Richard I. Werder, Jr.<br>Daniel L. Brockett<br>Sami Rashid<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br>Email: stephenneuwirth@quinnemanuel.com |
| *Attorneys for Defendant CSX Transportation, Inc.* | |
| /s/ Daniel M. Wall | |
| Daniel M. Wall<br>Timothy L. O'Mara<br>Christopher B. Campbell<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: (415) 391-0600 | |
| J. Scott Ballenger (D.C. Bar No. 465252)<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: (202) 637-2200 | Michael P. Lehmann<br>HAUSFELD LLP<br>44 Montgomery Street, Suite 3400<br>San Francisco, CA 94104<br>Telephone: (415) 633-1908<br>Facsimile: (415) 358-4980 |
| Tyrone R. Childress<br>David G. Meyer<br>JONES DAY<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA 90071-2300<br>Telephone: (213) 489-3939 | Alicia Cobb<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>600 University Street, Suite 2800<br>Seattle, WA 98101<br>Telephone: (206) 905-7000<br>Facsimile: (206) 905-7100 |
| Thomas A. Isaacson (D.C. Bar No. 376959)<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401<br>Telephone: (202) 662-6000 | *Interim Co-Lead Class Counsel* |
| *Attorneys for Defendant Union Pacific Railroad Company* | |

11

     /s/ John M. Nannes
John M. Nannes (D.C. Bar No. 195966)
Sean M. Tepe (D.C. Bar No. 1001323)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC  20005
Telephone:  (202) 371-7000

Saul P. Morgenstern
Jennifer B. Patterson
Amanda C. Croushore
KAYE SCHOLER LLP
250 West 55th St.
New York, NY  10019
Telephone:  (212) 836-8000

Claudia R. Higgins (D.C. Bar No. 940288)
KAYE SCHOLER LLP
901 Fifteenth Street, NW
Washington, DC  20005
Telephone:  (202) 682-3500

*Attorneys for Defendant Norfolk Southern Railway Co.*

     /s/ Randy M. Mastro
Randy M. Mastro
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  (212) 351-4000

Joshua H. Soven (D.C. Bar No. 436633)
Andrew S. Tulumello (D.C. Bar No. 468351)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC  20036
Telephone:  (202) 955-8500

Samuel M. Sipe, Jr. (D.C. Bar No. 256446)
Linda Stein (D.C. Bar No. 376217)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Telephone:   (202) 429-3000

Theodore J. Boutros, Jr.
GIBSON, DUNN & CRUTCHER LP
333 South Grand Avenue
Los Angeles, CA  90071
Telephone:   (213) 229-7000

Veronica S. Lewis
Robert C. Walters
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201
Telephone:  (214) 698-3100

*Attorneys for Defendant BNSF Railway Company*

**CERTIFICATE OF SERVICE**

I, David D. Cross, certify that on June 10, 2016, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to counsel for all parties.

                                                                                                                             /s/ David D. Cross