# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
                                              )
In re RAIL FREIGHT FUEL SURCHARGE             )
ANTITRUST LITIGATION                          )
                                              )          MDL Docket No. 1869
                                              )          Miscellaneous No. 07-0489 (PLF)
This document relates to:                     )
                                              )
ALL DIRECT PURCHASER CASES                    )
                                              )
```

## ORDER

For the reasons set forth in the Opinion issued under seal this same day, it is

hereby ORDERED that

1. The direct purchaser plaintiffs' motion for class certification [Dkt. 337] is

DENIED.

2. The Court concludes that plaintiffs have failed to establish by a preponderance

of the evidence that all of the requirements of Rule 23 of the Federal Rules of Civil Procedure

have been satisfied. Specifically, plaintiffs have failed to establish that "questions of law or fact

common to class members predominate over any questions affecting only individual members"

under Rule 23(b)(3). FED. R. CIV. P. 23(b)(3). While the documentary evidence is strong

evidence of conspiracy and class-wide injury to so-called carload traffic, the damages regression

model of plaintiffs' lead expert is flawed for three reasons: (1) a large portion of the class traffic

reflected in his damages model was intermodal traffic — not carload traffic — that was subject

to competitively negotiated fuel surcharge formulas established during the pre-class period and

which never changed; (2) his damages model finds unexplainable overcharges with respect to

legacy shippers — the very concern raised by the D.C. Circuit in its opinion in this case; and

(3) there are too many uninjured shippers in the class who cannot be identified or sufficiently explained to satisfy the "all or virtually all" standard for predominance under Rule 23(b)(3) and the established case law.

3. Under Rule 23(f) of the Federal Rules of Civil Procedure, the court of appeals may permit an appeal from this Order denying class certification "if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered." FED. R. CIV. P. 23(f). "An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Id. By November 10, 2017, the parties shall meet and confer and shall file a joint notice with the Court regarding how they wish to proceed in this case; the parties shall address (a) whether plaintiffs have filed a petition to appeal with the Clerk of the D.C. Circuit, and if so, (b) whether there are any outstanding issues that must be addressed by this Court.

4. As the parties are aware, the Opinion accompanying this Order temporarily has been issued under seal in its entirety in view of the possibility that the Court has referenced "Confidential" or "Highly Confidential — Attorneys' Eyes Only" material, as described in the Protective Order issued in this case. See Protective Order (Jan. 29, 2009) ¶¶ 1.3, 1.4 (Facciola, Mag. J.) [Dkt. 195]. That Opinion, however, will not remain under seal. By November 10, 2017, the parties shall meet and confer and shall file a joint report showing cause why the Opinion issued under seal this same day should not be published in full without redactions on the public docket of this Court.

If either party believes that some passage(s) in the Court's Opinion should be redacted, they must specify in the joint report which passage(s) and must specifically state the cause for each redaction. In making any such request, the parties are reminded that the courts are

not intended to be, nor should they be, secretive places for the resolution of secret disputes. See, e.g., Metlife, Inc. v. Fin. Stability Oversight Council, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting United States v. Hubbard, 650 F.2d 293, 317 (D.C. Cir. 1980) ("[T]here is a 'strong presumption in favor of public access to judicial proceedings.'"); Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016). The parties are also reminded to consider what was previously published in the redacted version of the Court's initial class certification opinion. See Rail Freight III, 287 F.R.D. 1 (D.D.C. 2012). Accordingly, any redactions shall be made solely to the extent necessary to preserve the confidentiality of the relevant information in accordance with the terms of the Protective Order issued in this case. See Protective Order ¶¶ 1.3, 1.4.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 10/10/17