UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL DIRECT PURCHASER CASES<br><br>OXBOW CARBON & MINERALS LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY and BNSF RAILWAY COMPANY,<br><br>Defendants. | MDL Docket No. 1869<br>Miscellaneous No. 07-0489 (PLF)<br><br><br><br><br><br>Civil Action No. 11-1049 (PLF/GMH) |

MEMORANDUM OPINION AND ORDER

The Court has reviewed the joint submission concerning proposed schedules filed in the Rail Freight case [Dkt. No. 900] and the joint status report filed in Oxbow [Dkt. No. 160]. The Court had understood that it is being asked within the next year or so to resolve two issues: (1) the meaning and scope of 49 U.S.C. § 10706; and (2) summary judgment on the question of liability only. It understood that damages discovery, involving expert witnesses, would be proceeding at the same time on a parallel track, but that there would be little or nothing for the undersigned to do with respect to damages or expert witnesses during that period. The Court has already said that all discovery issues that arise during the period in which the undersigned

remains involved in these cases – both fact discovery and expert discovery – will be referred to Magistrate Judge Michael Harvey.

While there were some passing references to Daubert at the November 14, 2019 status conference, the Court nevertheless was surprised to see mention in both the joint submission in the Rail Freight case and the joint status report in Oxbow to Daubert and its linkage to summary judgment, and a cryptic statement from plaintiffs in the Rail Freight case that "summary judgment briefing cannot begin before completion of the expert disclosures and related depositions." See Dkt. No. 900 at 7. The Court does not understand why this is so, if summary judgment relates to liability only and not to damages. The Court has already done its Daubert analysis with respect to Dr. Rauser, Dr. Kalt, Dr. Leitzinger, Dr. Carlton, and Dr. McClave. See In re Rail Freight Surcharge Antitrust Litig., 292 F Supp. 3d 14, 43-87 (D.D.C. 2017). It does not see the need to revisit any of its determinations in the context of resolving summary judgment motions on liability only. The Court would like clarification from all parties before proceeding further. For these reasons, it is hereby

ORDERED that the parties shall file joint supplemental submissions clarifying these matters on or before December 16, 2019.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 9, 2019