UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION ) ) ) | MDL Docket No. 1869 Miscellaneous No. 07-0489 (PLF) |
| This document relates to: ) | |
| ALL DIRECT PURCHASER CASES ) | |
| OXBOW CARBON & MINERALS LLC, et al., ) Plaintiffs, ) v. ) UNION PACIFIC RAILROAD CO., et al., ) Defendants. ) | Civil Action No. 11-1049 (PLF) |

MEMORANDUM OPINION AND ORDER

On June 24, 2022, the court of appeals issued a formal mandate, pursuant to Rule 41 of the Federal Rules of Appellate Procedure, returning jurisdiction of the cases consolidated for interlocutory appeal to this Court. See Mandate, In re Rail Freight Fuel Surcharge Antitrust Litig. – MDL No. 1869, No. 21-7093, No. 21-7095 (D.C. Cir. June 24, 2022). Defendants in In re Rail Freight Fuel Surcharge Antitrust Litigation, MDL No. 1869 ("MDL I"), Misc. No. 07-0489, and Oxbow Carbon & Minerals LLC v. Union Pacific Railroad Co. ("Oxbow"), Civ. No. 11-1049, subsequently moved this Court to set a status conference "to discuss and set a plan following the D.C. Circuit's decision vacating this Court's interpretation of 49 U.S.C. § 10706(a)(3)(B)(ii) ("Section 10706") and remanding to this Court for further proceedings." Defendants' Motion to Set a Status Conference ("Def. Mot."), MDL I (D.D.C.

June 24, 2022) [Dkt. No. 1082] at 1; Defendants' Motion to Set a Status Conference, <u>Oxbow</u> (D.D.C. June 24, 2022) [Dkt. No. 256] at 1.

   Defendants' motion represents the various positions of the parties regarding "a plan for further proceedings." Def. Mot. at 3. Defendants request that the Court (1) set a status conference "no sooner than two weeks from the date of this motion;" and (2) "ask the parties to advise it of the progress of their discussions shortly in advance of that status conference." <u>Id</u>. Counsel for certain plaintiffs, namely, Donnelly Commodities Incorporated ("Donnelly") and Strates Shows, Inc. ("Strates"), "believe a status conference is premature and potentially unnecessary, and they believe the better course is to inform the Court that the parties are meeting and conferring on next steps, including whether they can reach consensus on any supplemental briefing process." <u>Id</u>. at 1-2. "Counsel for the other <u>MDL I</u> Plaintiffs and the <u>Oxbow</u> Plaintiffs did not state their position on Defendants' request." <u>Id</u>. at 2. The motion states that "all counsel appear to agree that it would be productive for counsel to confer further before discussing the matter with the Court." <u>Id</u>.

   The Court agrees with defendants that a status conference, as well as a joint status report filed in advance of the status conference, "is likely to be beneficial." Def. Mot. at 2. Accordingly, it is hereby

   ORDERED that the parties shall meet and confer and submit a joint status report, on or before July 12, 2022, informing the Court of any progress the parties have made to agree on procedures and set a schedule for supplemental briefing; and it is

3

FURTHER ORDERED that the Court will hold a status conference on July 19, 2022 at 2:30 p.m. via Zoom videoconference, the details of which will be sent the morning of or in advance of the hearing.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 29, 2022