**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION<br><br>This document relates to:<br>ALL CASES | MDL Docket No. 1869<br>Misc. No. 07-0489 (PLF/GMH) |
| OXBOW CARBON & MINERALS LLC, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNION PACIFIC RAILROAD CO., et al.,<br><br>*Defendants*. | Civil Action No. 11-1049 (PLF) |

**<u>JOINT STATUS REPORT</u>**

Pursuant to the Court's Order of July 27, 2022, ECF No. 1088; *Oxbow* ECF No. 260,[1] Defendants and Plaintiffs, by and through their respective counsel, submit this Joint Status Report to advise the Court on the outcome of the parties' discussions regarding the application of Section 10706 to evidence in the summary judgment record.

The Court directed the parties to "identify documents relevant to the pending summary judgment motions," then to "meet and confer and attempt to agree on which documents should be excluded, in whole or in part, under Section 10706," and finally to "inform[] the Court of the outcome of their discussions."  ECF No. 1088 at 3; *Oxbow* ECF No. 260 at 3.  The parties have diligently engaged in that process, through extensive email communication, exchange of letters, and more than three hours of live discussion by videoconference spread across three meetings.

---

[1] Docket citations in this Joint Status Report are to the docket in *In re Rail Freight Fuel Surcharge Antitrust Litigation*, No. 07-mc-0489-PLF ("*MDL 1*").  Where a parallel citation exists for the docket in *Oxbow Carbon & Minerals LLC v. Union Pacific Railroad Co.*, No. 11-cv-1049-PLF ("*Oxbow*"), that citation is referenced as "*Oxbow* ECF No."

On August 12, 2022, Defendants shared with Plaintiffs a proposed list of discussions and agreements that they believe are subject to Section 10706 and worthy of the parties' attention. That list included references to what Defendants understand to be the specific exhibits evidencing each of those discussions or agreements, focusing on the exhibits cited in Plaintiffs' opposition briefs.  A copy of this list (with certain updates and corrections to the listed exhibits) is attached as Exhibit 1 to this Joint Status Report ("Exhibit 1").

On August 26, 2022, Plaintiffs responded and—in order to narrow the disputes between the parties—identified particular documents (all exhibits from the summary judgment briefing) that they do not believe that the Court needs to consider when reviewing the parties' summary judgment briefing.  Those exhibits are:  PX0143, PX0206, PX0238, PX0239, PX0271, PX0470, PX0471, and PX0472.  Five of those exhibits (PX0143, PX0206, PX0238, PX0271, PX0472) appear on Exhibit 1 and are indicated in strikethrough on Exhibit 1 to reflect that Plaintiffs have withdrawn their reliance on those documents in connection with the pending summary judgment briefing.

The parties had subsequent conferences, but were unable to reach agreement on other documents.  Because the parties have not come to mutual agreement on all issues, each includes an additional statement below.

**Defendants' Statement**

Through letters, emails, and several hours of live discussion, the parties made progress in understanding each other's position as a result of the Court's order, ECF No. 1088; *Oxbow* ECF No. 260.  *See* Exs. 2-5 (Email thread and correspondence between the parties).  But little agreement exists: Defendants listed 25 "discussion[s] or agreement[s]" (as Section 10706 commands) reflected in 43 key documents relevant to summary judgment.  Plaintiffs denied that *any* is covered by Section 10706, and instead merely offered that they "do not believe that the Court needs to

consider" 5 of those documents to resolve summary judgment.  Basic disagreements about basic material remain to be decided.  And the disputed material is so central to Plaintiffs' own version of their case that the Court could not realistically deny summary judgment without confronting Defendants' objections to this material.  The Court, however, has not been advised by the parties on the particulars of their disagreements about how the D.C. Circuit's framework applies to the disputed material, let alone the implications for summary judgment.  Accordingly, Defendants believe that the Court will need to receive briefing, but that such briefing can be efficiently focused on disputed issues of Section 10706's application, and how those issues bear on summary judgment.  Defendants submit this statement to explain how they have tried to promote the agreement this Court sought—including how they identified the documents at issue, and their approach to analyzing whether material is inadmissible under Section 10706—as well as the nature of the parties' disagreements, and Defendants' proposal for efficient further proceedings.

*1.  Defendants Offer a Workable Set of Materials Worth Disputing.*  Exhibit 1 does not list everything in the record that could conceivably be challenged under Section 10706; it lists what matters for purposes of summary judgment.  The Court ordered the parties to focus on "documents relevant to the pending summary judgment motions," ECF No. 1088 at 3; *Oxbow* ECF No. 260 at 3, and that is what Defendants did from the start—developing a list of discussions and agreements (and associated evidence) worth debating at this stage.  *See* Ex. 3.  Defendants went to considerable lengths to develop that limited list, because the summary judgment record in this case is large—so large that the Court asked the parties to retrieve the paper copies for the time being, *see* ECF No. 1063; *Oxbow* ECF No. 253—and because raising every Section 10706 dispute is neither helpful nor necessary.  Defendants assume that, given that order and the pendency of the appeal in the D.C. Circuit, the Court has not had reason to study that briefing or the broader record, so some context may be helpful.

One reason that record is large is because there is a robust record of the independent decision-making that led to the railroads' adoptions of revised fuel surcharge formulas in 2003 and 2004, and their efforts to impose and collect them.[2]  Another reason, and the salient one here, is that, in addition to their opposition brief, the *MDL I* Plaintiffs submitted a 405-page set of objections and responses (ECF No. 1050-2) to Defendants' statement of undisputed material facts (*ten times* the length of Defendants' statement (ECF No. 1034-1) to which it purportedly responds); a 228-page "Counterstatement of Material Facts" (ECF No. 1050-1); and reams of documents underlying these tomes (many of which are never cited directly in Plaintiffs' opposition briefs). Defendants have taken issue with Plaintiffs' failure to heed Civil Local Rule 7(h), which requires a "*concise* statement of *genuine issues* setting forth all material facts as to which it is contended there exists *a genuine issue necessary to be litigated*" (emphases added).  *See* ECF No. 1061. Indeed, much of Plaintiffs' evidence is so peripheral to the events in dispute, or buried so deep in their voluminous submissions, that its admissibility is exceedingly unlikely to matter at this stage; if it were material, it would feature in Plaintiffs' opposition briefs.  Other evidence may have merited a citation in a summary judgment opposition brief, but is best dispatched through powerful summary judgment arguments, regardless of its admissibility under Section 10706.  Defendants recognize that paging through every piece of evidence and raising a large number of Section 10706 disputes is unhelpful and would put a tremendous burden on the Court.  Accordingly, Defendants worked to focus on material that is truly "relevant" to resolution of the summary judgment motions,

---

[2] This record of independent action is key:  The law demands that Plaintiffs offer "evidence that tends to exclude the possibility that the [defendants] were acting independently," and it accepts only an "inference of conspiracy [that] is reasonable *in light of the competing inferences of independent action*."  *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986) (emphasis added). But this part of the record almost by definition does not implicate Section 10706, because that independent decision-making occurred internally at each railroad.

ECF No. 1088 at 3, and which is best addressed under Section 10706.

To that end, what Defendants listed in the meet-and-confer process—and what they would have the Court evaluate in further proceedings—is a tailored set of interline communications that Plaintiffs themselves have put at the center of their case, or that cry out for exclusion under Section 10706. *See* Ex. 1. These are the interline communications that Plaintiffs cite directly in their opposition briefs and seek to weaponize, on the theory that, because Defendants were talking at times that matter in Plaintiffs' narrative, they must have been conspiring—even though, as the D.C. Circuit recognized, " '[c]arriers must talk to competitors about interline movements in which they interchange. That requirement could falsely lead to conclusions about rate agreements that were lawfully discussed.' " *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 34 F.4th 1, 10 (D.C. Cir. 2022) (quoting H.R. Rep. No. 96-1430, at 114 (1980)). In addition, Defendants listed a few representative concurrence communications. These typically appear in passing in Plaintiffs' papers, but their inadmissible status is worth noting because they are discussions culminating in the agreements under which interlining railroads established the terms on which they would offer their joint product to customers. Defendants repeatedly invited Plaintiffs to add to the list for meet-and-confer discussion any documents that, in Plaintiffs' view, were relevant to summary judgment, but Plaintiffs have never suggested anything else worth discussing at this stage. The upshot is that Defendants listed 25 discussions, reflected in 43 key documents; Plaintiffs withdrew their reliance on 5 of those documents, in effect resolving 3 discussions. *See* Ex. 1. What remains is Defendants' best effort to identify material actually worth the Court's present attention.[3]

---

[3] The question of what is worth challenging under Section 10706 would be a quite different matter if the parties were preparing for trial, facing the question of how to control the presentation of evidence to a jury through *in limine* motions geared toward an exhibit list. That is one reason why "failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial." Fed. R. Civ. P. 56(c)(2) & 2010 adv. comm. note. Defendants reserve that right to challenge the admissibility at any trial of evidence under Section 10706.

### 2. *Defendants Use a Workable, Discussion-Oriented Approach to Evaluate Evidence.*

As the D.C. Circuit, this Court, Plaintiffs, and Defendants have all repeatedly emphasized, Section 10706 asks whether a "discussion or agreement" between rail carriers meets certain conditions and, if it does, excludes all "*evidence of* [that] discussion or agreement." 49 U.S.C. § 10706(a)(3)(B)(ii) (emphasis added). Section 10706's analytic focus is thus a "discussion or agreement" between rail carriers, not documents in isolation. *See, e.g.*, *Rail Freight*, 34 F.4th at 9 ("The court must consider each discussion and agreement separately in determining whether it should be excluded under Section 10706."). Such a discussion or agreement may be reflected in a lone document; it could span multiple documents; or different parts of a single document could be evidence of different discussions. *See Rail Freight*, 34 F.4th at 9; *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 520 F. Supp. 3d 1, 25 (D.D.C. 2021), *aff'd in part, vacated in part, rev'd in part*, 34 F.4th 1 (D.C. Cir. 2022). For that reason, Defendants' tailored list of documents is organized around particular discussions or agreements. That approach follows Section 10706's instruction to focus on "discussion[s] or agreement[s]." It is efficient: When multiple documents are evidence of a single discussion, going discussion-by-discussion can kill multiple birds with one stone. And in the end, the key question usually is what the "focus of the discussion or agreement" was, *Rail Freight*, 34 F.4th at 10, not whether a given document is "evidence of [that] discussion or agreement," 49 U.S.C. § 10706(a)(3)(b)(ii).

Plaintiffs initially agreed—they "agree[d]" that the first step in the meet-and-confer process should be for Defendants to "shar[e] a proposed list of discussions and agreements in [Plaintiffs'] Summary Judgment Opposition (along with PX cites [used to reference exhibits in the summary judgment briefing]) that defendants believe are subject to Section 10706." Ex. 2 (Email from M. Hausfeld to B. Horwich, Aug. 9, 2022). Defendants did so, sending Plaintiffs the limited group of 25 specific discussions and agreements described above. *See* Ex. 3. But in later conferences,

Plaintiffs maintained that the parties either should focus only on individual documents, irrespective of any particular "discussion or agreement," or (in seeming contradiction) should decide admissibility based on the entire arc of events starting before the supposed conspiracy period and continuing well into that period.   Plaintiffs also demanded that *Defendants* propose partially redacted versions of the documents on Defendants' list—a puzzling approach when *Plaintiffs* know best what material they would salvage from an otherwise inadmissible document.[4]

None of Plaintiffs' various approaches would be a good path forward.  To begin, this Court has already rejected Plaintiffs' claim that everything must be considered together as evidence of one overarching agreement; that does not comport with the "common parlance" meaning of "discussion."  *See Rail Freight*, 520 F. Supp. 3d at 24-25.  Second, a focus on isolated documents, and not the discussions or agreements to which they pertain, would miss how Section 10706 fits into summary judgment:  Document-by-document examination (and perhaps redaction) is the inevitable prelude to a jury trial, because a jury can only be shown documents.  But we know of no instance in which a Court deciding summary judgment has redacted documents for itself.  Rather, the Court is obviously capable of recognizing that if, for example, a particular discussion at an alliance meeting satisfies the Section 10706 criteria, then Plaintiffs cannot rely on that discussion to create a genuine issue of material fact, because Plaintiffs have no admissible evidence of that discussion.  And that implication for summary judgment would stand, regardless of how hard one scoured the record for stray references to that discussion, and regardless of how one might redact particular documents.  Defendants continue to believe that a discussion-oriented approach

---

[4] Though Defendants have good grounds to believe the documents are inadmissible, period, they repeatedly made clear that they were willing to hear Plaintiffs' contrary perspective on particular documents.  But Plaintiffs never proposed specific redactions for any document, let alone workable and appropriate ones.  And regardless, the guiding principle for any redactions must be an understanding of *why* the redactions are being made—which circles back to basic question of whether a given discussion or agreement meets Section 10706's criteria.

is the best (and most efficient) one, allowing the Court focus on substance rather than micromanaging the evidentiary record.

