UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION ) ) ) ) | MDL Docket No. 1869 Miscellaneous No. 07-0489 (PLF) |
| This document relates to: ) ) ALL DIRECT PURCHASER CASES ) ) | |
| OXBOW CARBON & MINERALS LLC, et al., ) ) Plaintiffs, ) ) v. ) ) UNION PACIFIC RAILROAD CO., et al., ) ) Defendants. ) ) | Civil Action No. 11-1049 (PLF) |

MEMORANDUM OPINION AND ORDER

The Court has indicated that it will resolve the parties' dispute about which exhibits must be excluded or redacted under Title 49, Section 10706(a)(3)(B)(ii)(II) of the U.S. Code before the motions for summary judgment are addressed. See Order of June 15, 2021 [Dkt. No. 1042]. The United States Court of Appeals for the D.C. Circuit provided guidance on interpreting Section 10706 last year in In re Rail Freight Fuel Surcharge Antitrust Litigation – MDL No. 1869 ("In re Rail Freight"), 34 F.4th 1 (D.C. Cir. 2022).

Following the D.C. Circuit's decision, the parties conferred and submitted a list of exhibits that the defendants argue should be excluded under Section 10706 for the purpose of resolving the summary judgment motions. See Joint Status Report [Dkt. No. 1094] at Ex. 1. The Court has reviewed the disputed exhibits and has considered each exhibit within the context of

the broader discussions identified by the defendants. See id. The Court has made several determinations about the exhibits' admissibility under Section 10706, but requests "briefing focused on the remaining Section 10706 issues" using a "streamlined approach." Id. at 12, 15.

To guide the parties' responses, the Court makes the following observations about the D.C. Circuit's opinion and the disputed documents. The D.C. Circuit noted that "[a] single document may reference more than one discussion or agreement." In re Rail Freight, 34 F.4th at 9. The D.C. Circuit also concluded that "evidence of discussions or agreements about single-line traffic or about freight traffic generally is not excludable under Section 10706." Id. Discussions or agreements, however, that "contain a de minimis reference to other traffic can qualify for exclusion under Section 10706 if the carriers demonstrate that the reference was either fleeting and inconsequential or appropriate to the advancement of the interline discussion itself." Id. at 10. To demonstrate that such discussions are subject to exclusion under Section 10706, "the railroads must demonstrate that any such reference did not change the focus of the discussion or agreement away from the participating railroads' shared, identifiable interline movements." Id.

A document may contain portions of a protected discussion as well as extraneous information that is not focused on identifiable interline movements, such as discussions about whether a railroad should adopt a generally applicable policy. When a document contains both protected and non-protected discussions, it is unclear whether and when the "focus" of the discussion shifts away from interline movements, or whether the non-protected material is "appropriate to the advancement of the interline discussion itself." In re Rail Freight, 34 F.4th at 10. It may be the case that, for some documents, protected discussions and agreements are segregable from non-protected discussions and agreements, and redactions may be appropriate.

2

At this time, the Court has no need for additional argument or briefing on the following exhibits: PX0202; PX0145; PX0610; PX0596; PX0237; PX0595; PX0467; PX0468; Oxbow Ex. 22; PX0144; PX0240; PX0121; PX0117; PX0056; PX0066; PX0147; PX0148; PX0245; PX0246; Oxbow Ex. 31; PX0247; PX0248; PX0151; Oxbow Ex. 100; Oxbow Ex. 39; PX0612; PX0479; Oxbow Ex. 107; PX0039; PX0040; Oxbow Ex. 102; Oxbow Ex. 8.

The Court does request that the parties provide additional support for their positions regarding the following exhibits: PX0483; PX0120; PX0253; PX0242; PX0167; PX0474; PX0476; Oxbow Ex. 28; PX0067; PX0085; PX0095; Oxbow 24; Oxbow 11.

In light of the passages from the D.C. Circuit decision identified above, the parties should address the following questions with respect to portions of these exhibits:

| Exhibit / Discussion | Questions to Address in Response |
|---|---|
| Discussion 5:<br>PX0483 | Does the initial email containing the CSXT announcement "concern an interline movement"? Is this announcement segregable from the rest of the correspondence? |
| Discussion 9:<br>PX0253<br>PX0242 | Does a railroad's internal discussion about adopting a generally applicable fuel surcharge policy fall within Section 10706's scope because that discussion arises in the context of considering a concurrence? Is the focus of this discussion the generally applicable policy or is it interline movements? |
| Discussion 13:<br>PX0167<br>PX0474 | What identifiable interline movement or movement(s) is at issue here? |
| Discussion 15:<br>PX0476 / Oxbow 28 | Is the focus of this discussion generally applicable price authorities rather than identifiable interline movements? |
| Discussion 17 and 18:<br>PX0067<br>PX0085<br>PX0095<br>Oxbow Ex. 24 | Is the focus of this discussion generally applicable fuel surcharges rather than identifiable interline movements?<br><br>Are the protected portions of Oxbow Ex. 24 segregable from the non-protected portions? |
| Discussion 19:<br>Oxbow Ex. 11 | Is the focus of this discussion generally applicable fuel surcharges rather than identifiable interline movements? |

In the joint status report submitted on September 23, 2022, the plaintiffs proposed a streamlined approach for addressing the Court's remaining Section 10706 questions. See Joint

Status Report [Dkt. No. 1094] at 15. Rather than adopt their proposed schedule, the Court seeks additional input from the parties. The parties should confer and propose a timeline for responding to this Order. Accordingly, it is hereby

    ORDERED that the parties shall confer and submit a Joint Status Report with a proposed schedule for responding to this Order on or before June 9, 2023; it is

    FURTHER ORDERED that the defendants' response and plaintiffs' response to this Order shall be limited to 5,000 words each; it is

    FURTHER ORDERED that the parties shall indicate in their response whether, in light of the issues identified in this Order, a status conference would help resolve the outstanding issues; and it is

    FURTHER ORDERED that the parties' responses shall address the issues raised in this Order.

    SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 5/26/23