   *3. Important Disagreements Remain on Basic Material.*   Despite letters, emails, and multiple hour-long live meetings, the parties eventually found themselves returning to recurring points of disagreement.  In particular, the parties did not agree on what Defendants believe should be the most straightforward applications of the D.C. Circuit's interpretation of Section 10706.  And without agreements on the basic discussions, agreement on more complicated matters was not possible.  Take, for example, the March 12-13, 2003 alliance meeting between UP and CSXT.  The key evidence Plaintiffs cite for the point that UP and CSXT executives discussed fuel surcharges at that meeting is a single two-page exhibit, PX0202.  That is an email from a week before the meeting, in which UP's correspondent shared with CSXT's correspondent several "suggested agenda items" for the upcoming alliance meeting, including:

```
Other Pricing Issues on CSX/UP Interline Business
    Fuel surcharge methodology [believe Jack & Clarence talked on this]
    Bilateral accounting agreement
```

PX0202 at 1 (highlighting added).  Plaintiffs omit the highlighted words from their summary judgment opposition brief, but they are plain as day.  Plaintiffs responded that the word "interline" is a mere "fig leaf" that cannot satisfy Defendants' burden.  That cannot be right.  Section 10706 covers precious little if not exchanges like this, in which the relevant text of the *only* documentary evidence on which Plaintiffs rely shows an Eastern and a Western railroad—established interline partners—*explicitly* saying that their discussion is about *interline* issues.

   A similar difficulty arose with many documents relating to discussions about concurrence requests between interline partners.  For example, on March 28, 2003, a CSXT employee emailed UP employees notification of a modified fuel cost recovery program, asking that UP "provide

concurrence to the modified CSXT fuel surcharge program on joint-line rates between CSXT and UP," and noting that the surcharge would "be divided in the same proportion as the joint-line freight charges."  PX0467 at 4.[5]  The fact that the corresponding interline partners described the subject of their own discussion as "concurrence" ought to be proof enough—absent some other evidence—of the focus of the correspondents' discussion.  Plaintiffs responded that, because these concurrence discussions occurred at roughly the same time that one railroad involved was making broader changes to its surcharges, these communications fall outside Section 10706—even though they expressly state that they concern interline business.  Respectfully, the parties should be far past such a debate:  The practical necessity of having similar rates and practices on both interline routes and other traffic was a pillar of Congress's reason for enacting Section 10706.  Plaintiffs' position denies what everyone involved understood "concurrence" on "joint-line rates" to mean, rejects a basic application of Section 10706's evidentiary protection, and offends Section 10706's bar on inferring a conspiracy from the mere fact that two railroads collaborated on an interline price and one charged a similar price on "another route or traffic," 49 U.S.C. § 10706(a)(3)(B)(ii).

Further, Plaintiffs repeatedly expressed that they do not agree that *anything* is excluded by Section 10706; rather, they will only agree not to rely on some specific documents for purposes of summary judgment.[6]  Withdrawing a document moots disputes about that single document.  But

---

[5] When a rail carrier makes pricing or policy changes that affects traffic moving under joint rates, it must seek approval—known as "concurrence"—from each rail carrier with which it interchanges affected traffic.  *See Soc'y of Plastics Indus., Inc. v. ICC*, 955 F.2d 722, 725, 729 (D.C. Cir. 1992).  That is because, in general, it is the originating carrier under whose prices and policies interline traffic moves, and which usually communicates with the customer about rates and handles billing.  But both interline partners must agree to the prices that will apply to their shared traffic.  For that reason, when a rail carrier wants to change the fuel surcharge applicable to traffic moving under joint rates, it must seek concurrence from its interline partners.  *See id.* at 724-25.

[6] Plaintiffs also wrote that "[w]ith respect to any document Plaintiffs no longer intends [sic] to use, Plaintiffs reserve the right to propose alternate citations or documents in support of any proposition

it reflects no principled stance that can be applied more broadly to resolve other disputes.  Indeed, it does not even resolve the status of *the very discussion to which the withdrawn document relates*. For example, in September 2004, BNSF and NS personnel engaged in a weeks-long discussion about a technical issue that had resulted in inconsistent reporting of fuel surcharge coverage on their interline traffic.   *MDL I* Plaintiffs collected the documents reflecting that discussion (alongside some others) in one footnote, ECF No. 1050 at 41-42 n.10, and Defendants grouped them together in their opening letter to Plaintiffs, Ex. 3 at 5 (Discussion 16).  When Plaintiffs responded by simply withdrawing one of those documents—PX0271, *see* Ex. 4 at 2—Defendants asked why that concession wouldn't apply equally to all evidence of that same discussion, Ex. 5 at 3.  Indeed, several of those documents cross-reference one another, and they involve the same people, discussing the same issue, in the same timeframe.  Plaintiffs have offered no principle on which to distinguish among those documents.  This too leaves issues for the Court to resolve.

*4. The Path Forward.*  All agree that there are disagreements about the application of Section 10706 that persist and will not be resolved except by this Court.  Some of those disagreements could be adjudicated on the documents themselves.  Others may require some contextual material—such as deposition testimony that is not otherwise featured in existing briefing, or a related document that did not make it into the summary judgment record (which was, of course, geared toward the *Monsanto* / *Matsushita* standard, not the D.C. Circuit's interpretation of Section 10706).  And in other instances, a page of explanation may save the Court hours of puzzlement, such as the September 2004 correspondence between BNSF and NS described above, which spans a fair number of documents.  Briefing on those subjects is likely to be all the more useful now that the parties have a better understanding of each other's positions.

---

the withdrawn document was offered to support."  Ex. 4 at 2 n.1.  That reservation (to which Defendants do not agree) threatens to create *new* disputes over evidence not even in the record.

Moreover, although applying Section 10706 to the summary judgment record is important, it has never been an end unto itself.  Rather, it exposes yet another foundational problem with Plaintiffs' case, on top of the independent reasons for granting summary judgment that Defendants briefed (without the benefit of Section 10706) under the landmark cases recognizing that "mistaken inferences" of conspiracy from lawful conduct can harm the competitive process that antitrust law seeks to protect.  *Matsushita*, 475 U.S. at 588; *see Monsanto*, 465 U.S. 752.  With those motions now briefed, summary judgment could be granted without deciding the remaining Section 10706 issues, but it cannot be denied without addressing the admissibility of the challenged evidence— evidence that features so significantly in Plaintiffs' narrative.  Moreover, the governing summary judgment standard requires consideration of "the record taken as a whole."  *Matsushita*, 475 U.S. at 587.  Thus, the exclusion of evidence under Section 10706 reshapes the larger picture even for the evidence that remains, and Defendants believe the Court should be briefed on how that is so.

Here again, some context on the summary judgment briefing is helpful:  Plaintiffs say the conspiracy was formed in mid-March to mid-May of 2003.  Defendants have explained in their summary judgment papers why that formation story does not hold together, especially not in the face of the overwhelming inference of independent action reflected by the rich and undisputed record of internal deliberations.  But even setting that aside, much of what Defendants continue to challenge relates to that supposed "formation" period.  Excluding Plaintiffs' evidence from that early period strips evidence of later events of any force it might have had:  If Plaintiffs cannot show that a conspiracy *began*, a jury certainly cannot reasonably interpret later evidence to show that it *continued*.

One simple example illustrates that point: if the Court excludes (as indeed it should) the evidence of CSXT and UP's discussion on March 12-13, 2003 of "Other Pricing Issues on CSX/UP Interline Business" (PX0202), and Plaintiffs offer no other evidence that CSXT was

communicating *at all* with another railroad about fuel surcharges before its March 20, 2003 public announcement of a new fuel surcharge (as indeed Plaintiffs have not), then a reasonable jury obviously could not conclude that surcharge was conspiratorial.  And because every other supposedly conspiratorial change by every other Defendant followed that publicly announced change, this case looks like so many others where summary judgment was granted:  Cases do not go to trial when similar conduct in the marketplace can be explained by common reactions to common external events (here, rising and volatile fuel prices), follow-the-leader behavior, or both—all of which is entirely lawful.

Such implications are quite important for evaluating summary judgment, and they are bound up with *both* the summary judgment standard and Section 10706.  But they are not briefed for the Court.  For that reason, Defendants suggest that the Court order briefing focused on the remaining Section 10706 issues and their implication for the pending summary judgment motions.  Defendants would be prepared to make a specific proposal on the timing and format of such briefing or confer further with Plaintiffs on that subject at the Court's direction.  Defendants also believe the Court and the parties would benefit from a status conference to address these issues.

### Plaintiffs' Statement

On July 27, 2022, this Court rejected the parties' request for supplemental briefing and instead ordered the parties to "attempt to agree on which documents should be excluded, in whole or in part, under Section 10706" and to then "file a joint status report . . . informing the Court of the outcome of their discussions."  The parties complied with the first instruction, but Defendants insisted on submitting substantive argument—effectively an entire brief—addressing (again) the merits of their 10706 challenges without showing it to Plaintiffs first to provide Plaintiffs an opportunity to respond.  We understand from Defendants that this will include arguments about, *e.g.*, why Defendants believe the Court should make its 10706 admissibility determinations on a

"discussion-by-discussion" basis rather than "document-by-document," and Defendants' characterization of the parties' positions on the application of Section 10706.

While mindful of the Court's Order, given Defendants' insistence on submitting what amounts to a brief, Plaintiffs reluctantly provide a short summary of the meet-and-confer process and a brief overview of Plaintiffs' positions and potential next steps.

Following this Court's July 27, 2022 Order, the parties began discussing how to proceed. Plaintiffs proposed, as the parties had previously agreed in their July 12, 2022 submission, Dkt. No. 1085, that the most sensible and efficient way forward would be for Defendants to first identify the documents relevant to the pending summary judgment motion that they still believed should be excluded, based upon the standard announced in the D.C. Circuit's May 17, 2022 opinion, *In re Rail Freight Fuel Surcharge Antitrust Litig.–MDL No. 1869*, 34 F.4th 1, (D.C. Cir. 2022) ("*Rail*"). Plaintiffs would then identify any documents on Defendants' list that Plaintiffs no longer intended to rely upon for purposes of opposing summary judgment, thereby narrowing and defining the scope of any remaining dispute and facilitating subsequent meet and confers.

On August 12, 2022, Defendants provided Plaintiffs with a letter and "List of Discussions or Agreements," identifying by day, year, or even simply subject matter, 25 "Discussions," and approximately 50 documents or testimony "evidencing" those "Discussions," that Defendants still contend should be excluded in their entirety, while also noting that their list "*may not be the full range of evidence* of those discussions or agreements." In response, Plaintiffs noted that the Court's order required identification of "*documents* relevant to the pending summary judgment motions," and determination of "which *documents* relating to the pending summary judgment motions should be excluded, in whole or in part, under Section 10706," Dkt. No. 1088 (emphases added), and that the D.C. Circuit's opinion recognizes that the admissibility analysis must take

13

place on a document-by-document basis (and indeed, even a portion of a document at a time).[7]
Plaintiffs therefore repeatedly asked for Defendants' *complete* list of documents and related
deposition testimony relevant to the summary judgment motion but never received any additional
identifications.   Nevertheless, Plaintiffs reviewed Defendants' August 12 list—as well as the
documents Defendants previously sought to exclude in their February 21, 2020 10706 motion,
Dkt. No. 927—to determine whether Plaintiffs might be willing to withdraw any of that evidence
from the summary judgment record.   As a result of that review, Plaintiffs have withdrawn from
the summary judgment record 8 documents (PX0143, PX0206, PX0238, PX0239, PX0271,
PX0470, PX0471, PX0472), thereby narrowing the scope of the parties' dispute.[8]

   Over a series of meet and confers, the parties have come to a better understanding of their
respective positions as to the remaining documents on Defendants' August 12 list.   It is clear,
however, that the parties will not reach agreement on the admissibility of the 38 remaining
documents.   For example, Defendants still assert that evidence of NS and BNSF executives
discussing "synchroniz[ing]" fuel surcharges "with other big players in the industry"[9] is

---

[7]   *See Rail*, 34 F.4th at 13 ("A single document may reference more than one discussion or
agreement.  Defendants acknowledge that this is so.  The court must consider each discussion and
agreement separately in determining whether it should be excluded under Section 10706."); *id.* at
19 ("As Defendants concede, 'different parts of a single document could conceivably reflect two
separate discussions, one of which conerns interline traffic and one of which does not."  Under
such a scenario, "redacting only the interline discussion would be appropriate because the
underlying material is not evidence of a qualifying discussion . . .").

[8]   As Plaintiffs explained to Defendants, Plaintiffs do not concede these documents are excludable
under Section 10706, but Plaintiffs have agreed to withdraw them from the summary judgment
record to spare the Court unnecessary disputes.

[9]   *See* PX0145 (March 18, 2003 BNSF-NS meeting: "BNSF fuel surcharge is structured differently
than NS, CSX, and UP. Should BNSF's [be] *synchronized with the other big players
in the industry*?") (emphasis added).  Notably, however, Defendants appear to no longer challenge
evidence of a meeting between senior executives of BNSF and NS at which their CMOs agreed to
"lead a discussion of a potential *industry position on fuel surcharges* at the next
N.E.M.C. meeting," *see* PX0243 (emphasis added), as that document does not appear on
Defendants' August 12 list.

excludable under Section 10706, although that document by its very terms goes beyond the "participating rail carriers' shared interline traffic." *Rail*, 34 F.4th at 12.  Elsewhere, Defendants' position with respect to competitor communications about across-the-board programmatic changes rekindles their unsuccessful argument that *any* discussion or agreement with a "practical bearing on . . . the discussant railroads' shared interline traffic" is subject to exclusion. *Id*. at 12.

To the extent the Court welcomes any further submissions from the parties, Plaintitffs suggest a streamlined approach like the one the parties used when Defendants disputed documents during the class certification phase:

- Within 21 days, Defendants file a chart identifying the 38 remaining documents from their August 12 list with a column explaining their position that the document should be excluded in its entirety or redacted under the statute;

- 21 days after that filing, Plaintiffs add a column to that chart explaining why each document is admissible in its entirety or with redactions under the statute (with a cross-reference to the summary-judgment briefing, to provide further context).

- These submissions can be limited to 5,000 words each.

This order of argument is consistent with Defendants' burden of proof under Section 10706. *See, e.g.*, *Rail*, 34 F.4th at 9 ("We hold that a discussion or agreement 'concern[s] an interline movement" only if *Defendants meet their burden* of showing that the movements at issue are the participating rail carriers' shared interline traffic." (emphasis added)).  Such a process would also allow all parties to provide a fulsome explanation of their positions, in a format that is more streamlined and efficient than another round of briefing.

Of course, additional submissions may not be necessary given the Court's familiarity with the evidence at issue and the D.C. Circuit's decision.  The D.C. Circuit affirmed all of this Court's

core reasoning and made only minor adjustments that have little (if any) effect in this case. The parties' principal dispute over the statute was about the meaning of "concerned an interline movement of the rail carrier." 49 U.S.C. § 10706(a)(3)(B)(ii)(II). This Court held that "for a discussion or agreement to be inadmissible, the carriers must be discussing or agreeing upon identifiable interline movements which they share." Dkt. 1008 at 40.[1]   Consistent with this Court's approach, the D.C. Circuit held that "a discussion or agreement 'concern[s] an interline movement' only if Defendants meet their burden of showing that the movements at issue are the participating rail carriers' shared interline traffic," and "a discussion or agreement does not 'concern[ ] an interline movement' if the discussion or agreement is about single-line traffic or rail freight generally." *Rail*, 34 F. 4th at 9-10. Just as this Court held that the shared interline movements must be "identifiable," Dkt. 1008 at 40, the D.C. Circuit held that evidence is excludable only if "the court can identify the movements at issue as the carriers' shared interline traffic," *id.* at 9. In doing so, the D.C. Circuit rejected Defendants' "practical bearing" approach as "render[ing] Section 10706 'little more than a de facto immunity for anticompetitive actions that happen to coincide with interline traffic.'" *Id.* at 9-10.

There are only two slight clarifications on this issue in the D.C. Circuit's opinion. *First*, identifiability does not necessarily require "a specific shipper, shipments, or destinations." *Id.* This Court had used such specifics as exemplars but did not suggest they were required, Dkt. 1008 at 40, so this is not a material change. *Second*, the D.C. Circuit held that "[a] de minimis (*i.e.*, brief and insignificant) reference to non-interline traffic does not automatically disqualify evidence from exclusion under Section 10706 … if the carriers demonstrate that the reference was either fleeting and inconsequential or appropriate to the advancement of the interline discussion itself." *Rail*, 34 F. 4th at 10. This point is largely, if not entirely, immaterial here given the challenged evidence. Even assuming any piece of evidence contained a truly de minimis reference to non-

interline traffic, limited redactions could protect any supposedly inadmissible discussions or agreements. *Id*. at 9, 13 (affirming this Court's holding that "[a] single document may reference more than one discussion or agreement" and that "where segregable portions of documents contain protected evidence of discussions or agreements concerning interline movements, the District Court may employ redactions").

The only true difference is the D.C. Circuit's holding that a "rail carrier's internal documents need not convey the substance of a discussion or agreement concerning interline movements to qualify for exclusion under the statute." *Id.* at 11-12. But, once again, this clarification has minimal significance here because to qualify for exclusion, "the discussion or agreement to which the internal document refers" still must "concern[] the participating railroads' shared interline traffic." *Id.* at 12. And, as discussed above, the D.C. Circuit adopted this Court's interpretation of the "concerned" language as not covering a discussion or agreement about single-line traffic or rail freight generally. Thus, none of the 38 documents remaining are candidates for exclusion under the D.C. Circuit's ruling.

Dated:  September 23, 2022                    Respectfully submitted,


*/s/ Glenn D. Pomerantz*
Glenn D. Pomerantz                            Benjamin J. Horwich
Kuruvilla J. Olasa                            MUNGER, TOLLES & OLSON LLP
Anne K. Conley                                560 Mission Street, 27th Floor
MUNGER, TOLLES & OLSON LLP                    San Francisco, CA 94105
350 South Grand Avenue, 50th Floor            Telephone: (415) 512-4000
Los Angeles, CA 90071                         Ben.Horwich@mto.com
Telephone: (213) 683-9100
Glenn.Pomerantz@mto.com                       Lauren Ross (D.C. Bar No. 1659620)
Martin.Estrada@mto.com                        MUNGER, TOLLES & OLSON LLP
Kuruvilla.Olasa@mto.com                       601 Massachusetts Ave. NW, Suite 500 East
Anne.Conley@mto.com                           Washington, DC 20001
                                              Telephone: (202) 220-1100
Linda S. Stein (D.C. Bar No. 376217)          Lauren.Ross@mto.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW                   Joshua H. Soven (D.C. Bar No. 436633)
Washington, DC 20036                          PAUL, WEISS, RIFKIND,
Telephone: (202) 429-3000                         WHARTON & GARRISON LLP
lstein@steptoe.com                            2001 K Street NW
                                              Washington, DC 20006
                                              Telephone: (202) 223-7482
                                              jsoven@paulweiss.com

*Counsel for Defendant BNSF Railway Company*

*/s/ Kent A. Gardiner*
Kent A. Gardiner (D.C. Bar No. 432081)        Juan A. Arteaga
Luke van Houwelingen                          Mara R. Lieber
    (D.C. Bar No. 989950)                     CROWELL & MORING LLP
CROWELL & MORING LLP                          590 Madison Avenue, 20th Floor
1001 Pennsylvania Avenue, NW                  New York, NY 10022
Washington, DC 20004                          Phone: (212) 223-4000
Phone: (202) 624-2500                         Fax: (212) 223-4134
Fax: (202) 628-5116                           JArteaga@crowell.com
KGardiner@crowell.com                         MLieber@crowell.com
LvanHouwelingen@crowell.com


*Counsel for Defendant CSX Transportation, Inc.*

*/s/ Daniel M. Wall*

Daniel M. Wall
Timothy L. O'Mara
Kirsten Ferguson
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
dan.wall@lw.com
tim.o'mara@lw.com
kirsten.ferguson@lw.com

Allyson M. Maltas (D.C. Bar No. 494566)
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
allyson.maltas@lw.com

Matthew M. Collette (D.C. Bar No. 427167)
MASSEY & GAIL LLP
1000 Maine Ave. SW, Suite 450
Washington, DC 20024
Phone: (202) 795-3326
Fax: (312) 379-0467
mcollette@masseygail.com

Leonard A. Gail
MASSEY & GAIL LLP
50 E. Washington Street, Suite 400
Chicago, IL 60602
Phone: (312) 283-1590
Fax: (312) 379-0467
lgail@masseygail.com

*Counsel for Defendant Union Pacific Railroad Company in MDL I*

*/s/ John M. Majoras*

John M. Majoras (D.C. Bar No. 474267)
Kristen Lejnieks (D.C. Bar No. 502136)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001-2113
Telephone: (202) 879-3939
jmmajoras@jonesday.com
kalejnieks@jonesday.com

Tyrone R. Childress
Kelsey S. Bryan (D.C. Bar No. 1034352)
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
tchildress@jonesday.com
kbryan@jonesday.com

*Counsel for Defendant Union Pacific Railroad Company*

*/s/ Tara L. Reinhart*

Tara L. Reinhart (D.C. Bar. No. 462106)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7630
tara.reinhart@skadden.com

Jennifer B. Patterson
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10075
Telephone: (212) 836-8000
jennifer.patterson@arnoldporter.com

*Counsel for Defendant Norfolk Southern Railway Company*

*/s/ Stephen R. Neuwirth*
Stephen R. Neuwirth
Sami H. Rashid
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com
samirashid@quinnemanuel.com

Alicia M. Cobb
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
aliciacobb.@quinnemanuel.com

Paul M. Donovan
LAROE, WINN, MOERMAN & DONOVAN
1250 Connecticut Avenue, N.W. Suite 700
Washington, DC 20036
Telephone: (202) 298-8100
paul.donovan@laroelaw.com

*Counsel for Plaintiffs Olin Corporation, US Magnesium LLC, and Dust Pro, Inc.*

*/s/ Michael D. Hausfeld*
Michael D. Hausfeld
Brian A. Ratner
Sathya S. Gosselin
Melinda R. Coolidge
Swathi Bojedla
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
mhausfeld@hausfeld.com

Seth R. Gassman
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
sgassman@hausfeld.com

Geoffrey L. Harrison
Shawn Raymond
Adam Carlis
SUSMAN GODFREY LLP
1000 Louisiana Street Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
gharrison@susmangodfrey.com

*Counsel for Plaintiffs Donnelly Commodities Incorporated and Strates Shows, Inc.*

*/s/ Meegan Hollywood*
Meegan Hollywood
ROBINS KAPLAN LLP
1325 Avenue of the Americas, Suite 2601
New York, NY 10022
Telephone: (212) 980-7400
mhollywood@robinskaplan.com

Roman M. Silberfeld
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
RSilberfeld@RobinsKaplan.com

Stephen P. Safranski
ROBINS KAPLAN LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
SSafranski@RobinsKaplan.com

*Counsel for Plaintiffs Oxbow Carbon & Minerals LLC, Oxbow Mining, LLC, Oxbow Midwest Calcining LLC, Oxbow Calcining LLC, and Terror Creek LLC*

# EXHIBIT 1

**EXHIBIT 1**

### *List of Discussions or Agreements*

*Documents indicated in strikethrough are those that Plaintiffs "no longer intend to use . . . in opposing summary judgment."  Aug. 26, 2022 Pls. Ltr. to Defs.*

1.  Discussions between CSXT and UP during and leading up to their March 12-13, 2003 alliance meeting—including a discussion regarding "[f]uel surcharge methodology"—as evidenced in PX0202.

2.  Discussions between BNSF and NS during and following up from their March 18, 2003 alliance meeting—including a discussion regarding "fuel surcharge"—as evidenced in PX0145 / Oxbow Ex. 25, PX0610 (Lanigan Dep. 178:9-15, 112:11-24), PX0596 (Seale Dep. 122-24, 256-58), and PX0237 / Oxbow Ex. 21.

3.  Discussion between BNSF and CSXT on March 28, 2003 regarding a request for fuel surcharge concurrence, as evidenced in ~~PX0143~~ and PX0595 (Giftos Dep. 125-26).

4.  Discussion between NS and CSXT on March 28, 2003 regarding a request for fuel surcharge concurrence, as evidenced in ~~PX0238~~ and PX0595 (Giftos Dep. 125-26).

5.  Discussion between UP and CSXT on March 20-31, 2003 regarding CSXT's modified fuel surcharge and request for concurrence, as evidenced in PX0483, PX0467, PX0468, and PX0595 (Giftos Dep. 125-26).

6.  Discussions between BNSF and CSXT at their April 1, 2003 alliance meeting—including a discussion regarding "Fuel Surcharge"—as evidenced in PX0120 / Oxbow Ex. 22.

7.  Discussion between CSXT and UP on April 4, 2003 regarding a request for concurrence, as evidenced in PX0144.

8.  Discussion between BNSF and UP on April 4, 2003 regarding a request for concurrence, as evidenced in PX0144.

9.  Discussion between NS and UP on and leading up to April 9, 2003 regarding fuel surcharge concurrence, as evidenced in PX0253 and PX0242.

10. Discussion between NS and UP on or around May 9, 2003 regarding a request for fuel surcharge concurrence, as evidenced in ~~PX0472~~ and PX0240.

11. Discussion between BNSF and UP on May 9, 2003 regarding a request for fuel surcharge concurrence, as evidenced in ~~PX0472~~.

12. Discussion between CSXT and UP on May 9, 2003 regarding a request for fuel surcharge concurrence, as evidenced in ~~PX0472~~.

13. Discussions between UP and CSXT at their June 3, 2003 alliance meeting—including a discussion regarding "Fuel Surcharges"—as evidenced in PX0167 and PX0474.

14. Discussions between BNSF and NS at their December 16, 2003 alliance meeting, as evidenced in PX0121 and PX0117.

15. Discussion between BNSF and UP on April 12-13, 2004 regarding the application of fuel surcharge to price authorities, as evidenced in PX0476 / Oxbow Ex. 28.

16. Discussion between BNSF and NS from September 8-29, 2004 regarding fuel surcharge coverage and data, as evidenced in PX0056, PX0066, PX0147, PX0148, PX0245, PX0246 / Oxbow Ex. 31, PX0247, PX0248, and ~~PX0271~~.

17. Discussion between BNSF and NS in November 2004 regarding a possible mileage-based fuel surcharge, as evidenced in PX0067, PX0085, PX0095, PX0151 / Oxbow Ex. 100 / Oxbow Ex. 39, and Oxbow Ex. 24.

18. Discussion between BNSF and CSXT in November 2004 regarding a possible mileage-based fuel surcharge, as evidenced in PX0067, PX0085, PX0095, PX0151 / Oxbow Ex. 100 / Oxbow Ex. 39, and Oxbow Ex. 24.

19. Discussion between BNSF and UP in December 2004 regarding AEPCO traffic fuel surcharges, as evidenced in Oxbow Ex. 11.

20. Discussion between CSXT and UP in August 2005 regarding joint line price authorities, as evidenced in ~~PX0206~~.

21. Discussion between BNSF and CSXT in 2005 or 2006 regarding mileage-based fuel surcharges, as evidenced in PX0612 (Gooden Dep. 77-78, 221-24).

22. Discussion between UP and NS on April 11, 2006 regarding rebased fuel surcharges and related concurrence, as evidenced in PX0479 / Oxbow Ex. 107.

23. Discussion between CSXT and NS in April 2006 regarding rebased fuel surcharges and related concurrence, as evidenced in PX0612 (Gooden Dep. at 241-42, 244).

24. Discussion between BNSF and NS on April 11, 2006 regarding fuel surcharges and related concurrence, as evidenced in PX0039 and PX0040 / Oxbow Ex. 102.

25. Discussions between BNSF and UP regarding BNSF's coal fuel surcharge, as evidenced in Oxbow Ex. 8 (Brandl (UP 30(b)(6)) Dep. 166-68).

# EXHIBIT 2

**Ross, Lauren**

| | |
|---|---|
| **From:** | Michael D. Hausfeld <mhausfeld@hausfeld.com> |
| **Sent:** | Monday, September 19, 2022 10:32 AM |
| **To:** | Horwich, Benjamin |
| **Cc:** | Sami Rashid; Sathya S. Gosselin; Stephen Neuwirth; Alicia Cobb; Meegan F. Hollywood; Angela Wan; Seth R. Gassman; G Harrison; Shawn Raymond; acarlis@susmangodfrey.com; Alexandre Tschumi; Robert Joynt; dan.wall@lw.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn; Alicia.Jovais@lw.com; Tim.O'Mara@lw.com; Ross, Lauren; Aaron Healey; Thomas R Gentry; van der Ven, Cobus; kirsten.ferguson@lw.com; Julia K York; Kent Gardiner; John M. Majoras; Olasa, Kuruvilla; Tyrone R. Childress; Tyce.Walters@lw.com |
| **Subject:** | Re: Rail Freight -  10706 Discussion (all parties) |

Dear Ben,

In light of our discussion today, it would be appreciated if you also addressed the following exhibits;

PX 117
PX 151
PX 479
PX 483

Please stay well and we look forward to speaking later today,

Michael

Sent from my iPad

**MICHAEL D. HAUSFELD**
Chair Emeritus
mhausfeld@hausfeld.com
+1 202-540-7140 direct
*Pronouns: he/him/his*

# HAUSFELD

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

On Sep 17, 2022, at 10:04 AM, Horwich, Benjamin <Ben.Horwich@mto.com> wrote:

Thanks, Sami.  See you on Monday.

Best,

Ben

---

**From:** Sami Rashid <samirashid@quinnemanuel.com>
**Sent:** Friday, September 16, 2022 2:03 PM
**To:** Horwich, Benjamin <Ben.Horwich@mto.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>; Sathya S. Gosselin <sgosselin@hausfeld.com>; Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Alicia Cobb <aliciacobb@quinnemanuel.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Angela Wan <awan@hausfeld.com>; Seth R. Gassman <sgassman@hausfeld.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond <sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com; Alexandre Tschumi <alexandretschumi@quinnemanuel.com>; Robert Joynt <robertjoynt@quinnemanuel.com>
**Cc:** dan.wall@lw.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren <Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry <Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>; kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner <kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla <Kuruvilla.Olasa@mto.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

Ben,

As discussed, here are the documents we'd like to discuss on Monday:

1. PX0474

2. PX0145

At the very least, we expect Defendants to (1) explain why Defendants contend each document is excludable under 10706; and (2) convey any information Defendants believe bears on the excludability of the document.

Thanks and have a good weekend,
Sami

---

**Sami H. Rashid** | Partner
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7237 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
SamiRashid@QuinnEmanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Horwich, Benjamin <Ben.Horwich@mto.com>
**Sent:** Thursday, September 15, 2022 2:18 PM
**To:** Sami Rashid <samirashid@quinnemanuel.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>; Sathya S. Gosselin <sgosselin@hausfeld.com>; Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Alicia Cobb <aliciacobb@quinnemanuel.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Angela Wan <awan@hausfeld.com>; Seth R. Gassman <sgassman@hausfeld.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond <sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com; Alexandre Tschumi <alexandretschumi@quinnemanuel.com>; Robert Joynt <robertjoynt@quinnemanuel.com>
**Cc:** dan.wall@lw.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren <Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry <Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>; kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner <kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla <Kuruvilla.Olasa@mto.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

**[EXTERNAL EMAIL from ben.horwich@mto.com]**

Sami and Michael, thank you for your emails. We agree that, among other things, we should have a discussion of how to report back to the Court on what we have accomplished. I'll reiterate that the unaddressed items in my September 1 letter are an important part of understanding where the parties stand, so we do expect to discuss those later today as well.

Let me clarify one point that seems ambiguous in Michael's email. Michael describes Defendants' position on redactions as being that we do not think redaction is appropriate or feasible. It would be more accurate to say that Defendants have not identified any documents for which we think redactions are appropriate and feasible. But as we said in our meeting last week, and as I wrote in my email below, we have an open mind that something of that sort might be possible for some documents. If you think there are documents that are partially covered by 10706 / partially not covered, and where redactions would be feasible and appropriate, please identify those redactions for us, so that we can consider them.

I would also ask for clarification on the point in Michael's email that refers to Plaintiffs' concession regarding "challenged materials that need not be considered by [the Court] in its summary judgment determination." Does that mean that Plaintiffs do not agree that those materials are indeed excluded by Section 10706 under the DC Circuit's standard, but rather that Plaintiffs are simply withdrawing them from consideration? That has been the tenor of our communications, but I wanted to be sure. Judge Friedman's order, of course, asks the parties to "attempt to agree on which documents should be excluded, in whole or in part, under Section 10706."

In response to Sami's email, Defendants have two observations. First, Plaintiffs may not agree that Defendants have met their burden, but it is obviously false to say that "Defendants are making no attempt to meet their burden." Judge Friedman asked the parties to confer, and we have done so in multiple letters, emails, and meetings. More than a month ago, we enumerated the "discussion[s] or agreement[s]" that we thought worthy of conversation, and you have never disagreed with that list or with how we've described the contours of those discussions and agreements. In that same list, we pointed you to the key documents evidencing those discussions and agreements—documents Plaintiffs themselves understand, because they cited those documents at summary judgment. And in our correspondence since, we have pointed you to other materials beyond. Typically, all those materials on

3

their face (and where it exists, the relevant deposition testimony) demonstrate the statute's application, including through their use of established industry terminology—that we all know well by now—such as "interline" or "joint line" or "concurrence."  We have walked you through several of those documents in our meeting last week; you asked questions, which we answered; and although you had to end that meeting, we look forward to doing more of the same later today with some further documents.  That seems to more than cover most of what you are asking for.

Second, Defendants reject your assumption that "the impermissible purpose for which Plaintiffs purportedly use the document" is relevant here.  Section 10706's rule of inadmissibility says nothing about the "purpose for which [the proponent] use[s] the document."  The D.C. Circuit's rejection of limiting instructions removes any doubt:  Some evidence rules authorize the fact-finder to consider evidence only for a limited and proper purpose.  Section 10706 is not such a rule.  Qualifying evidence is excluded because of the characteristics of the discussion it evidences, not because of how Plaintiffs choose to use it.  The only respect in which something like "purpose" might matter is if distinct parts of a document were evidence of two different discussions, one covered by Section 10706 and the other not.  Plaintiffs might, in theory, have the "purpose" of citing only the latter portion.  But this, again, is a scenario on which we have an open mind, yet Plaintiffs have not pointed to where or why this might be so.

Finally, I can reconfirm that Defendants' group is all available at 5p ET today.  Glad we found a good time for everyone.  See you then.

Best,

Ben

**Benjamin J. Horwich (he/him/his)** │ **Munger, Tolles & Olson LLP**
560 Mission Street │ San Francisco, CA 94105
Tel:  415.512.4066 │ Ben.Horwich@mto.com │ www.mto.com

*\*\*\*NOTICE\*\*\**
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

**From:** Sami Rashid <samirashid@quinnemanuel.com>
**Sent:** Wednesday, September 14, 2022 11:33 AM
**To:** Michael D. Hausfeld <mhausfeld@hausfeld.com>; Horwich, Benjamin <Ben.Horwich@mto.com>; Sathya S. Gosselin <sgosselin@hausfeld.com>; Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Alicia Cobb <aliciacobb@quinnemanuel.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Angela Wan <awan@hausfeld.com>; Seth R. Gassman <sgassman@hausfeld.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond <sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com; Alexandre Tschumi <alexandretschumi@quinnemanuel.com>; Robert Joynt <robertjoynt@quinnemanuel.com>
**Cc:** dan.wall@lw.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren <Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry <Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>; kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner

<[kgardiner@crowell.com](mailto:kgardiner@crowell.com)>; John M. Majoras <[jmmajoras@jonesday.com](mailto:jmmajoras@jonesday.com)>; Olasa, Kuruvilla
<[Kuruvilla.Olasa@mto.com](mailto:Kuruvilla.Olasa@mto.com)>; Tyrone R. Childress <[tchildress@jonesday.com](mailto:tchildress@jonesday.com)>; [Tyce.Walters@lw.com](mailto:Tyce.Walters@lw.com)
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

Dear Ben,

In addition, while we feel some progress has been made, we don't believe that Defendants' approach of pushing the parties without the burden for their positions makes sense.

As we have stated repeatedly in emails, our August 26 letter, and at the September 8 meet-and-confer, Plaintiffs continue to believe Defendants are making no attempt to meet their burden. To date, Defendants have merely identified documents and vague discussions (comprised of unidentified documents). If the mere identification of a document a party wanted excluded met the party's burden, it would be no burden at all. To make any significant progress, it would be more productive if, as to each and every document Defendants believe excludable in Plaintiffs' summary judgment submissions they provided the following information, taking into account the content of each document: (1) exhibit number; (2) why Defendants contend the document is excludable under the D.C. Circuit's standard or any unaffected portion of the District Court's opinion; (3) the impermissible purpose for which Plaintiffs purportedly use the document; (4) whether Defendants believe exclusion can be accomplished via redaction and how; and (5) any other information Defendants believe bears on the excludability of the document.

As Michael notes, we would also like to begin discussing how the parties will report our progress and remaining disagreements to the Court.

Thanks,
Sami

**Sami H. Rashid** | Partner
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7237 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
[SamiRashid@QuinnEmanuel.com](mailto:SamiRashid@QuinnEmanuel.com)
[www.quinnemanuel.com](http://www.quinnemanuel.com)

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Michael D. Hausfeld <[mhausfeld@hausfeld.com](mailto:mhausfeld@hausfeld.com)>
**Sent:** Wednesday, September 14, 2022 2:19 PM
**To:** Horwich, Benjamin <[Ben.Horwich@mto.com](mailto:Ben.Horwich@mto.com)>; Sathya S. Gosselin <[sgosselin@hausfeld.com](mailto:sgosselin@hausfeld.com)>;
Michael D. Hausfeld <[mhausfeld@hausfeld.com](mailto:mhausfeld@hausfeld.com)>; Stephen Neuwirth
<[stephenneuwirth@quinnemanuel.com](mailto:stephenneuwirth@quinnemanuel.com)>; Alicia Cobb <[aliciacobb@quinnemanuel.com](mailto:aliciacobb@quinnemanuel.com)>; Meegan F.
Hollywood <[mhollywood@robinskaplan.com](mailto:mhollywood@robinskaplan.com)>; Angela Wan <[awan@hausfeld.com](mailto:awan@hausfeld.com)>; Sami Rashid
<[samirashid@quinnemanuel.com](mailto:samirashid@quinnemanuel.com)>; Seth R. Gassman <[sgassman@hausfeld.com](mailto:sgassman@hausfeld.com)>; G Harrison
<[gharrison@susmangodfrey.com](mailto:gharrison@susmangodfrey.com)>; Shawn Raymond <[sraymond@susmangodfrey.com](mailto:sraymond@susmangodfrey.com)>;
[acarlis@susmangodfrey.com](mailto:acarlis@susmangodfrey.com)

**Cc:** dan.wall@lw.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren <Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry <Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>; kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner <kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla <Kuruvilla.Olasa@mto.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

**[EXTERNAL EMAIL from mhausfeld@hausfeld.com]**

Dear Ben,

Contrary to the impression that might be mis-conveyed by your note, we believe that progress has been made in satisfying the Court's order.  First, you have provided us with the list of documents you still intend to seek exclusion of for purposes of the summary judgment process.  Second, we have responded by noting our disagreement (on the statutory exclusion) but also that certain of those documents need not be considered by the court in that process, resulting in a winnowed list.

During our conference we expressed our belief that those documents which you contend should be excluded in their entirety do not satisfy the statute (or your burden), nor have you proposed any redactions for us to consider because you don't believe redaction appropriate or feasible.  No consensus could be reached, and it does not seem likely.

We are prepared to further discuss these differences in our positions with you, and we also need to discuss how we present the court with the final list of those challenged materials that need not be considered by it in its summary judgment determination and those for which there is a continuing dispute between us.

We will follow up with dates and times for further discussion.

Michael

**ANNA GALLOWAY**
Legal Administrative Assistant
agalloway@hausfeld.com
+1 202-540-7162 direct

**HAUSFELD**

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Horwich, Benjamin <Ben.Horwich@mto.com>
**Sent:** Tuesday, September 13, 2022 11:30 PM
**To:** Sathya S. Gosselin <sgosselin@hausfeld.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>; Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Alicia Cobb <aliciacobb@quinnemanuel.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Angela Wan <awan@hausfeld.com>; Sami Rashid <samirashid@quinnemanuel.com>; Seth R. Gassman <sgassman@hausfeld.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond <sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com
**Cc:** dan.wall@lw.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren <Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry <Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>; kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner <kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla <Kuruvilla.Olasa@mto.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

Counsel –

This group conferred (some by video and others just by audio) for an hour last Thursday, September 8, at which point Plaintiffs' counsel indicated that other obligations prevented them from continuing the discussion.  We had discussed the subjects in Sathya's email below, and had begun to address some of the items raised in my letter of September 1, but all agreed that we would need to reconvene.  Defendants proposed late afternoon on Monday, September 12; Michael indicated that Plaintiffs' counsel would discuss and confirm.  I've followed up a couple times and spoken by phone with Michael, but no time has been set.

Given the September 23 reporting deadline set by the Court, we think it's essential to continue our group discussion, and promptly.  Please let me know when you are available to meet on Wednesday or Thursday.  (I am traveling essentially all day Friday, unfortunately, and we want to make sure this group has time to cover everything worth covering.)

As before, we ask that you be prepared to discuss the issues listed in my letter of September 1.  In general, we raised those issues because they should prompt discussion on key points of agreement or disagreement, and because they involve what we think are relatively straightforward communications and/or relate to documents that Plaintiffs have already indicated that they will no longer rely on.  In other words, these issues seemed to us most likely to generate the "mutual agreement" that Judge Friedman seeks.  Naturally, in addition to those issues, we would be glad to discuss other topics Plaintiffs would like to raise (as we did with the topics Sathya raised).  For example, if Plaintiffs believe that it would be productive to address certain other documents listed on Exhibit 1 to my August 12 letter, please let us know immediately so that we are prepared to speak to them.

Finally, a question was raised during our September 8 meeting as to whether Plaintiffs could shed light on their position that redaction in part, rather than simple exclusion, would be the more appropriate approach to some documents.  Plaintiffs have not identified what documents those are, and as I explained during our September 8 meeting, that would be something of a guessing game for Defendants

to do on our own.  But we would welcome your views as to how any documents should be redacted, especially those listed in Exhibit 1 to my August 12 letter.

Best,

Ben

**Benjamin J. Horwich** (he/him/his) **|** **Munger, Tolles & Olson LLP**
560 Mission Street **|** San Francisco, CA 94105
Tel:  415.512.4066 **|** Ben.Horwich@mto.com **|** www.mto.com

*∗∗∗NOTICE∗∗∗*

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Horwich, Benjamin <Ben.Horwich@mto.com>
**Sent:** Thursday, September 08, 2022 9:28 AM
**To:** Sathya S. Gosselin <sgosselin@hausfeld.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>; Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Alicia Cobb <aliciacobb@quinnemanuel.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Angela Wan <awan@hausfeld.com>; Sami Rashid <samirashid@quinnemanuel.com>; Seth R. Gassman <sgassman@hausfeld.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond <sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com
**Cc:** dan.wall@lw.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren <Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry <Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>; kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner <kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla <Kuruvilla.Olasa@crowell.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

Thanks for your email, Sathya.  We're certainly happy to talk about both topics, although I'm somewhat concerned that posing the questions as you have invites a lot of posturing without promoting the "mutual agreement" that Judge Friedman is looking for.  I hope that a dialogue about specific examples will get us heading in the right direction, and we're committed to spending as much time this afternoon as it takes to get there.  And to that point, yes, we are glad to talk about why we think the discussions referenced in my letter qualify under Section 10706.

Best,

Ben

**Benjamin J. Horwich** (he/him/his) **|** **Munger, Tolles & Olson LLP**
560 Mission Street **|** San Francisco, CA 94105
Tel:  415.512.4066 **|** Ben.Horwich@mto.com **|** www.mto.com

*∗∗∗NOTICE∗∗∗*

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

**From:** Sathya S. Gosselin <sgosselin@hausfeld.com>
**Sent:** Wednesday, September 07, 2022 3:08 PM
**To:** Horwich, Benjamin <Ben.Horwich@mto.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>; Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Alicia Cobb <aliciacobb@quinnemanuel.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Angela Wan <awan@hausfeld.com>; Sami Rashid <samirashid@quinnemanuel.com>; Seth R. Gassman <sgassman@hausfeld.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond <sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com
**Cc:** dan.wall@lw.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren <Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry <Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>; kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner <kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla <Kuruvilla.Olasa@mto.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com
**Subject:** Re: Rail Freight - 10706 Discussion (all parties)

Counsel,

We are in receipt of your September 1, 2022 letter. In order to make productive use of our time tomorrow, we think it is important to begin with our two previous questions: Do we now have a complete list of the evidence bearing on summary judgment that the defendants believe warrants exclusion under the statute? And for the evidence that the defendants have identified, do the defendants believe each item warrants exclusion in part or in full (and if in part, which part)? At that point, we think it best if the defendants – consistent with their burden of proof – explain why they believe each remaining document warrants exclusion, and the plaintiffs can respond (and in doing so the parties can address the questions you raise in your most recent letter).

Regards,
Sathya

**SATHYA S. GOSSELIN**
Partner
sgosselin@hausfeld.com
+1 202-540-7175 direct
*Pronouns: he/him/his*

**HAUSFELD**

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Horwich, Benjamin <Ben.Horwich@mto.com>
**Date:** Thursday, September 1, 2022 at 12:49 PM
**To:** Sathya S. Gosselin <sgosselin@hausfeld.com>, Michael D. Hausfeld
<mhausfeld@hausfeld.com>, Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>,
Alicia Cobb <aliciacobb@quinnemanuel.com>, Meegan F. Hollywood
<mhollywood@robinskaplan.com>, Angela Wan <awan@hausfeld.com>, Sami Rashid
<samirashid@quinnemanuel.com>, Seth R. Gassman <sgassman@hausfeld.com>, G Harrison
<gharrison@susmangodfrey.com>, Shawn Raymond <sraymond@susmangodfrey.com>,
acarlis@susmangodfrey.com <acarlis@susmangodfrey.com>
**Cc:** dan.wall@lw.com <dan.wall@lw.com>, Tara.Reinhart@skadden.com
<Tara.Reinhart@skadden.com>, LVanHouwelingen@crowell.com
<LVanHouwelingen@crowell.com>, Pomerantz, Glenn <Glenn.Pomerantz@mto.com>,
Alicia.Jovais@lw.com <Alicia.Jovais@lw.com>, tim.o'mara@lw.com <tim.o'mara@lw.com>,
Ross, Lauren <Lauren.Ross@mto.com>, Aaron Healey <ahealey@jonesday.com>, Thomas R
Gentry <Thomas.Gentry@skadden.com>, van der Ven, Cobus <Jacobus.VanderVen@mto.com>,
kirsten.ferguson@lw.com <kirsten.ferguson@lw.com>, Julia K York <Julia.York@skadden.com>,
Kent Gardiner <kgardiner@crowell.com>, John M. Majoras <jmmajoras@jonesday.com>, Olasa,
Kuruvilla <Kuruvilla.Olasa@mto.com>, Tyrone R. Childress <tchildress@jonesday.com>,
Tyce.Walters@lw.com <Tyce.Walters@lw.com>
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

Counsel – please see the attached correspondence regarding Section 10706 in response to your letter of
August 26.

Best,

Ben

**Benjamin J. Horwich** (he/him/his) | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4066 | Ben.Horwich@mto.com | www.mto.com

***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or
otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by,
any unauthorized person. If you have received this message in error, do not read it. Please delete it without
copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

**From:** Sathya S. Gosselin <sgosselin@hausfeld.com>
**Sent:** Friday, August 26, 2022 11:35 AM
**To:** Horwich, Benjamin <Ben.Horwich@mto.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>;
Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Alicia Cobb
<aliciacobb@quinnemanuel.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Angela

Wan <awan@hausfeld.com>; Sami Rashid <samirashid@quinnemanuel.com>; Seth R. Gassman
<sgassman@hausfeld.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond
<sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com
**Cc:** dan.wall@lw.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz,
Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren
<Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry
<Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>;
kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner
<kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla
<Kuruvilla.Olasa@mto.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com
**Subject:** Re: Rail Freight - 10706 Discussion (all parties)

Ben,

Please find attached our response to the defendants' letter of August 12.  Have a good weekend.

Regards,
Sathya

---

**SATHYA S. GOSSELIN**
Partner
sgosselin@hausfeld.com
+1 202-540-7175 direct
*Pronouns: he/him/his*

# HAUSFELD

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Horwich, Benjamin <Ben.Horwich@mto.com>
**Date:** Monday, August 15, 2022 at 10:03 PM
**To:** Michael D. Hausfeld <mhausfeld@hausfeld.com>, Stephen Neuwirth
<stephenneuwirth@quinnemanuel.com>, Alicia Cobb <aliciacobb@quinnemanuel.com>,
Meegan F. Hollywood <mhollywood@robinskaplan.com>, Angela Wan <awan@hausfeld.com>,
Sami Rashid <samirashid@quinnemanuel.com>, Seth R. Gassman <sgassman@hausfeld.com>,
Sathya S. Gosselin <sgosselin@hausfeld.com>, G Harrison <gharrison@susmangodfrey.com>,
Shawn Raymond <sraymond@susmangodfrey.com>, acarlis@susmangodfrey.com
<acarlis@susmangodfrey.com>
**Cc:** dan.wall@lw.com <dan.wall@lw.com>, Tara.Reinhart@skadden.com
<Tara.Reinhart@skadden.com>, LVanHouwelingen@crowell.com
<LVanHouwelingen@crowell.com>, Pomerantz, Glenn <Glenn.Pomerantz@mto.com>,

Alicia.Jovais@lw.com <Alicia.Jovais@lw.com>, tim.o'mara@lw.com <tim.o'mara@lw.com>,
Ross, Lauren <Lauren.Ross@mto.com>, Aaron Healey <ahealey@jonesday.com>, Thomas R
Gentry <Thomas.Gentry@skadden.com>, van der Ven, Cobus <Jacobus.VanderVen@mto.com>,
kirsten.ferguson@lw.com <kirsten.ferguson@lw.com>, Julia K York <Julia.York@skadden.com>,
Kent Gardiner <kgardiner@crowell.com>, John M. Majoras <jmmajoras@jonesday.com>, Olasa,
Kuruvilla <Kuruvilla.Olasa@mto.com>, Tyrone R. Childress <tchildress@jonesday.com>,
Tyce.Walters@lw.com <Tyce.Walters@lw.com>
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

Counsel -- we noticed an error in Exhibit 1 to my letter of August 12.  Items 7 and 8 in Exhibit 1 refer to
Oxbow Ex. 22 as matching PX0144.  This is incorrect; the documents are different.  Rather, Oxbow Ex. 22
reproduces part of PX0120, which appears in Item 6.  I apologize for any confusion.

**Benjamin J. Horwich** (he/him/his) | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4066 | Ben.Horwich@mto.com | www.mto.com

***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or
otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by,
any unauthorized person.  If you have received this message in error, do not read it. Please delete it without
copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

**From:** Horwich, Benjamin <Ben.Horwich@mto.com>
**Sent:** Friday, August 12, 2022 12:24 PM
**To:** Michael D. Hausfeld <mhausfeld@hausfeld.com>; Stephen Neuwirth
<stephenneuwirth@quinnemanuel.com>; Alicia Cobb <aliciacobb@quinnemanuel.com>; Meegan F.
Hollywood <mhollywood@robinskaplan.com>; Angela Wan <awan@hausfeld.com>; Sami Rashid
<samirashid@quinnemanuel.com>; Seth R. Gassman <sgassman@hausfeld.com>; Sathya S. Gosselin
<sgosselin@hausfeld.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond
<sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com
**Cc:** dan.wall@lw.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz,
Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren
<Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry
<Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>;
kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner
<kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla
<Kuruvilla.Olasa@mto.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

Counsel – please see the attached correspondence regarding Section 10706.

**Benjamin J. Horwich** (he/him/his) | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4066 | Ben.Horwich@mto.com | www.mto.com

***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or
otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by,*

*any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

**From:** Michael D. Hausfeld <mhausfeld@hausfeld.com>
**Sent:** Tuesday, August 09, 2022 9:32 AM
**To:** Horwich, Benjamin <Ben.Horwich@mto.com>
**Cc:** Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>; dan.wall@lw.com; Alicia Cobb <aliciacobb@quinnemanuel.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Angela Wan <awan@hausfeld.com>; Sami Rashid <samirashid@quinnemanuel.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond <sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren <Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry <Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>; kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner <kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla <Kuruvilla.Olasa@mto.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com; Sathya S. Gosselin <sgosselin@hausfeld.com>; Seth R. Gassman <sgassman@hausfeld.com>
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

Dear Ben,

Thank you for your email of August 8th. We agree that the first step in responding to Judge Friedmans' order would be Defendants identifying and sharing a proposed list of discussions and agreements in our Summary Judgement Opposition (along with PX cites) that defendants believe are subject to Section 10706. That list would also consolidate any additional discussions/agreements and exhibit references from the Oxbow opposition brief.

Once we receive this list by the end of this week, we will reconnect with you as to next steps.

Thank you,
Michael


**MICHAEL D. HAUSFELD**
Chair Emeritus
mhausfeld@hausfeld.com
+1 202-540-7140 direct
*Pronouns: he/him/his*

# HAUSFELD

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

Horwich, Benjamin <Ben.Horwich@mto.com>
**Sent:** Monday, August 8, 2022 9:59 PM
**To:** Sathya S. Gosselin <sgosselin@hausfeld.com>; Seth R. Gassman <sgassman@hausfeld.com>
**Cc:** Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>; dan.wall@lw.com; Alicia Cobb <aliciacobb@quinnemanuel.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Angela Wan <awan@hausfeld.com>; Sami Rashid <samirashid@quinnemanuel.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond <sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren <Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry <Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>; kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner <kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla <Kuruvilla.Olasa@mto.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

Thanks for your earlier email, Sathya.  Our group's vacation schedules over the last week prevented us from following up until now.

We agree with Judge Friedman that this should be straightforward.  Defendants will review plaintiffs' summary judgement opposition brief.  Based on that review, we will identify and share a proposed list of discussions and agreements that we believe are subject to Section 10706, along with references to what we understand are the specific exhibits evidencing each of those discussions or agreements (focusing on the PX cites in the opposition brief).  Defendants will consolidate into that list any additional discussions/agreements and exhibit references from the Oxbow opposition brief.  Plaintiffs can then respond with whether they no longer intend to use evidence of each discussion or agreement in opposing summary judgment.  Plaintiffs should also identify (a) any other "discussion or agreement" involving two or more Defendants that they believe is "relevant to the pending summary judgment motions," and (b) any other specific evidence that plaintiffs think applies to the list of discussions and agreements identified by defendants.  Defendants will then confirm whether they think Section 10706 applies to any of the additional discussions or agreements identified by plaintiffs (in which case, the parties can confer on it), or whether they don't believe pursuing exclusion under Section 10706 is a good use of resources at this stage (which will, for whatever the reason, take that discussion or agreement off the meet and confer list).

Obviously, all parties need to contribute to a shared understanding of exactly what is at issue, and this exchange efficiently accomplishes that.  Once we have the parties' mutual lists, we can meet to discuss any areas of disagreement.

Please let us know whether we are in agreement on this initial process.  We are already working on our initial list of discussions and agreements, which we expect to send to you this week.  Once you have our list, let us know when to expect your input.  We will respond to that input promptly.

Thanks,

Ben

**Benjamin J. Horwich (he/him/his) | Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4066 | Ben.Horwich@mto.com | www.mto.com

***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Sathya S. Gosselin <sgosselin@hausfeld.com>
**Sent:** Tuesday, August 02, 2022 10:41 AM
**To:** Horwich, Benjamin <Ben.Horwich@mto.com>; Seth R. Gassman <sgassman@hausfeld.com>
**Cc:** Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>; dan.wall@lw.com; Alicia Cobb <aliciacobb@quinnemanuel.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Angela Wan <awan@hausfeld.com>; Sami Rashid <samirashid@quinnemanuel.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond <sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren <Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry <Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>; kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner <kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla <Kuruvilla.Olasa@mto.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com
**Subject:** RE: Rail Freight - 10706 Discussion (all parties)

Ben,

Given Judge Friedman's order, we believe the best way to get started is for the defendants to share their proposed exclusions with the plaintiffs, to which plaintiffs would respond with a list of documents they no longer intend to use in opposing summary judgment, as we had previously contemplated.  Once we use that process to determine the scope of the 10706 dispute, we will be in a better position to decide on next steps in resolving it.  If you could let us know when to expect those proposed exclusions, we can plan accordingly.  Should you still want to talk, we are available on Friday at noon or 2 pm ET.

**SATHYA S. GOSSELIN**
Partner
sgosselin@hausfeld.com
+1 202-540-7175 direct
*Pronouns: he/him/his*

# HAUSFELD

888 16th Street, N.W.
Suite 300
Washington, DC 20006
+1 202 540 7200
**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Horwich, Benjamin <Ben.Horwich@mto.com>
**Sent:** Friday, July 29, 2022 4:18 PM
**To:** Seth R. Gassman <sgassman@hausfeld.com>
**Cc:** Stephen Neuwirth <stephenneuwirth@quinnemanuel.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>; dan.wall@lw.com; Alicia Cobb <aliciacobb@quinnemanuel.com>; Sathya S. Gosselin <sgosselin@hausfeld.com>; Meegan F. Hollywood <mhollywood@robinskaplan.com>; Angela Wan <awan@hausfeld.com>; Sami Rashid <samirashid@quinnemanuel.com>; G Harrison <gharrison@susmangodfrey.com>; Shawn Raymond <sraymond@susmangodfrey.com>; acarlis@susmangodfrey.com; Tara.Reinhart@skadden.com; LVanHouwelingen@crowell.com; Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Alicia.Jovais@lw.com; tim.o'mara@lw.com; Ross, Lauren <Lauren.Ross@mto.com>; Aaron Healey <ahealey@jonesday.com>; Thomas R Gentry <Thomas.Gentry@skadden.com>; van der Ven, Cobus <Jacobus.VanderVen@mto.com>; kirsten.ferguson@lw.com; Julia K York <Julia.York@skadden.com>; Kent Gardiner <kgardiner@crowell.com>; John M. Majoras <jmmajoras@jonesday.com>; Olasa, Kuruvilla <Kuruvilla.Olasa@mto.com>; Tyrone R. Childress <tchildress@jonesday.com>; Tyce.Walters@lw.com
**Subject:** Re: Rail Freight - 10706 Discussion (all parties)

Counsel —

We assume you have seen Judge Friedman's order from late Wednesday rejecting the parties' proposal for how to move forward on summary judgment in MDL I and Oxbow.  Defendants are still considering that order.  Let's find a time to discuss how to proceed.

Best,

Ben

> On Jul 19, 2022, at 12:05 PM, Seth R. Gassman <sgassman@hausfeld.com> wrote:
>
> Thanks, Ben.
>
>
> —
> **SETH R. GASSMAN**
> Of Counsel
> sgassman@hausfeld.com
> +1 415-744-1954 direct
> *Pronouns: he/him/his*

# EXHIBIT 3

## MUNGER, TOLLES & OLSON LLP

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

———

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

———

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

August 12, 2022

Writer's Direct Contact
(415) 512-4066
(415) 644-6966 FAX
Ben.Horwich@mto.com

**VIA ELECTRONIC MAIL ONLY**

Stephen R. Neuwirth
Sami H. Rashid
Alicia M. Cobb
Quinn Emanuel Urquhart & Sullivan, LLP
*stephenneuwirth@quinnemanuel.com*
*samirashid@quinnemanuel.com*
*aliciacobb@quinnemanuel.com*

Geoffrey L. Harrison
Shawn Raymond
Adam Carlis
Susman Godfrey LLP
*gharrison@susmangodfrey.com*
*sraymond@susmangodfrey.com*
*acarlis@susmangodfrey.com*

Michael D. Hausfeld
Seth R. Gassman
Sathya S. Gosselin
Hausfeld LLP
*mhausfeld@hausfeld.com*
*sgassman@hausfeld.com*
*sgosselin@hausfeld.com*

Meegan Hollywood
Robins Kaplan LLP
*mhollywood@robinskaplan.com*

Re: *In re Rail Freight Fuel Surcharge Antitrust Litigation, MDL 1869*, Misc. No. 07-0489 (PLF/GMH) (D.D.C.), and *Oxbow Carbon & Minerals LLC v. Union Pacific Railroad Co.*, No. 11-1049 (PLF) (D.D.C.) — Identification of Discussions or Agreements that Defendants Believe Should Be Excluded Under 49 U.S.C. § 10706(a)(3)(B)(ii) ("Section 10706")

MUNGER, TOLLES & OLSON LLP

Counsel for Plaintiffs in *MDL I* and *Oxbow*
August 12, 2022
Page 2

Dear Counsel:

I write on behalf of Defendants, pursuant to Judge Friedman's July 28, 2022 Order directing the parties to identify material "relevant to the pending summary judgment motions," and "meet and confer and attempt to agree on which documents should be excluded … under Section 10706." ECF No. 1088. As the parties agreed in our email exchange on August 8 and 9, 2022, the first step in responding to that order is for Defendants to share a proposed list of discussions and agreements that Defendants believe are subject to Section 10706, along with references to what Defendants understand are the specific exhibits evidencing each of those discussions or agreements, focusing on the PX cites in the opposition brief. Email from B. Horwich to M. Hausfeld (Aug. 8, 2022); Email from M. Hausfeld to B. Horwich (Aug. 9, 2022).

Per that agreement, the attached Exhibit 1 identifies the discussions or agreements that are referenced in Plaintiffs' opposition briefs (*i.e.*, ECF No. 1050 in *MDL I*, and ECF No. 241 in *Oxbow*), and that Defendants believe should be excluded under Section 10706. We have included references to what we understand are the specific "PX" exhibits cited in the opposition briefs as evidence of these discussions or agreements. (Materials that both *MDL I* and *Oxbow* Plaintiffs cited directly in their summary judgment briefing are styled as PX [Ex. No.] / Oxbow Ex. [Ex. No.].) Of course, because Section 10706 excludes *all* "evidence of" covered discussions and agreements, the materials cited in the opposition briefs may not be the full range of evidence of those discussions or agreements. Accordingly, for any discussions or agreements that Plaintiffs no longer intend to rely on, we expect that the parties can easily confer on what additional evidence (if any) is affected.

In addition, Defendants believe that the parties should address the application of Section 10706 to concurrence communications. These communications are scattered throughout the record—alluded to in various ways, and part of many email chains. So that the parties can confer on a representative sample, we have included a few concurrence discussions in the attached list (*e.g.*, discussions numbered 3 and 4), even though those particular PX exhibits are not directly cited in the opposition briefs.

Defendants ask that Plaintiffs respond to Exhibit 1 by indicating whether Plaintiffs no longer intend to use evidence of each discussion or agreement in opposing summary judgment. Plaintiffs should also identify (a) any other "discussion or agreement" involving two or more Defendants that Plaintiffs believe is "relevant to the pending summary judgment motions," ECF No. 1088, and (b) any other specific evidence that Plaintiffs think applies to the list of discussions and agreements identified by Defendants. Once Plaintiffs provide this information, Defendants will then confirm whether they think Section 10706 applies to any of the additional discussions or agreements identified by Plaintiffs (in which case, the parties can confer), or whether they do not believe that pursuing exclusion under Section 10706 is a good use of resources at this stage (which will, for whatever the reason, take that discussion or agreement off the meet-and-confer list).

MUNGER, TOLLES & OLSON LLP

Counsel for Plaintiffs in *MDL I* and *Oxbow*
August 12, 2022
Page 3

Please note that, in offering Exhibit 1, Defendants do not concede that any evidence offered by Plaintiffs (whether listed in Exhibit 1 or not) is material, and Defendants reserve all their arguments with respect to why summary judgment should be granted regardless of the resolution of questions of admissibility under Section 10706. In addition, Defendants do not waive their right to challenge the admissibility of any evidence (whether or not cited in connection with Plaintiffs' summary judgment briefing) at this stage or at a later stage of proceedings in these cases or in *In re Rail Freight Fuel Surcharge Antitrust Litig. (No. II)*, MDL No. 2925, Misc. No. 20-00008 (BAH) (D.D.C.), including at any trial. *See* Fed. R. Civ. P. 56(c)(2) & 2010 adv. comm. note.

To facilitate a timely and productive exchange that keeps us on track to meet the timeline set by Judge Friedman, please let us know at your earliest convenience when we can expect your response.

Yours truly,

Benjamin J. Horwich

Exhibit

cc:      Counsel for Defendants

# EXHIBIT 1

### *List of Discussions or Agreements*

1. Discussions between CSXT and UP during and leading up to their March 12-13, 2003 alliance meeting—including a discussion regarding "[f]uel surcharge methodology"—as evidenced in PX0202.

2. Discussions between BNSF and NS during and following up from their March 18, 2003 alliance meeting—including a discussion regarding "fuel surcharge"—as evidenced in PX0145 / Oxbow Ex. 25, PX0610 (Lanigan Dep. 178:9-15, 112:11-24), PX0596 (Seale Dep. 122-24, 256-58), and PX0237.

3. Discussion between BNSF and CSXT on March 28, 2003 regarding a request for fuel surcharge concurrence, as evidenced in PX0143 and PX0595 (Giftos Dep. 125-26).

4. Discussion between NS and CSXT on March 28, 2003 regarding a request for fuel surcharge concurrence, as evidenced in PX0238 and PX0595 (Giftos Dep. 125-26).

5. Discussion between UP and CSXT on March 20-31, 2003 regarding CSXT's modified fuel surcharge and request for concurrence, as evidenced in PX0483, PX0467, PX0468, and PX0595 (Giftos Dep. 125-26).

6. Discussions between BNSF and CSXT at their April 1, 2003 alliance meeting—including a discussion regarding "Fuel Surcharge"—as evidenced in PX0120.

7. Discussion between CSXT and UP on April 4, 2003 regarding a request for concurrence, as evidenced in PX0144 / Oxbow Ex. 22.

8. Discussion between BNSF and UP on April 4, 2003 regarding a request for concurrence, as evidenced in PX0144 / Oxbow Ex. 22.

9. Discussion between NS and UP on and leading up to April 9, 2003 regarding fuel surcharge concurrence, as evidenced in PX0253 and PX0242.

10. Discussion between NS and UP on or around May 9, 2003 regarding a request for fuel surcharge concurrence, as evidenced in PX0472 and PX0240.

11. Discussion between BNSF and UP on May 9, 2003 regarding a request for fuel surcharge concurrence, as evidenced in PX0472.

12. Discussion between CSXT and UP on May 9, 2003 regarding a request for fuel surcharge concurrence, as evidenced in PX0472.

13. Discussions between UP and CSXT at their June 3, 2003 alliance meeting—including a discussion regarding "Fuel Surcharges"—as evidenced in PX0167 and PX0474.

14.  Discussions between BNSF and NS at their December 16, 2003 alliance meeting, as evidenced in PX0121 and PX0117.

15.  Discussion between BNSF and UP on April 12-13, 2004 regarding the application of fuel surcharge to price authorities, as evidenced in PX0476 / Oxbow Ex. 28.

16.  Discussion between BNSF and NS from September 8-29, 2004 regarding fuel surcharge coverage and data, as evidenced in PX0056, PX0066, PX0147, PX0148, PX0245, PX0246 / Oxbow Ex. 31, PX0247, PX0248, and PX0271.

17.  Discussion between BNSF and NS in November 2004 regarding a possible mileage-based fuel surcharge, as evidenced in PX0067, PX0085, PX0095, PX0151 / Oxbow Ex. 100, and Oxbow Ex. 24.

18.  Discussion between BNSF and CSXT in November 2004 regarding a possible mileage-based fuel surcharge, as evidenced in PX0067, PX0085, PX0095, PX0151 / Oxbow Ex. 100, and Oxbow Ex. 24.

19.  Discussion between BNSF and UP in December 2004 regarding AEPCO traffic fuel surcharges, as evidenced in Oxbow Ex. 11.

20.  Discussion between CSXT and UP in August 2005 regarding joint line price authorities, as evidenced in PX0206.

21.  Discussion between BNSF and CSXT in 2005 or 2006 regarding mileage-based fuel surcharges, as evidenced in PX0612 (Gooden Dep. 77-78, 221-24).

22.  Discussion between UP and NS on April 11, 2006 regarding rebased fuel surcharges and related concurrence, as evidenced in PX0479.

23.  Discussion between CSXT and NS in April 2006 regarding rebased fuel surcharges and related concurrence, as evidenced in PX0612 (Gooden Dep. at 241-42, 244).

24.  Discussion between BNSF and NS on April 11, 2006 regarding fuel surcharges and related concurrence, as evidenced in PX0039 and PX0040 / Oxbow Ex. 102.

25.  Discussions between BNSF and UP regarding BNSF's coal fuel surcharge, as evidenced in Oxbow Ex. 8 (Brandl (UP 30(b)(6)) Dep. 166-68).

# EXHIBIT 4

August 26, 2022

Daniel M. Wall
Timothy L. O'Mara
Kirsten M. Ferguson
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
dan.wall@lw.com
tim.o'mara@lw.com
kirsten.ferguson@lw.com

Tara L. Reinhart
Julia K. York
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
tara.reinhart@skadden.com
julia.york@skadden.com
thomas.gentry@skadden.com

Glenn D. Pomerantz
E. Martin Estrada
Kuruvilla J. Olasa
Anne K. Conley
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Glenn.Pomerantz@mto.com
Martin.Estrada@mto.com
Kuruvilla.Olasa@mto.com
Anne.Conley@mto.com

Benjamin J. Horwich
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Ben.Horwich@mto.com

Kent A. Gardiner
Luke van Houwelingen
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
KGardiner@crowell.com
LvanHouwelingen@crowell.com

Re: *In re Rail Freight Fuel Surcharge Antitrust Litigation, MDL 1869*, Misc. No. 07-0489 (PLF/GMH) (D.D.C.), and *Oxbow Carbon & Minerals LLC v. Union Pacific Railroad Co.*, No. 11-1049 (PLF) (D.D.C.) — Response to Identification of Evidence that Defendants Believe Should Be Excluded Under 49 U.S.C. § 10706(a)(3)(B)(ii) ("10706")

Counsel:

We write on behalf of all Plaintiffs in *In re Rail Freight Fuel Surcharge Antitrust Litigation, MDL 1869*, Misc. No. 07-0489 (PLF/GMH) (D.D.C.) and *Oxbow Carbon & Minerals LLC v. Union Pacific Railroad Co.*, No. 11-1049 (PLF) (D.D.C.), in response to Defendants' August 12, 2022 Letter (the "August 12 Letter").  Our dialogue centers on the Court's Order of July 27, 2022, which requires the parties to "identify documents relevant to the pending summary judgment motions; meet and confer and attempt to agree on which documents should

be excluded, in whole or in part, under Section 10706; and file a joint status report, on or before September 23, 2022, informing the Court of the outcome of their discussions."  Order at 3.

On August 8, 2022, Defendants proposed "identify[ing] and shar[ing] a proposed list of discussions and agreements that we believe are subject to Section 10706, along with references to what we understand are the specific exhibits evidencing each of those discussions or agreements (focusing on the PX cites in the opposition brief)."  Aug. 8, 2022 e-mail from B. Horwich.  The next day, Plaintiffs agreed as a first step to review and consider Defendants' "proposed list of discussions and agreements in [Plaintiffs'] Summary Judgement Opposition (along with PX cites) that defendants believe are subject to Section 10706."  We have now reviewed your August 12 letter.

To move things forward and meet the Court's September 23 deadline, Plaintiffs have reviewed the specific evidence (documents and testimony excerpts) that Defendants cited in their August 12 letter, as well as (unlike Defendants) the specific evidence Defendants previously sought to exclude by their 10706 motion of February 21, 2020, to the extent cited by Plaintiffs in opposing summary judgment.  As a result of that process, Plaintiffs hereby identify the following evidence from those two sources that Plaintiffs no longer intend to use in opposing summary judgment[1]:

1. PX0143
2. PX0206
3. PX0238
4. PX0239
5. PX0271
6. PX0470
7. PX0471
8. PX0472

Unfortunately, the Defendants' August 12 letter raises more questions than it answers.  It appears that Defendants' statement that they would "focus[] on the PX cites in the opposition brief" meant that they would not provide a complete list of the documents relevant to the pending summary judgment motions that Defendants believe warrant exclusion under the statute.  That prevents compliance with the Court's Order directing identification of "*documents relevant to the pending summary judgment motions*," Order at 3, and determination of "which *documents relating to the pending summary judgment motions* should be excluded, in whole or in part, under Section 10706," *id.* at 2.  It is also inconsistent with the Parties' numerous past discussions and their proposal to the Court.  *See* July 8, 2022 e-mail from D. Wall (proposing that "Defendants identify *documents relevant to the summary judgment motion* that they continue to believe should be excluded under Section 10706" and, from that list, "Plaintiffs identify documents . . . that they no longer intend to use in opposing summary judgment"); July 11, 2022 e-mail from S. Gosselin (agreeing that "Defendants identify *documents relevant to the summary*

---

[1]  With respect to any document Plaintiffs no longer intends to use, Plaintiffs reserve the right to propose alternate citations or documents in support of any proposition the withdrawn document was offered to support.

*judgment motion* that they continue to believe should be excluded under Section 10706" and, from that list, "Plaintiffs identify documents . . . that they no longer intend to use in opposing summary judgment"); Notice of Joint Status Report, Stipulation, and Proposed Order in Advance of July 19, 2022 Status Conference, Dkt. 1085 ("Notice of Joint Status Report") ("Defendants identify *documents relevant to the summary judgment motion* that they continue to believe should be excluded under Section 10706" and, from that list, "Plaintiffs identify documents . . . that they no longer intend to use in opposing summary judgment").

Plaintiffs expected that Defendants' proposal to categorize documents into "discussions and agreements" would be an organizing principle for grouping and sequencing negotiations of documents in the meet-and-confer process. Now Defendants seem to propose determining the admissibility of "discussions and agreements" rather than documents themselves, *and* applying those determinations to documents that Defendants have never identified. We do not accept the premise that the Court has directed the parties to negotiate exclusions of "discussions or agreements" or any *sub silentio* exclusion of unidentified documents. Again, the Court's Order, the Parties' prior expressions, and the D.C. Circuit all recognize that the proper evidentiary assessment under 10706 should be on a document-by-document basis. *See* Notice of Joint Status Report (confirming Defendants' intention to "identify documents relevant to the summary judgment motion that they continue to believe should be excluded under Section 10706"); *see also, e.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litig. – MDL No. 1869*, 34 F.4th 1, 12–13 (D.C. Cir. 2022) ("*Rail*") ("We agree with Plaintiffs that Section 10706 can be implemented through redactions of truly segregable portions of documents. As Defendants concede, 'different parts of a single document could conceivably reflect two separate discussions, one of which concerns interline traffic, and one of which does not.' Opening Br. Of Appellants 74-75.").

We also do not accept Defendants' proposals that Plaintiffs identify "any other specific evidence that plaintiffs think applies to the list of discussions and agreements identified by defendants" as well as any "any other 'discussion or agreement' involving two or more Defendants that Plaintiffs believe is 'relevant to the pending summary judgment motions." These proposals are inappropriate in at least two respects. *First*, Defendants are very familiar with Plaintiffs' positions on liability (as expressed in the summary judgment briefing, interrogatory responses, and other prior briefing), the existing summary judgment record (which closed approximately one year ago), as well as the evidence Defendants wish to exclude. Defendants have briefed it many times and recently represented to the Court and Plaintiffs that they alone could "identify documents relevant to the summary judgment motion that they continue to believe should be excluded under Section 10706" in short order. Notice of Joint Status Report (proposing submission of Defendants' list ten days after the status conference convened to discuss the Parties' proposed schedule and process). *Second*, this is Defendants' motion, and Defendants bear the burden of proof on 10706. *See, e.g.*, *Rail*, 34 F.4th at 9 ("We hold that a discussion or agreement 'concern[s] an interline movement" only if *Defendants meet their burden* of showing that the movements at issue are the participating rail carriers' shared interline traffic." (emphasis added)). Plaintiffs have no obligation to review Defendants' list and then provide "any other specific evidence that plaintiffs think applies to the list of discussions and agreements identified by defendants."

If Defendants' August 12 Letter is not the complete list of documents and related deposition testimony relevant to the summary judgment motion that Defendants contend should be excluded under the D.C. Circuit's opinion, please let us know now and provide your complete list within the next 10 days. Additionally, please advise us, for the remainder of the evidence identified on August 12 and any additional evidence, whether Defendants seek to exclude each item in whole or in part (and if Defendants seek to exclude any item only in part, which portions you contend should be excluded).

Finally, please tell us when the defendants are available to meet and confer in September in compliance with the Court's Order of July 27.

Regards,

/s/ Stephen R. Neuwirth
Stephen R. Neuwirth
Sami H. Rashid
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Email: stephenneuwirth@quinnemanuel.com

Alicia M. Cobb
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
1109 First Avenue,
Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Email: aliciacobb.@quinnemanuel.com

*Counsel for Plaintiffs Olin Corporation, US Magnesium LLC, and Dust Pro, Inc.*

/s/ Meegan Hollywood
Meegan Hollywood
ROBINS KAPLAN LLP
1325 Avenue of the Americas, Suite 2601
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
E-mail: mhollywood@robinskaplan.com

/s/ Michael D. Hausfeld
Michael D. Hausfeld
Brian A. Ratner
Sathya S. Gosselin
Melinda R. Coolidge
Swathi Bojedla
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
Email: mhausfeld@hausfeld.com

Seth R. Gassman
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Email: sgassman@hausfeld.com

Geoffrey L. Harrison
Shawn Raymond
Adam Carlis
SUSMAN GODFREY LLP
1000 Louisiana Street
Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
E-mail: gharrison@susmangodfrey.com

*Counsel for Plaintiffs Donnelly Commodities Incorporated and Strates Shows, Inc.*

Stephen P. Safranski
ROBINS KAPLAN LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
E-mail:  SSafranski@RobinsKaplan.com

Roman M. Silberfeld
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email:  RSilberfeld@RobinsKaplan.com

*Counsel for Plaintiffs Oxbow Carbon &
Minerals LLC, Oxbow Mining, LLC, Oxbow
Midwest Calcining LLC, Oxbow Calcining
LLC, and Terror Creek LLC*

# EXHIBIT 5

## MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. P.C.*
TERRY E. SANCHEZ
STEVEN M. PERRY
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
KATHLEEN M. M'DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
ROBERT L. DELL ANGELO
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
BRETT J. RODDA P.C.*
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE

KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG P.C.*
GINGER D. ANDERS P.C.*
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
KELLY L. C. KRIEBS
JEREMY A. LAWRENCE
LAURA K. LIN
ACHYUT J. PHADKE
ZACHARY M. BRIERS
JENNIFER M. BRODER
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER
JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
JONATHAN KRAVIS*
KAREN A. LORANG
JOHN L. SCHWAB
EMILY C. CURRAN-HUBERTY
MATTHEW S. SCHONHOLZ
AIMEE M. CONTRERAS-CAMUA
L. ASHLEY AULL
WESLEY T.L. BURRELL
CRAIG JENNINGS LAVOIE
JENNIFER L. BRYANT
NICHOLAS D. FRAM
TYLER HILTON
VINCENT LING
LAUREN BELL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
JOHN B. MAJOR
LAUREN C. BARNETT
NICK R. SIDNEY
SKYLAR B. GROVE
SARAH S. LEE
LAURA M. LOPEZ
COLIN A. DEVINE
DANE P. SHIKMAN
LEXI PEACOCK
MAGGIE THOMPSON
SAMUEL H. ALLEN

ALLISON M. DAY
GIOVANNI S. SAARMAN GONZÁLEZ
STEPHANIE G. HERRERA
TERESA REED DIPPO
DANIEL BENYAMIN
SARA A. McDERMOTT
J. MAX ROSEN
RACHEL G. MILLER-ZIEGLER*
ANNE K. CONLEY
DAVID W. MORESHEAD
ANDRE W. BREWSTER III
ROWEY J. RICE
DAHLIA MIGNOUNA*
BRANDON R. TEACHOUT
USHA CHILUKURI VANCE
ALEXANDER S. GORIN
ZARA BARI
BRENDAN B. GANTS*
LAUREN E. ROSS*
BENJAMIN G. BAROKH
ABE DYK
MICHELE C. NIELSEN
APRIL YOUPEE-ROLL
COBUS VAN DER VEN*
MEGAN MCCREADIE
STEPHEN HYLAS
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
XIAONAN APRIL HU*
NATALIE KARL
BRANDON MARTINEZ
ERINMA E. MAN
CARRIE C. LITTEN
RUBY J. GARRETT*
JAMES R. SALZMANN
SAMIR HALAWI
ROBIN S. GRAY
MICA L. MOORE
JOSEPH MOSES
MICHAEL I. SELVIN
HUNTER V. ARMOUR
NATHANIEL F. SUSSMAN
PAUL E. MARTIN
REBECCA L. SCIARRINO
CORY M. BATZA
BRIAN R. BOESSENECKER
AVI RELJMAN OVED
ROBERT E. BOWEN
RICHARD T. JOHNSON
GRACE DAVIS FISHER
LAUREN N. BECK

CALEB W. PEIFFER
ANDRÉS CANTERO, JR.
GREGORY T. S. BISCHOPING*
JAMIE B. LUGURI
STEVEN B. R. LEVICK
SARA H. WORTH
NATALIE G. HOYCE
WILLIAM M. ORR
GABRIEL M. BRONSHTEYN
JING JIN
ALEX C. WERNER
ROSIO FLORES
JESSICA D. LAIRD
ERICA C. TOOCH
EVELYN DANFORTH-SCOTT
EVAN MANN
ANDREW T. NGUYEN
RACHEL M. SCHIFF
MIRANDA E. REHAUT
TIANA S. BAHERI
STEPHANY REAVES*
LAUREN E. KUHN

OF COUNSEL

ROBERT K. JOHNSON
PATRICK J. CAFFERTY, JR.
PETER A. DETRE
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI
ADAM R. LAWTON
MICHAEL E. GREANEY
SARAH J. COLE
FAYE PAUL TELLER

E. LEROY TOLLES
(1922-2008)

*ADMITTED IN DC.
ALL OTHERS ADMITTED IN CA

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

———————

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

———————

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

September 1, 2022

Writer's Direct Contact
(415) 512-4066
(415) 644-6966 FAX
Ben.Horwich@mto.com

**VIA ELECTRONIC MAIL ONLY**

Stephen R. Neuwirth
Sami H. Rashid
Alicia M. Cobb
Quinn Emanuel Urquhart & Sullivan, LLP
*stephenneuwirth@quinnemanuel.com*
*samirashid@quinnemanuel.com*
*aliciacobb@quinnemanuel.com*

Geoffrey L. Harrison
Shawn Raymond
Adam Carlis
Susman Godfrey LLP
*gharrison@susmangodfrey.com*
*sraymond@susmangodfrey.com*
*acarlis@susmangodfrey.com*

Michael D. Hausfeld
Seth R. Gassman
Sathya S. Gosselin
Hausfeld LLP
*mhausfeld@hausfeld.com*
*sgassman@hausfeld.com*
*sgosselin@hausfeld.com*

Meegan Hollywood
Robins Kaplan LLP
*mhollywood@robinskaplan.com*

Re:     *In re Rail Freight Fuel Surcharge Antitrust Litigation, MDL 1869*, Misc. No. 07-0489 (PLF/GMH) (D.D.C.), and *Oxbow Carbon & Minerals LLC v. Union Pacific Railroad Co.*, No. 11-1049 (PLF) (D.D.C.) — Conferring on Discussions or Agreements that Defendants Believe Should Be Excluded Under 49 U.S.C. § 10706(a)(3)(B)(ii) ("Section 10706")

MUNGER, TOLLES & OLSON LLP

Counsel for Plaintiffs in *MDL I* and *Oxbow*
September 1, 2022
Page 2

Dear Counsel:

Thank you for your letter of August 26, 2022.  I write to you in response, on behalf of Defendants, and pursuant to Judge Friedman's July 27, 2022 Order directing the parties to identify material "relevant to the pending summary judgment motions," and "meet and confer and attempt to agree on which documents should be excluded … under Section 10706."  ECF No. 1088.

As the parties agreed in our email exchange on August 8 and 9, 2022, Defendants took the first step in that process by sharing my letter to you of August 12, 2022.  That letter included a proposed list of discussions or agreements that Defendants believe meet the criteria of Section 10706, along with references to what Defendants understand are the specific exhibits evidencing each of those discussions or agreements, focusing on the PX cites in the *MDL I* opposition brief. Your response letter of August 26, 2022 identified eight exhibits "Plaintiffs no longer intend to use."  Pls. August 26, 2022 Letter at 2.  Five of those exhibits also appear on Defendants' list, as evidence of discussions or agreements protected by Section 10706.  Plaintiffs also noted three additional exhibits, which Plaintiffs did not cite in their summary judgment opposition briefs, but which Defendants had previously mentioned in their February 2020 Section 10706 motion in the District Court, before the parties briefed summary judgment.

As your letter suggests, the next stage in this process is to meet and confer on the applicability of Section 10706 to the evidence in the summary judgment record.  Plaintiffs and Defendants have set a meeting for September 8, 2022.  To facilitate a productive conversation, Defendants have listed below seven topics that we believe it would be helpful for the parties to confer on at this stage.  These topics, gleaned from the positions each of us has laid out in our respective letters, are intended to make concrete progress with respect to evidence of specific discussions, and more generally to allow us to understand each other's views, so that we can reach "mutual agreement," as directed by Judge Friedman.  ECF No. 1088.  We invite you to add additional topics to this list.  In addition, if you believe that there are topics raised in your August 26, 2022 letter that are not addressed here, but would be productive to discuss together, please let us know.

1.   Plaintiffs' letter acknowledges that evidence of the concurrence communications shown in PX0143 and PX0238 is subject to exclusion under Section 10706.  But Plaintiffs' letter does not list as similarly excludable the corresponding deposition testimony cited in Defendants' letter, which is evidence of these same concurrence discussions (*see* PX0595 (Giftos Dep. 125-26), listed in Items 3 and 4 on Exhibit 1 to my letter of August 12).  It would be helpful to understand if Plaintiffs do not believe that this deposition testimony is equally subject to exclusion under Section 10706, and if so, why.

2.   As noted above, Plaintiffs' letter acknowledges that Section 10706 protects evidence of some concurrence discussions (PX0143, PX0238, and PX0472, for example).  But Plaintiffs have not acknowledged that Section 10706 excludes evidence of other similar

MUNGER, TOLLES & OLSON LLP

Counsel for Plaintiffs in *MDL I* and *Oxbow*
September 1, 2022
Page 3

concurrence discussions.  For example, PX0483, PX0467, PX0468, and PX0595 (Giftos Dep. 125-26) all contain evidence of a discussion between UP and CSXT about a concurrence to CSXT's modified fuel surcharge (listed as Item 5 on Exhibit 1 to my letter of August 12).  Likewise, PX0612 (Gooden Dep. 241-42, 244) contains evidence of a discussion between CSXT and NS in April 2006 regarding rebased fuel surcharges and a related concurrence (listed as Item 23 on Exhibit 1 to my letter of August 12).  As context for this discussion, we also suggest you review the written correspondence relating to this request that was produced at CSXFSC000213514.  It would be helpful to understand the basis on which Plaintiffs would differentiate between the concurrence discussions that Plaintiffs acknowledge support the exclusion of evidence, and the concurrence discussions Plaintiffs have not acknowledged support the exclusion of evidence.

3.     PX0202 (listed as Item 1 on Exhibit 1 to my letter of August 12) is evidence of a discussion between CSXT and UP regarding a "[f]uel surcharge methodology" on "CSX/UP Interline Business."  Plaintiffs' letter, however, suggests that Plaintiffs take the position that the discussion evidenced in PX0202 is not protected by Section 10706.  On what basis do Plaintiffs believe that this CSXT-UP discussion does not meet the criteria of Section 10706?

4.     Plaintiffs have agreed that the discussion evidenced in PX0271—which concerns an exchange between NS and BNSF in September 2004 about the policies applicable to the their joint traffic, including fuel surcharge coverage as reported through REN—is protected by Section 10706.  In Item 16 on Exhibit 1 to my letter of August 12, Defendants identified several other exhibits alongside PX0271 that contain evidence of this same discussion, *viz.*, PX0056, PX0066, PX0147, PX0148, PX0245, PX0246 / Oxbow Ex. 31, PX0247, and PX0248.  It would be helpful to understand what distinction, if any, Plaintiffs perceive among these documents.

5.     Plaintiffs have agreed that PX0206, which contains evidence of a discussion concerning a "CSXT/UP executive meeting" and related furnishing of data on "[j]oint CSXT price authorities and their fuel surcharge," is protected by Section 10706.  PX0117 and PX0121 (listed as Item 14 on Exhibit 1 to my letter of August 12) similarly reference an exchange of data on "BNSF-NS shipments moving under BNSF price authorities subject to fuel surcharges" related to a BNSF-NS alliance meeting.  It would be helpful to understand why Plaintiffs believe that Section 10706 applies to the discussion evidenced in PX0206 but not the similar discussion evidenced in PX0117 and PX0121.

6.     Plaintiffs' letter reserved the right to substitute in "alternate citations or documents," in opposing summary judgment, to support the propositions that the named excludable documents were "offered to support."  Pls. August 26, 2022 Letter at 2 n.1.  We were surprised—and disappointed—to see your reservation on this point, which seems to run counter to the productive meet-and-confer process Judge Friedman seems to have in

MUNGER, TOLLES & OLSON LLP

Counsel for Plaintiffs in *MDL I* and *Oxbow*
September 1, 2022
Page 4

mind.  Does this reservation threaten to nullify Judge Friedman's order?  If, for example, another document contains the same email that Plaintiffs agree is inadmissible in the form of PX0143 or PX0238, do Plaintiffs contend that they can properly rely on that alternative document as admissible evidence in opposing summary judgment?

**7.**     For evidence of any of the discussions listed in my August 12 letter that Plaintiffs contend are admissible, do Plaintiffs believe that evidence of those discussions or agreements is not excludable under Section 10706 because the discussion or agreement in question, considered by itself, would violate the antitrust laws?

Defendants believe that the best way to reach the goal set for us by Judge Friedman is to focus our attention on the discussions and evidence at issue—reflected in the questions posed above—rather than abstract debates.  We do, however, want to clear up some apparent confusion about our rationale for emphasizing "discussions or agreements," rather than documents in isolation.  Defendants believe that a shared understanding of why we have listed "discussions or agreements" will further the parties' dialogue.  As the D.C. Circuit, Judge Friedman, Plaintiffs, and Defendants have all recognized, Section 10706's test asks whether a "discussion or agreement" between rail carriers meets certain conditions and, if it does, excludes all "*evidence of* [that] discussion or agreement."  49 U.S.C. § 10706(a)(3)(B)(ii) (emphasis added).  Such a discussion or agreement may be reflected in a lone document; it could span multiple documents; or different parts of a single document could be evidence of different discussions.  *See* D.C. Cir. Op. 19; ECF No. 1008 (Op.) at 33-34.  For that reason, the proper approach is to start by identifying a "discussion or agreement" (a process that, of course, requires looking to the relevant evidence), and asking whether that discussion or agreement meets Section 10706's criteria.  If the parties agree that a discussion or agreement qualifies, we can then determine the universe of documents (or portions of documents) that are excludable, because they reflect "evidence" of the protected discussion or agreement.

But it makes little sense to do this process in reverse, and begin by considering documents in isolation.  There is no way to determine whether a document is admissible without articulating, and considering, the relevant "discussion or agreement."  That is why Judge Friedman previously found Defendants' focus on *documents*, as opposed to protectable *discussions*, to be a "problem."  ECF No. 1008 at 33.  And that is why Plaintiffs told the D.C. Circuit that "Section 10706 determines whether 'evidence,'"—*i.e.*, "evidence of a discussion or agreement," 49 U.S.C. § 10706(a)(3)(B)(ii)—"not a document in its entirety, is admissible."  Appellees' Br. at 53-54, D.C. Cir. Case No. 21-7093, (Feb. 2, 2022); *accord* Appellees' Opp. Br. to § 1292(b) Appeal at 17, D.C. Cir. Dkt. No. 21-8002, (July 6, 2021) (similar); Pls. Opp. Br. to § 1292(b) Appeal at 26, ECF No. 1013 (similar).

Considering individual pieces of evidence, item by item on a list, is likely to obscure the issues that the Court is asking us to engage on.  Indeed, we take Judge Friedman's *rejection* of the parties' proposal to exchange lists of documents to indicate that he is looking for a different

MUNGER, TOLLES & OLSON LLP

Counsel for Plaintiffs in *MDL I* and *Oxbow*
September 1, 2022
Page 5

exchange of views, one more likely to identify areas of substantive agreement and disagreement. Certainly, part of our report to the Court will likely involve stating what documentary evidence is excluded under Section 10706. But the starting point is what discussions or agreements trigger the statute, now that we have the D.C. Circuit's decision.

Similarly, we recognize that you have asked us to provide a "complete list of documents and related deposition testimony"—presumably, a list that ranges beyond the evidence cited in Plaintiffs' opposition briefs that is the focus of my August 12 letter—that is "relevant to the summary judgment motion [and] that Defendants contend should be excluded." Pls. August 26, 2022 Letter at 4. Our purpose in attempting to agree with you on a limited set of evidence to be addressed is simply to make the Court's task in deciding summary judgment more manageable. It seems obvious that the contested evidence *most likely* to be "relevant to the summary judgment motions" is that which Plaintiffs cited in their opposition briefs to the Court. Any debate and difficulty about how to assemble a "complete list of documents and related deposition testimony" is the product of Plaintiffs' choice not to file an appropriately focused response to Defendants' summary judgment papers, but to instead burden the Court with a 235-page counterstatement and 407-page objections and responses to Defendants' proposed undisputed material facts. Evidence that is peripheral to the summary judgment issues need not be part of the Court's Section 10706 analysis now. Instead, if there comes a time when Plaintiffs truly need to rely on discussions or agreements not even referenced in their opposition briefs, that would be the time for the Court to address admissibility.

That said, we will consider your request. But, in the meantime, we suggest that the parties begin conferring on the material listed in Exhibit 1 to my August 12 letter, such as the material mentioned above. We look forward to addressing these topics at our scheduled meeting on September 8, 2022.

Yours truly,

Benjamin J. Horwich

cc:      Counsel for Defendants